John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
Facsimile:  (406) 839-9092
john@heenanlawfirm.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JUNE TIFT and TIMOTHY McCOLLOUGH,<br><br>                    Plaintiffs,<br><br>vs.<br><br>JOHNSON, RODENBURG & LAUINGER and CACV OF COLORADO, LLC,<br><br>                    Defendants. | Cause No.  CV-07-166-BLG-RFC-CSO<br><br>Judge<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiffs June Tift and Timothy McCollough, by and through their attorney, John Heenan, and for their Complaint against Defendants, alleges as follows:

## SUMMARY OF CASE

1. Defendants engaged in a concerted business practice of abusive, unfair, harassing and unlawful debt collection and litigation activity against Plaintiffs, each of whom is disabled and receives no income other than social

security disability payments.  Defendants attempted to seize on Plaintiffs' disabilities through the misuse and manipulation of the court system.  This action is instituted in accordance with and to remedy Defendants' violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. ("FDCPA"), and related state law obligations brought as supplemental claims thereto.

## PARTIES AND JURISDICTION

2. Plaintiffs were at all times relevant hereto residents of Yellowstone County, Montana.

3. Defendant Johnson, Rodenburg & Lauinger (hereafter "Johnson Rodenburg"), upon information and belief, is a foreign partnership engaged in the business of debt collection as well as the practice of law in the State of Montana, and is a "debt collector" as defined under the FDCPA.  No Johnson Rodenburg attorney is physically located in the State of Montana, but several are licensed to practice law in the State of Montana.  Johnson Rodenburg regularly files lawsuits against Montana residents in Montana courts as part of its debt collection activities.

4. Defendant CACV, upon information and belief, is a foreign corporation engaged in the business of junk debt purchasing and debt collection in the State of Montana, and is a "debt collector" as defined under the FDCPA.

5. Jurisdiction over Plaintiffs' FDCPA claim is proper in this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.  This Court has

supplemental jurisdiction to hear and adjudicate Plaintiffs' state law causes of action pursuant to 28 U.S.C. § 1367.

6. Personal jurisdiction is proper as Defendants have conducted debt collection activities in the State of Montana, availed themselves of the Montana court system in their capacity as debt collectors, and committed unlawful conduct towards Plaintiffs, Montana residents and citizens.

7. Venue is proper in the Billings Division because Plaintiffs are each Yellowstone County, Montana residents and the pertinent facts occurred in Yellowstone County, Montana.

8. Plaintiffs claims are joined pursuant to the permissive joinder provisions of Federal Rule of Civil Procedure 20a because of the commonality of facts and legal issues to be adjudicated.

## PLAINTIFF TIFT BACKGROUND FACTS

9. Plaintiff Tift is disabled and her only income is social security disability payments. She resides at the Prairie Tower assisted living center in Billings, Montana.

10. In December of 2005, the Smith Law Firm, a Helena, Montana debt collection law firm, wrote Plaintiff Tift a letter attempting to collect an alleged debt on a Discover credit card. Plaintiff Tift obtained legal representation from Montana Legal Services, who provided Mr. Spencer with verification that Plaintiff

Tift's only income was social security income. Social security benefits are exempt from "execution, levy, attachment, garnishment or other legal process." 42 U.S.C. §§ 407(a) and 1383(d). Mr. Spencer thereafter agreed, on behalf of Discover, to close the case and take no further action to try to collect the Discover card debt.

     11. In June of 2006, Plaintiff received correspondence from Defendant Johnson Rodenburg attempting to collect on the Discover credit card.

     12. Plaintiff Tift again retained Montana Legal Services to represent her. On August 4, 2006, Montana Legal Services attorney Michael Eakin sent correspondence to Defendant Johnson Rodenburg advising that Plaintiff was now represented by counsel and, pursuant to the FDCPA, 15 U.S.C. § 1692c(a) and (c), requested that Defendant not contact Plaintiff Tift any further, and instead direct any further communications to her counsel of record.

