John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
Facsimile:  (406) 839-9092
john@heenanlawfirm.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JUNE TIFT and TIMOTHY McCOLLOUGH,<br><br>                      Plaintiffs,<br><br>vs.<br><br>JOHNSON, RODENBURG & LAUINGER and CACV OF COLORADO, LLC,<br><br>                      Defendants. | Cause No.  CV-07-166-BLG-RFC-CSO<br><br>Judge Carolyn S. Ostby<br><br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

WHEREAS, for the purposes of discovery in the above captioned matter, Plaintiffs have requested the production of documents and other information from Defendant and third parties; and

WHEREAS Plaintiff and Defendant (the "Parties") recognize that many of the documents and other information may contain proprietary business information or attorney-client information that is confidential (the "Confidential Material"); and

WHEREAS the Parties wish to facilitate the production and use of such Confidential Material during the discovery process while preserving, to the extent possible, the confidentiality of the Confidential Material;

NOW, THEREFORE, the Parties hereto stipulate and agree that:

1.    As used in this Order, "Confidential Material" shall include only information which the producing party in good faith believes should be kept confidential due to its competitively sensitive nature and which information is treated as confidential by the producing party in the normal course of its business.

Any documents and any written discovery responses, that meet the above criteria for Confidential Material, shall be designated by the producing party as "Confidential" by placing a stamp of "Confidential" upon such document.  By placing such "Confidential" stamp, the producing party affirmatively represents that the stamped document is its business record and is maintained as Confidential in the normal course of business.  All designations shall be made in good faith to protect the legitimate business interests of the producing party and not in an attempt to hinder the opposing party's discovery efforts or trial or hearing preparations.

2.    The Confidential Material is being provided solely to Plaintiffs' counsel.  It shall be the responsibility of Plaintiffs' counsel to control and restrict access to such Confidential Material in accordance with this Order.

3.    Plaintiffs' counsel shall not disclose any Confidential Material except within the scope of this litigation and only as follows:

a.    To staff or third party vendors providing copying or other support services (including without limitation co-counsel, paralegals, secretaries, etc.), the Plaintiffs or representatives of the Plaintiffs with whom it may be necessary for counsel to confer in order to prepare for this action (referred to as "Party Representatives"), and non-party expert witnesses may receive disclosure of Confidential Material;

b.    Certain Confidential Material may be disclosed to witnesses during depositions who, as clearly indicated by the face of such Confidential Material, previously received such Confidential Material or any deposition witness who agrees to be bound by the Confidentiality Agreement and Stipulated Protective Order;

c.    Any Confidential Material filed in Court prior to trial shall be filed under seal and the Clerk shall be informed that the material is being filed pursuant to the terms of this Order;

d.    Confidential Material may be disclosed to Court personnel or Court reporters, and used at trial, as necessary.

4.    Plaintiffs' counsel and any person to whom Plaintiffs' counsel discloses Confidential Material as provided in Section 3, above, will not use the

Confidential Material for any purpose other than in connection with this litigation, and shall not disclose any Confidential Material to any person not specifically authorized to receive such Confidential Material as provided in Section 3, above.

5.    A Party may designate the portions of deposition testimony it considers confidential as Confidential Material within 10 days of receipt of the deposition transcript.  Until such time has elapsed, all deposition testimony shall be treated as Confidential Material.

6.    The Parties and any other person subject to the provisions of this Order agree that the Court shall retain jurisdiction over them for the purpose of applying, enforcing or modifying this Order.

7.    In the event that any party to this litigation disagrees with the propriety of a "Confidential" designation, such party shall give the designating party or entity written notice of its disagreement.  The designating party shall have fourteen (14) days to seek an Order from the Court for the protection of the information as Confidential.  The designating party shall bear the burden of establishing, in a de novo review by the Court, that the documents in question are properly designated as "Confidential" as provided in this Order.  Documents that are marked "Confidential" shall be treated as such and are subject to the parameters of this Order, until the Court adjudicates the motion for protection in favor of the party challenging the designation, or if the designating party fails to

seek a protective order from the court, then until the expiration of the fourteen (14) day period allowed under this paragraph.

8.     The Parties recognize that, except as described in paragraph 1, nothing in this Order constitutes an acknowledgement that any Confidential Material is relevant and/or admissible, and that the Parties reserve any and all objections that they may have regarding the admissibility of the Confidential Material.

9.     Plaintiffs' counsel will return to Defendant's counsel or destroy, upon written request, all Confidential Material (and copies thereof, including those provided to non-parties pursuant to Section 3, above) within thirty (30) business days of such written request after the conclusion of this litigation.

AGREED TO:


By: */s/ Kelly Gallinger*               By:   */s/ John Heenan*_____
      Kelly Gallinger                               John Heenan

*Attorney for Defendant*                      *Attorney for Plaintiffs*



IT IS SO ORDERED.

_____          _____
DATE                                              Honorable Carolyn S. Ostby
                                                       U.S. Magistrate Judge