John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
Facsimile:  (406) 839-9092
John@HeenanLawFirm.com

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| JUNE TIFT and TIMOTHY McCOLLOUGH,<br><br>               Plaintiffs,<br><br>vs.<br><br>JOHNSON, RODENBURG & LAUINGER and CACV OF COLORADO, LLC,<br><br>               Defendants. | Cause No.  CV-07-166-BLG-RFC-CSO<br><br>Judge Carolyn S. Ostby<br><br>**PLAINTIFFS' PRELIMINARY PRETRIAL STATEMENT** |

COMES NOW Plaintiffs, by and through their counsel of record, and pursuant to Rule 26(a)(1), F. R. Civ. P., and Local Rule 16.1(b), and make the following Preliminary Pretrial Statement:

1. **BRIEF FACTUAL OUTLINE.**

Plaintiffs are each mentally disabled, with their only income being social security disability payments.  Defendant Johnson Rodenburg & Lauinger ("JRL") sued Plaintiff McCollough on time-barred debt after the case had already been

dismissed by the Smith Law Firm in Helena, Montana. JRL undertook no investigation to insure the debt was not time-barred even though attorney Bruce Spencer of the Smith Law Firm had previously dismissed the case for the same reason. Shockingly, after being put on explicit notice by its client that the McCollough debt was, in fact, time-barred, JRL, rather than immediately dismiss the action, instead served a written request for admission on Mr. McCollough (who JRL knew to be mentally disabled and *pro se*) asking him to admit the debt was <u>not</u> time-barred, hoping and expecting that he would not respond and JRL could then ask the court to treat the failure to respond as an admission.

In the Tift case, JRL filed a lawsuit against Ms. Tift without reviewing the original credit card agreement or any documents referencing the credit card agreement, and despite knowing Ms. Tift's only income was social security disability payments exempt from execution. Again, JRL filed the lawsuit against Ms. Tift after it had previously been dismissed by attorney Bruce Spencer at the Smith Law Firm. JRL further contacted Ms. Tift and her elderly mother in an attempt to collect the debt after being put on explicit notice that she was represented by counsel and did not wish to be contacted.

**2.    STATEMENT OF JURISDICTION AND VENUE.**

Jurisdiction over Plaintiffs' FDCPA claim is proper in this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. This Court has supplemental

jurisdiction to hear and adjudicate Plaintiffs' state law causes of action pursuant to 28 U.S.C. § 1367.  Venue is proper as Plaintiffs each reside in Yellowstone County and the violations occurred there as well.

**3.    FACTUAL BASIS OF EACH CLAIM.**

Plaintiffs have asserted claims for JRL's violations of the FDCPA, the Montana Consumer Protection Act, as well as Montana common law claims of malicious prosecution and abuse of process.  These claims are all based upon the fact that JRL intentionally manipulated the Montana court system in an attempt to collect debt from individuals whom JRL knew to be disabled and whom JRL believed it could take advantage of and leverage through the legal system.  Upon information and belief, the misconduct perpetrated by JRL in this case is part of a pattern and practice engaged in by JRL in its debt-collection activities.

**4.    LEGAL THEORY UNDERLYING EACH CLAIM.**

A.    **FDCPA Violations**.  The FDCPA generally is a "strict liability" statute.  *See, e.g., Russell v. Equifax A.R.S.*, 74 F.3d 30 (2nd Cir. 1996).  To accomplish the consumer protection purpose of the FDCPA, the courts apply a least sophisticated consumer standard to analyze the protections of the Act.  *See, e.g., Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988).

Attorneys who regularly collect or attempt to collect debts are expressly covered under the FDCPA. 15 U.S.C. § 1692a(6). Litigation activities by debt collectors, including attorneys, are covered by the FDCPA. *Heintz v. Jenkins*, 514 U.S. 291 (1995) (the FDCPA "does apply to lawyers engaged in litigation … In ordinary English, a lawyer who regularly tries to obtain payment of consumer debts through legal proceedings is a lawyer who regularly 'attempts' to 'collect' those consumer debts.") Filing a time-barred suit is a deceptive practice under the FDCPA. *See, e.g., Martinez v. Albuquerque Collection Services*, 867 F. Supp. 1495 (D.N.M. 1994).

