KELLY J. C. GALLINGER
MATTHEW I. TOURTLOTTE
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
*Tel* (406) 248-2611
*Fax* (406) 248-3128

*Attorneys for Defendant Johnson, Rodenburg &
Lauinger*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| JUNE TIFT and TIMOTHY McCOLLOUGH, | Cause No.: CV-07-166-BLG-RFC-CSO |
| Plaintiffs, | |
| v. | DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT |
| JOHNSON, RODENBURG & LAUINGER and CACV OF COLORADO, LLC, | |
| Defendants. | |

COMES NOW Defendant JOHNSON, RODENBURG & LAUINGER (hereinafter "Defendant JR&L"), by and through its counsel, and responds to the Plaintiffs' First Amended Complaint and Demand for Jury Trial (hereinafter "Plaintiffs' First Amended Complaint") as follows:

1. Defendant JR&L denies the allegations contained in Paragraph No. 1 of Plaintiffs' First Amended Complaint.

2. Defendant JR&L is without knowledge or information sufficient to form a belief as

Page 1

to the truth and veracity of the allegations contained in Paragraph No. 2 of Plaintiffs' First Amended Complaint and accordingly denies same.

3.     Defendant JR&L admits that in general, it is a debt collector as defined under the FDCPA.  However, Defendant JR&L is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegation that it is a debt collector under the FDCPA for purposes of the present action, and accordingly denies same.  Defendant admits the remaining allegations contained in Paragraph No. 3 of Plaintiffs' First Amended Complaint.

4.     Defendant JR&L admits the allegations contained in Paragraph No. 4 of Plaintiffs' Complaint.

5.     Defendant JR&L admits that personal jurisdiction is proper in this Court as alleged in Paragraph No. 5 of Plaintiffs' First Amended Complaint.  Defendant JR&L denies that it has committed unlawful conduct towards Plaintiffs, Montana residents and citizens.

6.     Defendant JR&L admits the allegations contained in Paragraph No. 6 of Plaintiffs' First Amended Complaint.

7.     Defendant JR&L denies the allegations contained in Paragraph No. 7 of Plaintiffs' First Amended Complaint.

8.     Defendant JR&L is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 8 of Plaintiffs' First Amended Complaint, and accordingly denies same.

9.     Defendant JR&L is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 9 of Plaintiffs' First Amended Complaint, and accordingly denies same.

10. Defendant JR&L is without knowledge or information sufficient to form a belief as to whether or not Plaintiff received correspondence in June of 2006 and accordingly denies the allegations contained in Paragraph No. 10 of Plaintiffs' First Amended Complaint. Defendant JR&L submits that any correspondence between the parties will speak for itself.

11. Defendant JR&L is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 11 of Plaintiffs' First Amended Complaint and, accordingly, denies the same.

12. Defendant JR&L denies the allegations contained in Paragraph No. 12 of Plaintiffs' First Amended Complaint.

13. Defendant JR&L is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 13 of Plaintiffs' First Amended Complaint and, accordingly, denies the same. Defendant JR&L submits that any correspondence between the parties will speak for itself.

14. To the extent the allegations contained in Paragraph No. 14 of Plaintiffs' First Amended Complaint allege that suit may not be initiated against a social security benefits recipient, Defendant JR&L denies all such allegations. Defendant JR&L admits that it filed suit against Plaintiff Tift on behalf of its client, Discovery Bank, and the referenced Court Docket will speak for itself. With regard to the remaining allegations contained in Paragraph No. 14 of Plaintiffs' First Amended Complaint, Defendant JR&L denies the same.

15. Defendant JR&L admits that it moved to dismiss the Montana action on November 15, 2007. Defendant JR&L denies the remaining allegations contained in Paragraph No. 15 of Plaintiffs' First Amended Complaint. To the extent the allegations contained in Paragraph No. 15

of Plaintiffs' First Amended Complaint allege that suit may not be initiated against a social security benefits recipient, Defendant JR&L denies all such allegations.

16. Defendant JR&L denies the allegations contained in Paragraph No. 16 of Plaintiffs' First Amended Complaint.

17. Defendant JR&L admits that at some point, Plaintiff McCollough received a Chase Manhattan credit card and made purchases with said card. Defendant JR&L denies the remaining allegations contained in Paragraph No. 17 of Plaintiffs' First Amended Complaint.

18. Defendant JR&L is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 18 of Plaintiffs' First Amended Complaint, and accordingly denies same. In addition, Defendant JR&L submits that any correspondence between the parties will speak for itself.

19. Defendant JR&L is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 19 of Plaintiffs' First Amended Complaint, and accordingly, denies the same.

20. Defendant JR&L is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 20 of Plaintiffs' First Amended Complaint, and accordingly, denies same.

21. Defendant JR&L admits that it sent correspondence to Plaintiff McCollough on February 8, 2007. Defendant JR&L submits that correspondence between the parties will speak for itself.

22. Defendant JR&L admits that it filed suit against Plaintiff McCollough on April 17, 2007. Defendant JR&L submits that the referenced Court Docket will speak for itself.

23. Defendant JR&L admits that Plaintiff McCollough filed an Answer on June 13, 2007. Defendant JR&L submits that any pleadings will speak for themselves.

24. Defendant JR&L admits that the referenced suit was dismissed. With regard to the remainder of the allegations in Paragraph No. 24 of Plaintiffs' First Amended Complaint, Defendant JR&L is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations and, accordingly, denies the same

25. Defendant JR&L repeats and realleges its responses to Paragraphs 1-24 of Plaintiffs' First Amended Complaint as though fully set forth herein.

