John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
Facsimile:  (406) 839-9092
john@heenanlawfirm.com

Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH,<br><br>                    Plaintiff,<br><br>vs.<br><br>JOHNSON, RODENBURG & LAUINGER.<br><br>                    Defendant. | Cause No.  CV-07-166-BLG-CSO<br><br>Judge Carolyn S. Ostby<br><br>**BRIEF IN SUPPORT OF MOTION TO COMPEL** |

## BACKGROUND

The factual background of this lawsuit is set forth in detail in Plaintiff's Statement of Uncontroverted Facts (Docket No. 38).  Defendant JRL is a law firm regularly engaged in debt collection activities, and is therefore a debt collector under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq.  JRL, on behalf of its debt buyer client, CACV, sued Mr. McCollough in state court on a time-barred debt.  Immediately upon the appearance of the undersigned, JRL dismissed the lawsuit against Mr. McCollough.  Thereafter, Mr. McCollough

instituted this federal lawsuit against JRL and CACV for violating the FDCPA and Montana Unfair Trade Practices Act, and committing the torts of abuse of legal process and malicious prosecution. Mr. McCollough settled with and dismissed CACV at the outset of this lawsuit.

JRL, on the other hand, has strenuously defended this lawsuit. To that end, JRL has asserted a "bona fide error" defense under 15 U.S.C. § 1692k, claiming it had a right to rely upon the information provided to it by CACV. (*See* JRL Brief Opposing Summary Judgment at pg. 9) ("CACV told JRL that Mr. McCollough had made a payment in June of 2004 which extended the statute of limitations out to June of 2009.") As set forth by the Ninth Circuit, under such a defense, JRL has the burden of proving that its reliance upon CACV was reasonable. *Reichert v. National Credit Systems, Inc.*, 571 F.3d 1002, 1007 (9th Cir. 2008).

In order to explore whether JRL properly relied upon CACV, Plaintiff, by Request for Production No. 31, has sought "any contract whatsoever between you and CACV." JRL initially responded that it would supplement, but then subsequently raised attorney-client privilege, attorney work-product privilege, and relevance objections:

> REQUEST FOR PRODUCTION NO. 31: Please produce any contract whatsoever entered into between you and CACV.
>
> RESPONSE TO REQUEST FOR PRODUCTION NO. 31: Defendant is researching this request and will supplement.
>
> SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 31:
> Objection, this request seeks work-product and information protected by the attorney-client privilege. Defendant further objects to this request on the basis that it is not reasonably calculated to lead to the discovery of admissible evidence.

(JRL Discovery Responses Excerpts attached as Exhibit "1.")

By this Motion, Plaintiff seeks an Order from the Court compelling JRL to produce the requested contracts between JRL and CACV.

## LEGAL ARGUMENT

Both Montana law and pertinent FDCPA precedent make plain that JRL is not entitled to rely upon the work product or attorney-client privileges, and that the contract(s) between JRL and CACV are discoverable.

### I.  OPINION WORK PRODUCT IS DISCOVERABLE.

Rule 26(b)(3), F. R. Civ. P., calls generally for the protection "against disclosure of mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." However, both the Ninth Circuit and the Montana Supreme Court have made an exception to the attorney work product doctrine where the mental impressions of the defendant are "at issue." Specifically, in *Holmgren v. State Farm,* 976 F.2d 573 (9th Cir.

1992), the landmark decision on the "at issue" exception, the Ninth Circuit declared in a bad faith insurance case:

> We agree with the several courts and commentators that have concluded that opinion work product may be discovered and admitted when mental impressions are *at issue* in a case and the need for the material is compelling.
>
> Both elements are met here. In a bad faith insurance claim settlement case, the "strategy, mental impressions and opinion of [the insurer's] agents concerning the handling of the claim are directly at issue." Further, Holmgren's need for the exhibits was compelling. Montana permits insureds and third party claimants to proceed under § 33-18-242. Unless the information is available elsewhere, a plaintiff may be able to establish a compelling need for evidence in the insurer's claim file regarding the insurer's opinion of the viability and value of the claim. We review the question on a case-by-case basis. If a party has demonstrated the requisite level of need and hardship, the other party must produce the material.
>
> In *Handgaards* [*v. Johnson & Johnson*, 412 F. Supp. 926 (N.D. Cal. 1976)], "the lawyers who managed and supervised the former litigation for the defendants [were] being called as witnesses to express their opinions as to the merits of the prior suits." This comment, and others like it in "at issue" cases, is a practical acknowledgment of the fact that, in bad faith settlement cases, insurers may call their adjusters to testify to their opinions as to the lack of viability of the underlying claim. When an insurer chooses to remain mute on the subject, the plaintiff is not foreclosed from developing the same evidence.

*Id.,* 976 F.2d 573, 577-78; *see also Palmer v. Farmers Ins. Exchange,* 261 Mont. 91, 117, 861 P.2d 895, 911 (1993) (adopting the *Holmgren* rule in Montana and finding "it is difficult to envision a circumstance in which the compelling need

requirement will not be met when the mental impressions of a party are directly at issue in the case.")

