Dirk M. Sandefur, District Judge
Dept. 4, Montana 8th Judicial District
Cascade County Courthouse - Rm. 203
415 2nd Avenue North
Great Falls, MT 59401
Ph: (406) 454-6760

CLERK OF DISTRICT COURT

03 AUG 11  PM 1:07

FILED

DEPUTY

MONTANA EIGHTH JUDICIAL DISTRICT COURT, CASCADE COUNTY

| | |
|---|---|
| W. STEVE SELTZER, | Cause No.: ADV-03-173(d) |
| Plaintiff, | |
| vs. | ORDER TO COMPEL AND PROTECTIVE ORDER |
| STEVE MORTON, FRANK MORTON, GIBSON, DUNN & CRUTCHER, LLP, DENNIS A. GLADWELL, ERIN M. ALEXANDER, and OLIVER H. GOE, | |
| Defendants. | |

On July 30, 2003, the following discovery motions came on for hearing before the Court:

(1)  *Plaintiff's First Motion To Compel*, filed May 20, 2003 (Doc. 22);

(2)  *Defendants' Motion For Protective Order*, filed June 10, 2003 (Doc. 23);

(3)  *Goe's Motion For Protective Order*, filed June 10, 2003 (Doc. 25).

Upon due consideration of the parties' briefs and oral arguments, the Court enters the following order compelling production and protective order.

A.    **Financial Statements Of Defendant *Gibson-Dunn*.**

A party is entitled to discovery of a requested matter if the matter sought is not privileged and is relevant to the subject matter of the action. M.R.Civ.P. Rule 26(b)(1). Inadmissibility is not a bar to discovery if the matter sought "appears reasonably likely to lead to the discovery of admissible evidence." Id.

Punitive damages are recoverable in cases where the finder of fact finds that the defendant is "guilty of actual fraud or actual malice." § 27-1-221(1), MCA. When the finder of fact determines that a defendant is liable for punitive damages, a separate proceeding must take place to determine the amount of the punitive damages award. § 27-1-221(7), MCA.

1

64

Evidence "regarding a defendant's financial affairs, financial condition, and net worth is not admissible in a trial to determine whether a defendant is liable for punitive damages." § 27-1-221(7)(a), MCA. However, such evidence "must be considered" in the subsequent separate proceeding to determine the amount of the punitive damages award. Id. Thus, evidence regarding a defendant's financial affairs, financial condition, and net worth is clearly not relevant at the initial trial, but is relevant in any subsequent proceeding under § 27-1-221(7), MCA.

In this case, the defendants Morton, *Gibson-Dunn*, Gladwell, and Alexander essentially assert that financial information requested by plaintiff[1] is irrelevant and premature until such time, if ever, that the plaintiff establishes a *prima facie* case that the defendants are liable for punitive damages under § 27-1-221, MCA. As recognized by the U.S. District Court for the District of Montana in distinguishing between admissibility and pretrial discoverability:

> [i]t is elemental that the claimant must first prevail on the issue of liability [for punitive damages] . . . before evidence of the financial condition of the adverse party would be relevant. The existence of these issues, *however, does not preclude the claimant from adequately preparing his case* as to damages. The determination of whether evidence of the financial condition of a party is admissible is to be made during trial upon proper motion by that party. *Therefore, it is not premature for [the plaintiff] to demand discovery of information of the financial status of [the defendant], rather it is necessary that [the plaintiff] have pretrial access* to that information.

Baker v. CAN Ins. Co., 123 F.R.D. 322, 330 (D. Mont. 1988) (emphasis added).

Likewise, here, the plaintiff has asserted claims for punitive damages. The plaintiff seeks discovery of the financial condition of defendant *Gibson-Dunn* not for the purpose of developing admissible evidence for initial trial on liability, but rather, for the sole purpose of preparing his case for the eventuality of a separate proceeding under § 27-1-221(7), MCA. While defendants' are correct in their assertion that such eventuality may never occur, it is nevertheless reasonable and prudent for the plaintiff to prepare for such eventuality.

The Court finds the Plaintiff's assertion that review of financial statements prepared for the past eight (8) years is necessary to assess the true and accurate financial condition of the *Gibson-Dunn* is reasonable considering the fluid nature of corporate business cycles and the economy. Moreover, the Court can find no basis upon which to conclude that ordering the defendants to produce financial statements regularly maintained in ordinary course of business would be unduly burdensome or expensive.

