John E. Bohyer
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana 59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

---

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | Cause No. CV-07-166-BLG-RFC-CSO |
| | THE HON. CAROLYN S. OSTBY |
| Plaintiffs, | |
| -vs.- | **DEFENDANT'S MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENT** |
| JOHNSON, RODENBURG & LAUINGER, | |
| Defendant. | |

---

Defendant Johnson, Rodenburg & Lauinger moves this Court pursuant to Rule 37(a) for an order compelling production of the settlement agreement between Plaintiff Timothy McCollough and a prior party to this action, CACV of Colorado, LLC, which resulted in the dismissal by Mr. McCollough of his claim against CACV. The undersigned certifies that he conferred in good faith with opposing counsel John Heenan in an effort to obtain this information without court action. Plaintiff's counsel objects to this motion.

The text of the discovery requests and responses which are the subject of this motion are as follows:

REQUEST FOR ADMISSION NO. 7:  Admit you reached a settlement agreement with CACV of Colorado, LLC, with regard to your allegations that it violated the Fair Debt Collection Practices Act based on the debt collection lawsuit filed against you in Montana's Thirteenth Judicial District Court, Yellowstone County, Cause No. DV-07-0523, titled *CACV of Colorado, LLC v. Tim McCollough.*

RESPONSE TO REQUEST FOR ADMISSION NO. 7: Objection.  Not relevant nor likely to lead to the discovery of relevant information.  CACV is not a party to this lawsuit, nor has a claim been asserted against CACV by Defendant.  Defendant is not entitled under any pertinent law to a set-off for any monies paid to Plaintiff by CACV.  *Please see* Order Denying NorthWestern Defendants' Motion for Release of Confidential Settlement Agreement dated April 9, 2007 and Order Denying NorthWestern Defendants' Motion to Alter or Amend the Judgment dated April 9, 2007, *Ammondson v. NorthWestern Corp.,* Cause No. DV-05-97 (Montana Second Judicial District Court) (attached hereto.)  The terms of the agreement are confidential between the parties, and it would be a violation of the agreement for Plaintiff to disclose them.

INTERROGATORY NO. 22:  Please set forth the terms of your settlement agreement with CACV of Colorado, LLC, regarding your allegations that it violated the Fair Debt Collection Practices Act based on the debt collection lawsuit filed against you in

Montana's Thirteenth Judicial District Court, Yellowstone County, Cause No. DV-07-0523, titled *CACV of Colorado, LLC v. Tim McCollough.*

ANSWER TO INTERROGATORY NO. 22: Objection. Not relevant nor likely to lead to the discovery of relevant information. CACV is not a party to this lawsuit, nor has a claim been asserted against CACV by Defendant. Defendant is not entitled under any pertinent law to a set-off for any monies paid to Plaintiff by CACV. *Please see* Order Denying NorthWestern Defendants' Motion for Release of Confidential Settlement Agreement dated April 9, 2007 and Order Denying NorthWestern Defendants' Motion to Alter or Amend the Judgment dated April 9, 2007, *Ammondson v. NorthWestern Corp.,* Cause No. DV-05-97 (Montana Second Judicial District Court (attached hereto.) The terms of the agreement are confidential between the parties, and it would be a violation of the agreement for Plaintiff to disclose them.

REQUEST FOR PRODUCTION NO. 11: Please produce all documents related to your settlement agreement with CACV of Colorado, LLC, regarding your allegations that it violated the Fair Debt Collection Practices Act based on the debt collection lawsuit filed against you in Montana's Thirteenth Judicial District Court, Yellowstone County, Cause No. DV-07-0523, titled *CACV of Colorado, LLC v. Tim McCollough.*

RESPONSE TO REQUEST FOR PRODUCTION NO. 11: Objection. Not relevant nor likely to lead to the discovery of relevant information. CACV is not a party to this lawsuit, nor has a claim been asserted against CACV by Defendant. Defendant is not entitled under any pertinent law to a set-off for any monies paid to Plaintiff by CACV.

*Please see* Order Denying NorthWestern Defendants' Motion for Release of Confidential Settlement Agreement dated April 9, 2007 and Order Denying NorthWestern Defendants' Motion to Alter or Amend the Judgment dated April 9, 2007, *Ammondson v. NorthWestern Corp.,* Cause No. DV-05-97 (Montana Second Judicial District Court)(attached hereto.)  The terms of the agreement are confidential between the parties, and it would be a violation of the agreement for Plaintif to disclose them.

In addition, Defendant's counsel asked Plaintiff McCollough the following questions, and Plaintiff's counsel raised the following objection at Plaintiff's deposition:

```
                          76
24     Q.  You previously made a claim in this
25  lawsuit against CACV of Colorado; is that right?

                          77
1      A.  Yes.
2      Q.  Okay.  I understand you've settled that
3   claim.
4      A.  Yes.
5      Q.  What was the settlement?
6         MR. HEENAN:  I'll object and instruct
7   you not to answer that.  It's a confidential
8   settlement.
```

Deposition of Timothy McCollough, September 4, 2008, 76:24 - 77:8.  Mr. McCollough did not answer the question.

Finally, Defendant's counsel also served a subpoena duces tecum on CACV of Colorado, LLC seeking production of the settlement agreement.  The undersigned has been informed that CACV objects to producing the settlement agreement on the grounds of confidentiality and plans on filing a motion to quash the subpoena.

Defendant will file a brief in support of this motion within the time permitted by L.R. 7.1(c).

DATED this 12th day of November, 2008.

        /s/ Fred Simpson
Fred Simpson
BOHYER SIMPSON & TRANEL, P.C.
Attorneys for Defendant

### CERTIFICATE OF SERVICE

I, the undersigned, a representative of the law firm of Bohyer Simpson & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing *Defendant's Motion to Compel Production of Settlement Agreement* on the following persons by the following means:

| | |
|---|---|
| __1,2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk, U.S. District Court

2. John C. Heenan, Esq.
   HEENAN LAW FIRM
   2602 1st Ave N, Suite 305
   PO Box 2278
   Billings, MT 59103
   **Attorneys for Plaintiffs**

DATED this 12th day of November, 2008.

        /s/ Fred Simpson
Fred Simpson
BOHYER SIMPSON & TRANEL, P.C.
Attorneys for Defendant