John E. Bohyer
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana 59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

---

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | Cause No. CV-07-166-BLG-RFC-CSO |
| | THE HON. CAROLYN S. OSTBY |
| Plaintiffs, | |
| -vs.- | **BRIEF IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENT** |
| JOHNSON, RODENBURG & LAUINGER, | |
| Defendant. | |

---

Defendant Johnson, Rodenburg & Lauinger ("JRL"), by and through its counsel of record, Bohyer, Simpson & Tranel, P.C., files this brief in support of its motion to compel production of the settlement agreement. Between Plaintiff McCollough and CACV, which was a Defendant in this case prior to its settlement with Plaintff. JRL served Plaintiff, Timothy McCollough ("McCollough") with discovery regarding his settlement with co-defendant CACV of Colorado, LLC ("CACV"), as set forth in the motion to compel. McCollough objected to the discovery on the basis the settlement is confidential. JRL's

attorney attempted to discuss the settlement with McCollough at his deposition as noted in the motion.  However, McCollough's counsel instructed him not to answer any questions about his settlement with CACV.

## INTRODUCTION

McCollough filed this lawsuit against JRL and CACV.  Count I of the complaint alleged the defendants' conduct in filing the underlying lawsuit[1] violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  Count II of the complaint alleged the defendants' conduct violated the Montana Unfair Trade Practices and Consumer Protection Act.  Finally, Count III of the complaint alleged the defendants' filing of the underlying lawsuit constituted malicious prosecution and abuse of process.  The complaint prayed for all damages McCollough was entitled to collect.  McCollough reached a settlement with CACV after the lawsuit was filed.  As a result, McCollough filed an amended complaint which dropped CACV as a party defendant.  The terms of the settlement agreement between McCollough and CACV are discoverable since the information is relevant to the issue of McCollough's damages.  Therefore, the Court should grant the motion to compel and enter an order directing McCollough to answer the discovery at issue.  The Court should also award JRL its reasonable expenses, including attorney's fees, pursuant to Fed. R. Civ. P. 37(a)(5)(A).

---

[1] The underlying lawsuit was captioned *CACV of Colorado LC v. Tim McCollough*, Cause No. CV-2005-04428 in Montana's Thirteenth Judicial District Court.

## ARGUMENT

Section 1692k(a) of the Fair Debt Collection Practices Act ("FDCPA") sets forth the damages a plaintiff can recover under the Act. 15 U.S.C. § 1692k(a). A plaintiff can recover actual damages, statutory damages of up to $1,000.00, costs of the action and attorney's fees. *Wright v. Finance Service of Norwalk, Inc.*, 22 F.3d 647, 650 (6th Cir. 1994). The federal courts which have addressed the issue of statutory damages have routinely held that a plaintiff is limited to $1,000.00 in statutory damages per lawsuit, regardless of the number of individual violations alleged in the lawsuit. *Id.* at 650-51; *Harper v. Better Business Servs., Inc.*, 961 F.2d 1561 (11th Cir. 1992); *Clark v. Capital Credit & Collections Servs.*, 460 F.3d 1162, 1178 (9th Cir. 2006); *Harvey v. United Adjusters*, 509 F.Supp. 1218, 1222 (D. Or. 1981); *Mann v. Acclaim Financial Services, Inc.*, 348 F.Supp.2d 923, 926 (S.D. Ohio 2004). Therefore, if McCollough received more than $1,000.00 in statutory damages in the settlement with CACV, he would be fully compensated and would not be entitled to any statutory damages from JRL. Therefore, the amount and terms of the settlement between McCollough and CACV are relevant and must be produced in discovery.

With regard to the issue of actual damages, McCollough is not allowed to collect his damages twice. The FDCPA limits a plaintiff's recovery to "actual damages." 15 U.S.C. § 1692k(a). The issue of collecting actual damages was addressed by the Montana Supreme Court in *Boyken v. Steele* (1993), 256 Mont. 419, 847 P.2d 282. *Boyken* was a lawsuit arising out of a bar fight between the parties. *Id.* at 420, 847 P.2d at 283. Boyken sued

Steele alleging assault and battery and Lee's Northside Bar alleging negligence. *Id.* The bar settled for $5,000.00 prior to trial. *Id.* The jury found Boyken's total damages to be $2,500.00. *Id.* On appeal, the court noted that Boyken's lawsuit alleged Steele and the bar were joint tort-feasors whose actions, taken together, resulted in his damages. *Id.* at 421, 847 P.2d at 284. Under Montana law, Boyken was only allowed to collect once for his damages. Since he was fully compensated by the settlement with the bar, he was not entitled to any damages from Steele. *Id.*

In applying this principle to the case at bar, it becomes clear that the terms and amount of the settlement between McCollough and CACV are discoverable. McCollough's complaint alleged the defendants' conduct caused his damages. He did not allege that CACV caused certain damages while JRL caused other, distinct damages. McCollough's damages, whatever they may be, were allegedly caused by the actions of JRL and CACV. The FDCPA limits McCollough to "actual damages" and $1,000.00 for statutory damages. These amounts will be determined by the jury. If the jury concludes his damages are lower than the amount received in settlement with CACV, JRL would have no liability to McCollough for these damages. Therefore, the Court must grant JRL's motion to compel and order McCollough to answer the discovery regarding the terms and amount of his settlement with CACV.

Finally, Fed. R. Civ. P. 37(a)(5)(A) provides that a court must award reasonable expenses, including attorney's fees, when a party is forced to file a motion to compel which

is granted. Therefore, JRL requests reasonable costs and attorney's fees associated with its filing of this motion.

## CONCLUSION

The terms and amount of the settlement agreement between McCollough and CACV is discoverable as it relates to the damages which McCollough can collect from JRL. Therefore, the Court should grant the motion to compel and require McCollough to disclose the terms and amount of the settlement he reached with CACV. The Court should further award JRL its reasonable costs, including attorney's fees, in filing this motion.

DATED this 19th day of November, 2008.


      /s/ Fred Simpson
Fred Simpson
BOHYER SIMPSON & TRANEL, P.C.
*Attorneys for Defendant*


## CERTIFICATE OF SERVICE

I, the undersigned, a representative of the law firm of Bohyer Simpson & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing ***Brief in Support of Motion to Compel Production of Settlement Agreement*** on the following persons by the following means:

| | |
|---|---|
| __1,2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk, U.S. District Court

  2.  John C. Heenan, Esq.
     HEENAN LAW FIRM
     2602 1st Ave N, Suite 305
     PO Box 2278
     Billings, MT 59103
     **Attorneys for Plaintiffs**

  DATED this 19th day of November, 2008.

                 /s/ Fred Simpson
                Fred Simpson
                BOHYER SIMPSON & TRANEL, P.C.
                Attorneys for