FILED
BILLINGS DIV.

2008 NOV 21  AM 10 02

PATRICK E. DUFF ( CLERK

BY _____

IN THE UNITED STATES DISTRICT COURT CLERK

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | CV-07-166-BLG-CSO |
| Plaintiff, | **ORDER** |
| vs. | |
| JOHNSON, RODENBERG & LAUINGER, | |
| Defendant. | |

Plaintiff Timothy McCollough[1] ("McCollough") brought this action alleging

Defendant Johnson, Rodenberg & Lauinger ("JRL") violated federal and Montana law in

its debt collection activities against McCollough. Pending before the Court is

McCollough's Motion for Partial Summary Judgment – Fair Debt Collection Practices

Act Liability. *Court's Doc. No. 36.* Having considered the applicable law and the parties'

arguments in support of their respective positions, the Court will grant the motion in part

and reserve ruling in part.

---

[1]Plaintiff June Tift was dismissed from this action by Order dated August 13, 2008
(*Court's Doc. No. 41*).

## I.    BACKGROUND

On April 17, 2007, JRL filed a lawsuit against McCollough in Montana state

district court on behalf of its client, CACV of Colorado ("CACV") ("state court lawsuit").

*Def's SGI (Court's Doc. No. 51) Ex. F.*  The Complaint sought $3,816.80 in damages,

$5,536.81 in interest, collection costs and attorney fees of $481.68, and court costs of at

least $120.00.  *Id.*  CACV provided JRL the following information via debt collection

software: McCollough received a Chase Manhattan credit card in 1994.  *Pl's SUF*

*(Court's Doc. No. 39) Ex. 5 at 1-2.*  CACV purchased McCollough's account from Chase

Manhattan in January of 2001.  *Id.*  JRL was initially concerned that the statute of

limitations had run on the claim against McCollough, and JRL employee Grace Lauinger

sent CACV an e-mail to this effect on January 4, 2007.  *Def's SGI, Ex. E at 4.*  CACV

advised JRL, by e-mail and without documentation, that McCollough had made a

payment on his account in June 2004.  *Id.*

On June 13, 2007, McCollough filed a *pro se* answer to the state court lawsuit,

stating in part:

> Forgive my spelling.  I have a head injury and writing dose
> [sic] not come easy.
>
> 1.    The statute of limitacions [sic] is up, I have not had
>        any dealing with any credit card in well over 8 ½ years.
>                              * * * *
> 4.    This is the third time they have brought me to court on
>        this account, the first two time (*sic*) with Judge
>        Hernandez, when will it stop.  Do I have to sue them so
>        I can live quietly in pain?

*Pl's SUF, ¶ 9.*

On August 6, 2007, CACV informed Grace Lauinger that McCollough had not

made a payment on his account in June of 2004 as previously stated. *Pl's SUF, Ex. 1*

*(Grace Lauinger Depo.) at 8-9.*

In October 2007, JRL propounded written discovery on McCollough, including the

following requests for admission:

> 11.   Prior to initiation of this suit, Defendant Tim M.
>        Mccollough [sic] has never notified plaintiff or any
>        other party in interest in this action of any disputes
>        regarding said Chase Manhattan Bank credit card.
>        ****
>
> 14.   There are no facts upon which Defendant Tim M.
>        Mccollough [sic] relies as a basis for defense in this
>        action.
>        ****
>
> 21.   Defendant Tim M. Mccollough [sic] made a payment
>        on said Chase Manhattan Bank credit card on or about
>        June 30, 2004 in the amount of $75.00.

*Pl's SUF, Ex. 6.* The requests for admission did not explain that if McCollough did not

respond within 30 days the requests would be deemed admitted. *Id.*

In November 2007, McCollough obtained counsel. McCollough's counsel entered

an appearance and served written discovery on CACV. In December 2007, JRL e-mailed

CACV the following message:

> Please provide me with copies of everything you can get for
> documentation as soon as possible. We need to request
> everything available from the original creditor, not just the
> things that you normally request. Application, statements,
> cardmember agreement, copies of payments, copies of any

3

> correspondence.  Please have the request expedited, if
> possible.

