FILED
BILLINGS DIV.

2008 AUG 15  AM 10 24

PATRICK E. DUFFY, CLERK

BY _____
        DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | | |
|---|---|---|
| BARBARA KUNDA and BRIAN KUNDA, | ) | CV-08-44-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | ORDER |
| CBB COLLECTIONS, INC.; | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiffs Barbara Kunda and Brian Kunda ("Plaintiffs"), are suing CBB Collections, Inc.

("CBB" or "Defendant"), for actions CBB took to collect a debt incurred for medical and health

care services provided by Billings Clinic ("Billings Clinic Debt"). Plaintiffs seek damages

against Defendant on the theory that Defendant violated the Fair Debt Collections Practices Act

("FDCPA") and the Montana Unfair Trade Practices and Consumer Protection Act of 1973

("UTPA") Plaintiffs claim that the following alleged actions by Defendant violated the FDCPA:

(1) attempting to collect the Billings Clinic Debt for which the "ledger" reflected a zero account

balance; (2) failing to include the Billings Clinic Debt in a prior lawsuit to collect other debts

with other creditors; and (3) naming Ms. Kunda as a defendant in the cause of action to collect

the Billings Clinic Debt. Plaintiffs further allege that Defendant violated the Montana UTPA.

-1-

## BACKGROUND

On December 10, 2001, Brian Kunda executed and delivered to Billings Clinic a written document titled "Conditions of Registration" to Billings Clinic. Under the Conditions of Registration, he agreed to be personally liable for the cost of all medical and health care services provided by Billings Clinic, not covered by his insurance. Between December 10, 2001, and August 20, 2002, Brian Kunda received medical and health care services from Billings Clinic. Brian Kunda's insurance paid some, but not all of the costs of the medical and health care services provided by Billings Clinic. On or about February 27, 2004, Billings Clinic assigned the debt owed to them by Brian Kunda to Defendant.

In 2004 and 2005, Plaintiffs incurred other debts for medical services rendered by St. Vincent Primary Care, the Montana Heart Institute, St. Vincent Healthcare, and Eastern Radiological Associates (the "Other Debts"). None of these entities is related to Billings Clinic and these debts are not related to the Billings Clinic Debt. The Other Debts were also assigned to CBB for collection. On November 15, 2006, CBB filed a complaint to collect the Other Debts in District Court for the Thirteenth Judicial District, Yellowstone County, Montana, which was titled *CBB, Inc v. Kunda*, cause number CV-06-1208 ("*Kunda I*"). On or about November 21, 2006, Plaintiffs paid Defendants $9,135.19 to settle the claims alleged in *Kunda I*, and Defendant filed a Notice of Dismissal.

On August 10, 2007, Defendant filed a complaint in the Justice Court of Yellowstone County, Montana, which was entitled *CBB, Inc. v. Kunda*, cause number CV-2007-2369 ("*Kunda II*"). CBB named Brian Kunda and Barbara Kunda as Defendants in *Kunda II* . Upon learning

-2-

that Brian and Barbara Kunda were not married when Brian Kunda incurred the Billings Clinic

Debt, Defendants dismissed Barbara Kunda from *Kunda II.*

## STANDARD OF REVIEW

To state a claim upon which relief may be granted, the Federal Rules of Civil Procedure

require only that the complaint contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed.R.Civ.P. 8(a)(1). To avoid Rule 12(b)(6) dismissal, the

complaint "need not contain detailed factual allegations; rather, it must plead 'enough facts to

state a claim to relief that is plausible on its face.'" *Weber v. Department of Veterans Affairs,*

521 F.3d 1061, 2008 WL 901555, (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly,* ---

U.S. ---, ---, 127 S.Ct. 1955, 1974, (2007)). "Factual allegations must be enough to raise a right

to relief above the speculative level on the assumption that all the allegations in the complaint are

true (even if doubtful in fact)." *Twombly,* 127 S.Ct. at 1965 (internal citations omitted).

