Case 1:07-cv-00166-CSO    Document 76-6    Filed 11/21/08    Page 1 of 3

# UNFAIR AND DECEPTIVE ACTS AND PRACTICES



SIXTH EDITION

With CD-Rom

National Consumer Law Center

§ 2.2.3.2                                   *Unfair and Deceptive Acts and Practices*

There is no "practice related to a purchase" where the seller of one item told the buyer at a later date that the buyer did not need a second item.[400] However, where a consumer purchased and took delivery of a new vehicle in reliance upon his insurance agent's incorrect statement that the new vehicle would be covered by the consumer's existing insurance, the consumer had a UDAP claim against the agent even though no sale of insurance occurred.[401] The misrepresentations occurred in relation to a sale—the sale of the vehicle.

A ward is not one who "acquires goods or services" and thus can not bring a UDAP action against a guardian who converts the ward's property.[402] Other relationships not covered by UDAP because the plaintiff did not seek or acquire goods or services from the defendant are: (1) the guarantor of a child's loan;[403] (2) a landowner, with respect to a natural gas company's easement;[404] (3) an estate beneficiary;[405] (4) an employee, with respect to retirement benefits;[406] (5) a subcontractor, with respect to a surety;[407] (6) an insured, with respect to a reinsurer[408] or an adjuster;[409] (7) a casino patron whose attempt to place a bet was refused;[410] (8) a consumer, with respect to a credit reporting agency that was reporting erroneous information about her;[411] (9) a prison inmate who sued the Department of Corrections because it had given an exclusive contract to a certain company to provide telecommunications services to inmates;[412] and (10) a prison inmate, whose claim is against a state-provided counsel who provided free legal advice.[413]

Less clear is the situation where a seller, who would ordinarily charge, does not charge for its services. A court found no UDAP coverage when a repair shop failed to fix a car but did not charge for the work.[414] Other courts, however, find the UDAP statute applies where the consumer purchased services, and the seller decided not to charge for those services after it discovered its own UDAP violation,[415] or where a seller negligently failed to either provide or charge for requested services.[416] Otherwise, a seller could avoid UDAP damages which exceed the purchase price by refunding the purchase price. A consumer is also covered by the UDAP statute where the consumer has paid for services, even though the seller never receives payment because a middleman has absconded with the money[417] or the consumer stops payment on a check or money order.

A transaction may be covered, even though the consumer never requested the offered service, where one was performed and charged for. Thus "purchase of goods and services" may include unrequested towing services.[418] Likewise, a tenant "acquires goods or services" from a moving and storage company where a sheriff hires the company to move out an evicted tenant's possessions from an apartment.[419]

A Washington Supreme Court decision allows a physician to bring a UDAP action against a drug manufacturer even though it was the physician's patient who purchased the drug. The physician's reputation was damaged where the manufacturer did not fully disclose all relevant facts about the drug to the physician.[420]

## 2.2.3.2 Where Purchase Is Not from UDAP Defendant

Where there is a sale, there is no requirement that the consumer purchase the good or service from the defen-

limited) (Ky. law) (consumer had no claim against bank that refused to make loan on the terms it advertised, where UDAP statute requires a purchase or lease).

400  Zeller v. Northorp King Co., 125 Wis. 2d 31, 370 N.W.2d 809 (Ct. App. 1985).

401  Lang v. Consumers Ins. Serv., Inc., 583 N.E.2d 1147 (Ill. App. Ct. 1991).

402  Kilgore Fed. Sav. & Loan v. Donnelly, 624 S.W.2d 933 (Tex. Civ. App. 1981).

403  Plumley v. Landmark Chevrolet, Inc., 122 F.3d 308 (5th Cir. 1997).

404  Hall v. Lone Star Gas Co., 954 S.W.2d 174 (Tex. App. 1997).

405  Vinson & Elkins v. Moran, 946 S.W.2d 381 (Tex. App. 1997).

406  Garner v. Corpus Christi National Bank, 944 S.W.2d 469 (Tex. App. 1997), cert. denied, 525 U.S. 965 (1998).

407  Universal Sur. of Am. v. Central Elec. Enterprises & Co., 956 S.W.2d 627 (Tex. App. 1997).

408  Keightley v. Republic Ins. Co., 946 S.W.2d 124 (Tex. App. 1997), rev'd and remanded by stipulation due to settlement, 1997 Tex. App. LEXIS 3950 (Tex. July 24, 1997).

