Honorable Brad Newman
District Judge, Department No. II
Butte-Silver Bow County Courthouse
155 West Granite Street
Butte, Montana 59701
(406) 497-6420





APR 0 9 2007

LORI MALONEY, CLERK

by:_____

deputy clerk

## MONTANA SECOND JUDICIAL DISTRICT COURT
### SILVER BOW COUNTY

|  |  |
|---|---|
| Lester E. AMMONDSON, Catherine COUTURE (as surviving spouse of James W. Couture), Sherwood CHRISTENSEN, W. Stephen DEE, Charles GILDER, John A. LAHR, Edmond MAGONE, Elmer MELDAHL, John S. MILLER, Roger L. RAWLS, C. Daniel REGAN, Allen T. SMITH, George A. THORSON, John B. VAN GELDER, and Wilhelmus C. VERBAEL,<br><br>Plaintiffs,<br><br>v.<br><br>NORTHWESTERN CORPORATION, and Gary G. DROOK, Michael J. HANSON, Roger P. SCHRUM, Keith KOVASH, and Kendall G. KLIEWER, all as individuals and as corporate officers of Northwestern Corporation,<br><br>Defendants | Cause No. DV-05-97<br><br><br>**ORDER DENYING NORTHWESTERN DEFENDANTS' MOTION TO ALTER OR AMEND THE JUDGMENT** |

This matter is before the Court upon the NorthWestern Defendants' Motion to Alter or Amend the Judgment. The motion has been fully briefed. Counsel for the parties also participated in a telephone conference with the Court on April 4, 2007. The Court having considered the pleadings and the applicable law,

**IT IS ORDERED** that the Defendants' Motion to Alter or Amend the Judgment is DENIED.

DATED this _____ day of April, 2007.

Brad Newman
District Judge

## MEMORANDUM

This action was tried before the Court, sitting with a jury, on February 12 – 23, 2007. The jury returned its verdicts, finding that NorthWestern Corporation breached supplemental benefit contracts with each of the Plaintiffs and that such breaches of contract were committed in bad faith. The jury also found that NorthWestern Corporation and each of the individual Defendants committed the intentional torts of abuse of process and malicious prosecution against each of the Plaintiffs. The jury also found that punitive damages should be awarded against NorthWestern Corporation, but not against the individual Defendants.

The jury awarded the 15 Plaintiffs a total amount of $17,454,539 in compensatory damages from NorthWestern Corporation and the individual Defendants. The compensatory damage awards ranged from $1,028,777 to $1,577,771. Each of the 15 verdict forms asked the jury to determine a single amount of compensatory damages for the respective Plaintiffs. The verdict forms did not distinguish between or apportion the elements of compensation (contract damages, emotional distress, attorney fees and costs, for example). The NorthWestern Defendants stipulated to such verdict forms.

The jury's punitive damage award of $4 million against NorthWestern Corporation is not at issue with respect to the pending motion.

The motion to alter or amend the judgment seeks to reduce the amount of compensatory damages awarded against the NorthWestern Defendants by the amount of the Plaintiffs' pre-trial settlement with co-Defendant Paul, Hastings, Janofsky & Walker, LLP (Paul Hastings). Prior to trial, the Plaintiffs dismissed their claims against Paul Hastings pursuant to such settlement. All of the Plaintiffs' claims against Paul Hastings were grounded in intentional tort. The Plaintiffs did not assert any negligence claims against Paul Hastings or the NorthWestern Defendants.

The issue of setoff of damages was raised in the Final Pre-Trial Order. The Plaintiffs maintained that "intentional tortfeasors may not apply credit from settlements by their joint intentional tortfeasors in reduction of judgments against them arising from the intentional misconduct." (Final Pre-Trial Order, Page 24, Paragraph 5.) The NorthWestern Defendants claimed that setoff was proper, citing *State ex rel Deere & Co v District Court* (1986), 224 Mont 384, 730 P.2d 396. (Final Pre-Trial Order, Pages 25-26, Paragraph 4.)

