IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| ELAINE WALKER, | CV-06-43-BLG-CSO |
|---|---|
| Plaintiff, | **ORDER ON PLAINTIFF'S MOTION TO COMPEL AND DEFENDANT'S MOTION FOR PROTECTIVE ORDER** |
| vs. | |
| WAL-MART STORES, INC., | |
| Defendant. | |

Pending before the Court are:

(1) Plaintiff Elaine Walker's ("Walker") Amended Motion to Compel Discovery (*Court's Doc. No. 26*); and

(2) Defendant Wal-Mart Stores, Inc.'s ("Wal-Mart") Motion for Protective Order (*Court's Doc. No. 33*).

On January 22, 2007, upon the parties' written consent, this case was assigned to the undersigned for all purposes. See *Court's Doc. No. 23*. Having considered the issues presented by the parties, together with their submissions in support of their respective arguments, the Court is prepared to rule.

-1-

request is overly broad in time. See id. at *1. The Court will require only that Wal-Mart produce information for five years prior to Walker's accident. As stated above, Wal-Mart will not be required to produce any post-accident discovery. The Court also finds that Walker's request for "any or all lawsuits that have been filed against . . . any of the manufacturers, designers and/or producers" of the QuicKart device is overly burdensome to Wal-Mart because it has no obligation to obtain information from other entities. See *Walker's Brief* at Ex. 1, pg. 5 (Interrogatory No. 4). The burden to Wal-Mart outweighs any benefit this information would produce for Walker.

Accordingly, based on the foregoing, Wal-Mart is directed to produce discovery for any and all lawsuits involving the QuicKart device for five years prior to the accident in question, for all Wal-Mart stores, nationwide, that use QuicKart devices.

### 3. Attorney's Fees

Walker also requests that if the Court grants her motion that it also award her attorney's fees and costs associated with bringing the motion. *Walker's Brief* at 9-11. She argues that "Wal-Mart's own track record of discovery non-compliance is all too well known among the courts." Id. at 10. Walker contends that Wal-Mart is operating under "misguided attitudes" regarding discovery, and because of these beliefs, the Court and Walker have been forced to "waste time" on the motion. Id. at 10-11.

-13-

Wal-Mart responds by arguing that the standard the Court is to apply is not to be based on past conduct. *Wal-Mart's Response Brief* at 15. It contends that its objections to Walker's discovery requests were substantially justified and the circumstances surrounding this dispute do not make an award of expenses just. Id. Wal-Mart asserts that its objections are justified because "reasonable people could differ on the appropriateness of the discovery request and Wal-Mart's objection and response." Id. at 16.

Rule 37(a)(4)(A) provides that if a motion to compel is granted,

> [T]he court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that . . . the opposing party's nondisclosure, response, or objection was substantially justified[.]

Fed. R. Civ. P. 37(a)(4)(A). According to the Supreme Court, a party meets the "substantially justified" standard when there is a "genuine dispute" or if "reasonable people could differ" as to the appropriateness of the motion. Pierce v. Underwood, 487 U.S. 552, 565 (1988). "A party's actions are substantially justified if the issue presented is one that 'could engender a responsible difference of opinion among conscientious, diligent[,] but reasonable advocates.'" Peterson v. Hantman, 227 F.R.D. 13, 15 (D. D.C. 2005) (quotation omitted).

-14-

The Court finds that Wal-Mart has satisfied its burden. Wal-Mart's objections to Walker's discovery requests were not so unjustified as to warrant imposition of costs. See Vollert v. Summa Corp., 389 F.Supp. 1348, 1352 (D. Haw. 1975) (holding that where defendant had not acted in bad faith in failing to answer interrogatories or that its objections were without foundation, award to plaintiff for costs and attorney fees was not justified); see also Johnson v. W.H. Stewart Co., 75 F.R.D. 541, 543 (D. Ok. 1976) (denying request for attorney fees and costs because the court found some merit in defendant's objections to the interrogatories). In this case, the requested discovery presented a "genuine dispute." Wal-Mart's objections were justified because reasonable people could differ on the appropriateness of Walker's discovery requests and Wal-Mart's objections and responses thereto.

The Court finds that the parties took legitimate positions on the motion, and because the Court has granted the motion in part and denied it in part, each party shall bear its own costs incurred in bringing and prosecuting the motion. See Pulsecard, Inc. v. Discover Card Services Inc., 168 F.R.D. 295, 311 (D. Kan. 1996) (finding that where the court sustained in part and overruled in part plaintiff's motions to compel discovery, justice required that each party be responsible for its own costs incurred on such motions).