John E. Bohyer
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana 59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

-------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| TIMOTHY McCOLLOUGH, | ) | Cause No. CV-07-166-BLG-RFC-CSO |
| | ) | **THE HON. CAROLYN S. OSTBY** |
| Plaintiffs, | ) | |
| | ) | |
| -vs.- | ) | **DEFENDANT'S BRIEF OPPOSING** |
| | ) | **MOTION TO COMPEL** |
| JOHNSON, RODENBURG & | ) | |
| LAUINGER, | ) | |
| | ) | |
| Defendant. | | |

-------------------------------------------------------------------------------------------------------------

Defendant Johnson, Rodenburg & Lauinger, by and through its counsel of record,

Bohyer, Simpson & Tranel, P.C., hereby files this brief in opposition to Plaintiff's motion to

compel.

**INTRODUCTION**

Plaintiff, Timothy McCollough ("McCollough"), filed this lawsuit alleging Johnson,

Rodenburg & Lauinger's ("JRL") conduct in an underlying debt collection lawsuit violated

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (Count I),

Montana's Unfair Trade Practices and Consumer Protection Act (Count II) and constitutes

malicious prosecution and abuse of process (Count III).  McCollough's complaint alleges JRL's conduct occurred in the course of representing its client CACV of Colorado.

JRL has asserted the "bona fide error" defense, 15 U.S.C. 1692k(c), in response to the allegations that it violated the FDCPA.  The bona fide error defense applies because it has procedures in place which are designed to prevent violations of the FDCPA.  In this case, JRL discovered the lawsuit was barred by the statute of limitations and communicated this to its client, CACV of Colorado, LLC.  However, CACV of Colorado informed JRL that McCollough had made a payment which brought the lawsuit back within the statute of limitations.  JRL filed the lawsuit based upon its understanding that the lawsuit was not time barred due to a payment made by McCollough.  It was later learned that McCollough had not made the payment and the lawsuit was time barred.  The suit was thereafter dismissed.

McCollough served JRL with a discovery request asking it to produce any contract it has with its client, CACV of Colorado.  JRL ultimately objected to production of any contracts it has with CACV of Colorado on the basis of work product, attorney-client privilege and relevance.  McCollough has moved to compel production of the contract.  For the reasons set forth below, the Court should deny McCollough's motion.  JRL hereby withdraws its objections to production of the contract based on work product and relevance.

**ARGUMENT**

**1.      The law which applies to this issue**

McCollough's brief did not address the issue of applicable law.  Fed. R. Evid. 501 provides that the privilege of a witness shall be governed by the federal common law.

However, Rule 501 also states that in civil actions to which State law applies, the privilege

of a witness is governed by State law.  In the case at bar, McCollough's complaint against

JRL includes both federal and state law claims.  However, the analysis under federal or

Montana law would be the same because the Montana Supreme Court adopted the reasoning

of the Ninth Circuit with regard to the attorney-client privilege in *State ex rel. United States*

*Fidelity and Guaranty Co. v. Montana Second Jud. District Court,* (1989), 240 Mont. 5, 12

783 P.2d 911, 915.  Thus, Montana law and federal law addressing the privilege are in

harmony.

### 2.      The contract is protected by the attorney-client privilege

The attorney-client privilege is the oldest of the confidential privileges known to the

common law.  *Id.* at 10, 783 P.2d at 914 (citing 8 J. Wigmore, Evidence § 2290

(McNaughton rev.1961)).  The purpose behind the attorney-client privilege is to encourage

full and frank communication between an attorney and his client, thereby promoting a

broader public interest in the observance of law and administration of justice.  *Id.*  In

Montana, the attorney-client privilege has been codified at Mont. Code Ann. § 26-1-803,

which provides:

> (1) An attorney cannot, without the consent of his client, be examined as to
> any communication made by the client to him or his advice given to the client
> in the course of professional employment.

> (2) A client cannot, except voluntarily, be examined as to any communication
> made by him to his attorney or the advice given to him by his attorney in the
> course of the attorney's professional employment.
> *Id.* at 11, 783 P.2d at 914.

