John E. Bohyer
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana 59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

--------------------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| TIMOTHY McCOLLOUGH, | ) | Cause No. CV-07-166-BLG-RFC-CSO |
| | ) | **THE HON. CAROLYN S. OSTBY** |
| Plaintiffs, | ) | |
| | ) | |
| -vs.- | ) | **JRL'S REPLY BRIEF IN SUPPORT** |
| | ) | **OF ITS MOTION FOR PARTIAL** |
| JOHNSON, RODENBURG & | ) | **SUMMARY JUDGMENT** |
| LAUINGER, | ) | |
| | ) | |
| Defendant. | | |

--------------------------------------------------------------------------------------------------------------

Defendant Johnson, Rodenburg & Lauinger, by and through its counsel of record,

Bohyer, Simpson & Tranel, P.C., hereby files this reply brief in support of its motion for

partial summary judgment.

## INTRODUCTION

The Court is well advised as to the facts of this case now that both parties have filed

numerous motions before the Court.  Therefore, Johnson, Rodenburg & Lauinger ("JRL")

will not set forth any additional facts herein.

**ARGUMENT**

**1.      JRL did not violate the FDCPA by serving requests for admission**

**a.      Service of requests which contain false information**

Plaintiff Timothy McCollough ("McCollough") has alleged JRL violated the Fair

Debt Collection Practices Act ("FDCPA") by serving him with requests for admission which

knowingly contained false information.  Service of the requests for admission was not a

violation of the FDCPA because the requests were not misleading representations of fact

since McCollough was free to admit or deny them.  Neither defense counsel nor Plaintiff's

counsel has located a single federal court decision which holds the service of requests for

admission can constitute a violation of the FDCPA.  This glaring lack of legal support for

McCollough's argument is a compelling argument that service of requests for admission is

not a violation of the FDCPA.  In addition, the Court decisions which find a violation of the

FDCPA only do so when the debt collector represents a fact as true when it is not.

For examle, in *United States v. National Financial Services, Inc.*, 820 F.Supp.2d 228

(D.Md. 1993), the court found a violation of the FDCPA when the debt collector threatened

to file a lawsuit it did not intend to file.  The debt collector made an affirmative

representation of fact to the debtor knowing it was not true.  This is the critical distinction

between the facts in *National Financial Services* and the case at bar.  JRL did not represent

facts to McCollough as true when it served him with requests for admission.  JRL was

asking McCollough to admit or deny the truth of the matters, not representing them as true

facts.  Under McCollough's argument, any time a request for admission is denied by a debtor, the debt collector would be in violation of the FDCPA.

McCollough's opposition brief does nothing to rebut JRL's argument and does not cite the Court to any case law in support of his argument.  Instead, McCollough cites the Court to the National Consumer Law Center's Collection Actions manual, the testimony of his experts, and the Montana Rules of Professional Conduct, none of which provide any basis for the argument that service of requests for admission is considered a violation of the FDCPA.

With regard to the testimony of McCollough's experts and the alleged violation of the Montana Rules of Professional Conduct, several items should be considered.  First, the testimony of McCollough's experts does not establish any fact.  Second, the preamble to the Rules of Professional Conduct provides:

> Violation of a Rule should not itself give rise to a cause of action against a lawyer nor should it create any presumption in such a case that a legal duty has been breached. ...  The Rules are designed to provide guidance to lawyers and to provide a structure for regulating conduct through disciplinary agencies.  They are not designed to be a basis for civil liability.

Montana Rules of Professional Conduct, Preamble, ¶ 21.

Third, the Montana Supreme Court possesses original and exclusive jurisdiction and responsibility in all matters involving the discipline of lawyers in the State of Montana.  *In re Engel*, 2008 MT 215, ¶ 5, 344 Mont. 219, ¶ 5, 194 P.3d 613, ¶ 5.  The regulation of attorney conduct is also a matter exclusively within the inherent powers of the Montana Supreme Court.  *Id.*, ¶ 6.  Finally, any allegations of Rule 11 violations and other such

claims must be pursued outside the FDCPA. *Jenkins v. Heintz*, 124 F.3d 824, 833 (7th Cir. 1997). Thus, McCollough's argument that JRL's conduct violated the Rules of Professional Conduct is not relevant to the issues before the Court.

