John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
Facsimile:  (406) 839-9092
john@heenanlawfirm.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH,<br><br>                    Plaintiff,<br><br>    vs.<br><br>JOHNSON, RODENBURG & LAUINGER.<br><br>                    Defendant. | Cause No. CV-07-166-BLG-CSO<br><br>Judge Carolyn S. Ostby<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT – DEFENDANT'S "BONA FIDE ERROR" DEFENSE** |

## INTRODUCTION

Pursuant to *Reichert v. National Credit Systems, Inc.*, 571 F.3d 1002 (9th Cir. 2008), JRL must, in order to sustain its affirmative bona fide error defense, demonstrate that it justifiably relied upon its client and that it had reasonable preventative measures in place to avoid the type of FDCPA violations it committed against Mr. McCollough here. JRL has failed to satisfy either element. JRL has not made a single comment about CACV being a reliable source of information. JRL has not set forth specific procedures which it employees to avoid filing and

maintaining time-barred lawsuits. JRL simply cannot maintain a bona fide error defense under the threshold established in *Reichert*, and Plaintiff is therefore entitled to summary judgment on this issue.

## LEGAL ARGUMENT

### A.   JRL's Reliance on its Debt Buyer Client was Unreasonable.

JRL has asserted for its bona fide error defense that it was entitled to rely upon the representations made to it by its debt buyer client, CACV. In *Reichert*, the Ninth Circuit made plain that in order to succeed on a bona fide error defense, the debt collector has the burden of demonstrating that its reliance on the creditor was justified. 571 F.3d at 1007.

JRL has failed to make a threshold showing that its reliance on CACV was justified. CACV itself is a debt collector under the FDCPA. Furthermore, CACV is not the original creditor and therefore had no first-hand knowledge of the accuracy of Mr. McCollough's debt. Acknowledging as much, CACV expressly told JRL, by its collection contract with JRL, that it made "no warranty as to the accuracy or validity of the data" it provides to JRL and imposed on JRL the responsibility "to determine your legal and ethical ability to collect these accounts." (SUF ¶ 7.) The contractual waiver by CACV telling JRL it should not rely upon the statements CACV made respecting Mr. McCollough's alleged debt

makes it impossible for JRL to now argue under *Reichert* that its reliance on CACV's statements were "justified."

Tellingly, JRL has failed in its response brief to come forward with a single fact which would even arguably demonstrate that its reliance on CACV was justified.  JRL has thus failed to create a genuine issue of fact that it properly relied upon CACV's representations in filing suit against Mr. McCollough, and in maintaining suit against Mr. McCollough well after Mr. McCollough filed his *pro se* answer stating "the statute of limitations is up."  (SUF ¶ 9.)

> **B.     JRL Cannot Demonstrate that it Maintained *Reasonable* Preventative Measures to Avoid FDCPA Violations in Filing Time-Barred Suits.**

JRL, in an effort to demonstrate some type of a "procedure" which would allow it to escape summary judgment, cites this Court to the method in which its non-attorney staff inputs bare information and its attorneys spell check the information.  The process JRL describes is not sufficient for it to carry its burden of demonstrating procedures reasonably adapted to avoid the FDCPA violations alleged here.  *Reichert, supra.*  JRL has failed to explain in detail how the procedures it has in place help avoid filing time-barred lawsuits as occurred here.

JRL files lawsuits based upon nothing more than the barest of information from its debt buyer client, CACV- name, address, original creditor, amount owed, and, (sometimes) date of purported last payment.  (SGI ¶ 7.)  No actual documents

come along. This limited information is even further limited, contractually, by CACV, as it expressly tells JRL it makes "no warranty as to the accuracy or validity" of this data. (SUF ¶ 7.) JRL does not receive any paperwork (e.g., a check receipt, an account statement) regarding the alleged debt which would enable it to independently verify the actual date of last payment and fulfill its obligation under the contract with CACV to "determine [its] legal and ethical ability to collect these accounts." (SUF ¶ 7.) Thus, quite simply, JRL has no independent knowledge of when the statute of limitations for a particular account would be up, and relies solely upon information from its debt buyer client even though the client makes "no warranty" as to the validity of that information. JRL blindly takes this information and files lawsuits.

JRL, by its own admission, "does not maintain any documents on the protocol to be followed to avoid violations of the FDCPA." (SGI ¶ 12.) Grace Lauinger, JRL's account manager, testified: (1) she doesn't know where the information JRL receives with respect to a particular account comes from; and (2) JRL has no protocol with respect to reviewing documents prior to sending a demand letter. (Exhibit "A" to SGI #2 at 24-25.)

As to the "video training" referenced by JRL in its brief, Ms. Lauinger testified that she didn't know what type of training it was, what specifically it's about, or who provides it. (*Id.* at 26.) There is no evidence presented by JRL that

this video training in any way covers procedures for avoiding filing time-barred lawsuits.

