IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | CV-07-166-BLG-CSO |
| Plaintiff, | **ORDER ON** |
| | **MOTIONS TO COMPEL** |
| vs. | |
| JOHNSON, RODENBERG & LAUINGER, | |
| Defendant. | |

Plaintiff Timothy McCollough ("McCollough") brought this action alleging

Defendant Johnson, Rodenberg & Lauinger ("JRL") violated federal and Montana

law in its debt collection activities against McCollough.  The Court addresses in

following two motions in this Order:

1.      McCollough's Motion to Compel (*Court's Doc. No. 62*); and

2.      JRL's Motion to Compel Production of Settlement Agreement

        (*Court's Doc. No. 68*).

Having considered the parties' arguments and the record herein, the Court

rules as follows.

## I.      *BACKGROUND*

The Court and parties are familiar with this matter's factual and procedural

background.  Also, it is detailed in the record.  Thus, the Court will not repeat it here.

## II.    *McCOLLOUGH'S MOTION TO COMPEL*

McCollough moves to compel JRL to answer fully his Request for Production No. 31, through which he seeks production of "any contract whatsoever between [JRL] and CACV."  *Br. in Spt. of Mtn. to Compel* (Court's Doc. No. 63) ("*McCollough's Br.*") *at 2*.  JRL, having withdrawn "its objections to production of the contract based on work product and relevance[,]" *Deft's Br. Opposing Mtn. to Compel* (Court's Doc. No. 80) ("*JRL's Resp.*") *at 2*, argues solely that attorney-client privilege protects the contract between it and CACV of Colorado, LLC ("CACV").  *Id. at 3-8*.  Having considered the parties' arguments, the Court rules as set forth below.

### A.    *Parties' Arguments*

McCollough first argues that JRL cannot rely upon attorney-client privilege in seeking to withhold any contracts between it and CACV.  *McCollough's Br. at 7.*  He argues that, because JRL asserts as a defense that it relied on CACV's advice in attempting to collect a debt from him, JRL is precluded from asserting attorney-client privilege with respect to contracts between JRL and CACV.  *Id.*

Second, McCollough argues that a federal district court in Connecticut, in

addressing the identical issue, issued a decision supporting his position.  He argues that in *Yancey v. Hooten*, 180 F.R.D. 203 (D. Conn. 1998), the court determined that an attorney, named as a defendant in an action brought under the FDCPA, could not rely on attorney-client privilege in withholding a contract between his creditor client and himself.  *Id. at 7-8*.

In response, JRL argues that the contract between it and CACV is protected by attorney-client privilege.  *JRL's Resp. at 5-8*.  It argues that the contract is a communication that relates to JRL's representation of CACV made in confidence and that, unless CACV waives the privilege, JRL cannot disclose the contract.  *Id*.

JRL also argues that the privilege at issue belongs to CACV, not to JRL, and that JRL is not relying on advice of counsel as a defense.  Thus, it argues, the authority upon which McCollough relies is not applicable.  *Id. at 7-8*.

### B.    *Analysis*

"The attorney-client privilege protects a client's confidential communications to an attorney to obtain legal services.  Courts apply the privilege only when necessary to achieve a client's full and frank disclosure to his attorney."  *Starn O'Toole Marcus & Fisher v. U.S.*, 2008 WL 2653451 *1 (D. Haw. 2008) ("*Starn*")  (citing *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).  "Blanket assertions are extremely disfavored."  *Id*. (quoting

*United States v. Martin*, 278 F.3d 988, 1000 (9th Cir. 2002)).  Courts have discretion to order *in camera* reviews to determine whether attorney-client privilege applies.  *Id*. (citing *Kerr v. United States Dist. Ct. for N. Dist. of Cal.*, 426 U.S. 394, 405-06 (1976) ("this Court has long held the view that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege" (citations omitted)).

The Ninth Circuit, relying on a leading evidence treatise, has set forth elements of attorney-client privilege as follows:

> (1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived.

*Martin*, 278 F.3d at 999 (citing 8 WIGMORE, EVIDENCE § 2292, at 554 (McNaughton rev. 1961)).

The party asserting the privilege bears the burden of establishing each of its elements.  *United States v. Munoz*, 233 F.3d 1117, 1128 (9th Cir. 2000).  Attorney-client privilege generally does not protect non-confidential information, such as a client's identity or a fee arrangement between attorney and client.  *Reiserer v. U.S.*, 479 F.3d 1160, 1165 (9th Cir. 2007).

On the other hand, "[a] client is entitled to hire a lawyer, and have his secrets kept, for legal advice regarding the client's business affairs. *Starn*, *supra*, at *2 (quoting *United States v. Chen*, 99 F.3d 1495, 1501 (9th Cir. 1996)). "Where the general purpose concerns legal rights and obligations, a particular incidental transaction would receive protection, though in itself it were merely commercial in nature[.]" *Id*. (quoting *Chen*, 99 F.3d at 1502). "When a client retains the services of a lawyer, there is a rebuttable presumption that the lawyer is hired to give legal advice, but that presumption is rebutted 'when the facts show that the lawyer was employed without reference to his knowledge and discretion in the law.'" *Id*. (quoting *Chen*, 99 F.3d at 1501 (citations omitted)). "The attorney-client privilege still applies, however, where non-legal advice is incorporated into legal advice." *Id*. (citing *Ideal Elec. Co. v. Flowserve Corp.*, 230 F.R.D. 603, 607 (D. Nev. 2005)).

