IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH,<br><br>        Plaintiff,<br><br>vs.<br><br>JOHNSON, RODENBERG &<br>LAUINGER,<br><br>        Defendant. | CV-07-166-BLG-CSO<br><br>**<u>ORDER GRANTING</u>**<br>**<u>McCOLLOUGH'S</u>**<br>**<u>MOTION TO COMPEL</u>** |

On December 24, 2008, the Court issued an Order directing Defendant Johnson, Rodenberg & Lauinger ("JRL") to submit to the Court for *in camera* review all documents responsive to Plaintiff Timothy McCollough's Request for Production No. 31. *Order on Motions to Compel* (*Court's Doc. No. 94*) *at 6, 9.* As discussed in the Order, the Court deemed it appropriate to review responsive documents *in camera* to determine whether they contain information protected by attorney-client privilege. *Id. at 6.*

On December 30, 2008, JRL's counsel submitted for *in camera* review an 8-page document. The document is entitled "Agreement for Collection of Accounts (Local Counsel Agreement)[,]" was executed on June 25, 2002, and is signed by

Michelle Marron Holderness on behalf of Collect America, Ltd. and Lisa Lauinger on behalf of JRL.

Having reviewed the document and applied the authority set forth in its Order filed on December 24, 2008, the Court concludes that the document does not contain information protected by the attorney-client privilege.  Rather, the document is in the nature of an engagement letter between a client and a law firm. The document sets forth procedures upon which the signatories have agreed for communication between them in their efforts to service debts, and sets forth the fee arrangements for such services.  As noted in the Court's prior Order, such information generally does not fall under the protection of attorney-client privilege.  *Id*. (citing *Reiserer v. U.S.*, 479 F.3d 1160, 1165 (9th Cir. 2007); *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992)).  The Court in *In re Bautista*, 2007 WL 4328802 (Bkrtcy. N.D. Cal), explained:

> (I)nformation regarding a client's identity, the amount of fees, the identification of payment by case-file name, and the general purpose of the work performed are generally not protected from disclosure by the attorney-client privilege.  This is because such information is preparatory or incidental to the attorney-client privilege, and is not provided "in order to obtain legal advice."

*Id. at \*2 (citing Clarke v. American Commerce National Bank, 974 F.2d 127, 129 (9th Cir. 2002).*    Accordingly, the Court will grant McCollough's motion.

Based on the foregoing,

**IT IS ORDERED** that McCollough's Motion to Compel (*Court's Doc. No. 62*) is GRANTED.  On or before January 16, 2009, JRL shall produce to McCollough's counsel all documents responsive to McCollough's Request for Production No. 31.

DATED this 6th day of January, 2009.

/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
United States Magistrate Judge