## REPORT TO JOHN HEENAN

John Heenan
HENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103

**Re:**   *Tift & McCollough v. Johnson, Rodenburg, & Lauinger*

The following rebuttal report is made pursuant to Rule 26(a)(2)(B), F.R.Civ.P.

**(I)   Complete Statement of All Opinions and Basis Therefore.**

In addition to my opinions expressed in my Report dated August 18, 2008, upon review of the expert disclosure of Defendants, I offer the following opinions:

A.   That Johnson, Rodenburg & Lauinger did not have adequate safeguards and procedures in place to prevent violations of the Rules of Professional Conduct or to meet the standard of care of a Montana attorney.

The basis for the foregoing opinion is as follows:

William C. Hicks, the Defendant's expert asserts in paragraph I. 2 that in his opinion, Johnson, Rodenburg & Lauinger had in place reasonable safeguards and procedures and which are in accord with the standard of care for attorneys practicing in the "field." This may be true for attorneys practicing in the "field" of debt collection for debt buyers but it is not true for attorneys practicing law in Montana.

Prior to the service its first Requests for Admission relative the statute of limitations, Johnson, Rodenburg & Lauinger received information from its client that a payment previously stated was a payment made by Mr. McCollough was in fact a return of unexpended fees. This "payment" was the basis by which Johnson, Rodenburg & Lauinger determined the statute of

1

limitations had not run. This information that the "payment" was a return of fees was received on August 6, 2007 by Johnson, Rodenburg & Lauinger. Apparently it was received by Grace Lauinger who inserted the information into the Collection Master Program. Thereafter on October 31, 2007, Charles Dendy propounded request for admission including:

> 21.    Defendant Tim M. McCollough made a payment on said Chase Manhatten Bank credit card account on or about June 30, 2004 in the amount of $75.00.

This request for admission was contrary to information in the files of Johnson, Rodenburg & Lauinger.

Rule of Professional Conduct 3.4(d) provides:

A lawyer shall not knowingly:

> (d)    in pretrial procedures make a frivolous discovery request or fail to make a reasonably diligent effort to comply with a legally proper discovery request by an opposing party . . .

Mr. Dendy violated Rule 3.4 by making a frivolous discovery request.

Further, Rule 4.4 of the Rules of Professional Conduct prohibit a lawyer from using a means that have no "substantial purpose other than to embarrass, dely or burden a third person, or use methods of obtaining evidence that violate the legal rights of such person." Propounding a request for admission that is inconsistent with facts known to Mr. Dendy was burdensome to Mr. McCullough.

In this instance, Mr. Dendy violated the two above quoted provisions of the Rules of Professional Conduct. This violation is attributable to the firm of Johnson, Rodenburg & Lauinger, at least in respect to the Rules of Professional Conduct. Under Rule 5.1(a) a partner or an attorney with managerial authority shall make reasonable efforts to insure the firm has in fact

2

measures giving reasonable assurance that all lawyers in the firm conform to the Rules of Professional Conduct. This applies to non-lawyers of the firm under Rule 5.3 of the Rules of Professional Conduct.

In the discovery conducted in this case, the information regarding the basis for the payment was contained in the file.   If Mr. Dendy did not observe it in the file, that demonstrates a lack of measures giving reasonable assurance that all lawyers will conform to the Rules of Professional Conduct.  This is exacerbated by the "factory" approach to the law practice undertaken by Johnson, Rodenburg & Lauinger and is a result of that approach.

Also under the facts here, it is not reasonable to accept the information provided by CACV without further inquiry.  While it may be permissible to accept representations of fact from a client here the client has no direct knowledge of the facts and, more importantly, because the client disclaims the validity of the facts through its refusal to make any warranty as to the accuracy or validity of the facts, an acceptance fo the client's facts is not reasonable.  This puts a heightened duty onto the attorney to verify the facts before proceeding.

(ii)    **Information Considered.**

The opinion stated above is based upon the deposition testimony of Grace Lauinger, the deposition testimony of Charles Dendy, and the Requests for Admission propounded by Charles Dendy to Tim McCollough on October 31, 2007.

(iii)    **Exhibits Used.**

None.

DATED 2nd day of October, 2008.

_____
**JAMES A. PATTEN**

3

Exh. D - 03