John E. Bohyer
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana 59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email: mail@bstlawfirm.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

-----------------------------------------------------------------------------------------------

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | ) Cause No. CV-07-166-BLG-RFC-CSO |
| Plaintiffs, | ) |
| | ) **THE HON. CAROLYN S. OSTBY** |
| -vs.- | ) |
| | ) |
| JOHNSON, RODENBURG & LAUINGER, | ) **JRL'S BRIEF IN SUPPORT OF ITS MOTION IN LIMINE** |
| Defendant. | ) |

-----------------------------------------------------------------------------------------------

Defendant Johnson, Rodenburg & Lauinger, by and through its counsel

of record, Bohyer, Simpson & Tranel, P.C., files this brief in support of its

motion *in limine*.

**INTRODUCTION**

Discovery in this lawsuit has established that the underlying lawsuit against Timothy McCollough was not the first debt collection lawsuit filed against McCollough by CACV of Colorado.  An earlier debt collection lawsuit was filed against McCollough by Bruce Spencer, an attorney with the Smith Law Firm in Helena, who was representing CACV of Colorado.  This lawsuit was filed in Yellowstone County Justice Court in front of Justice of the Peace Pedro Hernandez on August 22, 2005.  The lawsuit was ultimately dismissed based upon a stipulation of the parties.  The dismissal order was dated November 7, 2005.

Discovery in the case at bar has revealed that JRL files numerous debt collection lawsuits in Montana and other states.  Charles Dendy, an attorney at JRL, testified during his deposition that he has filed over 2700 lawsuits in Montana during the past year and a half.  He further testified that he has filed as many as 40 lawsuits in a single day.  Lisa Lauinger, a partner at JRL, testified that she has filed up to 50 lawsuits in a single day.  She also testified about the number of lawsuits JRL files in other states such as North Dakota, South Dakota and Minnesota.

McCollough's Amended Initial Disclosure Statement identified witnesses Jeanie Cole, Ken Lucero and Keri Henan as people with relevant information.  McCollough identified these three witnesses as individuals who have had debt collection lawsuits filed against them by JRL and have knowledge of JRL's debt collection and litigation practices.  Lucero was deposed and testified that he does not have any knowledge about McCollough or the lawsuit filed against him by CACV of Colorado.  During the deposition, Mr. Heenan made an objection and noted that Lucero was only identified as a witness to testify about the receipt of Requests for Admission from JRL in the lawsuit that had been filed against him.

During his deposition, Dendy testified that he had received a letter from Yellowstone County District Court Judge Fagg in a different debt collection lawsuit.  Judge Fagg was concerned about default documents Dendy filed on behalf of the plaintiff since the defendant had filed an answer.  Dendy testified the defendant was *pro se* and did not serve a copy of the answer on JRL as the plaintiff's attorney.  Thus, he was unaware of the fact that an answer had been filed.  Once the court brought this fact to his attention, he withdrew the default documents.

## ARGUMENT

**1.  The Court should exclude all evidence that Bruce Spencer filed a lawsuit against Tim McCollough on behalf of CACV of Colorado in 2005**

The Court should exclude all evidence about the lawsuit filed against McCollough by Mr. Spencer (the "Justice Court lawsuit") because the evidence is irrelevant to the issues currently before the Court.  Fed. R. Evid. 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007).  In order to be relevant, the evidence need not conclusively establish a fact at issue, it is only required that it has a "tendency" to establish the fact at issue.  *Id.*  If evidence is relevant, it is generally admissible under Fed. R. Evid. 402.  *Id.*  However, relevant evidence can be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury. Fed. R. Evid. 403.

In the case at bar, the Court should exclude all evidence about the Justice Court lawsuit because it is irrelevant.  The fact that a 2005 lawsuit was

filed against McCollough and later dismissed does not have any relevance to whether JRL violated the Fair Debt Collection Practices Act ("FDCPA"), the Unfair Trade Practices and Consumer Protection Act or is liable for abuse of process or malicious prosecution for filing the debt collection lawsuit in April of 2007.  There are three reasons the Justice Court lawsuit is irrelevant.  First, the lawsuit was not dismissed with prejudice, which means another debt collection lawsuit against McCollough based on the same debt was not prohibited.  Second, there is no evidence the Justice Court lawsuit was dismissed based on statute of limitations or income grounds as alleged by McCollough.  Third, the Court's order dated January 8, 2009 held that JRL's conduct in filing and maintaining a time barred lawsuit violated the FDCPA.

The stipulation requesting the Justice Court lawsuit be dismissed was not a dismissal with prejudice.  **Exhibit A**.  Similarly, the order dismissing the lawsuit did not dismiss the lawsuit with prejudice.  **Exhibit B**.  Thus, dismissal of the Justice Court lawsuit did not bar a future lawsuit against McCollough.  Evidence of the Justice Court lawsuit is irrelevant to the issue of whether JRL violated State or Federal law when it filed the underlying lawsuit against McCollough.

The Court should also exclude evidence of the Justice Court lawsuit because there is no evidence to support McCollough's allegations the lawsuit was dismissed because of the statute of limitations or because McCollough's income was derived from social security payments which are exempt from execution. First Amended Complaint, ¶¶ 18-20. Bruce Spencer was deposed and questioned about the dismissal of the Justice Court lawsuit. Cited portions of Mr. Spencer's deposition are attached hereto as **Exhibit C**. Mr. Spencer testified that he filed the Justice Court lawsuit against McCollough on August 22, 2005, on behalf of CACV of Colorado. Depo. B. Spencer 22:19-23:15 (May 22, 2008). He filed the motion to dismiss on October 4, 2005. *Id.* at 26:8-12. He could not recall why he moved to dismiss the lawsuit. *Id.* at 26:13-19. The court dismissed the lawsuit based on the stipulation. *Id.* at 26:20-24. There is no evidence to support McCollough's allegations that the Justice Court lawsuit was dismissed because of the statute of limitations or because McCollough's income was derived entirely from an exempt source. Therefore, evidence concerning the Justice Court lawsuit is irrelevant to the issues in the case at bar and should be excluded by the Court.

Finally, evidence concerning the Justice Court lawsuit filed by Mr. Spencer should be excluded because the Court's order of January 8, 2009 held that JRL's conduct in filing and maintaining the underlying lawsuit against McCollough violated the FDCPA as a matter of law. Thus, evidence concerning the Justice Court lawsuit filed against McCollough by Mr. Spencer would be irrelevant to any facts still at issue. Therefore, the Court should exclude all evidence concerning the Justice Court lawsuit filed by Mr. Spencer against McCollough.

**2.    The Court should exclude all evidence about other lawsuits, and the number of other lawsuits, filed by JRL**

McCollough learned through discovery that Dendy has filed approximately 2700 lawsuits in Montana during the past eighteen months preceding his deposition. Depo. C. Dendy 8:2-21 (July 22, 2008), cited portions of which are attached as **Exhibit D**. Dendy estimates he has filed as many as forty lawsuits in a single day, *id.* at 8:22 - 9:1, while Lisa Lauinger may have filed as many as fifty lawsuits in a single day. Depo. L. Lauinger 50:7-19 (July 22, 2008), cited portions of which are attached as **Exhibit E**. Lauinger also testified about the number of lawsuits JRL files in North Dakota, South Dakota and Minnesota. *Id.* at 14:11 - 15:7. JRL anticipates that

McCollough intends on introducing this evidence in support of his allegations. However, these facts should not be admitted into evidence because they are irrelevant to whether JRL's conduct in the underlying lawsuit violated State or Federal law.

Relevant evidence is something that has a tendency to make a material fact at issue more or less probable. Fed. R. Evid. 401; Curtin, 489 F.3d at 943. The fact that Dendy has filed numerous lawsuits in the past does not make any material fact at issue in this lawsuit more or less probable. The same is true with regard to the number of lawsuits filed by JRL or Lauinger in other states. The Court should exclude this evidence because it is irrelevant to the issues before the Court. The material issues in this case deal with whether JRL's actions in filing and prosecuting the underlying lawsuit against McCollough violated State or Federal law. The fact that Dendy, Lauinger or JRL may have filed numerous other lawsuits in the past few years is completely irrelevant to the issues at hand. Therefore, the Court should exclude all evidence regarding other lawsuits, and the number of other lawsuits, filed by Dendy, Lauinger or JRL.

**3.**    **The Court should exclude all testimony by witnesses Jeanie Cole, Ken Lucero and Keri Henan**

McCollough has identified Jeanie Cole, Ken Lucero and Keri Henan as witnesses in this lawsuit.  All three witnesses were identified in McCollough's Amended Initial Disclosure Statement, which provided that these witnesses were all sued by JRL and have knowledge of JRL's debt collection and litigation practices.  Again, the Court should exclude all evidence from these witnesses since their testimony is irrelevant to the issues at hand.  None of them have any personal knowledge of any facts related to the underlying lawsuit JRL filed against McCollough on behalf of CACV of Colorado.  Lucero was deposed and testified that he does not know anything about McCollough's lawsuit, he has never met McCollough, he has never talked with McCollough, he has no knowledge of the communications or correspondence between JRL and McCollough, he has no personal knowledge of McCollough's dealings with JRL and he has not examined any documents concerning McCollough's lawsuit.  Depo. K. Lucero 10:22 - 11:4, 11:20 - 12:11, 27:3-20 (Nov. 10, 2008), cited portions of which are attached hereto as **Exhibit F**.  The fact that JRL filed lawsuits that named these three individuals as defendants has no relevance to whether JRL's actions in filing and

prosecuting the lawsuit against McCollough violated State of Federal law.
Therefore, the Court should exclude all testimony from Ms. Cole, Mr. Lucero
and Ms. Henan.

> **4.     The Court should exclude evidence that JRL violated the FDCPA in a different lawsuit**

McCollough served JRL with discovery which included the following
request for admission: "Please admit that the Johnson law firm has been found
to have violated the Fair Debt Collection Practices Act by a Montana federal
judge."  JRL objected to the request on the basis it requested irrelevant
information.  Without waiving the objection, JRL admitted a Montana federal
judge had concluded it violated the FDCPA in another case.  Request for
Admission No. 2, Defendant JRL's Responses to Plaintiffs' First Combined
Discovery Requests, a copy of which is attached hereto as **Exhibit G**.  This
Court should exclude this fact from evidence because it is irrelevant.  Fed. R.
Evid. 401.  The fact that JRL has been found to have violated the FDCPA in
another case does not make any fact at issue in the case at bar more or less
probable.

Even if the Court deems this evidence relevant, it should be excluded
under Fed. R. Evid. 403 because its probative value is substantially

outweighed by its prejudicial nature.  *United States v. McRae*, 593 F.2d 700, 707 (9th Cir. 1979).  Rule 403 is designed to exclude evidence with little probative value which is introduced for the sake of its prejudicial effect.  *Id.*  The fact that JRL has been found to have violated the FDCPA in a different case would have little probative value in determining if JRL's conduct towards McCollough violated the FDCPA.  It would, however, be highly prejudicial since it would imply to the jury that JRL's conduct in other cases has violated the FDCPA so its conduct in this case must have also violated the FDCPA.  Finally, such evidence is also inadmissible under Fed. R. Evid. 404(b) "which generally makes inadmissible evidence of other crimes, wrongs, or acts..."  Therefore, the Court should exclude this evidence.

**5.    The Court should exclude evidence of Judge Fagg's letter**

Dendy testified during his deposition that he had received a letter of criticism from Judge Fagg in a different lawsuit.  Ex. D, Depo. Dendy 39:15 - 40:10.  Dendy testified he received a letter from Judge Fagg after he filed default documents after a *pro se* defendant had filed an answer.  Dendy explained that the *pro se* defendant failed to serve a copy of the answer on JRL as counsel for the Plaintiff.  Dendy, not aware that an answer had been filed,

filed default documents with the court. The court brought the answer to Dendy's attention and the default documents were withdrawn. *Id.* The Court should exclude evidence of Judge Fagg's letter since it is irrelevant to the issues to be decided in this case. Judge Fagg's letter does not have any tendency to prove a fact at issue. Introduction of Judge Fagg's letter would only serve to prejudice JRL and is inadmissible under Rule 403. Therefore, the Court should exclude all evidence of Judge Fagg's letter.

### 6. The Court should exclude evidence that Johnson, Rodenburg & Lauinger has insurance coverage for Plaintiff's claims

The Court should exclude all evidence that JRL has insurance coverage for the claims being made by McCollough. Fed. R. Evid. 411 provides that "evidence that a person was or was not insured against liability is not admissible upon the issue whether the person acted negligently or otherwise wrongfully." Evidence of liability insurance can be introduced to show proof of agency, ownership or control, or bias or prejudice of a witness. Fed. R. Evid. 411. Courts have generally held the evidence that a party is protected by liability insurance is inadmissible in evidence. *Cox v. E.I. Du Pont de Nemours & Co.*, 38 F.R.D. 8 (W.D.S.C. 1965). This is because insurance

evidence generally does not have any relevance to the facts to be decided by the jury.  Id. at 9-10.

In the case at bar, the Court should exclude all evidence that JRL is protected against McCollough's claims by liability insurance.  The fact that JRL is insured will not have any relevance to the issues pending before the Court.  Evidence of liability insurance will have no bearing on whether JRL's conduct violated the FDCPA, the Montana Unfair Trade Practices and Consumer Protection Act, or constituted an abuse of process or malicious prosecution.  Therefore, the Court should exclude all evidence that JRL has insurance coverage for the claims being made by McCollough.

**7.     The Court should exclude the film "Maxed Out"**

McCollough has identified the film "Maxed Out" as an exhibit.  This film is about the debt collection industry in general.  The Court should exclude the film from evidence since it is hearsay, it is irrelevant to the issues to be decided by the jury and JRL cannot cross-examine a film.

Fed. R. Evid. 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  Hearsay is inadmissible

except as provided by the Federal Rules of Evidence or rules proscribed by the United States Supreme Court pursuant to statutory authority or Act of Congress. The exceptions to the hearsay rule are set forth in Fed.R. Evid. 801, 803 and 804. None of these Rules provide an exception to the hearsay rule with regard to the film. Therefore, the Court should exclude Maxed Out as it is inadmissible hearsay.

The Court should also exclude the film as it is irrelevant to any issue to be decided by the jury. Although the film deals with debt collection in general, it does not have any tendency to prove any facts at issue. There is nothing in the film which is probative of McCollough's claims against JRL. Therefore, the Court should exclude the film on relevancy grounds.

Finally, the Court should exclude the film since defense counsel would not have any opportunity to cross-examine anyone with regard to the information contained in the film. Fed. R. Evid. 611(b) limits the scope of cross-exam to the subject matter of the direct examination and matters affecting the credibility of the witness. Defense counsel would not have any chance to cross examine the person(s) who created the film or any of the

"facts" presented in the film.  Therefore, the Court should exclude the film

from evidence.

## CONCLUSION

For the reasons set forth above, the Court should grant JRL's motion *in*

*limine* in its entirety.

DATED this 23rd day of February, 2009.


                      /s/ Fred Simpson
                      Fred Simpson
                      BOHYER SIMPSON & TRANEL, P.C.
                      Attorneys for Defendants

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(d)(2)(E)

This brief complies with the type-volume limitation of Local Rule 7.1(d)(2)(E) [6500 words for briefs; 3250 words for reply briefs], and contains 2,748 words, excluding the caption and certificates of service and compliance.

DATED this 23rd day of February, 2009.


                      /s/ Fred Simpson
                      Fred Simpson
                      BOHYER SIMPSON & TRANEL, P.C.
                      Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, the undersigned, a representative of the law firm of Bohyer Simpson & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing ***JRL's Brief in Support of its Motion in Limine*** on the following persons by the following means:

| | |
|---|---|
| __1,2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1.  Clerk, U.S. District Court

2.  John C. Heenan, Esq.
    HEENAN LAW FIRM
    2602 1st Ave N, Suite 305
    PO Box 2278
    Billings, MT 59103
    **Attorneys for Plaintiffs**

DATED this 23rd day of February, 2009.

        /s/ Fred Simpson
    Fred Simpson
    BOHYER SIMPSON & TRANEL, P.C.
    Attorneys for Defendants