KELLY J. C. GALLINGER
MATTHEW I. TOURTLOTTE
BROWN LAW FIRM, P.C.
315 North 24th Street
P.O. Drawer 849
Billings, MT 59103-0849
*Tel* (406) 248-2611
*Fax* (406) 248-3128

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| JUNE TIFT and TIMOTHY McCOLLOUGH,<br><br>    Plaintiffs,<br><br>v.<br><br>JOHNSON, RODENBURG & LAUINGER<br><br>    Defendants. | Cause No.: CV-07-166-BLG-RFC-CSO<br><br>DEFENDANT JOHNSON, RODENBURG & LAUINGER'S RESPONSES TO PLAINTIFFS' FIRST COMBINED DISCOVERY REQUESTS |

TO: Plaintiffs and their attorney of record, John Heenan:

Pursuant to the Federal Rules of Civil Procedure, Defendant Johnson, Rodenburg & Lauinger responds to Plaintiffs' First Discovery Requests by providing the following:

INTERROGATORY 1: Please set forth the name, address and occupation of each person responding to these requests.

ANSWER: Lisa Lauinger and Charles Dendy, 1004 East Central Avenue, Bismarck ND, 58501, Attorneys; Erin Zasada and Clifton Rodenburg, P.O. Box 247, Fargo ND 58108-2427,

Exh. G - 01

known what is meant by an organizational chart for the Johnson law firm. Moreover, request for production no. 14 does not appear to be relevant or calculated to lead to the discovery of admissible evidence.

**REQUEST FOR PRODUCTION NO. 15:** Please produce all shareholder minutes, director minutes, articles of incorporation, or any other document filed by the Johnson law firm with the North Dakota Secretary of State from January 2006 to present.

**RESPONSE:** Objection. This request is neither relevant to the claims and defenses asserted by the parties in this action, nor calculated to lead to the discovery of relevant or admissible evidence. Without waiving the forgoing objection, Defendant J.R.& L. is not a corporation and items specified in Request for Production No. 15 would not apply to it. Additionally, any documents filed with the North Dakota Secretary of State would be public documents and available in the public domain.

**REQUEST FOR ADMISSION NO. 1:** Please admit that the Johnson law firm is a debt collector as that term is defined under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

**RESPONSE:** Defendant JR&L admits that in general, it is a debt collector as defined under the FDCPA. However, Defendant JR&L is without knowledge or information sufficient to form a belief as to the truth and veracity of the allegation that it is a debt collector under the FDCPA for purposes of the present action, and accordingly denies same.

**REQUEST FOR ADMISSION NO. 2:** Please admit that the Johnson law firm has been found to have violated the Fair Debt Collections Practice Act by a Montana federal judge.

**RESPONSE:** Objection. Request for Admission No. 2 is neither relevant nor calculated to

Exh. G - 02

lead to the discovery of relevant evidence.   Without waiving the forgoing objection, Defendant J.R.&.L admits the same.

REQUEST FOR ADMISSION NO. 3: Please admit that Mr. McCollough never made a payment on an alleged Chase Manhattan Bank credit card account in June of 2004.

RESPONSE: Defendant J.R.& L. lacks personal knowledge sufficient to either admit or deny Request for Admission No. 3 and, therefore, deny the same.

REQUEST FOR ADMISSION NO. 4: Please admit that Mr. McCollough never made a payment on an alleged Chase Manhattan Bank credit card account after 2001.

RESPONSE: Defendant J.R.& L. lacks personal knowledge sufficient to either admit or deny Request for Admission No. 4 and, therefore, denies the same.

INTERROGATORY NO. 13: If your response to the above Request for Admission is anything other than an unqualified "admit," please set forth in detail each and every fact upon which you base your response.

ANSWER: Defendant J.R. & L. has no first-hand knowledge of what payments may or may not have been made by Tim McCollough in 2001.

REQUEST FOR PRODUCTION NO. 16: If your response to the above Requests for Admission is anything other than an unqualified "admit," please produce any and all documents upon which you rely in making your response.

RESPONSE: Defendant J.R.&L. has no knowledge of any responsive documents pursuant to its Answer to Interrogatory No. 13.

INTERROGATORY NO. 14: Please state the last date that Mr. McCollough made any payment on the alleged debt.

Exh. G - 03