John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
Facsimile:   (406) 839-9092
john@heenanlawfirm.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH,<br><br>                          Plaintiff,<br><br>        vs.<br><br>JOHNSON, RODENBURG &<br>LAUINGER.<br><br>                          Defendant. | Cause No. CV-07-166-BLG-CSO<br><br>Judge Carolyn S. Ostby<br><br>**BRIEF IN SUPPORT OF PLAINTIFF'S<br>MOTIONS IN LIMINE** |

Unless otherwise stated, all evidence that this Motion seeks to exclude is inadmissible for two reasons.  First, the evidence is irrelevant to the issues at hand. Rule 402, F.R.E.  Second, the evidence, while potentially relevant, is inadmissible nonetheless because its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, misleading of the jury; or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.  Rule 403, F.R.E.

Rule 401 of the Federal Rules of Evidence defines relevant evidence as follows:

> 'Relevant Evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable than it would be without the evidence.

Here, numerous issues, described below, demonstrate the need that they be barred based on their irrelevancy or immaterial nature. All evidence herein sought to be excluded based on irrelevancy is either immaterial (not offered to prove a matter in issue), lacking in probative value (too speculative or remote), or inherently prejudicial. Likewise, all relevant evidence herein sought to be excluded is inadmissible because the costs of such evidence, fundamentally, outweighs its benefits.

**1.    Availability of statutory attorney's fees and costs under the Fair Debt Collection Practices Act and Montana Unfair Trade Practices Act.**

"The award of attorney fees is a matter for the judge, not the jury." *Brooks v. Cook*, 938 F.2d 1048, 1051 (9th Cir. 1991). As explained in *Brooks*:

> In a case where the Plaintiff is entitled to compensatory damages, informing the jury of the Plaintiff's potential right to receive attorney's fees might lead the jury to offset the fees by reducing the damage award.

*Id.* Likewise, the Montana Unfair Trade Practices Act makes plain that it is for the Court to determine the amount of attorney's fees, not the jury. Mont. Code Ann. § 30-14-133(4) ("[i]n any action brought under this section, the court may award the

prevailing party reasonable attorney fees incurred in prosecuting or defending the action.")  It is well-settled under both the FDCPA and Montana Unfair Trade Practices Act that the amount of attorney's fees incurred in prosecuting claims under these Acts is for the Court, not the jury.  Therefore, Plaintiff seeks an Order in Limine precluding Defendant from alerting the jury that Defendant will be liable for Plaintiff's attorneys fees and costs.[1]

**2.    Availability of statutory treble damages under the Montana Unfair Trade Practices Act.**

The Montana Unfair Trade Practices Act provides that "[t]he Court may, in its discretion, award up to three times the actual damages sustained and may provide any other equitable relief that it considers necessary or proper."  Mont. Code Ann. § 30-14-133(1); *see also Vader v. Fleetwood Enterprises, Inc.*, 2009 MT 6, ¶¶ 43-49 (upholding district court's imposition of doubling of jury's damages award).  Pursuant to the statute's plain language, it will be this Court's function, following the jury trial, to determine in its discretion whether a statutory award of up to treble damages should be imposed.  Therefore, Plaintiff seeks an Order in Limine precluding Defendant from alerting the jury that its damages award may be trebled by this Court.

---

[1] Mr. McCollough will be seeking to have the jury award him his reasonable attorney's fees incurred in the defense of the underlying state court action, which is, indisputably, within the province of the jury under Montana law. *See, e.g., Seltzer v. Morton,* 2007 MT 62, 336 Mont. 225, 154 P.3d 561.

**3.      June Tift or her claim against Defendant.**

June Tift is no longer a party to this action, having voluntarily dismissed her claims against Defendant, with Defendant's consent, pursuant to Rule 41(a), F. R. Civ. P.  Ms. Tift's separate claims against Defendant, or the ultimate resolution of her claims, has no bearing on Plaintiff McCollough's action.  Furthermore, allowing Defendant to introduce or discuss Ms. Tift's claim would unnecessarily confuse the jury.  Therefore, Plaintiff seeks an Order in Limine precluding Defendant from alerting the jury as to Ms. Tift or her claim against Defendant, and further seeks leave to redact Ms. Tift's name from litigation documents which will be presented to the jury at trial (e.g., Defendant's responses to Interrogatories.)

**4.      Any argument that CACV is responsible for Defendant's conduct.**

Defendant may attempt to argue that CACV is responsible in whole or in part for its own tortious conduct.  For example, Defendant has asserted that it properly relied upon information supplied to it by CACV.  Such an argument would be improper, and should be precluded, for several reasons.

First, such an argument would violate this Court's January 8, 2009 Order.  In that Order, this Court granted summary judgment in Plaintiff's favor as to Defendant's asserted bona fide error defense, holding "JRL simply had no basis upon which it could reasonably rely on the information provided by CACV …

JRL took no steps to assure accurate information from its client." (Jan. 8, 2009 Order at pg. 26.) Allowing Defendant to raise these same arguments would violate this Court's Order, and would confuse the jury, who should be instructed as to this Court's Order as the law of the case.

Second, such an argument would be a classic violation of Montana law's prohibition of the "empty chair defense," and should therefore be precluded at trial. Mont. Code Ann. § 27-1-703(6)(c) provides:

> (6)(c) Except for persons who have settled with or have been released by the claimant, <u>comparison of fault with any of the following persons is prohibited</u>:
>
>     (i) a person who is immune from liability to the claimant;
>
>     (ii) a person who is not subject to the jurisdiction of the court; or
>
>     (iii) <u>any other person who could have been, but was not, named as a third party</u>.

(emphasis added.) Under the present Mont. Code Ann. § 27-1-703(6), it is well-settled that a defendant may not assert an "empty chair" defense, arguing that its own fault should be compared with the fault of non-parties. *See Cusenbary v. Mortensen*, 1999 MT 221, ¶ 62, 296 Mont. 25, 987 P.2d 351 ("we conclude that the District Court properly refused to permit the jury to apportion negligence to third party defendants who were released from liability by Cusenbary and who were impecunious and judgment-proof."); *Plumb v. District Court*, 279 Mont. 363,

927 P.2d 1011 (1996).    In *Plumb*, the Montana Supreme Court set out the proper procedural course for a defendant who desires apportionment of liability:

> To the extent that a party defendant is interested in a true and accurate apportionment of liability, our rules of third-party practice and § 27-1-703(4), MCA (1995), already provide the means by which contribution can be sought from those who have been unnamed by the plaintiff but who may have contributed, in fact, to the plaintiff's injuries and damages. Rule 14(a), M.R.Civ.P., provides that a defendant may join, as a third-party defendant, anyone who may be responsible for any part of the plaintiff's claim. Section 27-1-703(4), MCA (1995), permits any party against whom a claim is asserted for negligence resulting in death or injury, to join any other party who may have contributed as a cause of the plaintiff's injury for purposes of contribution. Rule 20(a), M.R.Civ.P., has been identified as the procedural mechanism for that joinder. We conclude that apportionment of liability pursuant to these procedures would be rationally related to the Legislature's objective of assigning liability based on the degree of a party's fault for another party's damages. A person joined as a result of these procedures would be afforded the opportunity to participate in discovery, cross-examine those witnesses who blame him or her, and present evidence on his or her own behalf. Following these opportunities, which are compelled by traditional notions of fairness, any apportionment of liability to that third party is much more likely to bear some relationship to reality.

*Plumb,* 279 Mont. at 378, 927 P.2d at 1020.

If Defendant wanted to have fault apportioned to CACV or any other third party, then it should have followed the procedural mechanism outlined by the *Plumb* court and brought the party in as a third party defendant.  Defendant has failed to do so.  Accordingly, it should be precluded from attempting to blame CACV or any unnamed third parties for its own tortious conduct.

**5.      The "deadbeat" defense.**

Defendant may attempt to argue that Plaintiff owed the underlying debt, or somehow should not be rewarded for being a delinquent debtor. This is frequently referred to in FDCPA litigation as the "deadbeat defense". Such an argument is particularly unwarranted in this case.

The FDCPA and Montana Unfair Trade Practices Act each encourage consumers to act as private attorneys general to enforce the public policies expressed therein. 15 U.S.C. § 1692k(a) and Mont. Code Ann. § 30-14-133. "No section of the [FDCPA] requires an inquiry into the worthiness of the debtor, or purports to protect only 'deserving' debtors. To the contrary, Congress has clearly indicated its belief that no consumer deserves to be abused in the collection process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1330 (7th Cir. 1997). Thus, any argument that Plaintiff was a "deadbeat" or "deserved what he got" because he owed money should be precluded by an Order in Limine.

**6.      Any attempt to impeach or undercut this Court's Nov. 21, 2008 (Docket No. 75) or Jan. 8, 2009 (Docket No. 96) Orders.**

This Court, by its November 21, 2008 and January 8, 2009 Orders, has ruled that Defendant violated the FDCPA in several discrete manners. The Court has further rejected Defendant's bona fide error defense, concluding that JRL neither had a reasonable basis to rely upon CACV nor did it have procedures in place to

prevent the types of FDCPA violations committed here. Defendant may attempt to undercut or seek to minimize this Court's Orders by raising arguments which were made by it, and rejected by this Court, in the summary judgment briefing. For instance, Defendant may argue that it had a contractual basis for seeking attorney's fees from Mr. McCollough in the state court action. But, this Court has already ruled that JRL failed to come forward with a basis for its claim for attorney's fees in the underlying case. Nov. 21, 2008 Order at pg. 18. Or, Defendant may attempt to argue that it could reasonably rely upon the information supplied to it by its debt buyer client CACV. But, the Court has already ruled that "JRL simply had no basis upon which it could reasonably rely on the information provided by CACV." Jan. 8, 2009 Order at pg. 26. Likewise, Defendant may attempt to argue that it was unaware the suit it filed on behalf of CACV was time-barred. But, this Court has already ruled "it is uncontroverted that JRL filed and prosecuted a time-barred lawsuit, including service of discovery requests upon the *pro se* defendant after JRL's own file clearly indicated that the suit was time-barred." *Id.* at 14. It is thus incredibly necessary and important that this Court issue an Order in Limine precluding Defendant from making arguments contrary to the findings of this Court which are the law of the case. To do otherwise would cause unnecessary confusion for the jury and would undercut this Court's decisions.

Respectfully submitted this 23rd day of February, 2009.

HEENAN LAW FIRM


*/s/ John Heenan*
John Heenan
Attorney for Plaintiff