John E. Bohyer
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana 59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email: mail@bstlawfirm.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

-------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| TIMOTHY McCOLLOUGH, | ) | Cause No. CV-07-166-BLG-CSO |
| | ) | **THE HON. CAROLYN S. OSTBY** |
| Plaintiffs, | ) | |
| | ) | |
| -vs.- | ) | **BRIEF IN SUPPORT OF** |
| | ) | **MOTION FOR** |
| JOHNSON, RODENBURG & | ) | **RECONSIDERATION ON** |
| LAUINGER, | ) | **MOTION TO COMPEL** |
| | ) | **PRODUCTION OF** |
| Defendant. | ) | **SETTLEMENT AGREEMENT** |
| | ) | |
| | ) | |

-------------------------------------------------------------------------------------------------

## INTRODUCTION

Timothy McCollough ("McCollough") filed this lawsuit against

Johnson, Rodenburg & Lauinger ("JRL") and CACV of Colorado, LLC

("CACV").  Count I of the complaint alleged the defendants' conduct in filing the underlying lawsuit violated the Fair Debt Collection Practices Act ("FDCPA").  Count II alleged the defendants' conduct violated the Montana Unfair Trade Practices and Consumer Protection Act ("UTPA").  Count III alleged the defendants' filing of the underlying lawsuit constituted malicious prosecution and abuse of process.  The complaint did not allege separate violations by JRL and CACV.  McCollough's complaint alleged that "defendants'" conduct violated the FDCPA, the UTPA and constituted malicious prosecution and an abuse of process.

McCollough reached a settlement with CACV after the lawsuit was filed.  As a result, McCollough filed an amended complaint which dropped CACV as a party defendant.  The settlement agreement between McCollough and CACV is discoverable because it would be relevant to show potential bias by McCollough.  Therefore, on reconsideration, the Court should reverse its December 24, 2008, ruling and compel McCollough to produce the settlement agreement he reached with CACV.

**ARGUMENT**

Fed. R. Civ. P. 26(b)(1) sets forth the scope of discovery:

Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. ...

Pursuant to Rule 26(b)(1), discovery in a civil action is broad, allowing for discovery regarding any non-privileged matter that is relevant to a claim or defense.  *Jackson v. CCA of Tenn., Inc.*, 254 F.R.D. 135, 138 (D.D.C. 2008).  "Relevance"at the discovery stage is broadly construed to include information which is not admissible at a trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  *Id.*  "Relevancy" has been defined by the United States Supreme Court as encompassing "any matter that could bear on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case."  *Streck, Inc. v. Research & Diagnostic Systems, Inc.*, 250 F.R.D. 426, 436 (D.Neb. 2008)(quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 240, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)).  Discovery should be considered relevant if there is any possibility that the information sought is relevant to any issue in the case and should be allowed

unless it is clear the information sought can have no possible bearing on the subject matter of the action. *Id.*

In the case at bar, the settlement agreement between McCollough and CACV is relevant to the claims being asserted by McCollough under the FDCPA, the UTPA and the common law causes of action. In particular, the information is relevant to prove bias or prejudice on the part of McCollough and potentially impeach his trial testimony regarding the damages he has allegedly suffered. The agreement may also provide that CACV will not cooperate in either the prosecution or defense of this suit.

Numerous federal courts have recognized that settlement information is discoverable even though it may not be admissible at trial. In *Towerridge, Inc. v. T.A.O., Inc.*, 111 F.3d 758, 769-70 (10th Cir. 1997), the court concluded a settlement agreement was admissible to show a subcontractor was not at fault for construction delays. Obviously, if the settlement information was admissible, it was discoverable. In *Computer Assoc. International, Inc. v. American Fundware, Inc.*, 831 F.Supp. 1516, 1531 (D.Colo. 1993), the court noted that settlement information which may not be admissible at trial is still discoverable so long as the information may lead to the discovery of

admissible evidence.  In *Morse/Diesel, Inc. v. Trinity Industries, Inc*., 142 F.R.D. 80, 84 (S.D.N.Y. 1992), the court noted that consistent with Rule 26(b)(1), settlement materials are discoverable if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

That McCollough and CACV agreed that their settlement agreement would be kept confidential does not mean it is not discoverable.  Fed. R. Civ. P. 26(b)(1) permits discovery of all relevant information unless the information is privileged.  While the law recognizes numerous privileges, generally speaking, no privilege attaches to settlement agreements.  Several federal courts have noted that Fed. R. Evid. 408, which generally prevents settlement information from coming before the jury, does not create any kind of settlement privilege.  *Computer Associates*, 831 F.Supp. at 1531 (Rule 408 is not a broad discovery privilege); *Morse/Diesel*, 142 F.R.D. at 84 (Rule 408 does not create any kind of settlement privilege for discovery purposes).  The settlement agreement between McCollough and CACV is discoverable even though the parties to the agreement termed it "confidential" since it is not protected from discovery by any statutory privilege.

The settlement agreement is particularly relevant to the issue of McCollough's bias or prejudice.  While Fed. R. Evid. 408 generally excludes settlement evidence when admitted to provide liability, *Reichenbach v. Smith*, 528 F.2d 1072, 1075 (5th Cir. 1976), it does not require the exclusion of settlement evidence when it is offered for another purpose, such as proving bias or prejudice of a witness.  *Id.  Reichenbach* noted that Rule 408 codified a trend in federal case law that permitted cross-examination of witnesses concerning a settlement when used for the purpose of impeachment.  *Id.*  The limits of Rule 408 were outlined in *Bankcard America, Inc. v. Universal Bancard Systems, Inc*., 203 F.3d 477, 484 (7th Cir. 2000):

> Rule 408 is not an absolute ban on all evidence regarding settlement negotiations.  The rule permits evidence that is otherwise discoverable or that is offered for a purpose other than establishing liability.  Courts have admitted evidence of offers or agreements to compromise for purposes of rebuttal, *see*, e.g., *Freidus v. First Nat'l Bank*, 928 F.2d 793 (8th Cir. 1991); for purposes of impeachment, *see*, e.g., *County of Hennepin v. AFG Indus., Inc*., 726 F.2d 149, 153 (8th Cir. 1984); to show the defendant's knowledge and intent, *see United States v. Hauert*, 40 F.3d 197, 199-200 (7th Cir. 1994); to show a continuing course of reckless conduct and negate the defense of mistake, *see Bradbury v. Phillips Petroleum Co.*, 815 F.2d 1356, 1362-66 (10th Cir. 1987); and to prove estoppel, *see Starter Corp. Converse, Inc*., 170 F.3d 286, 294 (2nd Cir. 1999).

Implicit in all these decisions that settlement evidence is admissible is that the settlement information was discoverable. Obviously, evidence cannot be admitted unless it is first discovered. In the case at bar, the settlement agreement between McCollough and CACV is discoverable and potentially admissible to show bias on his part. It would also be potentially admissible as impeachment evidence with regard to the amount of McCollough's damages. This exact issue was analyzed by the Montana Supreme Court in *Tripp v. Jeld-Wen, Inc.*, 2005 MT 121, 327 Mont. 146, 112 P.3d 1018, when interpreting Mont. R. Evid. 408, which is almost identical to the federal rule.

The Tripps contracted with Howard Construction for the construction of a new home. *Id.*, ¶ 8. They specifically stated that they wanted a floor that did not squeak so Howard Construction went with a flooring product manufactured by Jeld-Wen. *Id.* The floor squeaked. Tripps sued Jeld-Wen under various theories of liability, including the Montana Consumer Protection Act. *Id.*, ¶ 9. Jeld-Wen filed a third party complaint against Howard Construction but the Tripps settled with Howard before trial. *Id.*, ¶¶ 9-10. Evidence of the settlement, including the amount of settlement, was admitted

to impeach the testimony of Howard Construction's owner, who testified for the Tripps.  *Id.*, ¶ 10.

The court noted that Rule 408 does not allow settlement evidence in order to prove or disprove liability.  *Id.*, ¶ 20.  Indeed, that is not the purpose for which JRL seeks the evidence.  However, Rule 408 does allow the introduction of settlement evidence when introduced to illustrate the bias of the witness.  *Id.*  The court found no error in allowing the fact of settlement to be addressed on cross-examination of Howard's owner to show bias of the witness.  *Id.*  The court also found no error in the admission of the amount of the settlement.  *Id.*, ¶ 21.  This is because the amount Howard Construction settled for was similar to the amount Howard's owner had previously stated it would cost to repair the floor.  *Id.*  Howard's owner testified to a much higher amount at trial and it was proper for Jeld-Wen to impeach his testimony on this issue with the amount of the settlement.  *Id.*

Here, the settlement agreement between McCollough and CACV would be discoverable and admissible to show bias in McColloough's testimony. The amount of the settlement would potentially be admissible depending on McCollough's testimony as to his damages which resulted from the underlying

debt collection lawsuit.  If McCollough testifies that he was damaged in the amount of $500,000.00 but settled with CACV for $1,000.00, evidence of the settlement amount would be admissible to impeach McCollough's testimony as to his damages.  Therefore, the Court should reconsider its order of December 24, 2008, and order production of the settlement agreement.

## CONCLUSION

For the reasons and arguments set forth above, the Court should reconsider its order of December 24, 2008, and order McCollough to produce the settlement agreement.

DATED this 6th day of March, 2009.

> /s/ John E. Bohyer
> John E. Bohyer
> BOHYER SIMPSON & TRANEL, P.C.
> *Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(d)(2)(E)

This brief complies with the type-volume limitation of Local Rule 7.1(d)(2)(E) [6500 words for briefs; 3250 words for reply briefs], and contains 1,585 words, excluding the caption and certificates of service and compliance.

DATED this 6th day of March, 2009.

_____/s/ John E. Bohyer_____
John E. Bohyer
BOHYER SIMPSON & TRANEL, P.C.
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, the undersigned, a representative of the law firm of Bohyer Simpson & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing ***Brief in Support of Motion for Reconsideration on Motion to Compel Production of Settlement Agreement*** on the following persons by the following means:

| 1,2 | CM/ECF |
|------|--------|
|      | Hand Delivery |
|      | Mail |
|      | Overnight Delivery Service |
|      | Fax |
|      | E-Mail |

1.    Clerk, U.S. District Court

2.    John C. Heenan, Esq.
      HEENAN LAW FIRM
      2602 1st Ave N, Suite 305
      PO Box 2278
      Billings, MT 59103
      **Attorneys for Plaintiffs**

DATED this 6th day of March, 2009.


       /s/ John E. Bohyer

John E. Bohyer
BOHYER SIMPSON & TRANEL, P.C.
*Attorneys for Defendant*