John E. Bohyer
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana 59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email: mail@bstlawfirm.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

---

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | ) Cause No. CV-07-166-BLG-CSO |
| | ) **THE HON. CAROLYN S. OSTBY** |
| Plaintiffs, | ) |
| | ) |
| -vs.- | ) **DEFENDANT JRL'S BRIEF** |
| | ) **OPPOSING PLAINTIFF'S** |
| JOHNSON, RODENBURG & | ) **MOTION IN *LIMINE*** |
| LAUINGER, | ) |
| | ) |
| Defendant. | |

---

Defendant Johnson, Rodenburg & Lauinger, (hereafter "JRL") offers

this brief opposing Timothy McCollough's motion *in limine.* McCollough has

filed a motion *in limine* on six issues: (1) attorney's fees under the Fair Debt

Collection Practices Act ("FDCPA") and the Montana Unfair Trade Practices and Consumer Practices Act ("UTPA"); (2) treble damages under the UTPA; (3) June Tift's lawsuit; (4) argument that CACV is responsible for JRL's conduct; (5) the "deadbeat" defense; and (6) any evidence in contravention of the Court's orders dated November 21, 2008 and January 8, 2009.  JRL does not oppose sections (1), (2) and (3) of McCollough's motion.  JRL objects to sections (4), (5) and (6) as argued below.

## INTRODUCTION

McCollough filed the complaint in this matter against JRL and CACV of Colorado, LLC.  The factual basis for the complaint is the underlying debt collection lawsuit titled CACV of Colorado, LLC v. Timothy McCollough. CACV of Colorado was represented by JRL in the debt collection action.  The Court is aware of all material facts in this case given the numerous motions already filed with the Court.  McCollough's complaint in the case at bar set forth three causes of action: (1) violations of the FDCPA, (2) violations of the UTPA, and (3) abuse of process and malicious prosecution.  The Court has granted McCollough's motion for summary judgment on the FDCPA action, which included a finding that JRL's conduct was not protected by the bona

fide error defense.  McCollough's causes of action for violation of the UTPA, abuse of process and malicious prosecution are still at issue.

### 1.    JRL should be allowed to introduce evidence regarding CACV's conduct

JRL intends to introduce evidence at trial that will show JRL received information concerning McCollough's debt from CACV in an electronic format.  JRL relied upon this information to prepare the underlying complaint that was filed against McCollough.  The evidence will show that JRL initially noticed that CACV's claim against McCollough could be barred by the applicable statute of limitations.  JRL brought this fact to CACV's attention via written communication.  CACV responded to JRL by stating that McCollough had made a payment in June of 2004 which brought the matter within the statute of limitations.  JRL then filed the underlying debt collection action against McCollough.  Months later, CACV informed JRL that McCollough had not made a payment.  However, CACV did not inform JRL that this took the matter outside the statute of limitations.  Unfortunately, JRL did not immediately understand that the underlying lawsuit was barred by the statute of limitations since McCollough had not made a payment in June of 2004.  As a result, JRL continued with the case and served McCollough with

discovery.  McCollough hired counsel and responded to the discovery.  JRL then learned through conversations with CACV that the lawsuit was barred by the statute of limitations.  The case was then voluntarily dismissed.

McCollough's motion *in limine* seeks to exclude JRL from making any argument at trial that it relied upon the information it received from CACV. McCollough's argument is based on the Court's order which ruled that JRL's conduct in filing and prosecuting the underlying debt collection lawsuit violated the FDCPA and was not protected by the bona fide error defense. Although the Court's order concludes that JRL's conduct violated the FDCPA, the Court's order does not prohibit JRL from introducing the above evidence, or any other evidence regarding the interaction between CACV and JRL, since such evidence is relevant to the issues of whether JRL violated the UTPA or is liable for malicious prosecution or an abuse of process.  Furthermore, it is squarely relevant to the issue of malice for purposes of defeating Plaintiff's punitive damage claim.

Mont. Code Ann. § 30-14-103 provides that "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful."  In addition, Mont. Code Ann. § 30-14-

133(1) requires McCollough to prove he was a "consumer" as defined by the UTPA who suffered damages as a result of an action declared unlawful under Mont. Code Ann. § 30-14-103.  Evidence showing the relationship between CACV and JRL will be relevant to the issue of whether McCollough was a consumer with respect to JRL.  In fact, McCollough was not.  Such evidence will also be relevant to the issue of whether JRL engaged in an unfair method of competition or unfair or deceptive acts or practices in the conduct of a trade or commerce.

Evidence concerning the information provided by CACV and the interaction between CACV and JRL is also relevant to JRL's defense to both the malicious prosecution and abuse of process of claims.  One of the central issues to a malicious prosecution claim is whether the defendant lacked probable cause for instigating the underlying lawsuit.  *Seltzer v. Morton*, 2007 MT 62, ¶ 72, 336 Mont. 225, 154 P.3d 561; *Seipel v. Olympic Coast Investments*, 2008 MT 237, ¶ 11, 344 Mont. 415, 188 P.3d 1027.  A determination of probable cause turns on the facts known to the defendant when the underlying lawsuit was filed.  *Id.*  In examining this issue, the jury may consider whether the defendant could or should have made a further

investigation as an ordinarily prudent person would have made in the same circumstances before initiating a lawsuit. *Id.*

The evidence regarding CACV's conduct, and the information it provided to JRL prior to the filing of suit, is relevant to whether JRL acted without probable cause and whether JRL acted with malice when filing and prosecuting the underlying debt collection lawsuit. Therefore, evidence regarding communications between CACV and JRL should be admitted and Plaintiff's motion *in limine* should be denied.

The elements of an abuse of process claim include (1) an ulterior purpose and (2) a willful act in the use of process not proper in the regular conduct of the proceeding. *Seipel*, ¶ 20; *Seltzer*, ¶ 57. McCollough must establish that JRL attempted to use process to coerce the plaintiff to do some collateral thing which plaintiff could not legally and regularly be compelled to do. *Judd v. Burlington Northern & Santa Fe Ry. Co.*, 2008 MT 181, ¶ 24, 343 Mont. 416, 186 P.3d 214. Evidence concerning the information provided by CACV and the interactions between CACV and JRL is relevant to whether JRL acted coercively or had an ulterior purpose in filing and prosecuting the underlying debt collection lawsuit. In short, JRL is entitled to prove that but

for the information provided to it by CACV, it had no motive to do anything other than represent its client, CACV.  Therefore, evidence concerning the communications and interaction between CACV and JRL should be admitted and Plaintiff's motion denied.

Fed. R. Evid. 105 also applies to this issue.  The admissibility of evidence for a limited purpose is governed by Rule 105, which provides: "When evidence which is admissible ... for one purpose but not admissible ... for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly."  *Borunda v. Richmond*, 885 F.2d 1384, 1388 (9th Cir. 1988).  Rule 105 obligates a district court to restrict limited purpose evidence to its proper scope.  *Id.*  It also entitles the opposing party, upon request, to a cautionary instruction.  *Id.*  In the case at bar, although evidence of the information provided by CACV and the interactions between CACV and JRL may no longer be relevant to McCollough's FDCPA claim, it is still relevant and admissible to the UTPA claim, the malicious prosecution claim and the abuse of process claim. Therefore, the Court should deny McCollough's motion *in limine* on this issue.

McCollough also argues such evidence is prohibited by Mont. Code Ann. § 27-1-703, which is referred to as the "empty chair defense."  This statute has no application to the facts of this case.  Mont. Code Ann. § 27-1-703 deals with negligence cases and negligence is not an issue in the case at bar.  Mont. Code Ann. § 27-1-703 provides in relevant part:

> (6)(a) ***In an action based on negligence***, a defendant may assert as a defense that the damages of the claimant were caused in full or in part by a person with whom the claimant has settled or who the claimant has released from liability.
>
> (6)(b) In determining the percentage of liability attributable to persons who are parties to the action, the trier of fact shall consider the negligence of persons released from liability by the claimant or with whom the claimant has settled. ...
>
> (6)(c) Except for persons who have settled with or have been released by the claimant, comparison of fault with any of the following persons is prohibited: ...

(emphasis added.)

McCollough's amended complaint against JRL set forth causes of action for violation of the FDCPA, violation of the UTPA, malicious prosecution and abuse of process.  McCollough has not pleaded a cause of action for negligence so Mont. Code Ann. § 27-1-703 has no application to the case at bar.  Therefore, the Court should deny McCollough's motion *in limine.*

**2.    The "deadbeat" defense**

McCollough has moved the Court for an order *in limine* excluding any and all evidence that McCollough owed the underlying debt.  McCollough argues that JRL will argue that McCollough owed the debt and "got what he deserved."  McCollough argues this "deadbeat"defense is impermissible since the determination of an FDCPA violation does not involve inquiry into the debtor's worthiness.  The Court should reject McCollough's argument and deny his motion *in limine* on this issue.

McCollough forgets this lawsuit also involves a claim for a violation of the UTPA, a claim for malicious prosecution and a claim for abuse of process. As noted above, the UTPA applies to consumers who are damaged by activities that violate Mont. Code Ann. § 30-14-103.  Mont. Code Ann. § 30-14-133.  The only way McCollough can establish that he is a consumer as defined by the UTPA is to present evidence that he purchased goods and services with his credit card and owed the debt JRL sought to collect. Otherwise his claim fails.

In addition, to prove a malicious prosecution claim McCollough must show that JRL did not have probable cause to file suit and that it was actuated

by malice in filing and prosecuting the underlying debt collection lawsuit. In its defense, JRL is entitled to the admission of evidence regarding the information it possessed when it filed and prosecuted the underlying lawsuit. This must include evidence that McCollough owed the debt and evidence that he had made a payment that brought the debt within the statute of limitations. If this evidence is excluded, the jury will be left with the impression that JRL filed the underlying lawsuit even though no debt was ever owed by McCollough.

The same is true for the abuse of process claim. McCollough has to establish that JRL had (1) an ulterior purpose and (2) engaged in a willful act in the use of process not proper in the regular conduct of the proceeding. In defense of this claim, JRL must show that it did not have an ulterior purpose. Evidence that McCollough owed the debt is critical to JRL's defense that it did not act with any improper or ulterior purpose when it filed suit as counsel for CACV. Therefore, the Court should deny McCollough's motion *in limine.*

**3.**     **Evidence contrary to the Court's orders of 11/21/08 and 1/8/09**

The Court's orders dated November 21, 2008, and January 8, 2009, addressed McCollough's motion for partial summary judgment on his FDCPA

claim.  These orders made no conclusive rulings with regard to McCollough's claims for violation of the UTPA, malicious prosecution or abuse of process. McCollough's motion *in limine* on this point is vague and it attempts to exclude evidence both relevant and admissible to his other claims as argued above.  McCollough's argument also misconstrues the law of the case doctrine.

Under the law of the case doctrine, a court ordinarily is precluded from reexamining an issue that was previously decided by the same court, or a higher court, in the same case.  *Hydrick v. Hunter*, 500 F.3d 978, 986 (9th Cir. 2007).  For the doctrine to apply, the issue in question must have been decided explicitly or by necessary implication in a previous disposition.  *Id.*  Thus, the doctrine acts as a bar only when the issue in question was actually considered and decided by a previous court decision.  *Id.*

In the case at bar, the Court's orders of November 21, 2008, and January 8, 2009, examined and determined that JRL's conduct violated the FDCPA. The Court's orders did not examine, consider or determine whether JRL's conduct violated the UTPA, constituted a malicious prosecution or an abuse of process.  Although the Court's orders prevent JRL from making any argument

that it's conduct did not violate the FDCPA, JRL is still free to introduce evidence and argue that it's conduct did not violate the UTPA, did not constitute malicious prosecution and did not constitute an abuse of process.

McCollough's argument seeks to exclude the underlying factual evidence from the trial, e.g., JRL had a contractual basis for seeking attorney's fees, JRL reasonably relied on information from CACV, JRL did not believe the lawsuit was barred by the statute of limitations when it was filed. This is a misapplication of the law of the case doctrine. The underlying facts are still admissible under Fed. R. Evid. 105 as argued above since the facts are also relevant to McCollough's other claims, and JRL's defense against those claims. Under the law of the case doctrine, when a court decides an issue of law, that decision continues to govern the same issues in subsequent stages of the case. *Murdoch v. Castro*, 489 F.3d 1063, 1067 (9th Cir. 2007). The issue of law already determined by the Court's earlier orders is that JRL's conduct violated the FDCPA. Thus, JRL can no longer argue it did not violate the FDCPA. However, the law of the case doctrine does not prevent JRL from introducing relevant evidence and arguing that it did not violate the UTPA or

engage in malicious prosecution or an abuse of process.  Therefore, the Court should deny this portion of McCollough's motion *in limine*.

## CONCLUSION

The Court should grant sections 1, 2 and 3 of McCollough's motion *in limine* as JRL does not have any objection to these sections.  For the reasons set forth above, the Court should deny sections 4, 5 and 6 of McCollough's motion *in limine*.

DATED this 6th day of March, 2009.

        /s/ John E. Bohyer
John E. Bohyer
BOHYER SIMPSON & TRANEL, P.C.
*Attorneys for Defendant*

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(d)(2)(E)

This brief complies with the type-volume limitation of Local Rule 7.1(d)(2)(E) [6500 words for briefs; 3250 words for reply briefs], and contains 2,395 words, excluding the caption and certificates of service and compliance.

DATED this 6th day of March, 2009.

        /s/ John E. Bohyer
John E. Bohyer
BOHYER SIMPSON & TRANEL, P.C.
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I, the undersigned, a representative of the law firm of Bohyer, Simpson & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing ***Defendant JRL's Brief Opposing Plaintiff's Motion in Limine*** on the following persons by the following means:

| | |
|---|---|
| 1,2 | CM/ECF |
| ___ | Hand Delivery |
| ___ | Mail |
| ___ | Overnight Delivery Service |
| ___ | Fax |
| ___ | E-Mail |

1.    Clerk, U.S. District Court

2.    John C. Heenan, Esq.
      HEENAN LAW FIRM
      2602 1st Ave N, Suite 305
      PO Box 2278
      Billings, MT 59103
      **Attorneys for Plaintiffs**


DATED this 6th day of March, 2009.


    /s/ John E. Bohyer
John E. Bohyer
BOHYER SIMPSON & TRANEL, P.C.
*Attorneys for Defendant*