# JOHNSON, RODENBURG & LAUINGER

Attorneys at Law
1004 East Central Avenue; PO Box 4127
Bismarck, North Dakota 58502-4127
Tel. (701) 222-1170
Fax (701) 222-8231

CREDITORS' RIGHTS LAW,
COLLECTIONS, AND
RELATED MATTERS

BRUCE D. JOHNSON*
CLIFTON RODENBURG*
LISA LAUINGER+
CHARLES DENDY‡
ERIN ZASADA~
MANDY R. DENDY

* ALSO ADMITTED MN, MT, SD, NE & WI
+ ALSO ADMITTED MN, MT & SD
‡ ALSO ADMITTED MT
~ ALSO ADMITTED MN & MT

April 10, 2008

51528
Hon. Russell Fagg
Judge of the District Court
YELLOWSTONE COUNTY COURTHOUSE
PO Box 35027
Billings MT 59107

Re: UNIFUND CCR PARTNERS ASSIGNEE OF PALISADES COLLECTION, LLC vs.
JUDY A ROBY
Our File No.: 51528
Your file no.: DV 07-1333

Dear Judge Fagg:

I have received and reviewed your letter of April 2, 2008 relative to the above matter.

I first learned an answer had been filed in this matter mid-afternoon on April 1, 2008 when I received a call from defense counsel and he indicated Ms. Roby had filed an answer pro se. I explained our office had not previously received a copy of an answer in this matter and asked that a copy be faxed to me, indicating that upon receipt of that fax I would be withdrawing the motion for entry of default.

On April 2, 2008 after the faxed copy of the Answer arrived, I withdrew the motion for entry of default, faxing a copy to the clerk to ensure the withdrawal reached the clerk as soon as possible.

I will not question whether Ms. Roby properly served a copy of the Answer as there is a certificate of service attached to her Answer. However, our office had not received a copy of the Answer on March 28, 2008 and has still not received the March 13, 2008 service copy of the Answer by mail. My affidavit correctly indicated that as of March 28, 2008, no answer had been received by or served upon counsel.

My copy of the Order setting a scheduling conference arrived April 3, 2008. Had that arrived prior to filing the Motion for Default, I would have contacted the clerk to see if there might have been an answer filed, because such scheduling orders are typically not entered until after an answer has been filed.

JRL - 01855

On rare occasions, an answer is filed which is not served upon our office, or where the copy is lost in the mail, or which crosses in the mail with an otherwise proper request for entry of default. In any of those instances, it is my practice to withdraw the request for default as soon as possible in the event it has not already been denied by the court.

In this instance, as always, I thoroughly review every case to see if an answer or anything the court might construe as an answer has been served and filed. When the motion for default was filed in this matter, no answer had been received and no other indication, such as a scheduling order, had been received which might suggest an answer was filed. Upon learning an answer had been filed and receiving a copy of that answer, I moved quickly to withdraw the motion for default. I am disappointed that my integrity was so quickly and so publicly called into question.

Sincerely,

JOHNSON, RODENBURG & LAUINGER

Charles Dendy

cld/CD

cc:    Thomas E. Smith
       Attorney at Law
       PO Box 2559
       Billings, MT 59103-2559

JRL - 01856