

Honorable John W. Whelan
District Judge, Department No. II
Butte-Silver Bow County Courthouse
155 West Granite Street
Butte, Montana 59701
(406) 497-6420

## MONTANA SECOND JUDICIAL DISTRICT COURT
## SILVER BOW COUNTY

| | |
|---|---|
| Lester E. AMMONDSON, Catherine COUTURE (as surviving spouse of James W. Couture), Sherwood CHRISTENSEN, W. Stephen DEE, Charles GILDER, John A. LAHR, Edmond MAGONE, Elmer MELDAHL, John S. MILLER, Roger L. RAWLS, C. Daniel REGAN, Allen T. SMITH, George A. THORSON, John B. VAN GELDER, and Wilhelmus C. VERBAEL, <br><br> Plaintiffs, <br><br> v. <br><br> NORTHWESTERN CORPORATION, and Gary G. DROOK, Michael J. HANSON, Roger P. SCHRUM, Keith KOVASH, and Kendall G. KLIEWER, all as individuals and as corporate officers of Northwestern Corporation, and PAUL, HASTINGS, JANOFSKY & WALKER, LLP, a California limited liability partnership, <br><br> Defendants. | Cause No. DV-05-97 <br><br><br> **ORDER DENYING DEFENDANT PAUL, HASTINGS, JANOFSKY & WALKER LLP'S MOTIONS IN LIMINE** |

This matter arrives before the Court upon Defendant Paul, Hastings, Janofsky & Walker LLP's Motions In Limine. The issue having been briefed and a hearing having been held on December 4, 2006,

**IT IS HEREBY ORDERED** that Defendant Paul, Hastings, Janofsky & Walker LLP's Motions In Limine are DENIED.

DATED this ___18th___ day of December 2006.

_____
John W. Whelan
District Judge

*Order Denying Defendant Paul, Hastings, Janofsky & Walker LLP's Motions In Limine*
*Page 1 of 1*

A. Clifford Edwards
Triel D. Culver
John Heenan
EDWARDS, FRICKLE,
ANNER-HUGHES, COOK & CULVER
1601 Lewis Avenue, Suite 206, P.O. Box 20039
Billings, MT 59104
(406) 256-8155

Attorneys for Plaintiffs

## MONTANA SECOND JUDICIAL DISTRICT COURT
## BUTTE-SILVER BOW COUNTY

| | |
|---|---|
| Lester E. AMMONDSON, Catherine COUTURE (as surviving spouse of James W. Couture), Sherwood CHRISTENSEN, W. Stephen DEE, Charles GILDER, John A. LAHR, Edmond MAGONE, Elmer MELDAHL, John S. MILLER, Roger L. RAWLS, C. Daniel REGAN, Allen T. SMITH, George A. THORSON, John B. VAN GELDER, and Wilhelmus C. VERBAEL, | Cause No: DV-05-97

Judge John W. Whelan

**PLAINTIFFS' EXPERT DISCLOSURE** |
| Plaintiffs, | |
| v. | |
| NORTHWESTERN CORPORATION, and Gary G. DROOK, Michael J. HANSON, Roger P. SCHRUM, Keith KOVASH, and Kendall G. KLIEWER, all as individuals and as corporate officers of Northwestern Corporation, | |
| Defendants. | |

COMES NOW the Plaintiffs, by and through their counsel of record, Edwards,

Frickle, Anner-Hughes, Cook & Culver, and pursuant to the Court's Scheduling Order

and Rule 26(b)(4)(A)(i), M.R.Civ.P., identify and disclose the following expert witnesses who may be used at trial to present testimony in the above-entitled matter:

1.      Joel Guthals, Esq.
        10 N. 27th St.
        P.O. Box 1977
        Billings, MT 59103
        (406) 245-3071

Mr. Guthals is a Billings, Montana lawyer specializing in business bankruptcy cases, including Chapter 11 reorganization cases. Mr. Guthal's CV is attached hereto as Exhibit "A." Mr. Guthals will testify regarding bankruptcy law, practice, procedure, terminology, and standards, generally and in the context of a Chapter 11 reorganization. Mr. Guthals will testify regarding the powers and responsibilities of a debtor-in-possession, including a debtor-in-possession's fiduciary duty to creditors of the bankruptcy estate. Mr. Guthals will testify regarding the primary responsibilities of a debtor's counsel, including counsel's obligation to make sure that the debtor-in-possession complies with bankruptcy law and procedure in the administration of the Chapter 11 case.

Mr. Guthals will testify that the manner in which Northwestern and/or its bankruptcy counsel dealt with the Plaintiff Retirees in the *Northwestern Corporation Chapter 11 Bankruptcy, U.S. Bankruptcy Court for the District of Delaware* (Case No. 03-12872), was improper and in violation of applicable bankruptcy laws, rules and standards of practice, in numerous ways, including the following: (1) failing to list Plaintiffs and to schedule their claims on either or both Schedule F (unsecured creditors) or Schedule G (executory contracts) and to indicate whether the claims if

unsecured were disputed, contingent, or unliquidated, all in violation of Rule 1007, F.R.B.P.; (2) failing to list Plaintiffs as creditors or parties in interest on the mailing list thereby precluding them from receiving notices and information about the Chapter 11 case, including any information about its impact on them and their contract rights and claims, in violation of District Court of Delaware Local Rule 1007-1; (3) failing to file amendments of the schedules and lists when they determined that Plaintiffs had contractual rights impacted by the Chapter 11 case in violation of Rule 1009, F.R.B.P.; (4) failing to comply with the required procedure to assume or reject executory contracts during the Chapter 11 case or at the time of Plan confirmation in violation of 11 U.S.C. §§ 365 and 1123 and Rules 6006 and 9014, F.R.B.P.; (5) failing to serve Plaintiffs with the Second Amended and Restated Disclosure Statement and the Second Amended and Restated Chapter 11 Plan of Reorganization; (6) failing to serve Plaintiffs with ballots to allow them to vote on confirmation of the Second Amended and Restated Chapter 11 Plan of Reorganization; (7) failing to provide Plaintiffs with notice of the Debtor-in-Possession's intention to terminate the Plaintiffs' retirement contract rights in the Chapter 11 case prior to the confirmation of the Second Amended and Restated Chapter 11 Plan of Reorganization; (8) filing the Second Amended and Restated Disclosure Statement with the Bankruptcy Court that was misleading both to the Court and to creditors and parties in interest showing in the Second Amended and Restated Disclosure Statement that the Debtor-in-Possession did not intend to terminate Plaintiffs' contract rights; (9) failing to comply with the Debtor's Second Amended and Restated Chapter 11 Plan of Reorganization by seeking to obtain release from pension

plan obligations and by denying their right to vote contrary to Sections 4.9, 8.1, and 10.7 of the Plan; (10) seeking to invoke the jurisdiction of the Bankruptcy Court to pursue a motion to terminate the Plaintiffs' contract rights and an adversary proceeding for declaratory and injunctive relief against Plaintiffs regarding Plaintiffs' Butte-Silver Bow County District Court action to enforce their contract rights by filing such motion and adversary proceeding after substantial consummation of the Second Amended and Restated Chapter 11 Plan of Reorganization when the Bankruptcy Court no longer had jurisdiction over the Northwestern Corporation bankruptcy case or assets; (11) representing and arguing to the Bankruptcy Court that the Second Amended and Restated Disclosure Statement was binding on the Plaintiffs; and (12) failing to inform the Bankruptcy Court in its pleadings, filed in connection with its attempts to terminate Plaintiffs' contract rights and enjoin Plaintiffs Butte-Silver Bow County District Court action, that Northwestern Corporation had missed the deadline to terminate the contract rights under the terms of the confirmed Second Amended and Restated Chapter 11 Plan of Reorganization and that the Bankruptcy Court's jurisdiction was or may be questionable.

Mr. Guthals will testify that the conduct of Northwestern and/or its bankruptcy counsel, in their numerous failures to follow bankruptcy law, rules, procedures and standards of practice, demonstrates bad faith in that Northwestern and/or its counsel knew or should have known that they were filing pleadings and papers that were misleading and untrue, and that their actions denied Plaintiffs basic and fundamental

rights of due process and fairness, which are key components of bankruptcy law and practice.

2.    **Ford Elsaesser, Esq.**
       P.O. Box 1049
       Sandpoint, Idaho 83864
       (208) 263-8517

Mr. Elsaesser is an Idaho attorney and bankruptcy trustee with a national bankruptcy practice. Mr. Elsaesser's CV is attached as Exhibit "B." Mr. Elsaesser will testify regarding the powers and responsibilities of a debtor-in-possession and its counsel. Mr. Elsaesser will testify regarding the treatment of Supplemental Employee Retirement Plans ("SERP's") in the context of a Chapter 11 bankruptcy. Mr. Elsaesser will testify that it is common in the Chapter 11 context for corporations to seek to reject SERP's, in whole or in part, if the burden upon the reorganizing debtor outweighs any benefits. Mr. Elsaesser will testify that the decision to assume or reject SERP's is vested in the business judgment of debtor-in-possession, with the advice of expert bankruptcy counsel.

Mr. Elsaesser will testify that had Northwestern and its counsel wished to exercise their business judgment in rejecting the SERP's held by the Retiree Plaintiffs, they had ample opportunity and ability to do so in a timely and lawful manner, which they did not do. Mr. Elsaesser will testify as to the various lawful ways which Northwestern and its counsel could have rejected the Retirees Plaintiffs' SERP's. Mr. Elsaesser will testify that such efforts would have required very modest expenditures of time and attorney's fees.

Mr. Elsaesser will testify that Northwestern and its counsel acted improperly and in bad faith in the manner in which they attempted to reject the Retiree Plaintiffs' SERP's, and specifically that the pleadings filed by Northwestern and its counsel were improper and inappropriate under Bankruptcy Rule 9011, which essentially adopts the standards of Rule 11 as it is adopted in most states. Mr. Elsaesser will testify that Northwestern and its counsel improperly used the motion and bankruptcy declaratory actions with the hope and expectation that the Retiree Plaintiffs would not have the resources or ability to properly contest the actions.

Mr. Elsaesser will testify that Northwestern and/or its counsel acted improperly and in bad faith, and abused the bankruptcy court process, in numerous other ways, including: (1) failing to schedule the Retiree Plaintiffs' contracts, with one exception, under Schedule G, and the continuing failure to properly amend such schedule to reflect these agreements; (2) failing to give any of the Retiree Plaintiffs any notice regarding the bankruptcy case; (3) failing to timely seek rejection of the Retiree Plaintiffs' contracts under its own prescribed deadlines in its confirmed Plan of Reorganization, which Plan clearly imposes upon the debtors an absolute deadline by which to reject contracts, for the obvious reason that upon rejection, the contract parties are entitled to file and vote upon their claim, like any other Class 9 creditor; (4) filing the January 31, 2005 Motion without representing to the court that the Motion was in fact untimely under Northwestern's own confirmed Plan, or claiming that there would be any legal basis whatsoever for the reorganized debtor, after substantial consummation, to make such claims under Section 363 or Section 105 of the Bankruptcy

Code; (5) not disclosing, both in the Motion and Declaratory Complaint, its failure to abide by its own deadlines in its own confirmed Plans to reject these contracts or "object to claim;" (6) attempting to deliberately mislead the Court with regard to any sort of purported "binding effect" of its disclosure statement when both Northwestern and its counsel knew, or should have known that the disclosure statements as filed would have and could have no binding effect whatsoever on any of the Retiree Plaintiffs; (7) failing to properly advise the Bankruptcy Court Judge that, in fact, none of the Retiree Plaintiffs had ever been properly served with any of the pleadings during the existence of the bankruptcy case; (8) failing to include in any of its pleadings the relevant law or planned paragraphs that would actually impact the ability of Northwestern to purport to reject such contracts; (9) attempting to invoke the jurisdiction of the Bankruptcy Court when Northwestern and its counsel knew, or should have known, that the Bankruptcy Court had no jurisdiction to entertain either the Motion or the Declaratory Relief Action after substantial confirmation of the Plan; (10) attempting to rely on the "retained jurisdiction" provisions of the Debtor's Plan while ignoring and blindsiding the Bankruptcy Court as to the other relevant provisions of the Plan which the Debtor did not comply.

Mr. Elsaesser will testify that experienced bankruptcy counsel throughout the country are generally aware of the fact that the filing of bankruptcy cases in Delaware presents a real hardship to employees, former employees and small trade creditors. People in the position of these Retiree Plaintiffs would generally find it difficult, if not impossible, to find affordable, non-conflicted counsel in Delaware to represent their

PLAINTIFFS' EXPERT DISCLOSURE                                                                 PAGE 7

interests and debtors counsel who file in Delaware often take advantage of this fact. Mr. Elseasser will testify that Northwestern and/or its counsel likely hoped and expected to obtain release from the Retiree Plaintiffs' SERP's by default in violation of the rules and spirit of the Bankruptcy Court.

3.    **Ron Dulaney, PhD**
      320 Keith Ave.
      Missoula, MT 59801

Dr. Dulaney is an economist with offices in Missoula, Montana. Dr. Dulaney's CV is attached hereto as Exhibit "C." Dr. Dulaney will testify as to the present value of the Retiree Plaintiffs' contracts. A representative sample of Dr. Dulaney's present value calculations is attached hereto as Exhibit "D."

4.    **John Miller**
      50 River Drive
      Cascade, MT 59421

Mr. Miller is a Retiree Plaintiff with expertise in the areas of accounting and ratemaking matters, and has testified as an expert witness in numerous instances as an employee of Northwestern's predecessor, Montana Power Company. To the extent Mr. Miller testifies as to his expertise in these areas, Plaintiffs provide notice through this disclosure. The substance of Mr. Miller's qualifications and opinions are contained in his First and Second Affidavits, attached hereto as Exhibits "E" and "F."

5.    **All Other Retiree Plaintiffs.**

Similarly, out of an abundance of caution, Plaintiffs include all other Retiree Plaintiffs in their disclosure. The various Retiree Plaintiffs acquired specialized

knowledge in their capacities as officers and employees of Defendant Northwestern and its predecessor, Montana Power Company. Because of the previous employment relationship between the Plaintiff Retirees and Northwestern and/or Montana Power Company, Defendants implicitly have knowledge of Retiree Plaintiffs' areas of expertise.

6.    **Any Witness Named by Defendants.**

7.    **Any Expert needed for Rebuttal.**

Dated this 3RD day of October, 2005.

> EDWARDS, FRICKLE
> ANNER-HUGHES, COOK & CULVER
>
> By: _____
>     Trial D. Culver
>     Attorneys for the Plaintiffs