John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
Facsimile:  (406) 839-9092
john@heenanlawfirm.com

Attorney for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | Cause No. CV-07-166-BLG-CSO |
| Plaintiff, | Judge Carolyn S. Ostby |
| vs. | |
| JOHNSON, RODENBURG & LAUINGER. | **REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTIONS IN LIMINE** |
| Defendant. | |

JRL does not oppose Plaintiff's First, Second or Third Motions in Limine. Plaintiff therefore responds only to his Fourth, Fifth and Sixth Motions, which JRL has opposed.

**4.     Any argument that CACV is responsible for Defendant's conduct.**

Plaintiff has sought an order in limine precluding JRL from arguing that CACV is responsible for JRL's own conduct.   JRL has misapprehended the scope of the relief Plaintiff seeks by this Motion, and argues that it is entitled to present the factual circumstances leading up to and subsequent to the filing of the lawsuit

against Plaintiff, including CACV's independent conduct. Plaintiff does not disagree with JRL in this regard. The factual circumstances are what they are, and JRL certainly has the right to present evidence concerning them. However, it would be inappropriate for JRL to argue to the jury that CACV is the one who is responsible or ask the jury to consider CACV's own culpability in rendering its verdict. This would be a classic empty chair defense which should not be permitted.

### 5.    The "deadbeat" defense.

Plaintiff has sought an order in limine precluding JRL from arguing that Plaintiff was a deadbeat or "got what he deserved," which is frequently referred to in FDCPA litigation as the "deadbeat defense." Again, JRL misapprehends the scope of the relief Plaintiff requests by arguing that it is entitled to put on evidence "regarding the information JRL possessed when it filed and prosecuted the underlying lawsuit." Plaintiff does not disagree that this evidence is certainly admissible. What would be improper, and, by this Motion, Plaintiff is seeking to preclude is any argument by JRL at trial that Plaintiff was a deadbeat or otherwise somehow deserved to be treated differently because he owed money.

Although JRL rightly notes that Plaintiff's Montana claims remain to be determined, it offers no legal authority or even logical argument for why a "deadbeat defense" argument would be germane to any of these remaining claims.

Both the FDCPA and Montana Unfair Trade Practices Act encourage consumers to act as private attorneys general to enforce the public policies expressed therein. 15 U.S.C. § 1692k(a) and Mont. Code Ann. § 30-14-133. Thus, any argument that Plaintiff was a "deadbeat" or "deserved what he got" because he owed money should be precluded by an Order in Limine.

**6.     Any attempt to impeach or undercut this Court's Nov. 21, 2008 (Docket No. 75) or Jan. 8, 2009 (Docket No. 96) Orders.**

Plaintiff has asked this Court for an Order precluding JRL from re-arguing issues addressed by this Court by its November 21, 2008 and January 8, 2009 Orders. Partial summary judgment rulings are accorded treatment as "law of the case." Baicker-McKee et al., FEDERAL CIVIL RULES HANDBOOK (West 2005) at pg. 899 (citations omitted) (attached as Exhibit "A"). "Thus, the parties are entitled to rely on the conclusiveness of the partial summary adjudication and, absent good reason for doing so, the district court will not generally revisit or alter the issues adjudicated under Rule 56(d)." *Id.*

It is obvious from JRL's brief in opposition to this Motion that JRL does intend to make legal arguments to the jury which are contrary to this Court's Orders. For example, JRL argues that Plaintiff, in order to prove his Montana UTPA claim, must show he was a "consumer" with respect to his relationship with JRL. (JRL Brief at 5.) But, this argument was rejected by the Court in its January

8, 2009 Order.  (Order at 9-10) ("One is a consumer not by one's relationship to the defendants, but by the terms of the original transaction.")

Likewise, JRL argues that Plaintiff "must establish that JRL attempted to use process to do some collateral thing which plaintiff could not legally and regularly be compelled to do."  (JRL Brief at 6.)  But, this Court, in its January 8th Order, rejected JRL's argument in this regard:

> Here, JRL's primary argument is that there is no evidence it filed suit to compel McCollough to do some collateral thing which could not be obtained through ordinary legal proceedings.  Though Montana law has required this showing, see Hughes, ¶ 21, the Montana Supreme Court most recently squarely rejected this argument in a case where the underlying claim was invalid, and apparently limited the "collateral" coercion requirement to cases where the underlying lawsuit was valid.

(January 8th Order at 14.)  Contrary to JRL's arguments, this Court did more than address JRL's liability under the FDCPA.  It addressed all of Plaintiff's state law claims and, in so doing, made plain what Plaintiff's burden of proof will be with respect to those claims at trial.  JRL should not be allowed to simply disregard those rulings and make legal arguments to the jury which are totally contrary to this Court's Orders.

This Court also determined material facts to be established under Fed. R. Civ. P. 56(d)(1).  For instance, the Court determined as an established material fact that "[b]y August 6, 2007, JRL had information from its client demonstrating that the lawsuit was time-barred."  (Nov. 21, 2008 Order at 14.)  But, in its responsive

brief, JRL asserts that CACV did not inform it that the suit was outside the statute of limitations, and that JRL did not know the statute of limitations had expired until after Mr. McCollough had retained counsel.  (JRL Brief at 3-4.)  These statements are simply incongruous with the material facts already determined by this Court.  These established facts, under the law of the case doctrine, should control at trial.

JRL also took the trial perpetuation deposition of a CACV employee last week in Denver.  In that deposition, JRL tried to lay the groundwork for an argument that it did, in fact, have a legal basis to seek attorney's fees in the state court lawsuit, including having the CACV employee testify that credit card contracts always have attorney's fee provisions in them.  But, this Court has already ruled that JRL did not have a basis for seeking attorney's fees.  (Nov. 21, 2008 Order at 17-18.)  Again, such an argument by JRL to the jury would be contrary to this Court's conclusive ruling on the issue.

This Court's dispositive Orders need to be given due weight by the jury, and if JRL is simply allowed to make arguments which directly contravene the Court's Orders, that will not happen.  Plaintiff respectfully requests an order in limine precluding JRL from making legal or factual arguments which are totally contrary to what this Court has already determined.

Respectfully submitted this 12th day of March, 2009.

HEENAN LAW FIRM

*/s/ John Heenan*
John Heenan
Attorney for Plaintiff

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(d)(2)(E)

This brief complies with the type-volume limitation of Local Rule 7.1(d))2)(E) [6500 words for briefs; 3250 words for reply briefs], and contains less than 3250 words, excluding the caption and certificates of service and compliance.

DATED this 12th day of March, 2009.

HEENAN LAW FIRM

*/s/ John Heenan*
John Heenan
Attorney for Plaintiff