**Pt. III**              **JUDGMENT**              **Rule 56**

ruling until the proper time arrives for making a complete adjudication on all issues in the case.[100]

### Effect of Partial Summary Adjudications—"Law Of The Case"

Partial summary adjudications are not "judgments" and do not become "final orders" until the district court enters a judgment disposing of the entire case.[101] Nevertheless, such adjudications are still rulings on a "dispositive motion",[102] and will be accorded treatment as "law of the case".[103] Thus, the parties are entitled to rely on the conclusiveness of the partial summary adjudication[104] and, absent good reason for doing so, the district court will not generally revisit or alter the issues adjudicated under Rule 56(d).[105] Nevertheless, such partial adjudications are not immutable and have no *res judicata* effect; they may, under appropriate circumstances, be revisited.[106] If the court later decides that good reasons exist to alter a partial summary adjudication, the court must so inform the parties and permit them an opportunity to present evidence concerning any of the revisited issues.[107]

### Appealability

Ordinarily, rulings that grant[108] or deny[109] partial summary adjudications are considered interlocutory, subject to revision by

100.  See Colasanto v. Life Ins. Co. of North America, 100 F.3d 203, 210 (1st Cir. 1996); Department of Toxic Substances Control v. Interstate Non-Ferrous Corp., 99 F.Supp.2d 1123, 1125 (E.D.Cal.2000).

101.  See Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica, 361 F.3d 1, 6 n.5 (1st Cir. 2004); Burkhart v. Washington Metro. Area Transit Auth., 112 F.3d 1207, 1215–16 (D.C.Cir.1997); Palmer v. Fox Software, Inc., 107 F.3d 415, 419 (6th Cir.1997), cert. denied, 522 U.S. 860, 118 S.Ct. 162, 139 L.Ed.2d 106 (1997).

102.  See Burkhart v. Washington Metro. Area Transit Auth., 112 F.3d 1207, 1215–16 (D.C.Cir.1997).

103.  See Burge v. Parish of St. Tammany, 187 F.3d 452, 467 (5th Cir.1999); Carr v. O'Leary, 167 F.3d 1124, 1126 (7th Cir. 1999); Palmer v. Fox Software, Inc., 107 F.3d 415, 419 (6th Cir.1997), cert. denied, 522 U.S. 860, 118 S.Ct. 162, 139 L.Ed.2d 106 (1997).

104.  See Huss v. King Co., 338 F.3d 647, 650–51 (6th Cir.2003), cert. denied, ___ U.S. ___, 124 S.Ct. 2080, 158 L.Ed.2d 629 (2004); Leddy v. Standard Drywall, Inc., 875 F.2d 383, 386 (2d Cir.1989).

105.  See Carr v. O'Leary, 167 F.3d 1124, 1126 (7th Cir.1999).

106.  See Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica, 361

F.3d 1, 6 n.5 (1st Cir. 2004); Burge v. Parish of St. Tammany, 187 F.3d 452, 467 (5th Cir.1999).

107.  See Alberty-Velez v. Corporacion de Puerto Rico Para La Difusion Publica, 361 F.3d 1, 6 n.5 (1st Cir. 2004); Huss v. King Co., 338 F.3d 647, 650–51 (6th Cir.2003); Leddy v. Standard Drywall, Inc., 875 F.2d 383, 386 (2d Cir.1989). See also Joseph P. Caulfield & Assocs., Inc. v. Litho Prods., Inc., 155 F.3d 883, 888 (7th Cir.1998) (holding that proper procedure to seek a revisitation of the adjudicated issues is to file a motion to vacate the ruling and request either that the issues be added to the trial or that they be resolved as a matter of law in favor of the moving party).

108.  See Lovejoy-Wilson v. NOCO Motor Fuel, Inc., 263 F.3d 208, 219 n.6 (2d Cir. 2001); CAE Screenplates Inc. v. Heinrich Fiedler GmbH & Co., 224 F.3d 1308 (Fed. Cir.2000); Williamson v. UNUM Life Ins. Co. of America, 160 F.3d 1247, 1250 (9th Cir.1998); Construction Aggregates, Ltd. v. Forest Commodities Corp., 147 F.3d 1334 (11th Cir.1998), cert. denied, 526 U.S. 1039, 119 S.Ct. 1335, 143 L.Ed.2d 500 (1999); E.E.O.C. v. Sears, Roebuck & Co., 839 F.2d 302, 352 n.53 (7th Cir.1988).

109.  See note 109 on page 900.