John E. Bohyer
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana 59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email: mail@bstlawfirm.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

-------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| TIMOTHY McCOLLOUGH, | ) | Cause No. CV-07-166-BLG-RFC-CSO |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **THE HON. CAROLYN S. OSTBY** |
| -vs.- | ) | |
| | ) | |
| JOHNSON, RODENBURG & | ) | **REPLY BRIEF IN SUPPORT** |
| LAUINGER, | ) | **OF JRL'S MOTION *IN LIMINE*** |
| | ) | **TO EXCLUDE TESTIMONY** |
| Defendant. | | **OF PLAINTIFF'S EXPERTS** |

-------------------------------------------------------------------------------------------

Defendant Johnson, Rodenburg & Lauinger, by and through its

attorneys of record, Bohyer, Simpson & Tranel, P.C., files this reply brief in

support of its motion *in limine* to exclude the testimony of Plaintiff's experts

Michael Eakin and James Patten.

## INTRODUCTION

Johnson, Rodenburg & Lauinger ("JRL") filed a motion *in limine* to

exclude the testimony of Timothy McCollough's ("McCollough") experts

Michael Eakin ("Eakin") and James Patten ("Patten").  JRL argued their

testimony should be excluded for the following reasons: (1) Eakin is providing

testimony on issues which do not require "expert" testimony, (2) neither of

them are qualified to provide the "opinions" expressed in their reports or their

testimony, (3) their "opinions" are impermissible legal conclusions which are

not admissible under Fed. R. Evid. 704, and (4) their testimony is irrelevant

given the Court's order dated January 8, 2009.

McCollough has filed an opposition brief which fails to provide the

Court with any facts to establish that Eakin and Patten are qualified to provide

the proffered expert testify at the upcoming trial.  McCollough's brief is full of

conclusory arguments but he fails to provide the Court with a single fact to

support any of his arguments.  The record before the Court including Eakin's

and Patten's reports and deposition testimony establishes that they should not be allowed to testify at trial.

**1.      Eakin and Patten have not expressed any opinions with regard to McCollough's malicious prosecution or abuse of process claims**

McCollough's first argument is that Montana law permits attorneys to testify as experts in abuse of process and malicious prosecution actions. It is unclear why McCollough makes this argument as JRL has never argued that attorneys are per se precluded from testifying as experts. Instead, Patten and Eakin should be excluded from testifying because neither one of them is qualified to provide the "expert" opinions set forth in their reports or their deposition testimony and neither has disclosed any opinions on the abuse of process or malicious prosecution claims.

McCollough argues that Eakin and Patten can provide expert testimony because attorneys have been permitted to provide expert testimony in other cases. McCollough refers the Court to the *Seltzer* case where attorney Tom Lewis was permitted to testify as an expert on issues related to the malicious prosecution and abuse of process claims. McCollough also refers the Court to the *Ammondson* case in which Joel Guthals and Ford Elsaesser were permitted

to testify as experts on bankruptcy proceedings[1].  Neither of these cases, however, provide any factual support for an argument that Eakin and Patten are qualified to testify as experts on any of the issues set forth in their reports or depositions.

Neither Eakin nor Patten were disclosed to provide expert testimony with regard to the malicious prosecution or abuse of process claims.  They were disclosed as experts to provide testimony on the alleged violation of the Fair Debt Collection Practices Act ("FDCPA").  Only now that JRL has moved to exclude their testimony does McCollough argue they will provide testimony on anything other than the FDPCA claims.

Patten's report letter dated August 19, 2008, sets forth four opinions. His first opinion is that JRL fails to meet the standard of legal practice in Montana for debt collection activities, i.e., JRL fails to meet the minimum standards imposed by Rule 11 of the Montana and Federal Rules of Civil Procedure.  Such an opinion, however, has nothing to do with the elements of a malicious prosecution action or an abuse of process action.  Such an opinion

---

[1]McCollough also argues that Wade Dahood was permitted to testify in the Ammondson case.  However, a review of the documents attached to McCollough's brief shows that Dahood was no identified as an expert in that case.

is nothing more than a legal conclusion which is reserved for a court to decide. In fact, Judge Sandefur's order in the *Seltzer* case which is attached to McCollough's brief specifically held that Mr. Lewis would not be permitted to provide "an opinion as to whether any of Defendants' conduct constituted a violation of the M.R.Civ.P., Fed. R.Civ.P., or any other law, legal duty, or rule of court." *See* Judge Sandefur's Omnibus Order in re Motions *in Limine*, p. 11, attached to McCollough's opposition brief as Exhibit A.  Therefore, the first opinion set forth in Patten's report letter is not admissible in a malicious prosecution or abuse of process action.

Patten's second opinion is that JRL "violate[d] 15 U.S.C. §§ 1692e and f by seeking to collect claims barred by the statute of limitations and/or not authorized by law."  This opinion is obviously directed at McCollough's FDCPA claim as it cites a statute contained within the FDPCA.  There is nothing in Patten's second opinion relating to McCollough's malicious prosecution or abuse of process claims.

Patten's third opinion is that JRL's "attempts to collect amounts not owed or [which] are barred by the statute of limitations are not unintentional or bona fide errors."  This opinion is obviously directed at JRL's FDCPA

affirmative defense of a bona fide error which the Court previously struck in its order on partial summary judgment. Again, there is nothing in Patten's third opinion concerning McCollough's malicious prosecution or abuse of process claims.

Patten's fourth opinion deals with the reasonableness of Heenan's attorney's fees in the underlying debt collection lawsuit and was not apart of JRL's motion *in limine*. That testimony will only be relevant if McCollough is successful in his claim to recover attorney's fees.

Patten's rebuttal opinion was set forth in his report letter dated October 2, 2008. His rebuttal opinion was that JRL did not have adequate safeguards and procedures in place to prevent violations of the Rules of Professional Conduct or to meet the standard of care of a Montana attorney and it was submitted in rebuttal to JRL's expert disclosure of Bill Hicks. As JRL does not intend to call Mr. Hicks in light of the Court's ruling on the FDCPA claim, Patten's rebuttal testimony is no longer relevant. Moreover, this "opinion" goes to a legal conclusion which would only be relevant in a legal malpractice action. His rebuttal opinion has nothing to do with a malicious prosecution claim or an abuse of process claim.

It is obvious that none of Patten's asserted opinions have anything to do with McCollough's malicious prosecution claim or his abuse of process claim. Nor was there anything in his deposition testimony which would establish he provided any opinions which would be relevant to the malicious prosecution or abuse of process claims. Its is obvious that McCollough is attempting to distract the Court with a red herring argument by suddenly claiming that Patten should be permitted to offer opinions on his malicious prosecution and abuse of process claims when no such opinions have been offered.

With regard to Eakin's "opinions," McCollough argues he will be providing factual testimony about his experience in assisting clients and potential clients in other lawsuits filed by JRL against Montana debtors. A quick review of Eakin's testimony as set forth in JRL's initial supporting brief shows that Eakin is not providing any testimony relevant to McCollough's malicious prosecution or abuse of process claims. In fact, a review of Eakin's deposition establishes that he doesn't have any solid factual basis for any of his opinions. All of his opinions are based on generalizations and recollections without any specific factual basis.

## 2.    Patten is not qualified to express his opinions

JRL cited numerous portions of Patten's deposition to show that he is not qualified to render the expert opinions proffered in his reports and deposition testimony.  In response, McCollough argues that Patten is an experienced Montana litigation attorney with particular expertise in debtor-creditor relations, including the prosecution and defense of collection actions in Montana.  Plaintiff's Opposition Brief, p. 10.  Unfortunately, McCollough does not provide any factual basis to support his argument.  He does not cite the Court to any of Patten's deposition testimony which could be used to establish his qualifications.  This leaves the Court with nothing more than Patten's testimony which was cited in JRL's initial brief.  This testimony establishes that Patten is not qualified to give the proffered opinions.  Without the necessary expertise, Patten should not be allowed to offer expert testimony at the trial of this matter.

## 3.    Eakin is not qualified to express his proffered opinions and his factual testimony is irrelevant

McCollough has identified Eakin as an expert witness with his report letter and deposition containing the substance of his opinions.  McCollough now concedes that Eakin will not be testifying as an expert, but will instead be

testifying as a fact witness or as a "hybrid fact/expert witness" regarding his experience defending other debtors in lawsuits filed by JRL. He will testify the conduct JRL displayed in its suit against McCollough was substantially similar to other instances in which he has dealt with JRL. McCollough argues this evidence is relevant to his punitive damages claim. The Court should reject this argument and exclude Eakin's testimony.

Eakin's testimony was set forth in detail in JRL's initial brief. His testimony reveals that he does not have the qualifications to express the proffered opinions. Eakin's testimony also shows that he has virtually no basis for any of his testimony. His deposition testimony establishes that he couldn't recall any specifics of any of the cases he had defended where JRL had sued one of his clients. Eakin's testimony was general in nature and contained few actual facts. McCollough's brief does not cite the Court to any of Eakin's testimony to support his argument that Eakin should be permitted to testify.

McCollough's argument that Eakin's testimony is relevant to his punitive damages claim because it shows similar conduct by JRL against other debtors is misplaced. First of all, McCollough doesn't identify any of Eakin's

testimony which would show similar conduct by JRL. McCollough repeatedly makes this argument but doesn't provide the Court with any facts to support it. Second, even if such testimony existed and assuming it is at all relevant, it would not be admissible until the post-trial hearing to determine the amount of punitive damages should the jury determine that punitive damages are warranted. Mont. Code Ann. § 27-1-221(7). It is only during the post-trial hearing that reprehensible conduct is admissible. *Id.* Therefore, the Court should exclude Eakin from testifying.

### 4. Eakin and Patten are offering legal conclusions

Eakin's and Patten's opinions were set forth in JRL's initial brief. The opinions were nothing less than inadmissible legal conclusions. McCollough argues that neither Eakin nor Patten will offer legal conclusions at trial. Their reports show otherwise. McCollough does not provide the Court with a single opinion from either witness which would be admissible at trial. Therefore, the Court should exclude them from testifying.

### CONCLUSION

For the reasons set forth above as well as in JRL's initial brief, the Court

should grant its motion *in limine* and exclude Eakin and Patten from testifying at the trial of this matter.

DATED this 27th day of March, 2009.

/s/ Fred Simpson
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I, the undersigned, a representative of the law firm of Bohyer Simpson & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing **Brief in Support of JRL's Motion in Limine to Exclude Testimony of Plaintiff's Experts** on the following persons by the following means:

| 1,2 | CM/ECF |
| --- | --- |
| | Hand Delivery |
| | Mail |
| | Overnight Delivery Service |
| | Fax |
| | E-Mail |

1.  Clerk, U.S. District Court

2.  John C. Heenan, Esq.
    HEENAN LAW FIRM
    2602 1st Ave N, Suite 305
    PO Box 2278
    Billings, MT 59103
    **Attorneys for Plaintiffs**

DATED this 27th day of March, 2009.


    /s/ Fred Simpson

Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
Attorneys for Defendant