John E. Bohyer
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana 59807-7729
Telephone: (406) 532-7800
Facsimile: (406) 549-2253
Email: mail@bstlawfirm.com

*Attorneys for Defendant*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

-------------------------------------------------------------------------------------------------

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | ) Cause No. CV-07-166-BLG-CSO |
| | ) **THE HON. CAROLYN S. OSTBY** |
| Plaintiffs, | ) |
| | ) |
| -vs.- | ) **DEFENDANT'S REPLY BRIEF** |
| | ) **IN SUPPORT OF MOTIONS IN** |
| JOHNSON, RODENBURG & | ) **LIMINE** |
| LAUINGER, | ) |
| | ) |
| Defendant. | |

-------------------------------------------------------------------------------------------------

Defendant Johnson, Rodenburg & Lauinger files this reply brief in

support of its motion *in limine*.

## INTRODUCTION

JRL filed a motion *in limine* seeking to exclude seven items of evidence:

(1) evidence that Bruce Spencer of the Smith Law Firm in Helena filed a debt

collection lawsuit against McCollough in 2005 which was later dismissed, (2) evidence concerning other debt collection lawsuits filed by JRL, (3) testimony by witnesses Jeanie Cole, Ken Lucero or Keri Henan, (4) evidence that JRL was found to have violated the FDCPA in another lawsuit, (5) a letter written by Judge Fagg to Charles Dendy, (6) evidence that JRL has insurance coverage for the claims made by McCollough, (7) the film "Maxed Out". McCollough has opposed five of these seven items of JRL's motion *in limine*. McCollough has stated that he does not intend to offer the film "Maxed Out" into evidence so that portion of JRL's motion should be granted. McCollough conditionally agrees that evidence of JRL's insurance is admissible.

## ARGUMENT

### 1.    Evidence of the lawsuit filed by Mr. Spencer

JRL withdraws its motion to exclude evidence that Bruce Spencer had previously filed suit against McCollough on behalf of CACV.

### 2.    Evidence of other lawsuits filed by JRL

JRL moved the Court to exclude evidence concerning the number of lawsuits JRL and/or its attorneys have filed in the past. Such evidence is irrelevant to McCollough's claims in this lawsuit. McCollough has opposed

this portion of JRL's motion *in limine* by arguing such evidence somehow shows a lack of probable cause and actual malice by JRL on the malicious prosecution claim and to establish punitive damages. The Court should reject McCollough's argument.

There is no relevance whatsoever to the number of other lawsuits filed by JRL. JRL does not deny that the suit it filed against McCollough was, in some respects, similar to many other suits it files. But that does not make evidence of those other suits admissible. The fact that JRL files tens, hundreds or even thousands of other lawsuits does not make more or less probably any fact at issue in McCollough's case. If evidence of the number of suits JRL files is admitted to show the malice or reprehensibility of JRL's conduct, McCollough will no doubt argue, by implication (and without any *proof*), that JRL's other suits must likewise be time-barred or subject to some other claimed (but unproven) infirmity. Of course, simply filing other lawsuits is not wrongful conduct, and probative of nothing. Any inference that JRL's other lawsuits must also involve wrongful conduct by JRL would force JRL to defend itself by examining before the jury the pleadings, orders and judgments entered in those cases to disprove the charge that by simply filing such suits, it

must have violated the rights of other debtors who are not parties to this lawsuit.  Opening up evidence of what did or did not occur in other suits would unnecessarily multiply the proceedings and result in a significant waste of the Court's, the parties' and the jury's time and resources.  Accordingly, this evidence should be excluded under Rule 403.

The fact that JRL attorneys have filed numerous lawsuits in the past does not have any tendency to show that JRL lacked probable cause or acted with actual malice when it filed the lawsuit against McCollough.  The court in *Seltzer v. Morton* noted that a determination of probable cause turns on the facts known to the prosecuting party at the time the lawsuit was filed.  *Seltzer*, 2007 MT 62 ¶ 72, 336 Mont. 225, 154 P.3d 561.  The number of lawsuits JRL has filed in the past has nothing to do with a determination of probable cause. Nor does it have anything to do with malice.  It is simply a number that has no bearing on the information known to JRL when it filed the lawsuit against McCollough.

McCollough also argues the number of lawsuits filed by JRL is relevant to the issue of punitive damages because it shows reprehensible conduct by JRL.  McCollough's argument fails to identify how the number of lawsuits

filed by JRL establishes reprehensible conduct.  McCollough has failed to present any evidence that the other lawsuits filed by JRL were illegal, impermissible or otherwise invalid.  It is apparent that McCollough wants to portray JRL as an unsavory business that files baseless debt collection lawsuits against poor, unsuspecting Montana residents, with the result that such conduct is reprehensible and should be punished.  However, this exact argument was rejected by the United States Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 423, 123 S.Ct. 1513, 1523, 155 L.Ed.2d 585 (2003):

> A defendant should be punished for the conduct that harmed the plaintiff, not for being an unsavory individual or business.  Due process does not permit courts, in the calculation of punitive damages, to adjudicate the merits of other parties' hypothetical claims against a defendant under the guise of the reprehensibility analysis .....

The number of lawsuits filed by JRL is nothing more than an arbitrary number which does not establish that JRL acted with malice, engaged in conduct which created a high probability of injury to McCollough or engaged in reprehensible conduct towards others.

Finally, even if the number of lawsuits filed by JRL was somehow probative of reprehensible conduct, such evidence is not admissible at the trial

on liability for punitive damages.  It would only be admissible in a subsequent hearing to determine the amount of punitive damages.  Mont. Code Ann. § 27-1-221(7)(a).  It is during the subsequent hearing that reprehensible conduct is evaluated.  *See* Mont. Code Ann. § 27-1-221(7)(b).  Thus, evidence of reprehensible conduct is not admissible until the post-trial hearing which would only be held if the jury determines that punitive damages should be awarded.

### 3.    The Court should exclude testimony from other debtors who were sued by JRL

JRL moved to exclude the testimony of witnesses Jeanie Cole, Ken Lucero and Keri Henan because it would be irrelevant to any of the issues before the Court.  McCollough has admitted that Ms. Cole's testimony has no relevance to the issues and no longer intends on calling her as a witness.  However, McCollough still intends on calling Lucero and Henan to testify, arguing their proposed testimony has a sufficient nexus to the issues at hand to warrant admissibility on the issue of punitive damages.  The Court should exclude their testimony from the trial as argued below.

First, their testimony must be excluded from the trial because evidence of reprehensible conduct on the part of JRL is not admissible until the second

phase of the trial as dictated by Mont. Code Ann. § 27-1-221.  If the jury finds

that punitive damages should be awarded, evidence of reprehensible conduct

might be admitted in the post trial hearing when the jury determines the

amount of punitive damages.  Mont. Code Ann. § 27-1-221(7).

Second, the evidence McCollough intends on introducing through

Henan and Lucero is not conclusive, but is at most evidence of questions of

fact in other lawsuits.  JRL filed a lawsuit against Lucero on behalf of a debt

collection client in early 2007.  JRL served Lucero with discovery in April of

2007 and he failed to respond.  JRL filed a motion for summary judgment in

early December of 2007 based on Lucero's failure to answer discovery.

Lucero responded to the motion for summary judgment through Jennifer

Beardsley, an attorney with the Montana Legal Services Association.

Beardsley also filed a motion to withdraw the deemed admissions.  The court

held a hearing in May of 2008 and denied the motion for summary judgment

and withdrew the deemed admissions.  John Heenan then made an appearance

as co-counsel.  In July of 2008, JRL filed a motion to dismiss due to the cost of

proceeding with the disputed action and the likelihood of finding assets should

a judgment be recovered.  See, Motion and Notice of Motion to Dismiss and

Brief, attached as **Exhibit A**. At the same time, Lucero filed a counterclaim to allege violation of the UTPA for serving requests for admission that contained false information. This counterclaim is still pending. Thus, Lucero would be testifying as to his allegations against JRL. In order to rebut the allegations, JRL would have to introduce evidence of what information it knew when the discovery was served on Lucero. This would divert the jury's attention away from the issues at hand to a determination of whether the requests for admission served on Lucero knowingly contained false information. Therefore, the Court should exclude Lucero's proposed testimony as it would confuse the issues, mislead the jury and be a waste of time. Fed. R. Evid. 403.

The Court should exclude the proposed testimony by Henan for the same reasons. Her case against JRL is also pending. If she is permitted to testify, the jury would need to make a determination as to whether JRL had a basis to seek attorney's fees in the debt collection lawsuit against her. This would mislead the jury, confuse the issue and be a waste of time. Therefore, the Court should not permit Henan to testify.

### 4.    JRL's prior violation of the FDCPA

JRL has moved the Court for an order excluding evidence that a Montana federal judge concluded it violated the FDCPA in the case of *Forman v. Johnson, Rodenburg & Lauinger*, CV 06-40-DWM-JCL (Order dated May 31, 2007, Docket No. 53) because such evidence is irrelevant to the issues to be decided in the case at bar, and more prejudicial than probative. McCollough argues the evidence is relevant and admissible to show that JRL's conduct involved repeated actions, intentional trickery, deceit and malice. McCollough also argues the court's finding in *Forman* is relevant to the issue of punitive damages.  The Court should reject McCollough's arguments because the *Forman* case has no similarities to the case at bar.

McCollough's argument neglected to provide the Court with any details as to the factual underpinnings of the *Forman* lawsuit and the court's decision. In *Forman,* the court concluded that JRL's conduct violated the FDCPA because it proceeded with collection activities without first providing Forman with verification of the debt as he had requested in writing.  No such allegations are at issue in the case at bar.  As stated in *Campbell*, punitive damages are designed to punish conduct similar to that which injures a

plaintiff. *Campbell*, 538 U.S. at 422, 123 S.Ct. at 1523. A defendant's dissimilar acts, independent from the acts upon which liability is premised, may not serve as the basis for punitive damages. *Id.* The Court should exclude the *Forman* court's decision since it deals with dissimilar acts which bare no relation to the allegations brought by McCollough.

### 5.    Judge Fagg's letter

JRL has moved to exclude a letter Judge Fagg wrote to JRL attorney Charles Dendy which arose out of another unrelated lawsuit. JRL moved to exclude the letter because it has no relevance to the issues in the case at bar. Judge Fagg's letter was written to Dendy because a *pro se* plaintiff had failed to serve JRL with a copy of his answer. JRL, not knowing an answer had been filed, filed default documents. JRL withdrew the default documents once it was apprised of the fact that the plaintiff had filed an answer. McCollough argues such evidence is relevant to the jury's determination of the punitive damages issue.

As noted above, *Campbell* limits the scope of evidence to be admitted in a punitive damages case to evidence of conduct similar to that at issue in the case at bar. *Campbell*, 538 U.S. at 422-23, 123 S.Ct. at 1523. The issues in

this case do not involve the filing of default documents after an answer had been filed.  Allowing McCollough to present evidence of other unsubstantiated, wrongful conduct would violate the limits imposed on punitive damages evidence as set forth by the United States Supreme Court.

Finally the letter constitutes hearsay and is therefore inadmissible under Federal Rule of Evidence 802.  Unless McCollough intends to call Judge Fagg to testify at trial, JRL would have no opportunity to cross-examine the opinions and statements expressed in his letter.

**6.     Insurance coverage for JRL**

JRL has moved the Court to exclude all evidence that its has insurance coverage against the allegations being made by McCollough.  McCollough does not generally oppose JRL's motion in this regard.  However, McCollough argues that he should be permitted to introduce evidence of insurance should JRL "open the door" by arguing a damage award is too high.  McCollough does not cite any legal authority to support his argument that JRL would "open the door" to allow evidence of insurance coverage by arguing about the amount of damages claimed by McCollough.  Nor is there any support under Federal Rule of Evidence 411 for McCollough's argument.  That Rule allows

in some circumstances the introduction of insurance evidence for other purposes such as proof of agency, ownership or control or to prove bias or prejudice.  There is no reason to allow evidence of insurance in this case.

**7.    The movie "Maxed Out"**

McCollough has agreed not to offer this film in to evidence.

DATED this 27th day of March, 2009.

_____/s/ Fred Simpson_____
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
*Attorneys for Defendant*

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(d)(2)(E)**

This brief complies with the type-volume limitation of Local Rule 7.1(d)(2)(E) [6500 words for briefs; 3250 words for reply briefs], and contains 2, 185 words, excluding the caption and certificates of service and compliance.

DATED this 27th day of March, 2009.

_____/s/ Fred Simpson_____
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

I, the undersigned, a representative of the law firm of Bohyer Simpson & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing ***Defendant's Reply Brief in Support of Motions in Limine*** on the following persons by the following means:

| | |
|---|---|
| 1,2 | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1.   Clerk, U.S. District Court

2.   John C. Heenan, Esq.
     HEENAN LAW FIRM
     2602 1st Ave N, Suite 305
     PO Box 2278
     Billings, MT 59103
     **Attorneys for Plaintiffs**

DATED this 27th day of March, 2009.

                                    /s/ Fred Simpson
                          Fred Simpson
                          BOHYER, SIMPSON & TRANEL, P.C.
                          *Attorneys for Defendant*