John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
Facsimile:  (406) 839-9092
john@heenanlawfirm.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH,<br><br>                     Plaintiff,<br>      vs.<br><br>JOHNSON, RODENBURG &<br>LAUNINGER.<br><br>                     Defendant. | Cause No.  CV-07-166-BLG-CSO<br><br>Judge Carolyn S. Ostby<br><br>**PLAINTIFF'S PROPOSED JURY INSTRUCTIONS** |

COMES NOW Plaintiff McCollough, by and through counsel, and pursuant

to the Court's Scheduling Order, submits herein his proposed jury instructions.

DATED this 30th day of March, 2009.

                              HEENAN LAW FIRM


                              */s/ John Heenan*
                              John Heenan
                              Attorney for Plaintiff

1

Instruction No. ___


A person is presumed to intend the ordinary consequences of his voluntary acts. This presumption is a disputable presumption that may be controverted by other evidence.




S#_____, P#_____; D#_____


Mont. Code Ann. § 26-1-602(3); <u>Seltzer v. Morton</u>, Cause No. ADV 03-173 (Cascade County)

Disputable Presumptions

Instruction No. __


It is presumed that an unlawful act is done with an unlawful intent. This presumption is a disputable presumption that may be controverted by other evidence.




S#_____, P#_____; D#_____


Mont. Code Ann. § 26-1-602(2)

Disputable Presumption

Instruction No. ___


A debt collector answers for its employees' violations of the Fair Debt Collection Practices Act. This provides an incentive for the debt collection agency to properly instruct and train its employees to avoid actions that might impose liability.




S#_____, P#_____; D#_____


Court's Nov. 21, 2008 Order at 12-13 citing Fox v. Citicorp Credit Services, Inc., 15 F.3d 1507, 1516 (9th Cir. 1994) Vicarious Liability

Instruction No. ___


An employer is responsible for its employee's actions if they were in furtherance of or incidental to the employment even though the actions were fraudulent, willful, malicious, or forbidden.




S#_____, P#_____; D#_____


MPI2d 10.07

Vicarious Liability- Employment

Instruction No. ___

Plaintiff has asserted a claim against Defendant under 15 U.S.C. § 1692, et seq, commonly known as the Fair Debt Collection Practices Act ("The Act".)

The Act was enacted by Congress in 1978 and amended, and broadened, in 1986.  Congress, in passing the Act, found "there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." Congress stated the purpose of the Act was "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection strategies are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection practices."  To this end, the Act expressly prohibits debt collectors from engaging in numerous specific acts or practices.  For purposes of this case, you are instructed the Act prohibits a debt collector from:

(1) Using unfair or unconscionable means to collect or attempt to collect any debt;

6

(2)   Using   any   false,   deceptive,   or   misleading representation or means in connection with the collection of any debt;

(3)   Making   a   false   representation   as   to   the   character, amount or legal status of any debt;

(4)   Making   a   false   representation   as   to   any   services rendered   or   compensation   which   was   received   by   any   debt collector for the collection of a debt.

The   Act   applies   to   attorneys   who   regularly   collect   or attempt to collect debts.

S#_____, P#_____; D#_____

15 U.S.C. § 1692, 1692e, 1692f

Fair Debt Collection Practices Act

Instruction No. ___

The Court, prior to the start of this trial, made the following legal findings, which you must accept as true:

Defendant is a "debt collector" under the Act.

(1) Defendant violated the Fair Debt Collection Practices Act by demanding attorney's fees from Mr. McCollough which were not permitted under Montana law;

(2) Defendant violated the Fair Debt Collection Practices Act by filing a lawsuit against Mr. McCollough which was barred by the statute of limitations in Montana;

(3) Defendant violated the Fair Debt Collection Practices Act by continuing to maintain a lawsuit against Mr. McCollough which was barred by the statute of limitations in Montana;

(4) Defendant violated the Fair Debt Collection Practices Act by serving on Mr. McCollough requests for admission which were an abusive, unfair and unconscionable means to attempt to collect a time-barred debt.

Defendant's violations of the Fair Debt Collection Practices Act was not the result of a bona fide error. Defendant had no basis upon which it could reasonably rely on information provided by its debt buyer client.

8

S#_____, P#_____; D#_____

Ninth Circuit 2.3 (as modified to reflect this Court Nov. 21, 2008 and Jan. 8, 2009 Orders)

Judicial Notice- Defendant's FDCPA Liability

Instruction No. ___

The Act specifically permits damages to be awarded against a debt collector who violates the Act.   Based upon the Court's determination that Defendant violated the Act, you must fix the amount of money that will reasonably and fairly compensate Plaintiff for damages proven by the evidence to have resulted from Defendant's violations of the Act.   Your award should include any actual damages suffered by Plaintiff as a result of Defendant's failure to comply with the Act.   Actual damages include not only out-of-pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish, and emotional distress.   There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish and emotional distress.   You must determine a fair and adequate award of these items through the exercise of your judgment and experience in the affairs of the world after considering all the facts and circumstances presented during the trial.

S#_____, P#_____; D#_____


15 U.S.C. § 1692k(a); Smith v. Law Office of Mitchell N. Kay, 124 B.R. 182, 185 (D. Del. 1990); In re Maxwell, 18` B.R. 101 (Bank. D. Ma. 2002)

Fair Debt Collection Practices Act- Actual Damages

Instruction No. ___


In addition to actual damages, and regardless of whether actual damages are awarded, you may award statutory damages in an amount not to exceed $1,000 for Defendant's violations of the Act. In determining the amount of statutory damages to be awarded, you should consider, among other relevant factors, the frequency and persistency of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional.




S#_____, P#_____; D#_____


15 U.S.C. § 1692k(b)(1)

Fair Debt Collection Practices Act- Statutory Damages

Instruction No. ___


Plaintiff has asserted a claim against Defendant under the Montana Unfair Trade Practices Act. In order to prove his claim, Plaintiff has the burden of proving:

(1)  That Defendant's conduct towards Plaintiff constituted unfair or deceptive acts or practices in the conduct of any trade or commerce;

(2)  That Defendant's conduct caused Plaintiff damages; and

(3)  The amount of Plaintiff's damages.




S#_____, P#_____; D#_____


Mont. Code Ann. § 30-14-103

Unfair Trade Practices Act- Elements

12

Instruction No. ___

The Montana Unfair Trade Practices Act should be liberally construed with a view to effect its object and promote justice.

S#_____, P#_____; D#_____

Court's Jan. 8, 2009 Order at pg. 8 <u>citing</u> <u>Baird v. Norwest Bank</u>, 255 Mont. 317, 326, 843 P.2d 327, 333 (1993)

Unfair Trade Practices Act- Interpretation

Instruction No. ___


The Montana Unfair Trade Practices Act applies to the collection of debt.



S#_____, P#_____; D#_____


Court's Jan. 8, 2009 Order at pgs. 8-9

Unfair Trade Practices Act- Interpretation

Instruction No. ___


The essence of the Montana judicial system is the resolution of legitimate lawsuits.  Baseless lawsuits prosecuted in furtherance of ulterior purposes have no place in Montana courts.  That is why the essence of the system with respect to such suits is to provide recourse for the victim and levy punishment against the perpetrator by way of actions for abuse of process and malicious prosecution.

S#_____, P#_____; D#_____


<u>Seltzer v. Morton</u>, 2007 MT 62, ¶ 179, 336 Mont. 225, 154 P.3d 561

Malicious Prosecution and Abuse of Process (Introductory Statement)

Instruction No. ___


Plaintiff has asserted a claim for malicious prosecution against Defendant.  To prove malicious prosecution, a plaintiff must show: (a) that a judicial proceeding was commenced and prosecuted against him/her; (b) that the defendant was responsible for instigating, prosecuting or continuing such proceeding; (c) that there was no probable cause for defendant's act or acts; (d) that it was actuated by malice; (e) that the proceeding terminated favorably for plaintiff; and (f) that plaintiff suffered damage with the amount thereof. The judicial proceeding complained of may be civil, criminal, administrative or disciplinary in nature.



S#_____, P#_____; D#_____


MPI2d 9.13

Malicious Prosecution Elements

Instruction No. ___


A plaintiff who has suffered harm as a result of a malicious prosecution by a defendant is entitled to recover compensation for such harm from that defendant.


S#_____, P#_____; D#_____


MPI2d 9.12

Malicious Prosecution

Instruction No. ___


To constitute probable cause for the prosecution of the Plaintiff, the evidence must establish that, at the time Defendant brought the underlying prosecution against Plaintiff, there were reasonable grounds for suspicion, supported by circumstances reasonably strong in themselves to warrant a belief in a reasonably prudent and cautious person that the Plaintiff was liable for the conduct which Defendant alleged.


S#_____, P#_____; D#_____


MPI2d 9.14 (modified in conformity with <u>Seltzer v. Morton</u>)

Malicious Prosecution (Probable Cause Defined)

Instruction No. ___


For purposes of a malicious prosecution claim, the terms "malice" and "malicious" means that the Defendant: (a) initiated the subject lawsuit with the wish to vex, annoy or injure another person, or an attempt to do a wrongful act, as established by proof or presumption of law, or (b) had knowledge of facts or intentionally disregarded facts that created a high probability of injury to the plaintiff or deliberately proceeded to act with indifference to the high probability of injury to the plaintiff.


S#_____, P#_____; D#_____


MPI2d 9.15 (modified in conformity with the Court's Jan. 8, 2009 Order at pg. 12).

Malicious Prosecution (Malice Defined)

Instruction No. ___


In determining whether the Defendant initiated a lawsuit with malice for purposes of a malicious prosecution claim, you may infer that the Defendant acted with malice if you determine, based on the evidence, that the Defendant initiated the lawsuit without probable cause.  In making this determination, you may consider whether the Defendant could or should have made further inquiry or investigation as an ordinarily prudent person would have made in the same circumstances before initiating such a lawsuit.


S#_____, P#_____; D#_____


Seltzer v. Morton, 2007 MT 62, ¶ 72, 336 Mont. 225, 154 P.3d 561

Malicious Prosecution (Permissible Inference)

Instruction No. __


One does not abandon a meritorious action once instituted.


S#_____, P#_____; D#_____


<u>Sacco v. High Country Press</u>, 271 Mont. 209, 244, 896 P.2d 411, 432 (Mont. 1995) <u>citing</u> <u>Miller v. Watkins</u>, 200 Mont. 455, 653 P.2d 126 (Mont. 1982);

Malicious Prosecution

Instruction No. ___


A plaintiff who has suffered harm as a result of a malicious prosecution is entitled to recover compensation for such harm from that defendant.


S#_____, P#_____; D#_____


MPI2d 9.12

Malicious Prosecution

Instruction No. ___


Plaintiff has asserted a claim for abuse of process against the Defendant.   In order for you to find that a Defendant is liable for abuse of process in this case, the Plaintiff must prove: (a) That the process, though properly instituted was for an improper motive; (b) That such process was put to an illegal use or one for which it was not intended; and (c) That damage resulted to the party or the party's property.


S#_____, P#_____; D#_____


MPI2d 9.17

Abuse of Process Defined

23

Instruction No. __


Use of the court system to file a baseless legal claim may constitute an abuse of process.


S#_____, P#_____; D#_____


Seipel v. Olympic Coast Investments, 2008 MT 237, ¶ 26, 344 Mont. 415, 188 P.3d 1027 citing Leasing, Inc. v. Discovery Ski Corp., 235 Mont. 133, 136, 765 P.2d 176, 178 (1988)

Abuse of Process

Instruction No. ___


Attempting to extract money from a person which is not owed may constitute an "ulterior purpose" for an abuse of process claim.


S#_____, P#_____; D#_____


Seipel v. Olympic Coast Investments, 2008 MT 237, ¶ 27, 344 Mont. 415, 188 P.3d 1027

Abuse of Process

Instruction No. ___


A party suffering damages as a result of abuse of a legal process by another is entitled to recover compensation from that party for such harm.


S#_____, P#_____; D#_____


MPI2d 9.16

Abuse of Process

Instruction No. __


If you find Defendant violated the Montana Unfair Trade Practices Act, committed a malicious prosecution, or committed an abuse of the legal process, then you must determine the amount of money which will reasonably and fairly compensate Plaintiff for all loss caused by the Defendant, regardless of whether such loss could have been anticipated.  If you find for Plaintiff on the question of liability, your award should include compensation for the following:

(1)  Reasonable attorneys fees and costs incurred in defending the underlying litigation;

(2)  Past and future mental or emotional distress; and

(3)  Any other consequential damages caused by Defendant.


S#_____, P#_____; D#_____


MPI2d 25.00; Seltzer v. Morton

Instruction No. __


Your award should include reasonable compensation for any mental and emotional suffering and distress experienced by plaintiff and reasonably probable to be experienced in the future.

Mental and emotional suffering and distress passes under various names, such as mental anguish, nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea.

The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for this kind of loss. The law does require, however, that when making an award for mental and emotional suffering and distress, you shall exercise calm and reasonable judgment. The compensation must be just and reasonable.


S#_____, P#_____; D#_____


MPI2d 25.02, Seltzer v. Morton
Emotional Distress Damages

Instruction No. __


Any compensation to which a plaintiff is entitled should not be reduced simply because the plaintiff was more susceptible to injury than a normally healthy person.


S#_____, P#_____; D#_____


MPI2d 25.10

Damages-Susceptible Plaintiff

Instruction No. ___


If you find for the plaintiff, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by clear and convincing evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

You may award punitive damages only if you find that the defendant's conduct that harmed the plaintiff was malicious, oppressive or in reckless disregard of the plaintiff's rights. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or

30

power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case. You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

S#_____, P#_____; D#_____

9th Cir. Model 5.5

Punitive Damages

Instruction No. ___


Plaintiff has asked for punitive damages which may be allowed by you provided you first find that the Plaintiff has suffered actual damages.  One who has suffered injury to his or her person or property through the fraud or malice of another may recover, in addition to his or her actual damages, damages for the sake of example and by way of punishing the other party.


S#_____, P#_____; D#_____


MPI2d 25.61

Punitive Damages

Instruction No. ___


Plaintiff must prove all the elements of his claim for punitive damages by clear and convincing evidence. "Clear and convincing" means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. The elements may be proved by direct or circumstantial evidence.


S#_____, P#_____; D#_____


MPI2d 25.62

Punitive Damages- Burden of Proof

Instruction No. ___


In punitive damage cases, the law defines fraud as either the making of a representation by the defendant with knowledge of its falsity or concealing a material fact with the purpose of depriving the plaintiff of his or her property or legal rights or otherwise causing him or her injury.

Fraud for punitive damages exists only where the plaintiff has a right to rely upon the representation of the defendant and suffers injury to his or her property or legal rights or is otherwise damaged as a result of such reliance.


S#_____, P#_____; D#_____


MPI2d 25.64

Punitive Damages- Fraud

Instruction No. ___

In punitive damage cases, a defendant is guilty of malice if it has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff and the defendant either:

(a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or

(b) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff.

S#_____, P#_____; D#_____

MPI2d 25.65

Punitive Damages- Malice

Instruction No. ___


In determining the amount of punitive damages, you should consider all of the attendant circumstances, including the nature, extent and enormity of the wrong, the intent of the party committing it, the amount allowed as actual damages, and, generally, all of the circumstances attending the particular act involved, including any circumstances which may operate to reduce without wholly defeating punitive damages.

Punitive damages should be of such an amount as will deter the defendant from and warn others against similar acts of misconduct. Thus, the wealth of the defendant is a fact to be considered by you in determining the amount of punitive damages.


S#_____, P#_____; D#_____


MPI2d 25.66

Punitive Damages- Determination