     13. Defendant Johnson Rodenburg disregarded the letter and continued to contact Plaintiff Tift directly by telephone, circumventing her legal counsel. Specifically, Defendant Johnson Rodenburg, by and through its representatives or agents, contacted Plaintiff Tift on several occasions. Plaintiff Tift informed Johnson Rodenburg that she was represented by counsel, but it nevertheless continued call and harass her. Defendant also contacted Plaintiff's 76 year old mother regarding the alleged debt.

14.     On April 30, 2007, Montana Legal Services attorney Jennifer Beardsley sent correspondence to Johnson Rodenburg proving once again that Plaintiff's only source of income is social security benefits.

15.     Despite being placed on notice that Plaintiff's only income was social security benefits, on July 10, 2007, Defendant Johnson Rodenburg filed suit against Plaintiff on behalf of Discover Bank in Montana district court.  (Complaint, *Discover Bank v. Tift*, Case No. DV-07-0871, Montana Thirteenth Judicial District (hereafter "the Montana action.")

16.     Plaintiff Tift was forced to have legal counsel file an Answer and defend the Montana action on her behalf, even though Defendant had been placed on explicit notice that Plaintiff's income was exempt from garnishment or legal process.  On November 15, 2007, Johnson Rodenburg, on behalf of Discover Bank, moved to dismiss the Montana action.

17.     Plaintiff Tift's disabilities make her particularly vulnerable to debt collector abuse and harassment.  Defendant Johnson Rodenburg's conduct as alleged herein has caused Plaintiff Tift and her elderly mother frustration, stress, anxiety and anger, the damages for which shall be determined by a jury at trial.

### PLAINTIFF McCOLLOUGH BACKGROUND FACTS

18.     In the early 1990's, Plaintiff McCollough received a Chase Manhattan credit card, and made purchases using said card.

19.     On August 22, 2005, Defendant CACV, by and through the Smith Law Firm, filed a lawsuit against Mr. McCollough in Yellowstone County, entitled *CACV of Colorado v. Tim McCollough,* Cause No. CV-2005-04428. CACV sought damages against Mr. McCollough in the amount of $3,816.80 based upon an alleged "Cardmember Agreement and Disclosure Statement with [Mr. McCollough] for the use of a Chase Manhattan Credit card."

20.     On September 19, 2005, Mr. McCollough filed his *pro se* Answer to the Complaint, writing:

> Forgive my spelling. I have a head injury and writing doss (sic) not come easy.
>
> 1.    Statute of limitations is up. I have had no dealing with any credit card in 8 ½ years.
> 2.    I am disabled. I get $716 a month. My mortgage is $712 [a month]. I am now diabetic. I have no money or inheritance but medicare.
> 3.    When work comp stopped paying I ran out of money. Chase would not work with me, they passed it on to collectors- they lied to me, they insulted me, they used bad language, they called around the clock so I could not rest. They got me so wound up and confused my healing of my head injury stopped. They were hurting me so I stopped with them so I could recover, I'm still recovering. The pain they cossed (sic) is worth more than the money they want.

21.     Based upon McCollough's Answer, CACV, through the Smith Law Firm, moved to dismiss the action because it was beyond the statute of limitations and because Mr. McCollough's wages were exempt from garnishment. On November 7, 2005, the Montana court dismissed the action.

22.   On February 8, 2007, Defendant Johnson Rodenburg sent Mr. McCollough a letter informing him he now owed CACV $9,282.50.

23.   On April 17, 2007, Defendant CACV, by and through Defendant Johnson Rodenburg, filed a complaint against Mr. McCollough in Yellowstone County, entitled *CACV of Colorado v. Tim McCollough,* Cause No. DV 07-0523, seeking damages for the Chase Manhattan Bank card in the amount of $3,816.80, plus interest in the amount of $5,536.81 and collection costs/attorney fees of $481.68.

24.   On June 13, 2007, Mr. McCollough filed his *pro se* Answer to the newest Complaint, writing again:

> Forgive my spelling.  I have a head injury and writing dose (sic) not come easy.
>
> 1.   The statute of limitacions (sic) is up, I have not had any dealing with any credit card in well over 8 ½ years.
>
> 2.   I am disabled.  I get $736 a month S.S.I.  My mortgage is $724 a month.  I am now diabetic.  I have no money or inchurance (sic) but medicare.
>
> 3.   When workers comp stopped paying I ran out of money.  Chase would not work with me, they passed it on to collectors- they lied to me, they insulted me, they used bad language, they called around the clock so I could not rest.  They got me so wound up and confused my healing of my head injury stopped.  They were hurting me so I stopped with them so I could recover, I'm still recovering.  The pain they cossed (sic) is worth more than the money they want.

4. This is the third time they have brought me to court on this account, the first two time with Judge Hernandez, when will it stop. Do I have to sue them so I can live quietly in pain?

25. In November of 2007, McCollough obtained the undersigned legal counsel, who entered an appearance and served written discovery on Defendants. Once represented by legal counsel, Defendants thereafter moved to dismiss the lawsuit against McCollough with prejudice.

## COUNT I - VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiffs repeat and re-allege Paragraphs 1 through 25.

27. Defendants are "debt collectors" as defined by the Fair Debt Collection Practices Act ("FDCPA.")  15 U.S.C. § 1692 et seq.

28. Defendants violated the Fair Debt Collection Practices Act by: (1) engaging in harassing and abusive conduct towards Plaintiffs; (2) contacting Plaintiff Tift after being put on notice that she was represented by legal counsel; (3) using unfair and unconscionable means to collect a debt; (4) filing a lawsuit against McCollough on a time-barred debt; (5) collecting debts, and seeking fees and damages not permitted by law; (6) attempting to seize on the vulnerabilities of disabled litigants through the legal system, and (7) filing lawsuits against Plaintiffs after being put on explicit notice that Plaintiffs' only source of income is social security disability income exempt from execution or garnishment.

29.     Plaintiffs have suffered and continue to suffer damages as a result of Defendants' violations of the Fair Debt Collection Practices Act.

30.     Plaintiffs are entitled to recover all compensatory and actual damages (including punitive damages), as well as statutory damages of $1,000 for each violation, costs and attorney's fees as provided by the Fair Debt Collection Practices Act.

### COUNT II – VIOLATION OF MONTANA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION ACT

31.     Plaintiffs repeat and re-allege Paragraphs 1 through 30.

32.     Plaintiffs are "consumers" pursuant to the Montana Consumer Protection Act. Mont. Code Ann. § 30-14-101 et. seq.

33.     Defendants engaged in unfair or deceptive acts or practices in the conduct of its commerce or trade through its unfair and deceptive debt collection and litigation activities.

34.     Plaintiffs have suffered and continue to suffer damages as a result of Defendants' unfair and deceptive acts and conduct.

35.     Plaintiffs are entitled to recover all compensatory and actual damages (including, but not limited to emotional distress and punitive damages), as well as treble damages, costs and attorney's fees as provided by the Montana Consumer Protection Act.

## COUNT III - MALICIOUS PROSECUTION/ABUSE OF LEGAL PROCESS

36. Plaintiffs repeat and re-allege Paragraphs 1 through 35.

37. Defendants commenced and/or prosecuted legal proceedings against Plaintiff Tift and Plaintiff McCollough.

38. There was no probable cause for Defendants' prosecution of the legal proceedings against Plaintiff Tift or Plaintiff McCollough.

39. Defendants' instigation of the legal proceedings against Plaintiffs was actuated with malice, and/or an improper motive.

40. The legal proceedings have and/or will terminate favorably for Plaintiffs as Defendants have moved to dismiss the lawsuits against Plaintiffs.

36. Plaintiffs have suffered damages as a consequence of Defendants' malicious prosecution and/or abuse of the legal process in an amount to be determined by a jury at trial.

WHEREFORE Plaintiffs pray for judgment against Defendants for all damages to which they are entitled in such categories and in such amounts as deemed appropriate by the jury and this Court.

///

## DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury of all of the issues in this action.

DATED this 14th day of December, 2007.

        HEENAN LAW FIRM

        */s/ John Heenan*_____
        John Heenan
        Attorneys for Defendant