In this instance, the filing and maintenance of a time-barred suit by JRL constitutes a per se violation of the FDCPA. Furthermore, once JRL was put on explicit notice that the action was time-barred; its decision to serve a request for admission on Mr. McCollough asking him to admit what JRL knew to be false became nothing short of outright fraud.

JRL was put on explicit notice that Tift's and McCollough's only source of income was social security disability payments, which are exempt from "execution, levy, attachment, garnishment or other legal process." 42 U.S.C. §§ 407(a) and 1383(d). With that knowledge, JRL decided to institute and maintain lawsuits against them. JRL's collective conduct in these actions constitutes FDCPA violations as set forth above.

**B.     Montana Consumer Protection Act Violations**.  The Montana Consumer Protection Act generally prohibits unfair and deceptive acts and practices.  Mont. Code Ann. § 30-14-101.  Activities in violation of the FDCPA would be presumptively unfair and deceptive under the Montana Consumer Protection Act.

**C.     Abuse of Process/Malicious Prosecution**.  To prove abuse of process a party must show: (a) that the process though properly instituted was for an improper motive; (b) that such process was put to an illegal use or one for which it was not intended; and (c) that damage resulted to the party or the party's property.  MPI2d 9.17.

To prove malicious prosecution, a plaintiff must show (a) that a judicial proceeding was commenced and prosecuted against him/her; (b) that the defendant was responsible for instigating, prosecuting or continuing such proceeding; (c) that there was no probable cause for defendant's act or acts; (d) that he/she was actuated by malice; (e) that the proceeding terminated favorably for plaintiff; and (f) that plaintiff suffered damage with the amount thereof.  MPI2d 9.13.

In both the Tift and McCollough cases, JRLs commenced and/or prosecuted legal proceedings with no probable cause.  JRL's instigation of the legal proceedings against Plaintiffs was actuated with malice, and/or an improper motive.  In each instance, the legal proceedings terminated favorably as JRL

dismissed the lawsuits as soon as the Plaintiffs engaged legal counsel to defend them.

**5. COMPUTATION OF DAMAGES.**

<u>Compensatory Damages</u>

Plaintiffs are each entitled to compensatory damages under the FDCPA, Montana Consumer Protection Act, and Montana common law. Such damages consist primarily of emotional distress damages. As Plaintiffs have not asserted stand-alone "infliction of emotional distress" claims, the standard for recovery is contained in MPI 25.02:

> Mental and emotional suffering and distress passes under various names, such as mental anguish, nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for this kind of loss. The law does require, however, that when making an award for mental and emotional suffering and distress, you shall exercise calm and reasonable judgment. The compensation must be just and reasonable.

The determination of Plaintiffs' individual compensatory damages awards will be within the province of the jury after hearing all of the evidence.

Plaintiffs are also entitled to reasonable attorney's fees for defending the underlying claims pursuant to Montana common law.

<u>Statutory Damages</u>

The FDCPA provides for statutory damages of $1,000 per violation to address the important consumer protection aspects of the Act as proscribed by Congress. The Montana Consumer Protection Act provides for an award of treble damages upon the finding that the Act has been violated. Both Acts provide for the recovery of reasonable attorney's fees and costs.

Punitive Damages

Plaintiffs have asserted the right to recover punitive damages under both the FDCPA and Montana law. As to the FDCPA, "Congress intended the FDCPA to eliminate abusive collection practices. Awards of punitive damages in egregious cases further this purpose by making an example of violators, thus deterring emulation of their practices by other collectors." National Consumer Law Center, Fair Debt Collection (5th ed. 2004) at § 6.5.4.

Under Montana law, punitive damages are available upon a showing of fraud or malice. Mont. Code Ann. § 27-1-221. Montana law "caps" punitive exposure at the lesser of $10,000,000 or 3% of the defendant's net worth. In this instance, JRL has refused to provide information as to its net worth, thus precluding it from relying upon the limitations set forth in Mont. Code Ann. § 27-1-221.

The determination of an amount which will be adequate to punish JRL in light of its conduct is in the sole discretion of the jury after hearing all relevant evidence.

**6.     EARLY NEUTRAL EVALUATION.**

Ms. Tift and Mr. McCollough are amenable to the prospect of early neutral evaluation, but believe that further discovery may need to occur before their claims can be appropriately evaluated.

**7.     RELATED LITIGATION.**

Plaintiffs are unaware of any related litigation.

**8.     PROPOSED STIPULATIONS OF FACT OR LAW.**

1.     Plaintiffs were at all times relevant hereto residents of Yellowstone County, Montana.

2.     JRL is a "debt collector" as defined under the FDCPA.

3.     No JRL attorney is physically located in the State of Montana, but several are licensed to practice law in the State of Montana.

4.     JRL regularly files lawsuits against Montana residents in Montana courts as part of its debt collection activities.

**9.     PROPOSED DEADLINES.**

The substance of the parties' agreement will be set forth in the Joint Discovery Plan filed contemporaneously with this Statement.

**10.    CONTROLLING ISSUES OF LAW SUITABLE FOR PRETRIAL DISPOSITION.**

Plaintiffs do not envision any issues.

**11.    INDIVIDUALS WITH KNOWLEDGE.**

1.  June Tift.  c/o Heenan Law Firm, P.O. Box 2278, Billings, MT 59103, (406) 839-9091.  Ms. Tift is one of the Plaintiffs in this case and knows about JRL's conduct towards her and the damages which have occurred as a result, including her frustration, anger, and concern.

2.  Willa Tift.  774 E. 8th St., Sheridan, WY 82801.  Ms. Tift is Plaintiff Tift's mother and received debt collection calls after JRL was put on notice that Plaintiff Tift was represented by counsel.

3.  D. Michael Eakin.  Montana Legal Services, 2442 1st Ave. N., Billings, MT 59101.  Mr. Eakin was Ms. Tift's legal counsel in the underlying lawsuit.  He has knowledge regarding Ms. Tift's disability and JRL's handling of the Tift action.  In addition, Mr. Eakin has knowledge about JRL's debt collection activities in the State of Montana by virtue of his experience and training.

4.  Jennifer Beardsley.  Montana Legal Services, 2442 1st Ave. N., Billings, MT 59101.  Ms. Beardsley was Ms. Tift's legal counsel in the underlying lawsuit.  She has knowledge regarding Ms. Tift's disability and JRL's handling of the Tift action.  In addition, she has knowledge about JRL's debt collection activities in the State of Montana by virtue of his experience and training.

  5. Timothy McCollough.  c/o Heenan Law Firm, P.O. Box 2278, Billings, MT 59103, (406) 839-9091.  Mr. McCollough is one of the Plaintiffs in this case and knows about JRL's conduct towards him and the damages which have occurred as a result, including his frustration, anger, and concern.

  6. Doreen McCollough.  1702 E. 8th St., Laurel, MT 59044.  Mrs. McCollough is Plaintiff McCollough's wife and knows about JRL's conduct towards her husband and the damages which have occurred as a result, including his frustration, anger, and concern.

  7. JRL employees and/or any witness named by JRL in discovery.

**12. DOCUMENTS THAT MAY BE USED.**

  1. Legal filings in the matter *CACV v. McCollough.*

  2. Legal filings in the matter *Discover Bank v. Tift.*

  3. All documents produced by JRL in discovery.

**13. INSURANCE AGREEMENTS THAT MAY COVER JUDGMENT.**

This section is not applicable to Plaintiffs.

**14. PROSPECTS FOR COMPROMISE.**

After discovery is conducted and Plaintiffs' respective claims are more-fully evaluated, Plaintiffs are optimistic that this matter can be resolved amicably.

**15. SUITABILITY OF SPECIAL PROCEDURES.**

Plaintiff does not believe that any special procedures are necessary.

Dated this 17th day of March, 2008.

                                HEENAN LAW FIRM


                                */s/ John Heenan*
                                John Heenan
                                Attorney for Plaintiffs