26. Defendant JR&L admits that in general, it is a debt collector as defined under the FDCPA. However, Defendant JR&L is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegation that it is a debt collector under the FDCPA for purposes of the present action, and accordingly denies the allegations contained in Paragraph No. 26 of Plaintiffs' First Amended Complaint.

27. Defendant JR&L denies the allegations contained in Paragraph No. 27 of Plaintiffs' First Amended Complaint.

28. Defendant JR&L denies the allegations contained in Paragraph No. 28 of Plaintiffs' First Amended Complaint.

29. Defendant JR&L denies the allegations contained in Paragraph No. 29 of Plaintiffs' First Amended Complaint.

30. Defendant JR&L repeats and realleges its responses to Paragraphs 1-29 of Plaintiffs' First Amended Complaint as though fully set forth herein.

31. Defendant JR&L is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegations contained in Paragraph No. 31 of Plaintiffs' First Amended Complaint, and accordingly denies same.

32. Defendant JR&L denies the allegations contained in Paragraph No. 32 of Plaintiffs' First Amended Complaint.

33. Defendant JR&L denies the allegations contained in Paragraph No. 33 of Plaintiffs' First Amended Complaint.

34. Defendant JR&L denies the allegations contained in Paragraph No. 34 of Plaintiffs' First Amended Complaint.

35. Defendant JR&L repeats and realleges its responses to Paragraphs 1-34 of Plaintiffs' First Amended Complaint as though fully set forth herein.

36. Defendant JR&L admits it filed civil litigation against Plaintiffs. Defendant denies the remaining allegations contained in Paragraph No. 36 of Plaintiffs' First Amended Complaint.

37. Defendant JR&L denies the allegations contained in Paragraph No. 37 of Plaintiffs' First Amended Complaint.

38. Defendant JR&L denies the allegations contained in Paragraph No. 38 of Plaintiffs' First Amended Complaint.

39. Defendant JR&L admits the civil litigation against Plaintiffs has been dismissed. Defendant JR&L denies the remaining allegations contained in Paragraph No. 39 of Plaintiffs' First Amended Complaint.

40. Defendant JR&L denies the allegations contained in Paragraph No. 40 of Plaintiffs' First Amended Complaint.

41.     Any allegation of Plaintiffs' First Amended Complaint not specifically admitted herein is denied.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs have failed to state any claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

To the extent that the jury may find any violations of the Fair Debt Collection Practices Act, such alleged violations being expressly denied by Defendant, liability for any such alleged violations is barred by 15 U.S.C. §1692k(c).

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs have not suffered any damages.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs claim to have suffered damages, which is disputed by Defendant, Plaintiffs have failed to mitigate any such claimed damages.

## FIFTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims may be barred by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of Plaintiffs' claims may be barred by Plaintiffs' failure to file their claims as compulsory counterclaims in the referenced Montana state court civil litigations.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the doctrine of set-off.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claimed damages, if any, were caused in whole or part by the conduct and acts or

omissions of one or more persons over whom Defendant exercised no control, for whose conduct, acts, or omissions Defendant JR&L is not legally responsible, and which conduct, acts or omissions Defendant JR&L had no duty or reason to anticipate.

### NINTH AFFIRMATIVE DEFENSE

There is no cause of action or remedy available to the Plaintiffs under the Unfair Trade Practices and Consumer Protection Act.

### TENTH AFFIRMATIVE DEFENSE

Defendant JR&L is entitled to its attorneys fees in defending the claims of violation of the Consumer Protection Act.

### ELEVENTH AFFIRMATIVE DEFENSE

Punitive and exemplary damages claimed are violative of the United States Constitution and the Constitution of the State of Montana as being violative of the due process clause, the equal protection clause, Article II, Section 25 of the Montana Constitution and the Fifth Amendment of the United States Constitution relating to double jeopardy and Article II, Section 22 of the Montana Constitution and the Eighth Amendment to the United States Constitution prohibiting the imposition of excessive fines.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims have been improperly joined in a single lawsuit, should be severed and should proceed separately pursuant to Rule 21, F.R.Civ.P.

### RESERVATION

Defendant JR&L reserves the right to raise any additional affirmative defense(s) which may be discovered through participation and discovery in this cause.

WHEREFORE, Defendant respectfully prays that Plaintiffs' First Amended Complaint be dismissed with prejudice in its entirety, that Defendant be awarded its reasonable attorneys' fees and costs incurred to date in defending this action and for such other and further relief as this Court deems proper.

DATED this 2nd day of April, 2008.

>             BY      /S/ Kelly J. C. Gallinger
>                     KELLY J. C. GALLINGER
>                     BROWN LAW FIRM, P.C.
>                     *Attorneys for Defendant Johnson,*
>                     *Rodenburg & Lauinger*

## CERTIFICATE OF SERVICE

I hereby certify that, on April 2, 2008, a copy of *Defendants' Answer to Plaintiffs' First Amended Complaint* was served on the following persons by the following means:

| 1,2, | CM/ECF | ____ | Fax |
|---|---|---|---|
| ____ | Hand Delivery | ____ | E-Mail |
| ____ | Mail | ____ | Overnight Delivery Services |

1. Clerk of United States District Court, Billings Division

2. John Heenan
   Heenan Law Firm
   P.O. Box 2278
   Billings, MT 59103

>                        BY      /S/ Kelly J. C. Gallinger
>                                KELLY J. C. GALLINGER
>                                BROWN LAW FIRM, P.C.
>                                *Attorneys for Defendant Johnson,*
>                                *Rodenburg & Lauinger*