In an abuse of process case, just as in an insurance bad faith case, the "strategy, mental impressions, and opinions of the defendant's agents concerning the handling of the claim are directly at issue."  This point has been made abundantly clear by Judge Sandefur in the case of *Seltzer v. Morton, et al.*, Cause No. ADV-03-173(d) (Montana Eighth Judicial District Court, Cascade County).  In *Seltzer*, as here, the plaintiff brought suit against a law firm for abuse of process and malicious prosecution.  Similarly, the plaintiff in *Seltzer* demanded the production of attorney-work product in discovery, which the defendants refused to produce.  Judge Sandefur applied the *Holmgren* and *Palmer* analysis to these torts, and found as follows:

> In this case, the plaintiff has asserted claims of malicious prosecution and malicious abuse of process against [attorney] defendants Gibson-Dunn, Gladwell, Alexander, and Goe based on their conduct as attorneys for defendants Morton in the prosecution of the underlying Morton v. Seltzer litigation.  Moreover, to date, it is unclear to what extent defendants Morton may hereafter assert that they relied on the advice of counsel as a defense to similar claims pending against them. Accordingly, although the clients (defendants Morton) ostensibly made the ultimate decision to institute and prosecute the underlying litigation, the central issue in the claims against defendants Gibson-Dunn, Gladwell, and Alexander is their motivation and whether they had a reasonable basis for their actions incident to the underlying litigation.  Thus, the mental impressions of defendants Gibson-Dunn, Gladwell, Alexander, and Goe incident to the underlying litigation is directly at issue in this case.

> As noted by the Montana Supreme Court, "it is difficult to envision a circumstance in which the compelling need requirement would not be met when," as here, "the mental impressions of a party are directly at issue in the case." Palmer, 261 Mont. at 117, 861 P.2d at 911. In this case, the Mortons' attorneys in the underlying litigation are parties to this action and, due to the nature of the claims asserted, their mental impressions are directly at issue. Accordingly, as in Palmer, their opinion work product is of paramount importance to the preparation of the plaintiff's case and is simply not available to the plaintiff from any other source or by any other means. Thus, the plaintiff has a compelling need in this case for discovery of the requested opinion work-product prepared or maintained by defendants Gibson-Dunn, Gladwell, and Alexander, and has similar need for discovery of the Goe emails.

(August 11, 2003 Order, *Seltzer v. Morton, et al.*, attached hereto as Exhibit "2" at pgs. 7-8); *see also* March 7, 2006 Order Granting Motion to Compel, *Ammondson v. NorthWestern Corp., et al.* attached as Exhibit "3" (compelling production of communications between attorney law firm and client in abuse of process lawsuit.)

In this case, it may well be that the contracts at issue contain no attorney work product in the first place, but rather merely spell out the terms of how JRL will collect debts and be compensated. Even if these contracts did contain attorney work product, however, because the mental impressions of JRL are directly at issue in this lawsuit, and by virtue of the manner in which JRL has sought to defend this case- by blaming its client, such privilege would not apply and the contracts would nevertheless be discoverable. Thus, as in *Holmgren, Palmer* and *Seltzer*, the mental impressions of JRL is directly at issue in this case, and the opinion work product privilege is therefore inapplicable.

Finally, the work product privilege is even less compelling in this case because JRL is a debt collector being sued for alleged misconduct in the collection of debt under the FDCPA. JRL's litigation conduct is what gave rise to this FDCPA lawsuit. JRL cannot, therefore, hide behind the work-product privilege when it is its very conduct as a debt collector which is being scrutinized by this lawsuit.

## II.   THE ATTORNEY-CLIENT PRIVILEGE IS INAPPLICABLE.

JRL has also asserted the attorney-client privilege in an effort to withhold the contract(s) between itself and its fellow debt collector, CACV. Again, Montana courts have foreclosed the privilege which JRL seeks to assert in this exact context- an abuse of process/malicious prosecution claim against a law firm. Specifically, as stated by Judge Sandefur in the *Seltzer* opinion:

> A recognized exception to the attorney-client privilege is the "reliance on counsel" exception. *See Palmer*, 261 Mont. at 110, 861 P.2d at 907. The attorney-client privilege does not apply in bad faith or analogous litigation if the privileged party asserts as a defense that the party directly relied on the advice of the party's counsel in proceeding in the underlying action which is the subject of the pending litigation. *See Id.*

(Exhibit "2".) Again, here, JRL's entire defense of this suit has been that it relied upon the statements of its debt buyer client, CACV. Thus, it cannot raise this objection where its very defense hinges on the notion that it relied on its client.

Finally, and perhaps most importantly, JRL's objection has been overruled

within this exact context under pertinent FDCPA litigation. *See Yancey v. Hooten,* 180 F.R.D. (D. Conn. 1998) (attorney, who was named as defendant in action brought pursuant to FDCPA, was required to produce contract entered into between creditor and attorney; attorney-client privilege did not extend to contract, and document could lead to discovery of admissible evidence concerning attorney's debt collection activities.)

In this instance, JRL has repeatedly claimed that its relied upon its debt buyer client in filing the time-barred suit against Mr. McCollough.  In so doing, JRL has waived any possible right to rely upon the attorney-client privilege, and should produce the contract(s) between itself and CACV so Plaintiff can rightly test JRL's affirmative defense.

DATED this 11th day of November, 2008.

HEENAN LAW FIRM

*/s/ John Heenan*
John Heenan
Attorney for Plaintiff