---

[1] See *Plaintiff's Request For Production No. 1*, dated March 25, 2003.

2

The defendants further assert that the Court should protect *Gibson-Dunn* from discovery because the requested financial statements are highly confidential. Pursuant to M.R.Civ.P. Rule 26(c), the Court finds good cause to protect *Gibson-Dunn* from disclosure or use of the requested financial statements outside the course of this litigation.

Accordingly, pursuant to M.R.Civ.P. Rules 26(b) and 37(a)(2), **defendant *Gibson, Dunn, & Crutcher, LLP* is hereby ordered to immediately produce to the plaintiff** true and accurate copies of all financial statements prepared by or for *Gibson, Dunn, & Crutcher, LLP* during the period of 1995 through the date of this order for or which pertain to the years 1995 through 2003, inclusive. Pursuant to M.R.Civ.P. Rule 26(c)(7), plaintiff shall:

  (1)   treat all of the financial information disclosed under this
        order as confidential;

  (2)   not use the subject financial information in any way or for
        any purpose except as necessary in this litigation pursuant
        to § 27-1-221(7), MCA;

  (3)   not disclose, distribute, or otherwise disseminate any of
        the subject information except as authorized by prior order
        of this Court; and

  (4)   return the requested information to *Gibson-Dunn* upon
        conclusion of this litigation and shall not thereafter
        maintain any record or copy of this information in the files
        of the plaintiff or his attorneys.

Finally, pursuant to M.R.Civ.P. Rule 26(c), the plaintiff's motion to compel defendant *Gibson-Dunn* to produce "any and all other documentation of any kind which reflects the assets, liabilities, and/or net worth" of *Gibson-Dunn*[2] is hereby denied because it is overbroad and lacks specificity.

**B.   Insurance Policies Of Defendant *Gibson-Dunn*.**

A party "may obtain discovery of the existence and contents of any insurance agreement under which" an insurer "may be liable to satisfy part or all of a judgment . . . or to indemnify or reimburse for payments made to satisfy the judgment." M.R.Civ.P. Rule 26(b)(2).

In this case, defendant *Gibson-Dunn* has acknowledged that it has one or more insurance policies discoverable under M.R.Civ.P. Rule 26(b)(2), but to date, has disclosed only the general policy provisions to, the exclusion of policy provisions describing and defining the specific coverages applicable to *Gibson-Dunn*. Accordingly, pursuant to M.R.Civ.P. Rule 26(b)(2), **defendant *Gibson, Dunn, & Crutcher, LLP* is hereby ordered to immediately produce to the plaintiff** true, accurate, and complete copies of any and all insurance policies and agreements which insure or indemnify *Gibson-Dunn* for the

---

[2] See second clause of *Plaintiff's Request For Production No. 1*, dated March 25, 2003.

type of claims and allegations set forth in the plaintiff's complaint in this litigation. The scope of this order specifically includes, but is not limited to, the particular policy provisions and coverage schedules specifically applicable to *Gibson-Dunn*. The defendant shall comply with this order notwithstanding the amount of the policy deductible or the fact that the policy coverage is unlikely to trigger in this case due to the amount of the deductible.

Pursuant to M.R.Civ.P. Rule 26(c)(7), plaintiff shall:

(1) treat all insurance policies, insurance agreements, and insurance schedules disclosed under this order as confidential;

(2) not use the subject insurance information in any way or for any purpose except as necessary in this litigation;

(3) not disclose, distribute, or otherwise disseminate any of the subject insurance information except as authorized by prior order of this Court; and

(4) return the requested insurance information to *Gibson-Dunn* upon conclusion of this litigation and shall not thereafter maintain any record or copy of this information in the files of the plaintiff or his attorneys.

## C.  California Charter Filings Of Defendant *Gibson-Dunn*.

A party is entitled to discovery of a requested matter if the matter sought is not privileged and relevant to the subject matter of the action. M.R.Civ.P. Rule 26(b)(1). Plaintiff seeks discovery of documents establishing and describing the entity formation, structure, and status of the defendant *Gibson, Dunn & Crutcher, LLP*, under the laws of the State of California. This information is discoverable by the plaintiff under M.R.Civ.P. Rule 26(b)(1) to establish and confirm the identity and characteristics of defendant *Gibson-Dunn* and to assess the legal and financial structure of *Gibson-Dunn* for purposes of § 27-1-221, MCA.

The defendants concede that this information is not readily available to the plaintiff under California law. Production of this entity information is not unduly burdensome, oppressive, or expensive because this information is typically maintained in the ordinary course of business and is on file with agencies of the State of California pursuant to California law.

Accordingly, pursuant to M.R.Civ.P. Rule 26(b)(1), **defendant** *Gibson, Dunn, & Crutcher, LLP* **is hereby ordered to immediately produce to the plaintiff** true, accurate, and complete copies of any and all filings maintained by, or on file with, offices or agencies of the State of California and which establish or describe the entity formation, structure, or status of defendant *Gibson, Dunn & Crutcher, LLP,* under the laws of the State of California. Pursuant to M.R.Civ.P. Rule 26(c)(7), plaintiff shall:

4

(1)   treat all such entity information disclosed under this order
      as confidential;

(2)   not use such entity information in any way or for any
      purpose except as necessary in this litigation;

(3)   not disclose, distribute, or otherwise disseminate any of
      the subject entity information except as authorized by prior
      order of this Court; and

(4)   return the requested entity information to *Gibson-Dunn* upon
      conclusion of this litigation and shall not thereafter
      maintain any record or copy of this information in the files
      of the plaintiff or his attorneys.

## D.   Litigation Filings Of Defendant *Gibson, Dunn & Crutcher, LLP,* In Re Punitive Damages Or Frivolous Lawsuits.

A party is entitled to discovery of a requested matter if the
matter sought is not privileged and relevant to the subject matter of
the action. M.R.Civ.P. Rule 26(b)(1). However, the court may limit
requested discovery to protect a party from annoyance, embarrassment,
oppression, undue burden, or undue expense. M.R.Civ.P. Rule 26(c).
Although disclosure of the case name and cause number of each and
every case wherein the defendant *Gibson-Dunn* has filed a document
attacking or commenting on frivolous lawsuits or punitive damages may
be at least marginally relevant to the knowledge and motivation of
*Gibson-Dunn* in prosecuting the underlying litigation at issue in this
case, the plaintiff's request for such information is unduly
burdensome and expensive given the size and scope of work of the
defendant *Gibson-Dunn*, the lack of specificity of the request with
respect to time and content, and the fact that the Court has no basis
to conclude that *Gibson-Dunn* maintains a log of such information in
the ordinary course of business. Accordingly, pursuant to M.R.Civ.P.
Rule 26(c), **plaintiff's request for discovery of the case name and
cause number of each and every case wherein the defendant *Gibson-Dunn*
has filed an document attacking or commenting on frivolous lawsuits or
punitive damages is hereby denied.**

## E.   Articles Published By Attorneys Of Defendant *Gibson, Dunn & Crutcher, LLP,* In Re Punitive Damages Or Frivolous Lawsuits.

A party is entitled to discovery of a requested matter if the
matter sought is not privileged and relevant to the subject matter of
the action. M.R.Civ.P. Rule 26(b)(1). Defendant *Gibson-Dunn* is a large
law firm (approximately 750 lawyers) of national prominence. Plaintiff
asserts that attorneys of the *Gibson-Dunn* law firm periodically
publish or permit publication of articles authored by them which
comment negatively on punitive damages or frivolous lawsuits.
Plaintiff further asserts that the firm actively or tacitly encourages
this practice as a marketing tool to impress and attract corporate and
other well-to-do clients who may be subject to frequent or high-stakes
litigation. The plaintiff asserts and the Court finds that discovery
of such articles is relevant to the general knowledge, expertise,
state of mind, and motivation of the defendant *Gibson-Dunn* in relation

5

)                                    )

to the claims at issue in this case.

The court may limit requested discovery to protect a party from
annoyance, embarrassment, oppression, undue burden, or undue expense.
M.R.Civ.P. Rule 26(c). Here, discovery of such articles is not unduly
annoying, embarrassing, oppressive, burdensome, or expensive because:
(1) any and all such articles have been published; (2) *Gibson-Dunn* is
capable in the ordinary course of business of identifying and
communicating with the attorneys on its current and recent payroll;
and (3) people, including attorneys, who are published generally have
the best and most accurate recall of when, where, and which of their
works were published.

Accordingly, pursuant to M.R.Civ.P. Rule 26(b)(1), **defendant
*Gibson, Dunn, & Crutcher, LLP* is hereby ordered to immediately produce
to the plaintiff** true, accurate, and complete copies of any and all
articles, editorials, letters to the editor, marketing brochures or
materials, or other publications of any kind which satisfy the
following criteria:

  (1)  published materials authored or published by *Gibson-Dunn* or
       attorneys of, employed by, or otherwise associated with the
       firm, whether partners or associate attorneys, in the last
       ten (10) years;

  (2)  materials in which the publication or literary credits
       reference the firm's name; and

  (3)  materials in which the title or body of the publication
       pertains to or comments upon frivolous lawsuits or punitive
       damage awards.

The scope of this order includes and is limited to: (a) publications
of *Gibson-Dunn*; (b) publications of all attorneys who are currently
partners of, employed by, or otherwise associated with defendant
*Gibson-Dunn*; and (c) publications of former firm member, Ted Olson,
the current Solicitor General of the United States, during his tenure
at *Gibson-Dunn*.

F.   **Discovery Requests Contested On Basis Of Attorney-Client Or Work-
     Product Privileges**.

A party is entitled to discovery of a requested matter if the
matter sought is not privileged and is relevant to the subject matter
of the action. M.R.Civ.P. Rule 26(b)(1). In this case, claims of
malicious prosecution and malicious abuse of process are at issue
against both the Mortons and their attorneys regarding their
respective conduct in the underlying litigation. The attorney billing
statements issued by defendants *Gibson-Dunn* to defendants Morton in
the underlying litigation are relevant to the elements of the claims
at issue because they are evidence of what defendants Morton paid
defendant *Gibson-Dunn* to do in the underlying litigation and of what
*Gibson-Dunn* did in the prosecution of the underlying litigation. To
the extent otherwise discoverable, the Goe emails and the *Gibson-Dunn*
litigation file in the underlying *Morton v. Seltzer* litigation are

6

)                                    )

similarly relevant to the elements of the claims at issue in this case. Thus, plaintiff's request for discovery of these items satisfies the threshold relevancy requirement of M.R.Civ.P. 26(b)(1). However, pursuant to § 26-1-803, MCA, and M.R.Civ.P. 26(b)(3), they are discoverable only to the extent not protected by the attorney-client and work-product privileges.

Except upon voluntary waiver or a recognized exception, the attorney-client privilege applies to and protects from disclosure "all communications from the client to the attorney and all advice given to the client by the attorney in the course of the professional relationship." Palmer v. Farmers Ins. Exchange, 261 Mont. 91, 108-09, 861 P.2d 895, 906 (1993). The "privilege belongs to the client and an attorney cannot waive it without consent of the client." Id. To the extent applicable, the attorney-client privilege is an absolute privilege that cannot be overcome by a showing of need. Palmer, 261 Mont. at 112, 861 P.2d at 908.

By definition, "not all communications between attorney and client are privileged." Clarke v. American Comm. Nat'l Bank, 974 F.2d 127, 129 (1992); see also § 26-1-803, MCA (e.g., non-advice from attorney to client). For example, communications from an attorney to a client that simply reference the identity of the client, the amount of the attorney's fee, the identification of the client's case file name, and a general description of the nature or purpose of work performed by the attorney are generally not protected under the attorney-client privilege. Id. Thus, to the extent that attorney billings statements do not constitute, contain, or disclose communications from the client to the attorney, advice from the attorney to the client, the "motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided such as researching particular areas of the law," they are not protected by the attorney-client privilege. See Clarke, 974 F.2d at 129; see also § 26-1-803, MCA.

A valid waiver of the attorney-client privilege occurs only if the privileged party "voluntarily discloses or consents to disclosure of any significant part of the privileged matter." Palmer, 261 Mont. at 112, 861 P.2d at 908. "Mere reference" to a privileged matter is not enough to constitute a waiver – a valid waiver occurs only if the party voluntarily discloses a specific confidential matter. Id.

A recognized exception to the attorney-client privilege is the "reliance on counsel" exception. See Palmer, 261 Mont. at 110, 861 P.2d at 907. The attorney-client privilege does not apply in bad faith or analogous litigation if the privileged party asserts as a defense that the party directly relied on the advice of the party's counsel in proceeding in the underlying action which is the subject of the pending litigation. See Id.

In this case, defendant's Morton, Gibson-Dunn, Gladwell, and Alexander are asserting the attorney-client privilege as a defense to the plaintiff's request for discovery of Gibson-Dunn's attorney billing statements and litigation file in the underlying Morton v. Seltzer litigation. To date, as conceded by the plaintiff, the defendants Morton have not waived the privilege. Moreover, defendants

Morton have not, to date, asserted the defense that they directly
relied on the advice of counsel, *i.e.*, the other defendants, in
proceeding in the underlying *Morton v. Seltzer* litigation which is the
subject of the claims at issue in this case. Consequently, to the
extent that the *Gibson-Dunn* billing statements and litigation file
documents constitute, contain, or disclose communications from the
Mortons to their attorneys or legal advice to the Mortons from their
attorneys, the *Gibson-Dunn* billing statements and litigation file in
the underlying *Morton v. Seltzer* litigation, they are absolutely
privileged from discovery pursuant § 26-1-803, MCA.

The work-product doctrine "protects materials prepared in
anticipation of litigation" by a party or the party's attorneys,
agents, or representatives. Palmer, 261 Mont. at 114, 861 P.2d at 909;
M.R.Civ.P. Rule 26(b)(3). The work-product privilege extends to work-
product prepared in anticipation of pending litigation and to work-
product prepared in anticipation of a related case or prior case. Id.
at 114-15, 861 P.2d at 909-10.

There are two types of work-product. Palmer, 261 Mont. at 115,
861 P.2d at 910. Ordinary work-product is work-product "which relates
to factual matters" other than the mental impressions, conclusions,
opinions, or legal theories of a party's attorney or representative.
Id.; M.R.Civ.P. Rule 26(b)(3). Ordinary work-product is discoverable
"only upon a showing that the party seeking discovery has substantial
need" for the requested discovery "in the preparation of the party's
case" and the party is unable to obtain the "substantial equivalent"
of the requested discovery "without undue hardship." Palmer, 261 Mont.
at 115-16, 861 P.2d at 910; M.R.Civ.P. Rule 26(b)(3).

In contrast, opinion work-product is work-product "which relates
to mental impressions, opinions, conclusions, or legal theories" of a
party's attorney or representative. Palmer, 261 Mont. at 115, 861 P.2d
at 910; see also M.R.Civ.P. Rule 26(b)(3). In contrast to ordinary
work-product, opinion work:

> enjoys a nearly absolute immunity and can be discoverable only in
> very rare and extraordinary circumstance . . . where weighty
> considerations of public policy and a proper administration of
> justice would militate against nondiscovery of an attorney's
> mental impression. Absent such a compelling showing, . . .
> opinion work-product should remain immune from discovery.

Id. at 116, 861 P.2d at 911.

Accordingly, opinion work-product "is discoverable when the
mental impression [of a party's attorney] is *directly at issue* in the
case and the need for the material is compelling." Palmer, 261 Mont.
at 117, 861 P.2d at 911 (citing Holmgren v. State Farm Mut. Auto Ins.
Co., 976 F.2d 573 (9th Cir. 1992)). The mental impressions of an
attorney are *directly at issue in the case* when "the mental
impressions actually are *the issue* in the case." Id.

In this case, the plaintiff has asserted claims of malicious
prosecution and malicious abuse of process against defendants *Gibson-
Dunn*, Gladwell, Alexander, and Goe based on their conduct as attorneys

8

for defendants Morton in the prosecution of the underlying *Morton v. Seltzer* litigation. Moreover, to date, it is unclear to what extent defendants Morton may hereafter assert that they relied on the advice of counsel as a defense to similar claims pending against them. Accordingly, although the clients (defendants Morton) ostensibly made the ultimate decision to institute and prosecute the underlying litigation, the central issue in the claims against defendants *Gibson-Dunn*, Gladwell, and Alexander is their motivation and whether they had a reasonable basis for their actions incident to the underlying litigation. Thus, the mental impressions of defendants *Gibson-Dunn*, Gladwell, Alexander, and Goe incident to the underlying litigation is directly at issue in this case.

As noted by the Montana Supreme Court, "it is difficult to envision a circumstance in which the compelling need requirement would not be met when," as here, "the mental impressions *of a party* are directly at issue in the case." Palmer, 261 Mont. at 117, 861 P.2d at 911. In this case, the Mortons' attorneys in the underlying litigation *are parties* to this action and, due to the nature of the claims asserted, their mental impressions are directly at issue. Accordingly, as in Palmer, their opinion work product is of paramount importance to the preparation of the plaintiff's case and is simply not available to the plaintiff from any other source or by any other means. Thus, the plaintiff has a compelling need in this case for discovery of the requested opinion work-product prepared or maintained by defendants *Gibson-Dunn*, Gladwell, and Alexander, and has similar need for discovery of the Goe emails. Accordingly, **the Court hereby enters the following order with respect to attorney-client and work-product privileges claimed by the defendants or any of them:**

(1)  defendants *Gibson, Dunn, & Crutcher, LLP*, Gladwell, and Alexander are hereby ordered to sequentially number, *i.e.*, *Bates*-stamp, the entire litigation file generated by them, collectively or individually, on behalf of clients Morton or either of them in, incident to, or otherwise related to the underlying *Morton v. Seltzer* litigation;

(2)  defendants *Gibson, Dunn, & Crutcher, LLP*, Gladwell, and Alexander are hereby ordered to produce <u>to the Court for in camera inspection</u> true, accurate, and complete copies of:

    (A)  any and all attorney billing statements issued by them, collectively or individually, to defendants Morton or either of them in, incident to, or otherwise related to the underlying *Morton v. Seltzer* litigation; and

    (B)  *any and all portions of the litigation file* generated by them, collectively or individually, on behalf of clients Morton or either of them in, incident to, or otherwise related to the underlying *Morton v. Seltzer* litigation, *for which the defendants or any of them asserts the attorney-client or work-product privilege.*

(3)  defendants *Gibson, Dunn, & Crutcher, LLP*, Gladwell, and Alexander shall further <u>include and produce with the</u>

9

)                                    )

foregoing production two indices, one for the billing
statements and one for the litigation file, which shall
include, as applicable, for each and every file document or
billing statement charge:

(A)   a document/charge number;

(B)   a description of the document (litigation file only);

(C)   specific identification of the portion of the
      document/charge for which a privilege is claimed;

(D)   for each claim of privilege, a declaration of the
      specific privilege claimed (attorney-client, opinion
      work-product, or ordinary work-product); and

(E)   as necessary, a brief statement of the basis for the
      privilege asserted;

(4)   defendants *Gibson, Dunn, & Crutcher, LLP*, Gladwell, and
      Alexander are hereby ordered to produce to the plaintiff
      true, accurate, and complete copies of any and all *portions
      of the litigation file* generated by them, collectively or
      individually, on behalf of clients Morton or either of them
      in, incident to, or otherwise related to the underlying
      *Morton v. Seltzer* litigation, *for which the defendants do
      not assert the attorney-client or work-product privilege.*

(5)   defendants *Gibson, Dunn, & Crutcher, LLP*, Gladwell, and
      Alexander are hereby ordered to produce the referenced
      **attorney billing statements and index on or before September
      1, 2003;**

(6)   defendants *Gibson, Dunn, & Crutcher, LLP*, Gladwell, and
      Alexander are hereby ordered to produce the referenced
      **litigation file materials and index on or before September
      19, 2003;**

(7)   defendant Oliver H. Goe is hereby ordered to produce to the
      Court for in camera inspection true, accurate, and complete
      copies of any and all emails or other electronic
      communications generated by defendant Goe in his
      representation of the defendants Morton in, incident to, or
      otherwise related to the underlying *Morton v. Seltzer*
      litigation. The Court hereby acknowledges that defendant Goe
      produced these documents to the Court at hearing on July 30,
      2003; and

(8)   **on or before September 1, 2003, defendants shall jointly or
      separately file a declaration asserting or waiving the
      attorney-client privilege for the remainder of this
      litigation. The effect of a filed assertion of the
      privilege, untimely filing, or failure to file a waiver
      shall be that the party holding the privilege shall
      thereafter be prohibited from subsequently introducing,**

10

referencing, or using privileged materials or testimony in this proceeding. The purpose of this provision is to balance the need to protect privileged attorney-client communications with the need to protect the plaintiff from surprise and afford the plaintiff with a meaningful opportunity to prepare for and cross-examine any witnesses or exhibits constituting privileged matters.

**SO ORDERED** this 11th day of August, 2003.

Dirk M. Sandefur
District Judge


cc: ⎯Alexander "Zander" Blewett, III — Attorney for Plaintiff
    ⎯Michael F. McMahon — Attorney for Defendant Goe
    ⎯Lynn M. Dankowski and Kenneth R. Dyrud — Attorneys all other
      defendants

11