*Pl's SUF, Ex. 2 (Charles Dendy Depo.) at 6-7.*  CACV responded: "For this file we are

not able to get any more media.  The retention rate is seven years from c/o [charge-off],

which was 10/2000.".  *Def's SGI, Ex. A (Charles Dendy Depo.) at 7.*  Subsequent to

McCollough obtaining counsel, JRL also served a subpoena duces tecum on JP Morgan

Chase seeking documents regarding McCollough's account.  No documents were

received by JRL pursuant to the subpoena.  *Pl's SUF, Ex. 2 (Charles Dendy Depo.) at 10.*

On December 7, 2007, JRL received a call from CACV informing that the last

payment McCollough made was in 2000, and the case needed to be dismissed for statute

of limitations reasons.  *Pl's SUF, Ex. 6 at 7; Def's SGI, Ex. A (Charles Dendy Depo.) at

10.*

On December 18, 2007, upon JRL's request, the state court dismissed the action

with prejudice.  *Pl's SGI ¶ 15.*

## II.    PARTIES' ARGUMENTS

McCollough argues that JRL violated the Fair Debt Collection Practices Act, 165

U.S.C. §§ 1692 *et seq.* ("FDCPA") in three discrete ways[2]: (1) filing and maintaining a

time-barred lawsuit; (2) serving requests for admission containing false information on

McCollough; and (3) seeking collection costs and attorney's fees not allowed by law.

---

[2]McCollough has withdrawn his argument that JRL committed a fourth violation of the
FDCPA by seeking attorney's fees on a flat fee basis. *See Pl's Reply (Court's Doc. No. 55) at
10.*

*Pl's Br. in Support of MSJ (Court's Doc. No. 38) at 7.*

Initially, McCollough argues that JRL is a debt collector covered by the FDCPA, as JRL is a law firm that regularly attempts to collect debts. *Id. at 8.* McCollough states that the FDCPA covers all litigation conduct engaged in by JRL. *Id.* McCollough argues that in the Ninth Circuit, courts analyze FDCPA claims under the "least sophisticated consumer" standard. *Id. at 9.*

Next, McCollough argues that JRL violated the FDCPA both by filing a time-barred lawsuit against him, and by continuing to prosecute that lawsuit after explicit notice from CACV that the suit was time-barred. *Id. at 10.* McCollough states the undisputed facts show that JRL filed suit against McCollough after the 5-year statute of limitations on a credit card debt collection action expired. *Id. at 11-12.* McCollough also argues that summary judgment on the issue of filing a time-barred lawsuit is appropriate even if JRL asserts that it relied on CACV's representations as a bona fide error defense, because the FDCPA was in fact violated when a time-barred lawsuit was filed. McCollough asserts that JRL can argue later that it should not be held liable for that violation by virtue of its bona fide error defense. *Id. at 12.*

Next, McCollough argues that JRL violated the FDCPA when it served requests for admission falsely stating that there were no facts McCollough relied upon as a defense, and that McCollough made a payment on his account in June 2004. *Id. at 13-15.* McCollough states that JRL knew these statements were false, but served the statements

anyway, without informing him that he had 30 days to respond or the requests would be deemed admitted, expecting that McCollough would not respond and the false statements would be deemed admitted. *Id. at 13-14.*

Finally, McCollough argues that JRL violated the FDCPA by seeking collection costs and attorney fees not allowed by law in its complaint against McCollough. *Id. at 15.* McCollough states that there is no Montana statutory provision entitling JRL to attorney's fees in this case. *Id. at 16.* Further, at the time JRL sued McCollough, it did not have a written contract providing for attorney fees from McCollough. *Id. at 17.*

In its response, JRL does not dispute that the FDCPA applies here. *Def's Br. Opposing MSJ (Court's Doc. No. 52) at 7.* JRL argues that summary judgment is not appropriate on FDCPA liability for filing or maintaining a time-barred lawsuit because the evidence shows fact questions regarding whether JRL is liable based on JRL's bona fide error defense. *Id.* JRL states that it maintains procedures designed to avoid discoverable errors, including the filing of time-barred lawsuits. *Id. at 8.* Specifically, JRL has two separate statute of limitations procedural checks when it opens a collection account. *Id.* These procedures actually revealed a potential statute of limitations problem with McCollough's account, and JRL brought this to CACV's attention. *Id. at 8.* CACV responded that McCollough had made a payment in June 2004, which, if accurate, meant that the statute of limitations would not expire until June 2009. *Id. at 9.*

Next, JRL argues that it is not liable under the FDCPA for serving requests for

admission containing allegedly false information. *Id. at 9-10.* JRL has found no case

holding that serving requests for admission can be considered an FDCPA violation. *Id. at*

*10.* JRL argues that FDCPA violations regarding false or misleading representations

involve affirmative misrepresentation. *Id. at 10.* Here, the requests for admission were

not representations meant to mislead McCollough. Rather, if a request was not accurate,

McCollough was free to deny it. *Id. at 10.* JRL argues that the fact that requests are

deemed admitted if not answered within 30 days does not make the requests misleading,

since *pro se* litigants must follow procedural rules just as an attorney must. *Id. at 11.*

Finally, JRL argues it did not seek impermissible fees or collection costs. *Id. at*

*12.* JRL states that McCollough claims it violated the FDCPA by requesting fees in a

complaint at a time when it did not actually have the cardmember agreement in its

possession. JRL argues that McCollough's position fails because: (1) he does not present

facts or argument that the cardmember agreement does not allow attorney fees; (2) the

Sixth Circuit has rejected a similar argument; and (3) some federal courts have held that a

request for attorney fees in a prayer for relief does not violate the FDCPA. *Id. at 12-16.*

McCollough replies that, even if JRL's initial filing of suit is excused by the bona

fide error defense, it is undisputed that JRL continued to prosecute the suit knowing it

was time-barred. *Pl's Reply Br. (Court's Doc. No. 55) at 2.* McCollough also argues that

the bona fide error defense does not change the fact that JRL violated the FDCPA by

filing a time-barred lawsuit, and that JRL's bona fide error defense is factually

7

unsupported. *Id. at 4-6.* McCollough also reiterates his argument that serving written discovery containing false information violates the FDCPA. *Id. at 6-8.* Finally, McCollough argues that JRL has not properly authenticated any document as his credit card contract, and thus has shown no basis for entitlement to attorney fees. *Id. at 8-9.* McCollough reiterates that under the majority rule, demanding unauthorized fees violates the FDCPA. *Id. at 9-10.*

## III.    SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. Id.

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits that demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Cattrett, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. But on an issue for which the opposing party will have the burden of proof

at trial, the moving party need only point out "that there is an absence of evidence to support the nonmoving party's case."  Id.

Once the moving party meets its initial burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e).  If the nonmoving party fails to make this showing, "the moving party is entitled to judgment as a matter of law."Celotex Corp., 477 U.S. at 323.

## IV.   DISCUSSION

The parties do not dispute that JRL is, in this case, a debt collector whose litigation activity is subject to the FDCPA. *See Pl's Br. at 8; Def's Br. at 7;* Heintz v. Jenkins, 514 U.S. 291, 292-94 (1995).

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."  Id. at § 1692(e).  Under the FDCPA, "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."  Id. at § 1692e.  Additionally, "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."  Id. at § 1692f.  The FDCPA was designed "to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt

9

actually exists." Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

Under the FDCPA, a debt collector's behavior is measured according to an objective "least sophisticated debtor" standard. Clark v. Capital Credit & Collection Services, Inc., 460 F.3d 1162, 1171 (9th Cir. 2006). This standard "ensures that the FDCPA protects all consumers, the gullible as well as the shrewd ... the ignorant, the unthinking and the credulous." Id. (quoting Colomon v. Jackson, 988 F.2d 1314, 1318-19 (2d Cir. 1993)).

The FDCPA imposes strict liability on debt collectors: "A plaintiff need not prove an error was intentional." Reichert v. National Credit Systems, Inc., 531 F.3d 1002, 1004 (9th Cir. 2008). The FDCPA provides a narrow exception to strict liability in the form of the bona fide error defense:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c). "The bona fide error defense is an affirmative defense for which the debt collector has the burden of proof." Reichert v. National Credit Systems, Inc., 531 F.3d 1002, 1006 (9th Cir. 2008).

## A.   Filing and Maintaining a Time-Barred Lawsuit

A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt. See Martinez v. Albuquerque Collection Services, 867 F.Supp. 1495,

10

1506 (D. N.M. 1994)("A collection agency's attempts to collect on time-barred accounts

violate the FDCPA."); <u>Beattie v. D.M. Collections, Inc.</u>, 754 F.Supp. 383, 393 (D.Del.

1991)("[T]he threatening of a lawsuit which the debt collector knows or should know is

unavailable or unwinnable by reason of a legal bar such as the statute of limitations is the

kind of abusive practice the FDCPA was intended to eliminate."). *See also* <u>Kimber v.</u>

<u>Federal Financial Corp.</u>, 668 F.Supp. 1480, 1487 (M.D. Ala. 1987); <u>Thompson v. D.A.N.</u>

<u>Joint Venture III, L.P.</u>, 2007 WL 1625926 (M.D. Ala.). In <u>Thompson</u>, the court held that

the defendant's failure to move to set aside the underlying state court default judgment

after a summary judgment ruling that the underlying state court action violated the

FDCPA because it was time-barred constituted an additional FDCPA violation.

<u>Thompson</u> at *2.

Here, based upon JRL's own records, it is undisputed that McCollough last made a

payment on his account in 2000. The statute of limitations to collect on a credit card debt

under Montana law is five years. Mont. Code Ann. § 27-2-202; <u>Colorado Nat'l Bank of</u>

<u>Denver v. Story</u> (1993), 261 Mont. 375, 862 P.2d 1120. The statute of limitations begins

to run on the date of the last payment to a credit card account. <u>Colorado Nat'l Bank</u>, 261

Mont. at 378, 862 P.2d at 1122. Thus, JRL's lawsuit, filed against McCollough in 2007,

was time-barred and JRL is strictly liable for filing this time-barred lawsuit unless it can

prevail on its bona fide error defense.

The Court is unpersuaded, however, that it can enter judgment that the filing of the

lawsuit violated the FDCPA without regard to the bona fide error defense. A plaintiff moving for summary judgment is not obligated to negate affirmative defenses, but an affirmative defense will negate summary judgment where each element of the affirmative defense is supported by summary judgment evidence. Garza v. Gonzales, 2006 WL 3317732, *4 (Tex.App.-Corpus Christi)(citing Tesoro Petroleum Corp. v. Nabors Drilling United States, 106 S.W.3d 118, 124 (Tex.App.-Houston 2002); Kirby Explor. Co. v. Mitchell Energy Corp., 701 S.W.2d 922, 926 (Tex.App.-Houston 1985)). The Court does not believe it can appropriately enter judgment for McCollough on the issue of filing the time-barred suit without addressing the affirmative defense of bona fide error asserted by JRL. The Court will reserve ruling on this question until McCollough's recently filed motion for partial summary judgment on JRL's bona fide error defense is fully briefed and submitted for decision (*Court's Doc. No. 69*).

McCollough also asserts that he is entitled to partial summary judgment because JRL maintained the lawsuit after receiving facts from its client that proved the suit was time-barred. A JRL employee was put on actual notice, on August 6, 2007, that McCollough had not made a payment on his account in 2004 as the client had previously indicated. *Pl's SUF, Ex. 1 at 8-9 (Grace Lauinger Depo)*. Nonetheless, JRL continued to prosecute its lawsuit against McCollough for four months. JRL does not address these facts in its brief.

Maintaining a time-barred lawsuit has been held to violate the FDCPA.

Thompson, 2007 WL 1625926, * 2.  In Thompson, the Court noted that the bona fide

error defense is not available where there is actual notice of an FDCPA violation and the

FDCPA violation continues.  The uncontroverted evidence presented to the Court

indicates that Grace Lauinger, a JRL employee, had actual notice that the lawsuit was

time-barred.  She does not remember whether she passed this information along to Mr.

Dendy, the attorney of record in the case.  Nonetheless, there is no doubt that JRL had

knowledge in August 2007 that the action was time-barred.  Knowledge of the employee

can likely be imputed to the lawyers in the firm. *See Rest. 2nd Agency § 9.*

A debt collector answers for its employees' violations of the FDCPA.  The

principles of vicarious liability provide an incentive for the debt collection agency to

properly instruct and train its employees to avoid actions that might impose liability.  Fox

v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1516 (9th Cir. 1994); Pettit v. Retrieval

Masters Creditor Bureau, Inc, 211 F.3d 1057, 1059 (7th Cir. 2000).  Furthermore, no

evidence has been presented to the Court regarding the maintenance of any procedures by

JRL to ensure that its employees properly handle such information received from a client.

The problem is magnified because JRL's own file reflects that two months earlier, in June

2007, McCollough had filed an answer stating that he had not had any dealings with any

credit card company for over 8 ½ years. *Pl's SUF, Court's Doc. No. 39-6 at 4.*  No

evidence has been offered as to JRL's procedures to investigate this allegation.  It is

JRL's burden to come forward with evidence that the violation can be excused. *See*

Reichert v. National Credit Systems, Inc., 531 f.3d 1002, 1004 (9th Cir.. 2008).

Nonetheless, the Court will also reserve ruling on this issue until McCollough's Motion for Partial Summary Judgment on Defendant's "Bona Fide Error" Defense (*Court's Doc. No. 69*) has been fully briefed.

### B.   Material Facts Established

Fed.R.Civ.P. 56(d)(1) provides that "if summary judgment is not rendered on the whole action, the court should, to the extent practicable, determine what material facts are not genuinely at issue." It has been held that the court has a duty to specify the acts which cannot be controverted in the action. *See* Anderson v. Janovich, 543 F.Supp. 1124, 1134 (W.D. Wa. 1982) *citing* Diamond Door Co. v. Lane-Stanton Lumber Co., 505 F.2d 1199, 1202 (9th Cir. 1974); 10B Fed. Prac. & Pro. § 2737 (2008). The primary purpose of the rule is to salvage some results from the effort involved in the denial for a motion for summary judgment. *Id.* Therefore, the Court determines the following facts to be established:

(1)   On April 17, 2007, JRL filed a time-barred lawsuit against McCollough.

(2)   By August 6, 2007, JRL had information from its client demonstrating that the lawsuit was time-barred.

(3)   JRL prosecuted the time-barred lawsuit against McCollough until December 7, 2007.

### C.      Serving Requests for Admission on a Time-Barred Claim

On November 11, 2008, JRL filed a motion for partial summary judgment requesting, *inter alia*, a ruling "that service of discovery during a lawsuit is not a violation of the [FDCPA]." *Court's Doc. No. 65.* Because JRL's recently filed motion is essentially a cross-motion for summary judgment on this issue, the Court reserves ruling until JRL's motion is fully briefed and submitted to the court.

### D.      Request for Attorney's Fees

Under the FDCPA, a debt collector cannot collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. 15 U.S.C. § 1692f(1). Requesting fees or costs not authorized by law violates the FDCPA. See e.g., Reichert v. National Credit Systems, Inc., 531 F.3d at 1005-1006; Foster v. DBS Collection Agency, 463 F.Supp.2d 783, 802 (S.D. Ohio 2006) (holding debt collector violated 15 U.S.C. § 1692(e)(2)(B) by seeking attorney fees not allowed by Ohio law); Strange v. Wexler, 796 F.Supp. 1117, 1118 (N.D. Ill. 1992)(filing complaint requesting attorney fees not allowed by law violates 15 U.S.C. § 1692(e)(2)(B)).

JRL argues that some courts have held that a request for attorney's fees in the prayer for relief of a complaint does not violate the FDCPA because the prayer for relief is directed at the court. See Reirmersma v. Messerli & Kramer, P.A., 2008 WL 2390729, *2 (D.Minn.); Argentieri v. Fisher Landscapes, Inc., 15 F.Supp.2d 55, 61-62 (D.Mass.

15

1998). Foster and Wexler, cited above, relied on 15 U.S.C. § 1692e(2)(B), which

prohibits the "false representation of any service rendered or compensation which may be

lawfully received by any debt collector for the collection of a debt." Neither Reirmersma

nor Argentieri addressed the application of this statute to the issue at hand. The

Argentieri court specifically noted that, unlike Argentieri, the claimant in Strange v.

Wexler had brought his FDCPA claim under § 1692e. Argentieri, 15 F.Supp. 2d at 62, n.

8. Although the court in Reirmersma cited § 1692e, it did not analyze its application to a

invalid attorneys fees claim. For these reasons, the Court finds Reirmersma and

Argentieri unpersuasive here. See Foster, 463 F.Supp. at 802 ("From the perspective of

the 'least sophisticated consumer,' this statement [attorney fees in prayer for relief]

constitutes an absolute entitlement to attorney fees, even though such fees are not

recoverable under Ohio law."). See also Martinez v. Albuquerque Collection Services,

867 F.Supp. 1495 (D. N.M. 1994) (finding a violation of §§ 1692e(2), 1692f(1) where

attorneys fees were awarded erroneously). As a practical matter, here the complaint states

"plaintiff demands judgment against the defendant for ... collection costs/attorney fees of

$481.68[.]" Def's SGI, Ex. 6. From the standpoint of a least sophisticated debtor – or a

lawyer – it is plain from whom JRL demands attorney fees.

    McCollough argues that JRL has no statutory or contractual basis for attorney's

fees. There is no Montana statutory provision entitling JRL to an attorney fee award.

Colorado Nat'l Bank of Denver, 261 Mont. at 378, 862 P.2d at 1122. Thus, JRL's right

16

to attorney fees must be contractual.

JRL argues that McCollough has not set forth evidence to prove the absence of a contractual basis for fees. But McCollough has presented JRL's own files, and testimony from JRL employees, that are evidence that JRL had no contract allowing attorneys fees against McCollough – or even any specific information from its client that there was such a contract in existence. Under the summary judgment standards set forth above, therefore, the burden shifts to JRL to set out specific facts showing a genuine issue for trial.

JRL has not presented any evidence that it did have a contractual basis for attorney's fees. JRL has produced an unauthenticated cardmember agreement dated 2002 and represented to the court that this cardmember agreement "sets forth the terms of the account." *Def's SGI at ¶ 18.* This agreement, however, postdates the last payment on McCollough's account by two years, and postdates the date McCollough received his credit card by eight years. Even if this were the applicable agreement, the Court cannot rely on unauthenticated evidence. See Orr v. Bank of America, NT & SA, 285 F.3d 764, 773-74 (9th Cir. 2002) ("In a summary judgment motion, documents authenticated through personal knowledge must be attached to an affidavit that meets the requirements of Fed.R.Civ.P. 56(e).")(internal quotations omitted).[3] The Court thus must conclude that JRL has failed to meet its burden and its defense fails due to lack of evidence. JRL has

---

[3]The Court notes that it also appears that JRL served discovery responses that were not answered under oath as required by Fed.R.Civ.P. 33(b)(3). *See Court's Doc. No. 51-4 at 4.*

17

not come forward with a basis for its claim for attorney fees in the underlying case.

The Court thus rules as a matter of law that JRL violated 15 U.S.C. § 1692(e)(2)(B) by requesting in the complaint attorney fees to which it was not entitled under Montana law.

## V.   CONCLUSION

Based on the foregoing, IT IS ORDERED that McCollough's motion for partial summary judgment (*Court's Doc. No. 36*) is GRANTED as to the claim in Count I that Defendant violated the FDCPA by seeking fees not permitted by law.  Ruling is RESERVED as to the remainder of said motion for the reasons set forth herein.

DATED this 21st day of November, 2008.

Carolyn S. Ostby
U.S. Magistrate Judge

18