If the court considers evidence outside of the pleadings, then "the motion must be treated

as one for summary judgment under Rule 56. All the parties must be given a reasonable

opportunity to present all the material that is pertinent to the motion." F.R.Civ.P. 12(d). A court

may, however, consider certain materials-documents attached to the complaint, documents

incorporated by reference in the complaint, or matters of judicial notice-without converting the

motion to dismiss into a motion for summary judgment. *U.S. v. Ritchie,* 342 F.3d 903 (9th Cir.

2003); citing *Van Buskirk v. CNN,* 284 F.3d 977, 980(9th Cir.2002); *Barron v. Reich,* 13 F.3d

1370, 1377 (9th Cir.1994); 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.34[2] (3d

ed.1999).

## ANALYSIS

### I.    Have the Kundas Stated a Viable FDCPA Claim Against CBB?

A debt collector may not falsely represent the character, amount or legal status of any debt. 15 U.S.C. § 1692e(2)(A). A debt collector may not collect "any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692(f).

In this case, Plaintiffs tendered a check to Defendants in November of 2006 for $9,135.19 and included in the memo line "paid in full." Plaintiffs argue that they understood this to be a "full and final payment" to Defendants. Defendants cashed Plaintiffs' check. Under Montana law, cashing of a check is evidence of full satisfaction of a claim. Mont. Code Ann. § 28-1-401; *Boyer v. Ettelman*, 235 Mont. 323, 767 P.2d 324 (1989). Plaintiffs argue that by accepting this check, and then turning around and suing them in *Kunda II*, Defendant violated the FDCPA by misrepresenting the amount and status of the debt and Defendants had no basis to bring another lawsuit against Plaintiffs after it cashed their checks.

As to Ms. Kunda's claim, it has been held that a violation of the FDCPA for a debt collector to claim debts "against individuals not legally obligated for them, such as a consumer's unobligated relative." NCLC, Fair Debt Collection at §5.5.4.2, citing *Grassley v. Debt Collectors, Inc.*, 1992 LEXIS 22782 (D. Or. 1992) (told debtor's wife she was obligated for her husband's debt when she was not); *Robinson v. Credit Serv. Co.*, 1991 WL 186665 (D. N.J. 1991) (dunning parent of 20 year old child for child's medical bill misrepresented parent's liability). Plaintiffs argue that Defendants violated the FDCPA by misrepresenting the character

-4-

of the debt because Mr. and Mrs. Kunda were not married at the time Mr. Kunda's medical services were rendered and she had no obligation to pay them.

## II.    Have the Kundas Stated a Viable UTPA Claim Against CBB?

Defendants also seek dismissal of Plaintiffs' Montana UTPA claim, arguing the collection of debt is not covered under the Act. Defendant's claim in this regard is not supported by Montana law. The Act prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mont. Code Ann. § 30-14-103. The statute does not define the terms "unfair methods of competition" or "unfair or deceptive acts or practices," but does state that "due consideration and weight shall be given to interpretations of the Federal Trade Commission Act (15 U.S.C. § 45(a)(1))." Mont. Code Ann. § 30-14-104(1). The Montana UTPA is broad in scope and should not be narrowly construed. *Baird v. Norwest Bank*, 255 Mont. 317, 843 P.2d 327. In *Baird*, at 328, The Montana Supreme Court specifically held that "the Unfair Trade Practices and Consumer Protection Act applies to consumer loans by banks in the lending and *collecting of such loans*." (*Emphasis added*.)

Plaintiff was provided medical services by Billings Clinic and Defendants are the assignees of Billings Clinic. Plaintiffs assert that Defendants are responsible for the rights and legal obligations associated with said assignment, including the collections of their loans.

Defendants also make the argument that Plaintiffs' Montana UTPA claim does not include any specific alleged unfair or deceptive conduct. Plaintiffs incorporated all of their previous allegations in the Complaint into their UTPA claim. At paragraph 17 of the Complaint, "Plaintiffs repeat and re-allege Paragraphs 1 through 16." The allegations in Paragraphs 1

-5-

through 16 give rise to conduct which a jury could determine is unfair or deceptive under the

Montana UTPA.

Therefore, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [*doc. # 2*]

is **DENIED**.

DATED this ___19___ day of August, 2008.

RICHARD F. CEBULL
U.S. DISTRICT COURT JUDGE