409  Janik v. City of Dallas, 1997 WL 538758 (N.D. Tex. 1997). See also Thomas v. Harford Mut. Ins. Co., 2003 WL 21742143 (Del. Super. July 25, 2003) (unpublished, citation limited) (insured could not assert UDAP claim against case manager hired by insurer, because relationship too attenuated), vacated in part on other grounds, 2003 WL 21742143 (Del. Super. July 25, 2003).

410  Ziglin v. Players MH, L.P., 36 S.W.3d 786 (Mo. App. 2001).

411  Lawrence v. Trans Union L.L.C., 296 F. Supp. 2d 582 (E.D. Pa. 2003).

412  Bowers v. T-Netix, 837 A.2d 608 (Pa. Commw. Ct. 2003).

413  Rayford v. Maselli, 73 S.W.3d 410 (Tex. App. 2002).

414  Exxon Corp. v. Dunn, 581 S.W.2d 500 (Tex. Civ. App. 1979).

415  E.F. Hutton & Co. v. Youngblood, 708 S.W.2d 865 (Tex. App. 1986); see also Sherman Simon Enterprises, Inc. v. Lorac Serv. Corp., 724 S.W.2d 13 (Tex. 1987); Cuyler v. Minns, 60 S.W.3d 209 (Tex. App. 2001) (client may sue attorneys even though they decided not to bill her).

416  Martin v. Lou Poliquin Enterprises, Inc., 696 S.W.2d 180 (Tex. App. 1985); McCrann v. Klaneckey, 667 S.W.2d 924 (Tex. App. 1984).

417  Joseph v. PPG Indus., Inc., 674 S.W.2d 862 (Tex. App. 1984).

418  Estep v. Johnson, 123 Ohio App. 3d 307, 704 N.E.2d 58 (1997); Coker v. Burghardt, 833 S.W.2d 306 (Tex. App. 1992); ABC Towing Serv. v. Mitchell, 833 S.W.2d 577 (Tex. App. 1992); Nelson v. Schanzer, 788 S.W.2d 81 (Tex. App. 1990); Waxman v. Hollie, 642 S.W.2d 90 (Tex. App. 1982). But see River Oaks Townhomes Owners' Ass'n v. Bunt, 712 S.W.2d 529 (Tex. App. 1986); Northside Auto Storage v. Allstate Ins. Co., 684 S.W.2d 185 (Tex. App. 1984).

419  Nelson v. Schanzer, 788 S.W.2d 81 (Tex. App. 1990).

420  Washington State Physicians Ins. Exchange & Ass'n v. Fisons Corp., 122 Wash. 2d 299, 858 P.2d 1054 (1993).

dant.[421] A mortgagor is a consumer of "goods or services" and can bring an action against a mortgagee's assignee even for actions engaged in by the assignee many years after the original mortgage transaction.[422] One is a consumer not by one's relation to the defendants, but by the terms of the original transaction. A consumer is a person who enjoys the benefits of a transaction, even if there was no initial contractual relationship between the consumer and defendant.[423] An appraiser who conspired with a seller to issue inflated appraisals for properties was subject to the Maryland UDAP statute even though he provided no goods or services directly to the consumer, because his deception so infected the transaction that it was deemed to be committed as part of the sale.[424]

The Idaho Supreme Court holds that debt collection practices, even by an assignee of the original credit-seller, involve the "sale of goods and services."[425] It is the connection with the original sale that makes the subsequent collection covered by the UDAP statute; if the debt was not based on the sale of goods or services, the subsequent collection practices would not be covered.[426] But a body shop is not responsible for warranty problems between the consumer and the car's manufacturer or seller, even where the shop transmits communications between them.[427]

Many UDAP statutes give a private cause of action to any person who suffers damage due to a UDAP violation.[428] This language allows a UDAP suit even by a person who never dealt with the defendant, but who was harmed by the defendant's unfair or deceptive acts toward others. For example, a landowner could bring a UDAP suit against a developer who falsely represented to buyers that they had the right to go across the landowner's property to reach their lots.[429] The increased unauthorized traffic across the land

caused damage to the landowner. Likewise, a W court permitted an insurer to bring a UDAP suit chiropractor who submitted false bills and reports to support an insured party's fabricated accident claim, as it was injured by the defendant's UDAP violations.[430] A Virginia court allowed a consumer to sue a licensed contractor that allowed its name to be used on a building permit for the consumer's home, even though the contractor never had any contact with the consumer and did not work on the home.[431] But a Massachusetts appellate court has held that investors had no commercial relationship with, and therefore no UDAP claim against, an accountant who issued a favorable report on a company in which they invested.[432] The court suggested that the result might be different if the accountant had volunteered assurances to the investors, or had known that this specific group of people would rely on the report. Similarly, a federal court has held that Minnesota's UDAP statute did not cover shareholders who sold their shares to the defendant, because they were sellers rather than purchasers.[433]

### 2.2.3.3 Where Someone Other Than Consumer Pays

One can be a consumer of services even if one does not pay for them.[434] A consumer purchasing a house can sue a realtor, even though the buyer does not pay the realtor's commission.[435] A consumer can sue a pest inspector for misrepresenting that a home was free of insect infestation even though the inspector reported only to the seller and broker.[436]

421  *See* §§ 2.3.8, 4.2.15.3, *infra.*

422  Flenniken v. Longview Bank & Trust Co., 661 S.W.2d 705 (Tex. 1984); *see also* Kennedy v. Sale, 689 S.W.2d 890 (Tex. 1985). *But cf.* Connolly v. People's Life Ins. Co., 294 S.C. 355, 364 S.E.2d 475 (Ct. App. 1988) (assignee's wrongful refusal to discharge mortgage is not sale of goods or services and thus not covered), *rev'd*, 299 S.C. 348, 384 S.E.2d 738 (1989) (appellate court should not have addressed issue not presented to it and state supreme court refuses to consider issue).

423  Birchfield v. Texarkana Memorial Hosp., 747 S.W.2d 361 (Tex. 1987); Flenniken v. Longview Bank & Trust Co., 661 S.W.2d 705 (Tex. 1984); Parker v. Carnahan, 772 S.W.2d 151 (Tex. App. 1989). *But see* Moody Nat. Bank v. Texas City Development Ltd., Co., 46 S.W.3d 373, 44 U.C.C. Rep. Serv. 2d 261 (Tex. App. 2001).

424  Hoffman v. Stamper, 843 A.2d 153 (Md. Spec. App. 2004).

425  *In re* Western Acceptance Corp., 788 P.2d 214 (Idaho 1990).

426  *Id.*

427  Farrell v. General Motors Corp., 249 Kan. 231, 845 P.2d 538 (1991).

428  *See* § 7.5.2.1, *infra.*

429  Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc., 62 P.3d 142 (Colo. 2003) (plaintiff can not base UDAP claim on representation made to third party that did not induce that party to act); Hall v. Walter, 969 P.2d 224 (Colo. 1998).

430  State Farm Fire & Cas. Co. v. Huynh, 92 Wash. App. 454, 962 P.2d 854 (1998).

431  Kieft v. Becker, 58 Va. Cir. 171 (2002). *See also* Shannon v. Boise Cascade Corp., 208 Ill. 2d 517, 805 N.E.2d 213 (Ill. 2004) (UDAP claim possible if manufacturer's deception causes builder to install defective product in consumer's home, even if no misrepresentations made directly to consumer).

432  Spencer v. Doyle, 50 Mass. App. Ct. 6, 733 N.E.2d 1082 (2000). *See also* Thomas v. Harford Mut. Ins. Co., 2003 WL 21742143 (Del. Super. July 25, 2003) (unpublished, citation limited) (insured could not assert UDAP claim against case manager hired by insurer, because relationship too attenuated), *vacated in part on other grounds*, 2003 WL 21742143 (Del. Super. July 25).

433  Popp Telcom, Inc. v. American Sharecom, Inc., 2003 WL 1610789 (D. Minn. Mar. 20, 2003).

434  Arthur Andersen & Co. v. Perry Equipment Corp., 945 S.W.2d 812 (Tex. 1997); Birchfield v. Texarkana Memorial Hosp., 747 S.W.2d 361 (Tex. 1987); Kennedy v. Sale, 689 S.W.2d 890 (Tex. 1985); Perez v. Kirk & Carrigan, 822 S.W.2d 261 (Tex. App. 1992); Dickson Distribution Co. v. LeJune, 662 S.W.2d 693 (Tex. App. 1983).

435  Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535 (Tex. 1981); Manchac v. Pace, 608 S.W.2d 314 (Tex. Civ. App. 1980). *See also* § 4.2.15.3, *infra* (privity issues).

436  Raudebaugh v. Action Pest Control, Inc., 59 Or. App. 166, 650 P.2d 1006 (1982). *But see* Nei v. Boston Survey Consultants,