On the first day of trial, prior to jury selection, the Court addressed several pending motions. Counsel for the NorthWestern Defendants then requested the Court to consider the setoff issue. The Court indicated it would allow setoff for a breach of contract claim in the appropriate circumstances. While a breach of contract claim was advanced against NorthWestern Corporation, no similar claim was made against Paul Hastings. Plaintiffs' counsel then asked the Court to clarify its ruling that setoff was not available for the intentional tort claims at issue (abuse of process and malicious prosecution). The Court responded: "(A)s far as the underlying tort allegations you have brought on behalf of your Plaintiffs, that's correct." In light of the fact that this case involved no negligence claims, the Court was not called upon to consider the issue of setoff as it relates to negligence claims.

Section 27-1-703, MCA, governs setoff, or contribution, in negligence cases involving multiple defendants. The express language of the statute limits its application to negligence claims. Accordingly, the case law authority relied upon by the NorthWestern Defendants in seeking setoff is distinguishable from the facts of this case.

The setoffs noted in the defense pleadings resulted from settlements of negligence claims. *Deere* was a personal injury action in which the claimant alleged that a bulldozer manufacturer and the bulldozer operator were both negligent. Prior to trial, one defendant settled. Setoff was

allowed for the settlement of the negligence claim. In *Boyken v. Steele* (1993), 256 Mont. 419, 847 P.2d 282, the claimant brought an intentional tort claim against one defendant and a negligence claim against another defendant. Prior to trial, the negligence claim was settled. At trial, the intentional tortfeasor was found liable for compensatory damages. Setoff against the damage award was allowed based upon the settlement received from the negligent tortfeasor.

This Court is not aware of any Montana case law authority holding that the setoff provision of Section 27-1-703, MCA, applies to settlements of intentional tort claims.

In the absence of a statutory right, the NorthWestern Defendants must base their request for setoff in equity. The Montana Supreme Court has not yet answered the question at issue. There is a split of authority in other jurisdictions as to whether setoff should be allowed in the context of joint liability for intentional misconduct.

This Court, however, finds that equitable principles prohibit an intentional tortfeasor from receiving a credit for a settlement paid by another intentional joint tortfeasor. While not controlling, the "clean hands" analysis set forth in *Evans v. Dean Witter Reynolds, Inc.*, 5 P.3d 1043 (Nev. 2000) is persuasive. In *Evans*, the Nevada Court held that a person cannot obtain affirmative relief in equity with respect to a transaction in which he was liable for inequitable conduct. 5 P.3d at 1050. See also *Harris v. Elliott*, 207 Ill.App.3d 384, 565 N.E.2d 1041 (1991).

In determining that equity does not require setoff in this case, the Court notes that the NorthWestern Defendants did not file any cross-claim against Paul Hastings while it was still a party to the litigation. As the result of the NorthWestern Defendants' act or omission, the issue of contribution from Paul Hastings was not presented to the jury.

As noted above, the NorthWestern Defendants also agreed to verdict forms that did not distinguish between or apportion the types of compensatory damages awarded to the Plaintiffs.

The verdict forms in this case do not lend themselves to a precise comparison of the injuries the jury found were caused by the NorthWestern Defendants and the injuries contemplated in the settlement agreement between the Plaintiffs and Paul Hastings. The question of whether the concerted action of the NorthWestern Defendants and Paul Hastings caused a single, indivisible harm to each Plaintiff was left unanswered because of the general nature of the verdict forms

It is well settled that a jury verdict, when viewed in the light most favorable to the prevailing party, should not be disturbed when supported by substantial credible evidence. *Thayer v. Hicks* (1990), 243 Mont 138, 156, 793 P 2d 784, 795-96, citing, *Weinberg v Farmers State Bank of Worden* (1988), 231 Mont. 10, 14-15, 752 P 2d 719, 721-22   In this case, the jury's compensatory damage awards were based on substantial credible evidence. The jury was not asked to segregate the elements of the compensatory damage awards. This Court will not engage in speculation about such damages after the trial in order to disturb the jury's verdicts.

DATED this ___9th___ day of April, 2007.

Brad Newman
District Judge