The Montana Supreme Court has adopted the analysis of the Ninth Circuit when determining when the attorney-client privilege applies. *Id.* at 12, 783 P.2d at 915 (adopting reasoning of *Admiral Ins. v. U.S. Dist. Court for Dist. Of Ariz.*, 881 F.2d 1486 (9th Cir. 1989). The essential elements of the attorney-client privilege are: (1) where legal advice of any kind is sought, (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence, (5) by the client, (6) are at this instance permanently protected, (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. *Id.* at 11, 783 P.2d at 914.

The court noted the attorney-client privilege, unlike the work product doctrine, cannot be overcome by a showing of need. *Id.* at 12, 783 P.2d at 915. There is no showing of need, no matter how great, which can be used to overcome the attorney-client privilege. *Id.*; *Palmer v. Farmers Ins. Exch.* (1993), 261 Mont. 91, 115, 861 P.2d 895, 910. The attorney-client privilege may obstruct one party's access to information. *Id.* Although it may be considered inequitable that one party does not have access to certain information, the determination that certain communications are privileged is a conscious choice to protect a particular relationship and its communications against claims of competing interests. *Id.* Any such inequity is the price the system pays to maintain the integrity of the attorney-client privilege. *Id.* Thus, an "unavailability exception" similar to that under the work product doctrine is inconsistent with the nature and the purpose of the privilege. *Id.* Thus, no showing of need, no matter how great, can be used to overcome the attorney-client privilege. *Id.*

The elements from *Admiral Ins.* apply to the contract between JRL and CACV. First, CACV sought legal advice and representation from JRL with respect to the collection of debts.  Second, CACV sought this representation from JRL in JRL's capacity as a professional legal advisor; in that capacity JRL filed suit on behalf of CACV.  Third, the communications in question, the contract between CACV and JRL relates to JRL's representation of CACV.  The communications embodied in the contract were made in confidence as is evidenced by the affidavit testimony of JRL's partner Lisa Lauinger as CACV refuses to waive the privilege.  The contract logically contains communications of CACV with respect to CACV's obligations under the contract.  Accordingly, the contract is permanently protected from disclosure by CACV and JRL unless the protection is waived.

Although the Montana Supreme Court has never addressed the issue of whether a contract between a debt collection client and an attorney is covered by the attorney-client privilege, this issue was addressed by the Ohio Court of Appeals in *Mohan J. Durve, M.D., Inc. v. Oker*, 679 N.E.2d 19 (Ohio App. 1996).  In that case, Dr. Durve provided medical services to Oker, a minor at the time of services, which were not paid.  *Id.* at 21.  Oker was insured through her father's medical insurance with Blue Cross/Blue Shield ("BCBS") which was provided through his employment.  *Id.*  In attempting to collect on the debt, Dr. Durve sent bills and then a letter from the "International Special Audit System."  *Id.*  Dr. Durve then sent the account to Hudson & Keyse, Inc., a collection agency.  *Id.*  Finally, the account was sent to Ruth Gibson, an attorney at Jerome L Holub & Associates, who sent a collection letter.  *Id.*  The amount due was never paid so a lawsuit was filed.  *Id.* at 22.  Oker,

then an adult, filed an answer and counterclaim, alleging Dr. Durve's conduct in attempting to collect on the debt violated the FDCPA. *Id.* at 21-22.

During discovery, Oker sought the production of contracts between Dr. Durve and BCBS, Dr. Durve and the International Special Audit System, Dr. Durve and Hudson & Keyse, and Dr. Durve and Jerome L Holub & Associates. *Id.* Dr. Durve filed a motion for a protective order while Oker filed a motion to compel. *Id.* The court denied the motion to compel. *Id.* On appeal, the court noted that state law provided the exclusive means by which privileged communications between an attorney and client could be waived. *Id.* at 28 (citing *State v. McDermott*, 651 N.E.2d 985 (Ohio 1995)). The court concluded the contract between Dr. Durve and Jerome L. Holub & Associates was protected from disclosure since there was no evidence Dr. Durve had waived the privilege. *Id.* The court ruled the other contracts were discoverable since they were not protected by the attorney-client privilege. *Id.*

In the case at bar, the contract between CACV of Colorado and JRL is protected from disclosure by the attorney-client privilege as was the contract in Dr. Durve's case. The contract is a communication made by CACV of Colorado to its attorneys, JRL, which is related to legal advice to be provided by JRL. This communication was made in confidence by CACV of Colorado and cannot be disclosed by JRL unless CACV of Colorado waives its right to the attorney-client privilege. In this case, CACV of Colorado has not waived its right to the attorney-client privilege so the contract is protected from disclosure by the privilege. Affidavit of Lisa Lauinger, ¶ 2 (November 25, 2008). The contract is privileged

and protected from disclosure despite any showing of need, no matter how great, as argued

by McCollough.  *USF&G*, 240 Mont. at 12, 783 P.2d at 915; *Palmer*, 261 Mont. at 115, 861

P.2d at 910.  Therefore, the Court should deny McCollough's motion to compel since the

contract between CACV of Colorado and JRL is protected from disclosure by the attorney-

client privilege which has not been waived.

McCollough's primary argument with respect to applicability of the attorney-client

privilege is that because JRL relied on information provided by CACV in its filing and

prosecution of the action against McCollough, JRL has somehow waived the privilege.  He

cites the state district court's opinion in *Seltzer v. Morton*, Montana Eighth Judicial Dist.

Court Cause No. ADV-03-173 for the proposition that:

> The attorney-client privilege does not apply in bad faith or
> analogous litigation if the privileged party asserts as a defense
> that the party directly relied on the advice of the party's
> counsel in proceeding in the underlying action which is the
> subject of the pending litigation.

Plaintiff's Brief in Support of Motion to Compel, at 7 (November 11, 2008)(quoting

*Seltzer*, at 7).  The fundamental flaw with McCollough's reliance on the reasoning of *Seltzer*

is that the "privileged party" is CACV as it is the client.  Moreover, JRL is not relying on

advice counsel as a defense.  Instead, JRL is endeavoring to show that its conduct was

guided by incorrect information (which has already been produced) provided by its client.

Thus, the reasoning of *Seltzer* simply does not apply in a situation where the client is not a

party to the proceeding where the privileged materials are sought.

The other argument advanced by McCollough is that under the rule from *Yancey v. Hooten*, 180 F.R.D. 203 (D.Conn. 1998), the contract does not fall within the attorney-client privilege.  But *Yancey* applies too restrictive an interpretation of what materials fall within the privilege than is applicable in Montana as described above in *Admiral Ins.* and *State ex. rel. United States Fidelity and Guaranty Co..*  If faced with the question, given the Montana Supreme Court's traditional reluctance to invade the privilege, JRL submits that the Court would follow the reasoning of *Oker* as discussed above.  Any other result would be a significant shift in Montana law applying the privilege, and would throw open to discovery what is potentially very sensitive information which the parties had no reason to believe would be discoverable when the contract was made.

### CONCLUSION

The contract between CACV of Colorado and JRL is protected from disclosure by the attorney-client privilege.  The contract can only be produced by JRL if CACV of Colorado is willing to waive its privilege, something it has refused to do.  Additionally, the attorney-client privilege cannot be overcome by McCollough's need for the contract since there is no such exception to the attorney-client privilege.  For these reasons, the Court should deny McCollough's motion to compel.

DATED this 25th day of November, 2008.


    /s/ Fred Simpson
Fred Simpson
BOHYER SIMPSON & TRANEL, P.C.
Attorneys for Defendants

DEFENDANT'S BRIEF OPPOSING PLAINTIFF'S MOTION TO COMPEL         

**CERTIFICATE OF SERVICE**

I, the undersigned, a representative of the law firm of Bohyer Simpson & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing ***Defendant's Brief Opposing Plaintiff's Motion to Compel*** on the following persons by the following means:

  1,2         CM/ECF
_____        Hand Delivery
_____        Mail
_____        Overnight Delivery Service
_____        Fax
_____        E-Mail

1.    Clerk, U.S. District Court

2.    John C. Heenan, Esq.
      HEENAN LAW FIRM
      2602 1st Ave N, Suite 305
      PO Box 2278
      Billings, MT 59103
      **Attorneys for Plaintiffs**


DATED this 25th day of November, 2008.


                              /s/ Fred Simpson
                        Fred Simpson
                        BOHYER SIMPSON & TRANEL, P.C.
                        Attorneys for Defendants