McCollough has not presented any authority to support his argument that service of requests for admission can constitute a violation of the FDCPA. JRL, on the other hand, has provided the Court with authority establishing an FDCPA violation only occurs where a representation is made to the debtor as a true statement of fact. The service of requests for admission do not meet this standard. Therefore, the Court should grant JRL's motion for summary judgment on this issue.

### b.    Failure to disclose response time

McCollough argues JRL's service of requests for admission violated the FDCPA because the requests did not state they would be deemed admitted if not answered within 30 days. McCollough's argument must be rejected for several reasons. First, Rule 36 does not require the party serving the requests to inform the other party that responses are due in 30 days. Nor does the Rule require the serving party to inform the responding party that the requests will be deemed admitted if not answered in 30 days. Second, the Montana Supreme Court has held that *pro se* litigants are typically given wide latitude in their attempts to comply with the intricacies of pleading and discovery but must still adhere to procedural rules. *Xu v. McLaughlin Research Institute for Biomedical Sciences, Inc.*, 2005 MT 209, ¶ 23, 328 Mont. 232, ¶ 23, 119 P.3d 100, ¶ 23.

McCollough's opposition brief relies on several arguments. First, McCollough relies on the opinions of his experts. However, their opinions do not create a question of fact. Second, McCollough states he will impeach Ms. Lauinger's testimony through dozens of public court files where JRL obtained summary judgment through the use of requests for admission. Although this evidence would be irrelevant, confusing to the jury and a waste of time, it does not establish any basis to support McCollough's argument. Requests for admission are routinely used to support motions for summary judgment. This is true for all types of lawsuits, not just debt collection actions. Finally, McCollough will call two parties from these other lawsuits who intend to testify that JRL used requests for admission it knew or should have known were false. Again, this testimony would be irrelevant, confusing to the jury and a waste of time. It also does not create a question of fact on this issue in this lawsuit. McCollough's brief fails to provide any evidence which raises a genuine issue of material fact. His brief also fails to cite any legal authority to support his argument. Therefore, the Court should grant JRL's motion for partial summary judgment.

### 2. JRL did not violate the UTPA/CPA

JRL moved for summary judgment on this cause of action for two reasons. First, McCollough is not a consumer as defined by Mont. Code Ann. § 30-14-102(1). Second, McCollough and JRL did not have a consumer-creditor relationship between them as required by the Act. Mont. Code Ann. § 30-14-133. A cause of action for violation of the Act is created by Mont. Code Ann. § 30-14-133, which provides:

> *A consumer* who suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method,

act, or practice declared unlawful by 30-14-103 may bring an individual but not a class action under the rules of civil procedure .... (Emphasis added).

The statute provides that "a consumer" has a cause of action. A consumer is defined as "a person who purchases or leases goods, services, real property, or information primarily for personal, family, or household purposes." Mont. Code Ann. § 30-14-102(1). There is no evidence that McCollough was a consumer who purchased goods or services from JRL so his cause of action under the Act fails as a matter of law.

McCollough argues the Act applies to debt collection activities and cites the Court to *Baird v. Norwest Bank* (1993), 255 Mont. 317, 843 P.2d 327, which does not support his claim. Norwest Bank made several consumer loans to Baird. *Baird*, 255 Mont. at 320, 843 P.2d at 328-29. The issue was whether the Act applied to the ***consumer loans*** made by Norwest Bank. *Id.* at 326, 843 P.2d at 333 (emphasis added). Thus, Baird was a consumer as defined by the Act and there was a consumer-creditor relationship between the parties. This is why the Act applied to Norwest Bank's debt collection activities. In the case at bar, there is no evidence McCollough is a consumer in relation to JRL. Nor is there any evidence that McCollough and JRL were ever in a consumer-creditor relationship.

McCollough cites the Court to orders issued by Montana federal district court in *Kunda v. CBB Collections, Inc*., CV-08-44-BLG-RFC, U.S. District Court for the District of Montana, Billings Division, and *Cole v. Portfolio Recovery Assoc., LLC, et al.*, CV-08-36-GF-RKS, U.S. District Court for the District of Montana, Great Falls Division. However, both of these cases are distinguishable since they were decided on Rule 12(b)(6) motions to dismiss. In *Kunda*, Brian Kunda received medical treatment from the Billings Clinic.

*Kunda*, p. 2.  The Billings Clinic assigned the debt to CBB Collections.  *Id.*  The Court

provided:

> The Montana UTPA is broad in scope and should not be narrowly construed.
> *Baird v. Norwest Bank*, 255 Mont. 317, 843 P.2d 327.  In *Baird*, at 328, the
> Montana Supreme Court specifically held that "the Unfair Trade Practices
> and Consumer Protection Act applies to consumer loans by banks in the
> lending and *collection of such loans*."  (Emphasis added.)  Plaintiff was
> provided medical services by Billings Clinic and Defendants are the assignees
> of Billings Clinic.
> *Id.*, p. 5 (emphasis original).

Judge Cebull concluded the complaint set forth facts on which a jury may find a

violation of the Act and denied CBB Collections' motion to dismiss.  *Id.*, p. 6.

McCollough's brief fails to mention that CBB Collections was the assignee of the debt from

Billings Clinic.  Such an assignment transferred all legal rights to the debt from Billings

Clinic to CBB Collections.  *Williard v. Campbell* (1932), 91 Mont. 493, 506, 11 P.2d 782,

787.  Thus, there was a consumer-creditor relationship between the parties.  There was no

such assignment of debt to JRL in this case.

In *Cole*, the plaintiff alleged JRL concocted and filed false or misleading affidavits

signed by others in order to facilitate the collection of debt through the litigation process.

*Cole*, p. 2.  Judge Strong noted these allegations had to be taken as true, even if they

appeared doubtful, for purposes of determining the Rule 12(b)(6) motion.  *Id.*, p. 3.  Judge

Strong concluded the allegations, at least at the pleading stage, set forth a cause of action

under the Act.  *Id.*, pp. 4-5.  It is important to note that Judge Strong was not making a

substantive decision as to whether the Act applied to collection attorneys in their

representation of a client.  His order simply held the complaint stated a cause of action under

the Act based on the complaint's allegations which were taken as true for purposes of the Rule 12(b)(6) motion. Judge Strong's decision was not based on facts developed after discovery was conducted. Nor did it determine the issue of whether Cole was considered a consumer in relation to JRL. Thus, *Cole* does not support McCollough's argument that JRL is subject to the Act based on the facts before the Court.

### 3.     McCollough cannot establish a claim for Malicious Prosecution

In order to sustain an action for malicious prosecution, the plaintiff must satisfy six elements: (1) a judicial proceeding was commenced and prosecuted against the plaintiff, (2) the defendant was responsible for instigating, prosecuting or continuing such proceeding, (3) there was a lack of probable cause for the defendant's acts, (4) the defendant was actuated by malice, (5) the judicial proceeding terminated favorably for the plaintiff, and (6) the plaintiff suffered damages. *Plouffe v. Montana Dept. of Public Health and Human Services*, 2002 MT 64, ¶ 16, 309 Mont. 184, ¶ 16, 45 P.3d 10, ¶ 16. If one of these elements is not established by prima facie evidence, judgment may be entered in favor of the defendant. *Hughes v. Lynch*, 2007 MT 177, ¶ 12, 338 Mont. 214, ¶ 12, 164 P.3d 913, ¶ 12. In the case at bar, JRL has agued that McCollough cannot establish elements (3) or (4). McCollough argues elements (3) and (4) are met[1].

---

[1]McCollough cites and quotes the Montana Supreme Court's decision in *Seltzer v. Morton*, 2007 MT 62, 336 Mont. 225, 154 P.3d 561, in support of his malicious prosecution claim. JRL cannot respond to his citations since none of them match up with the language of the *Seltzer* opinion. Additionally, it should be pointed out the *Seltzer* opinion only dealt with an abuse of process claim.

McCollough makes the same argument for each element, *i.e.*, that JRL couldn't reasonably rely on the information it obtained from CACV of Colorado and should have conducted an independent investigation of the facts. The Court should reject these arguments for the reasons set forth in JRL's brief opposing McCollough's motion for partial summary judgment on the bona fide error defense. JRL discovered a potential problem with the statute of limitations before the lawsuit was filed. JRL filed the lawsuit only after CACV informed it that McCollough's debt was within the statute of limitations because he made a payment in June of 2004. Obviously JRL had probable cause in filing the lawsuit and did not file the lawsuit to harass McCollough. The fact that JRL could have done more to investigate the facts of the case, something not required by the FDCPA, does not establish that it did not have probable cause for filing the lawsuit when it was filed. Thus, McCollough's cause of action for malicious prosecution fails.

McCollough also argues elements (3) and (4) are met because JRL continued prosecuting the lawsuit after CACV informed it that McCollough had not made a payment. The Court should reject this argument since McCollough has not presented any evidence to establish that JRL continued to prosecute the action knowing the statute of limitations barred the lawsuit. The complaint against McCollough was filed in April of 2007. Statement of Genuine Issues, ¶ 17. On August 6, 2007, Grace Lauinger received an e-mail from CACV which stated the $75.00 originally thought to be a payment by McCollough was actually unused costs returned by another office. Statement of Genuine Issues #2, ¶ 5. The e-mail did not mention anything about the status of the payment as having an effect on the statute of

limitations and nobody at JRL realized at that time that McCollough's lawsuit was time-barred.  The lawsuit proceeded forward on the merits with discovery being served and answered by McCollough.  *Id.*, ¶ 7.  JRL did not become aware of the fact that McCollough's lawsuit was time-barred until Mr. Dendy had a conversation with CACV in December wherein this issue was discussed.  *Id.*, ¶ 6.  The lawsuit was then dismissed.  There is no evidence that JRL continued to prosecute a lawsuit it knew was barred by the statute of limitations.  Therefore, the Court should grant JRL's motion of summary judgment on McCollough's malicious prosecution claim.

**4.      McCollough cannot establish a claim for abuse of process**

There are two elements to an abuse of process claim: (1) an ulterior purpose and (2) a willful act in the use of process not proper in the regular conduct of the proceeding[2].  *Hughes*, ¶ 21.  McCollough cites *Seipel v. Olympic Coast Investments*, 2008 MT 237, 344 Mont. 415, 188 P.3d 1027, as legal authority for the argument that an abuse of process claim is established when a party (a) files a baseless legal action or (b) files an action with the purpose of extracting money from a party that it does not owe.  McCollough misinterprets the scope of the *Seipel* Court's holding.

Seipel presented evidence that Olympic filed the underlying complaint alleging it suffered actual money damages in excess of $75,000 when it knew it didn't suffer any actual

---

[2]  Plaintiff cites *Brault v. Smith* (1984), 209 Mont. 21, 679 P.2d 236 for the elements to an abuse of process claim as (1) that the process though properly instituted was predicated on an ulterior motive, and (2) that such process was put to an illegal use or perverted beyond its intended purpose.  *Brault*, however, identifies the elements as set forth by JRL above.

damages. *Id.*, ¶ 22. Seipel also presented evidence that Olympic then abandoned its own claim for damages and declared it was the trustee of a "Massachusetts" trust seeking damages on behalf of its beneficiaries. *Id.*, ¶ 23. However, Olympic admitted there was no trust and it wasn't a trustee. *Id.* Based on this evidence, the Court concluded Olympic had no valid legal claim against Seipel and knew it, but still filed the lawsuit against him. *Id.*, ¶ 25. Thus, *Seipel* stands for the proposition that a party can be liable for abuse of process if it files a lawsuit knowing it does not have a legal claim against the defendant. In that case the lawsuit is filed with an ulterior purpose.

In the case at bar, there is no evidence that JRL had an ulterior purpose when it filed or maintained the underlying lawsuit. JRL filed and maintained the lawsuit based on its belief the statute of limitations did not bar the lawsuit against McCollough. The lawsuit was dismissed as soon as Mr. Dendy became aware of the fact the lawsuit was time-barred. McCollough has not brought forth any evidence to raise a genuine issue of material fact. Therefore, the Court should grant JRL's motion for summary judgment on McCollough's abuse of process claim.

## CONCLUSION

Defendant JRL respectfully requests the Court to grant its motion for partial summary judgment.

DATED this 9th day of December, 2008.

/s/ Fred Simpson
Fred Simpson
BOHYER SIMPSON & TRANEL, P.C.
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I, the undersigned, a representative of the law firm of Bohyer Simpson & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing *JRL's Reply Brief in Support of its Motion for Partial Summary Judgment* on the following persons by the following means:

  1,2           CM/ECF
_____       Hand Delivery
_____       Mail
_____       Overnight Delivery Service
_____       Fax
_____       E-Mail

1.      Clerk, U.S. District Court

2.      John C. Heenan, Esq.
         HEENAN LAW FIRM
         2602 1st Ave N, Suite 305
         PO Box 2278
         Billings, MT 59103
         **Attorneys for Plaintiffs**

DATED this 9th day of December, 2008.

/s/ Fred Simpson
Fred Simpson
BOHYER SIMPSON & TRANEL, P.C.
Attorneys for Defendant