Likewise, JRL asserts that its lawyers "maintain familiarity with the FDCPA through treatises, training, case research, CLE seminars, conferences and the practice of law." (SGI ¶ 12.) But JRL has failed to present any evidence that its lawyers have undergone any type of training or established any procedure to specifically avoid filing time-barred lawsuits. This is exactly the type of generalized assertions which the *Reichert* court rejected as proof sufficient to establish a bona fide error defense.

By its own admission, JRL does nothing more than take the barest of information regarding a debtor, which is expressly made unreliable by its debt buyer client by contract, and files lawsuits. Reasonable preventative measures in the context of this case-- where the debt buyer client imposes on JRL the obligation to independently verify its legal ability to bring suit-- should consist of, at a bare minimum, reviewing documentation from a reliable source that a payment was actually made by the debtor within the statute of limitations.

> **C.    JRL Cannot Demonstrate that it Maintained *Reasonable* Preventative Measures to Avoid FDCPA Violations in Filing Time-Barred Suits.**

Assuming *arguendo* the Court finds JRL has raised a genuine issue of fact as to the issue of JRL's procedures in avoiding the filing of time-barred suits, the

Court should nevertheless grant Plaintiff summary judgment on the separate issue of whether JRL can establish its bona fide error defense regarding its maintenance of time-barred suits.

This Court, in its November 21, 2008 Order (Docket No. 75), established as facts: (1) JRL filed a time-barred suit against Mr. McCollough in April of 2007; (2) by August 6, 2007, JRL had information from CACV demonstrating that the suit was time-barred; and (3) JRL prosecuted the suit until December 7, 2007.

JRL attempts to avoid summary judgment on this issue by claiming "at the very least, there is a question of fact as to whether JRL should have realized the lawsuit was time barred in August of 2007." (JRL Brief at 18.) But, as *Reichert* and this Court have made clear, the FDCPA is a strict liability statute. Consequently, JRL's subjective knowledge is immaterial on the issue of whether its maintenance of the time-barred suit was a violation of the FDCPA.

The Court has already ruled that JRL maintained a time-barred suit against Mr. McCollough for four months. The only issue now is whether JRL had reasonable procedures in place to avoid maintaining time-barred lawsuits. To that end, JRL has not raised a single genuine issue of fact. It has not demonstrated to this Court anything about its Collection Master software which would assist JRL in avoiding the maintenance and continued prosecution of time-barred suits. It has not demonstrated to this Court that it has a reasonable procedure to get email

information from clients to its attorneys. It has not demonstrated that its attorneys check to see what information from clients has been placed in the paperless Collection Master files, or what they do with this information, if anything. It has not demonstrated what procedures exist to investigate the allegation that a lawsuit is time-barred. This lack of procedures is magnified by the fact that JRL's own file showed Mr. McCollough had filed an answer stating he had not had any dealings with the credit card company in over 8 ½ years.[1] It is also magnified by the fact that JRL's attorney are filing up to 40 lawsuits a day, and managing thousands of lawsuits a year. (SUF at ¶ 6.)

It is obvious and undisputed that JRL didn't do anything to avoid prosecuting a time-barred lawsuit until Mr. McCollough obtained counsel to defend him. There can be no doubt that if Mr. McCollough had not obtained counsel, he probably would have lost the lawsuit JRL prosecuted against him. In light of the undisputed facts of this case, and JRL's inability to set forth any meaningful evidence of reasonable procedures designed to avoid FDCPA liability for maintaining time-barred lawsuits, the Court should grant summary judgment in Plaintiff's favor as to JRL's affirmative bona fide error defense.

---

[1] This is a stark contrast between the debt collector law firm in *Jenkins v. Heintz*, 124 F.3d 824, 834 (7th Cir. 1997), which established as proof for its bona fide error defense that all collection efforts were stopped as soon as a balance was disputed by the debtor. JRL made no effort to stop its prosecution of Mr. McCollough after being put on notice that the statute of limitations had expired.

**D.    JRL is Not Entitled to Maintain a Bona Fide Error Defense with Respect to its FDCPA Violation of Demanding Unauthorized Attorney's Fees or its Alleged FDCPA Violation of Serving Requests for Admission on a Pro Se Defendant Containing Statements JRL Knows to be False.**

This Court has ruled "JRL violated 15 U.S.C. § 1692(e)(2)(B) by requesting in the complaint fees to which it was not entitled under Montana law." (Nov. 21, 2008 Order at 18.) This Court has reserved ruling on whether JRL violated the FDCPA by serving requests for admission on a *pro se* defendant containing false information. (*Id.* at 15.) JRL has not asserted that the bona fide error defense applies or provides a defense to it on either of these issues. Consequently, to the extent JRL's bona fide error defense applies to these issues, the Court should grant summary judgment in Plaintiff's favor.

## CONCLUSION

Plaintiff respectfully requests that the Court grant him summary judgment as to JRL's affirmative defense of bona fide error.

DATED this 12th day of December, 2008.

                                              HEENAN LAW FIRM

                                              */s/ John Heenan*
                                              John Heenan
                                              Attorney for Plaintiff