In the case at hand, JRL provided McCollough with a privilege log that describes the requested contract between it and CACV as follows:

> Eight page "Agreement for Collection of Accounts (Local Counsel Agreement)" between Collect America (CACV) and J.R.&L. Attorney is J.R.&L. And the client is CACV.  Document was furnished to defense counsel at the Brown Law Firm and, upon information and belief, has been viewed by personnel at both CACV and J.R.&L.  The document is dated June 25, 2002 and is signed by Michelle Marron Holderness for CACV and Lisa Lauinger for

J.R.&L.   (documents are attorney/client privilege and constitute attorney work product).

*McCollough's Reply* (Court's Doc. No. 83), attached as Court's Doc. No. 83-2.

JRL's spare description of the contract between it and CACV prevents the Court from determining whether the document contains the type of information that would fall under attorney-client privilege protection.  As noted in the foregoing authority, if the contract contains only a general description of the work to be done, attorney-client privilege will not protect it.  *Clarke*, 974 F.2d at 129. Because JRL's privilege log merely describes the contract by its title without describing its contents, the Court must view it *in camera*.  Accordingly, the Court will order its submission *in camera* as set forth *infra*.

### III.   *JRL's MOTION TO COMPEL PRODUCTION OF SETTLEMENT AGREEMENT*

JRL moves to compel production of McCollough's settlement agreement with CACV.  *Deft's Mtn. to Compel Prod. of Settlement Agreement* (Court's Doc. No. 68).  When JRL previously sought information about the settlement agreement, McCollough objected to the discovery arguing that the settlement is confidential.  *Deft's Br. in Spt. of Mtn. to Compel* (Court's Doc. No. 74) ("*JRL's Br.*") *at 1*.

-6-

### A.    *Parties' Arguments*

JRL argues that the terms of McCollough's settlement with CACV is

relevant to McCollough's claim for damages against JRL.  *JRL's Br. at 2-5*.  It

argues that the Fair Debt Collection Practices Act ("FDCPA") allows recovery,

*inter alia*, of up to $1,000 in statutory damages.  Thus, if McCollough received

more than that amount in settlement from CACV, JRL argues, "he would be fully

compensated and would not be entitled to any statutory damages from JRL."  *Id. at*

*3*.  JRL also seeks its attorneys' fees in bringing this motion.  *Id. at 4-5*.

In response, McCollough advances five arguments.  *Resp. to Deft's Mtn. to*

*Compel Confidential Settlement Agreement* (Court's Doc. No. 78) ("*McCollough's*

*Resp.*") *at 10*.  He argues that: (1) JRL's argument that it is entitled to offset

damages awarded against it based on what CACV paid in settlement is premature

because no monetary judgment has been imposed at this juncture against JRL in

McCollough's favor, *id. at 2*; (2) public policy interests counsel against disclosure

of confidential settlement agreements, *id. at 2-3*; (3) JRL is incorrect in

concluding that CACV paid money to settle McCollough's FDCPA claim because

McCollough's "settlement with CACV addressed [McCollough's] state law

claims[,]" *id. at 3*; (4) if CACV's settlement with McCollough expressly was

allocated to McCollough's state law tort claims, JRL would not be entitled to any

offset because intentional tortfeasors cannot benefit by offset for their misconduct, *id. at 4-8*; and (5) JRL's request for attorney's fees should fail because McCollough's resistance to JRL's request for the settlement agreement is substantially justified and because it would be unjust to award fees under the circumstances, *id. at 8-10*.

### B. <u>*Analysis*</u>

Having considered the parties' arguments, the Court agrees with McCollough that JRL's motion and arguments with respect to offset are premature. The discrete motion before the Court is one in which JRL seeks an order compelling McCollough to produce his confidential settlement agreement with CACV.  JRL's sole basis for seeking the agreement is to allow it to determine the amount of offset it claims it is entitled to in the event McCollough obtains a judgment against it.  *JRL's Br. at 3-4*.

This case has not yet been tried to a jury.  No judgment has been entered. The issue of offset of damages is not yet before the Court and, indeed, may never come before the Court in this matter.  It would be premature for the Court to address offset at this juncture.  To address offset now would be tantamount to an advisory opinion.  *In re North*, 383 F.3d 871, 877 (9th Cir. 2004) (citing, *inter alia*, *Calderon v. U.S. Dist. Ct.*, 134 F.3d 981, 989 (9th Cir. 1998) (concluding that "any

ruling as to the legitimacy of a step not yet taken would be tantamount to an advisory opinion"), *abrogated on other grounds* as reflected in 144 F.3d 618 (9th Cir. 1998)).  Accordingly, the Court will deny JRL's motion without prejudice to renewal of the motion as appropriate.

## IV.    *CONCLUSION*

Based on the foregoing,

**IT IS ORDERED** that, on or before January 5, 2009, JRL shall submit to the Court for *in camera* review all documents responsive to McCollough's Request for Production No. 31.

**IT IS FURTHER ORDERED** that JRL's Motion to Compel Production of Settlement Agreement (*Court's Doc. No. 68*) is DENIED without prejudice.

DATED this 24th day of December, 2008.


/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge