**DEFENDANT'S JURY INSTRUCTION INDEX**

| No. | | No Obj | Object | Gvn. | Ref. | w/d |
|---|---|---|---|---|---|---|
| 1 | 9th Cir. Civ. Jury Instr. 1.3 (2007) – Burden of Proof—preponderance of the Evidence | | | | | |
| 2 | 9th Cir. Civ. Jury Instr. 1.4 (2007) – Burden of Proof – Clear and Convincing Evidence | | | | | |
| 3 | 9th Cir. Civ. Jury Instr. 2.2 (2007) – Stipulations of Fact | | | | | |
| 4 | 9th Cir. Civ. Jury Instr. 2.8 (2007) – Impeachment Evidence – Witness | | | | | |
| 5 | 9th Cir. Civ. Jury Instr. 2.11 (2007) – Expert Opinion | | | | | |
| 6 | 9th Cir. Civ. Jury Instr. 3.5 (2007) – Reasonable Doubt–Defined | | | | | |
| 7 | 9th Cir. Civ. Jury Instr. 4.1 (2007) – Corporations and Partnerships – Fair Treatment | | | | | |
| 8 | 9th Cir. Civ. Jury Instr. 5.1 (2007) – Damages – Proof | | | | | |
| 9 | *Harris v. Am. Gen. Life Ins. Co.*, 658 P.2d 1089 (Mont. 1983); MPI 25.61  Damages – Punitive Damages – Introductory (modified). | | | | | |
| 10 | Mont. Code Ann. § 27-1-221; MPI 25.64A Damages – Punitive – Malice | | | | | |

| No. | | No Obj | Object | Gvn. | Ref. | w/d |
|---|---|---|---|---|---|---|
| 11 | Mont. Code Ann. § 27-1-203, cited in *Frisnegger v. Gibson* (1979), 183 Mont. 57, 70-71, 598 P.2d 574, 582; *State Bank v. Maryann's Inc.* (1983), 204 Mont. 21, 35-36, 664 P.2d 295, 302-03 (forecast of earnings admissible); *see also Hostetter v. Dunlap* (1986), 221 Mont. 380, 382-83, 719 P.2d 1243, 1245 (difficulty of determination); *see also Stensvad v. Miner's & Merchant's Bank* (1982), 196 Mont. 193, 640 P.2d 1303; MPI2d 25.90 Damages - Speculation Prohibited | | | | | |
| 12 | *See McPherson v. Kerr* (1981), 195 Mont. 454, 460, 636 P.2d 852, 856; *see also Brown v. Webb* (1977), 173 Mont. 275, 283-84, 567 P.2d 450, 455; and *Cuddy v. U.S.,* 490 F. Supp. 390 (D. Mont. 1980); MPI2d 25.94 Damages - Mitigation of Damages | | | | | |
| 13 | Mont. Code Ann. § 27-1-221. | | | | | |

| No. | | No Obj | Object | Gvn. | Ref. | w/d |
|---|---|---|---|---|---|---|
| 14 | *St. Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 428 (2003) ("punitive damages are aimed at deterrence and retribution".... In addition, "Although [punitive] awards serve the same purpose as **criminal** penalties, defendants subjected to punitive damages in civil cases have not been accorded the protections applicable in criminal proceedings. This increases our concerns over the imprecise manner in which punitive damages systems are administered." *Id.*, 123 S. Ct. at 1519-20. Last, the Court in *Campbell* stated: "Great care must be taken to avoid use of the civil process to assess criminal penalties that can be imposed only after the heightened protections of a **criminal** trial have been observed, **including of course its higher standards of proof**"); *St. v. Flesch*, 254 Mont. 529, 839 P.2d 1270 (1992). | | | | | |
| 15 | *St. Farm Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 428 (2003). ("Great care must be taken to avoid use of the civil process to assess criminal penalties that can be imposed only after the heightened protections of a criminal trial have been observed, including, of course, its higher standards of proof"). | | | | | |
| 16 | Mont. Code Ann. § 27-1-221(5) | | | | | |
| 17 | Mont. Code Ann. § 27-1-221 (7)(b) | | | | | |
| 18 | Mont. R. Civ. P. 36 | | | | | |

| No. | | No Obj | Object | Gvn. | Ref. | w/d |
|---|---|---|---|---|---|---|
| 19 | *Seltzer v. Morton*, 336 Mont. 225, 245, 154 P.2d 561, 581 (2007)(ulterior motive demonstrated where purpose of suit was to force Seltzer to retract under oath his professional opinion that the painting at issue was not an original Russell painting); *Brault v. Smith*, 240 Mont. 21, 28-29, 679 P.2d 236, 240 (Mont. 1984)(filing suit in wrong county was an abuse of process, and an ulterior motive, where the parties to the underlying contract agreed that any suit on the contract would be filed in Lewis & Clark County not Granite County). The instruction is proper **on these facts** because there is no evidence that JRL filed the underlying suit for any purpose other than to obtain a judgment on the debt which is a proper purpose of the courts. *Judd v. Burlington Northern Sante Fe Ry. Co.,* 343 Mont. 416,421-22, 186 P.3d 214, 217-18 (2008) (BNSF filing suit to attempt to recover indemnity against Judd was a legal and regular manner of use of process, as opposed to an ulterior motive, even though the underlying suit was resolved in Judd's favor) | | | | | |
| 20 | *Sacco v. High Country News*, 896 P.2d 411, 425-26   (Mont. 1995) | | | | | |
| 21 | *Hughes v. Lynch*, 338 Mont. 214, 220, 164 P.3d 913, 918-19 (2007); *Restatement (Second) of Torts,* Section 675(1977). Instruction modified to include only subsection(a) of the Restatement section as subsection(b)is inapplicable under the facts of this case. | | | | | |

| No. | | No Obj | Object | Gvn. | Ref. | w/d |
|---|---|---|---|---|---|---|
| 22 | *Hughes v. Lynch*, 338 Mont. 214, 220-21, 164 P.3d 913, 918 (2007). | | | | | |
| 23 | *Hughes v. Lynch*, 338 Mont. 214, 220-21, 164 P.3d 913, 918 (2007) (Modified for simplicity). | | | | | |
| 24 | *Miller v. Bittner*, 985 F.2s 935, 939 (8th Cir. 1993), citing *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1470 (2nd Cir. 1988), *rev'd sub nom. on other grounds, Pavelic & LeFlore v. Marvel Entertainment Group*, 473 U.S. 120 (1989); and *Albrecht v. Stranczek*, 136 F.R.D. 155, 156 (N.D. Ill. 1991)(attorney not in violation of Rule 11 as to status of property where client had neglected to inform attorney that property already had been foreclosed upon). *But see, Lloyd v. Schlag*, 884 F.2d 409 (9th Cir. 1989) (what constitutes reasonable inquiry by counsel may depend upon whether counsel had to rely upon client for information as to underlying facts) | | | | | |
| 25 | *Stiles v. Onorato*, 457 S.E.2d 601, 602 (S.C. 1995)(*citing Gaar v. North Myrtle Beach Realty Co., Inc.*, 339 S.E.2d 887, 889 (Ct.App. 1986)). | | | | | |

INSTRUCTION NO. _____

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

GIVEN:_____
           Carolyn S. Ostby
           United States Magistrate Judge

Source:    9th Cir. Civ. Jury Instr. 1.3 (2007) - Burden of
           Proof—preponderance of the Evidence

           S# _____, P#_____, D#___|____

INSTRUCTION NO. _____

When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.

GIVEN:_____
                    Carolyn S. Ostby
                    United States Magistrate Judge

Source:    9th Cir. Civ. Jury Instr. 1.4 (2007) – Burden of Proof
           – Clear and Convincing Evidence

           S# _____, P#_____, D#___2___

INSTRUCTION NO. _____

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

These agreed facts are agreed as follows:

1.    Mr. McCollough was at all times relevant hereto a resident of Yellowstone County, Montana.

2.    Johnson, Rodenburg & Lauinger is a law firm based in North Dakota.

3.    No Johnson, Rodenburg & Lauinger attorney is physically located in the State of Montana, but several are licensed to practice law in the State of Montana.

4.    On April 17, 2007, JRL filed a lawsuit against Mr. McCollough on behalf of its client, CACV of Colorado ("CACV"), in Yellowstone County district court, entitled *CACV of Colorado, LLC v. M. Tim McCollough,* Cause No. DV 07-0523 ("the state court action.")  The complaint sought damages against Mr. McCollough in the amount of $3,816.80, plus interest in the amount of $5,536.81 and collection costs/attorney fees of $481.68.

5.    On June 13, 2007, Mr. McCollough filed his *pro se* Answer to the state court action, writing:

> Forgive my spelling.  I have a head injury and writing dose (sic) not come easy.
>
> 1.    The statute of limitacions (sic) is up, I have not had any dealing with any credit card in well over 8 ½ years.

2.    I am disabled.  I get $736 a month S.S.I.  My mortgage is $724 a month.  I am now diabetic.  I have no money or inchurance (sic) but medicare.

3.    When workers comp stopped paying I ran out of money.  Chase would not work with me, they passed it on to collectors- they lied to me, they insulted me, they used bad language, they called around the clock so I could not rest.  They got me so wound up and confused the healing of my head injury stopped.  They were hurting me so I had to stop dealing with them so I could recover, I'm still recovering.  The pain they cossed (sic) and new med bills are worth more than the money they want.

4.    This is the third time they have brought me to court on this account, the first two time with Judge Hernandez, when will it stop.  Do I have to sue them so I can live quietly in pain?

6.    In November of 2007, Mr. McCollough obtained legal counsel, who entered an appearance and served written discovery on CACV.

7.    In December of 2007, Johnson, Rodenburg & Lauinger, on behalf of CACV, dismissed the state court action against Mr. McCollough.

8.    At some point Plaintiff McCollough received a credit card, and made purchases with said card.

GIVEN:_____
                Carolyn S. Ostby
                United States Magistrate Judge


Source:    9th Cir. Civ. Jury Instr. 2.2 (2007) - Stipulations of

           Fact

           S# _____, P#_____, D# 3_____

INSTRUCTION NO. _____

Evidence that a witness lied under oath on a prior occasion may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

GIVEN:_____
         Carolyn S. Ostby
         United States Magistrate Judge

Source:    9th Cir. Civ. Jury Instr. 2.8 (2007) – Impeachment
           Evidence – Witness (Modified to reflect solely "lied
           under oath" and eliminated "convicted of a crime").

           S# _____, P#_____, D#___4___

INSTRUCTION NO. _____

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

GIVEN:_____
                Carolyn S. Ostby
                United States Magistrate Judge

Source: 9th Cir. Civ. Jury Instr. 2.11 (2007)- Expert Opinion

S# _____, P#_____, D#___5___

INSTRUCTION NO. _____

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the Defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the Defendant is guilty, it is your duty to find the Defendant guilty.

GIVEN:_____
                 Carolyn S. Ostby
                 United States Magistrate Judge

Source:    9th Cir. Civ. Jury Instr. 3.5 (2007) – Reasonable
           Doubt-Defined

           S# _____, P#_____, D# _6_____

INSTRUCTION NO. _____

All parties are equal before the law and a partnership is entitled to the same fair and conscientious consideration by you as any party.

GIVEN:_____
Carolyn S. Ostby
United States Magistrate Judge

Source: 9th Cir. Civ. Jury Instr. 4.1 (2007) – Corporation and Partnerships – Fair Treatment

S# _____, P#_____, D#___7___

INSTRUCTION NO. _____

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the Plaintiff, you must determine the Plaintiff's damages.  The Plaintiff has the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the Plaintiff for any injury you find was caused by the Defendant. You should consider the following:

In determining the measure of damages, you should consider:

The nature and extent of the injuries;

The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

GIVEN:_____
       Carolyn S. Ostby
       United States Magistrate Judge

Source:   9th Cir. Civ. Jury Instr. 5.1 (2007) - Damages - Proof

       S# _____, P#_____, D#___8____

INSTRUCTION NO. _____

The Plaintiff also seeks an award of punitive damages against the Defendant.  Punitive damages may only be awarded by you if you first find that the Plaintiff has suffered actual damage caused by the Defendant. One who has suffered injury to her person through the actual malice of another may recover, in addition to actual damages, punitive damages for the sake of example and by way of punishing the other party.  An award of punitive damages is not supportable upon a mere showing that Defendant's conduct was unjustified or even unlawful.


GIVEN:_____
      Carolyn S. Ostby
      United States Magistrate Judge


Source:  *Harris v. Am. Gen. Life Ins. Co.*, 658 P.2d 1089 (Mont.
         1983); MPI 25.61  Damages – Punitive Damages –
         Introductory (modified).

         S# _____, P#_____, D#___9____

INSTRUCTION NO. _____

You are instructed that the Defendant is guilty of actual malice if he has knowledge of facts [or] intentionally disregards facts that create a high probability of injury to the Plaintiff and deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the Plaintiff or deliberately proceeds to act with indifference to the high probability of injury to the Plaintiff.


GIVEN:_____
        Carolyn S. Ostby
        United States Magistrate Judge


Source:    Mont. Code Ann. § 27-1-221; MPI 25.64A Damages –

           Punitive – Malice, Modification [and] to or per statute


           S# _____, P#_____, D#  10____

INSTRUCTION NO. _____

You are permitted to award compensation only for future loss or harm which is reasonably certain to occur. Recovery cannot be denied for damages simply because they are difficult to determine.

GIVEN:_____
Carolyn S. Ostby
United States Magistrate Judge

Source:    Mont. Code Ann. § 27-1-203,   cited in *Frisnegger v. Gibson* (1979), 183 Mont. 57, 70-71, 598 P.2d 574, 582; *State Bank v. Maryann's Inc.* (1983), 204 Mont. 21, 35-36, 664 P.2d 295, 302-03 (forecast of earnings admissible); *see also Hostetter v. Dunlap* (1986), 221 Mont. 380, 382-83, 719 P.2d 1243, 1245 (difficulty of determination); *see also Stensvad v. Miner's & Merchant's Bank* (1982), 196 Mont. 193, 640 P.2d 1303; MPI2d 25.90 Damages - Speculation Prohibited

S# _____, P#_____, D#__\\____

INSTRUCTION NO. _____

The Plaintiff has a duty to minimize his damages. However, that duty does not require him to do what is unreasonable or impracticable.


                                    GIVEN:_____
                                           Carolyn S. Ostby
                                           United States Magistrate Judge












Source:   *See McPherson v. Kerr* (1981), 195 Mont. 454, 460, 636
          P.2d 852, 856; *see* also *Brown v. Webb* (1977), 173 Mont.
          275, 283-84, 567 P.2d 450, 455; and *Cuddy v. U.S.,* 490
          F.Supp. 390 (D. Mont. 1980); MPI2d 25.94 Damages –
          Mitigation of Damages

          S# _____, P#_____, D#__12__

INSTRUCTION NO. _____

If you determine that punitive damages should be awarded against the Defendant, you will be returned to Court following the deliberations.  Additional evidence will be presented to you relating only to the issue of the amount of punitive damages awarded.  That issue will be argued by counsel, and you will return to the jury room to determine the amount of punitive damages in this case.

GIVEN:_____
            Carolyn S. Ostby,
            United States Magistrate Judge

Source:    Mont. Code Ann. § 27-1-221

           S# _____, P#_____, D#_13___

INSTRUCTION NO. _____

The Plaintiff must prove all of the elements of his claim for punitive damages beyond a reasonable doubt. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person would rely and act upon it in the most important of his or her own affairs. Beyond a reasonable doubt does not mean beyond any doubt or beyond a shadow of a doubt.

GIVEN:_____
                    Carolyn S. Ostby,
                    United States Magistrate Judge

Source:    *St. Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 428 (2003) ("punitive damages are aimed at deterrence and retribution".... In addition, "Although [punitive] awards serve the same purpose as **criminal** penalties, defendants subjected to punitive damages in civil cases have not been accorded the protections applicable in criminal proceedings. This increases our concerns over the imprecise manner in which punitive damages systems are administered." *Id.*, 123 S. Ct. at 1519-20. Last, the Court in *Campbell* stated: "Great care must be taken to avoid use of the civil process to assess criminal penalties that can be imposed only after the heightened protections of a **criminal** trial have been observed, **including of course its higher standards of proof**"); *St. v. Flesch*, 254 Mont. 529, 839 P.2d 1270 (1992).

S# _____, P#_____, D#___14___

INSTRUCTION NO. _____

In determining whether to award punitive damages, you should consider all of the attendant circumstances, including the nature, extent and enormity of the wrong, the intent of the party committing it, the amount allowed as actual damages, and generally, all of the circumstances attending the particular act involved, including any circumstances which may operate to reduce without wholly defeating punitive damages.

GIVEN:_____
Carolyn S. Ostby,
United States Magistrate Judge

Source:    *St. Farm Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 428 (2003). ("Great care must be taken to avoid use of the civil process to assess criminal penalties that can be imposed only after the heightened protections of a criminal trial have been observed, including, of course, its higher standards of proof").

S# _____, P#_____, D#__15___

INSTRUCTION NO. _____

All elements of the claim for punitive damages must be proved by clear and convincing evidence. Clear and convincing evidence means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. It is more than a preponderance of evidence but less than beyond a reasonable doubt.

GIVEN:_____
          Carolyn S. Ostby,
          United States Magistrate Judge

Source:   Mont. Code Ann. § 27-1-221(5)
          S# _____, P#_____, D#__\\Q____

INSTRUCTION NO. _____

In determining whether to award punitive damages, you should give consideration of each of the following matters:

(i) the nature and reprehensibility of the Defendant's wrongdoing;

(ii) the extent of the Defendant's wrongdoing;

(iii) the intent of the Defendant in committing the wrong;

(iv) the profitability of the Defendant's wrongdoing, if applicable;

(v) the amount of actual damages awarded by the jury;

(vi) the Defendant's net worth;

(vii) previous awards of punitive or exemplary damages against the Defendant based upon the same wrongful act;

(viii) potential or prior criminal sanctions against the Defendant based upon the same wrongful act; and

(ix) any other circumstances that may operate to increase or reduce, without wholly defeating, punitive damages.

GIVEN:_____
Carolyn S. Ostby,
United States Magistrate Judge

Source: Mont. Code Ann. § 27-1-221 (7)(b)

S# _____, P#_____, D#_____

INSTRUCTION NO. _____

The Montana Rules of Civil Procedure do not require a party who serves requests for admission to tell the opposing party of the effect of a failure to respond to the requests in a timely manner.


GIVEN:_____
                    Carolyn S. Ostby,
                    United States Magistrate Judge


<u>Source</u>:   Mont. R. Civ. P. 36

        S# _____, P#_____, D# 18_____

INSTRUCTION NO. _____

To establish an improper or ulterior motive, the Plaintiff must prove that the Defendant by filing the underlying suit against Plaintiff attempted to coerce the Plaintiff to do some collateral thing which he could not be legally and regularly compelled to do.

GIVEN:_____
Carolyn S. Ostby,
United States Magistrate Judge

Source: *Seltzer v. Morton*, 336 Mont. 225, 245, 154 P.2d 561, 581 (2007)(ulterior motive demonstrated where purpose of suit was to force Seltzer to retract under oath his professional opinion that the painting at issue was not an original Russell painting); *Brault v. Smith*, 240 Mont. 21, 28-29, 679 P.2d 236, 240 (Mont. 1984)(filing suit in wrong county was an abuse of process, and an ulterior motive, where the parties to the underlying contract agreed that any suit on the contract would be filed in Lewis & Clark County not Granite County). The instruction is proper **on these facts** because there is no evidence that JRL filed the underlying suit for any purpose other than to obtain a judgment on the debt, which is a proper purpose of the courts. *Judd v. Burlington Northern Sante Fe Ry. Co.*, 343 Mont. 416, 421-22, 186 P.3d 214, 217-18 (2008) (BNSF filing suit to attempt to recover indemnity against Judd was a legal and regular manner of use of process, as opposed to an ulterior motive, even though the underlying suit was resolved in Judd's favor)

S# _____, P#_____, D# _19_

INSTRUCTION NO. _____.

You may award emotional distress damages against the Defendant only if serious or severe emotional distress to the Plaintiff was the reasonably foreseeable consequence of the Defendant's intentional act or omission.

Emotional distress includes mental suffering, mental anguish, nervous shock and all highly unpleasant mental reactions such as fright, horror, grief, shame, embarrassment, anger, chagrin, disappointment and worry.  It is only where it is extreme that the liability arises.  Complete emotional tranquility is seldom attainable in this world, and some degree of transient and trivial emotional distress is part of the price of living among people.  The distress must be so severe that no reasonable person could be expected to endure it.  The intensity and the duration of the distress are factors to be considered in determining its severity.

GIVEN:_____
　　　　　　Carolyn S. Ostby,
　　　　　　United States Magistrate Judge

Source:　　*Sacco v. High Country News*, 896 P.2d 411, 425-26 (Mont. 1995).

S# _____, P#_____, D#__20__

INSTRUCTION NO. _____

One who takes an active part in the initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based and correctly or reasonably believes that under those facts the claim may be valid under the applicable law.

                    GIVEN:_____
                          Carolyn S. Ostby,
                          United States Magistrate Judge

Source: *Hughes v. Lynch*, 338 Mont. 214, 220, 164 P.3d 913, 918-19
         (2007); *Restatement (Second) of Torts*, Section 675
         (1977). Instruction modified to include only subsection
         (a) of the Restatement section as subsection (b) is
         inapplicable under the facts of this case.

    S# _____, P#_____, D# 21_____

INSTRUCTION NO. _____

The termination of a proceeding in favor of the person against whom the proceeding is brought is no evidence that probable cause was lacking, since in a civil action there is no preliminary determination of the sufficiency of the evidence to justify the suit.


GIVEN:_____
                    Carolyn S. Ostby,
                    United States Magistrate Judge


Source:    *Hughes v. Lynch*, 338 Mont. 214, 220-21, 164 P.3d 913,
           918 (2007).

           S# _____, P#_____, D#__*22*___

INSTRUCTION NO. _____

The fact that a lawsuit ends in favor of the Defendant does not prove that the Plaintiff lacked probable cause to bring the lawsuit because in a civil action, there is no preliminary decision whether the evidence is sufficient to justify the lawsuit.

GIVEN:_____
　　　　　　　　Carolyn S. Ostby,
　　　　　　　　United States Magistrate Judge

Source:　　*Hughes v. Lynch*, 338 Mont. 214, 220-21, 164 P.3d 913, 918 (2007) (Modified for simplicity).

S# _____, P#_____, D#___23___

INSTRUCTION NO. _____

An attorney is entitled to rely on his or her client's statements as to factual claims when those statements are objectively reasonable.

GIVEN:_____
                    Carolyn S. Ostby,
                    United States Magistrate Judge

Source: *Miller v. Bittner*, 985 F.2s 935, 939 (8th Cir. 1993), citing *Calloway v. Marvel Entertainment Group*, 854 F.2d 1452, 1470 (2nd Cir. 1988), *rev'd sub nom. on other grounds*, *Pavelic & LeFlore v. Marvel Entertainment Group*, 473 U.S. 120 (1989); and *Albrecht v. Stranczek*, 136 F.R.D. 155, 156 (N.D. Ill. 1991) (attorney not in violation of Rule 11 as to status of property where client had neglected to inform attorney that property already had been foreclosed upon). *But see*, *Lloyd v. Schlag*, 884 F.2d 409 (9th Cir. 1989) (what constitutes reasonable inquiry by counsel may depend upon whether counsel had to rely upon client for information as to underlying facts).

S# _____, P#_____, D# 24

INSTRUCTION NO. _____

An attorney is not liable for the wrongful conduct of the attorney's client.

GIVEN:_____
                    Carolyn S. Ostby
                    United States Magistrate Judge

Source:    *Stiles v. Onorato*, 457 S.E.2d 601, 602 (S.C. 1995)(*citing Gaar v. North Myrtle Beach Realty Co., Inc.*, 339 S.E.2d 887, 889 (Ct.App. 1986)).

S# _____, P#_____, D# 25

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

---

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | ) Cause No. CV-07-166-BLG-CSO |
| | ) **THE HON. CAROLYN S. OSTBY** |
| Plaintiffs, | ) |
| | ) |
| -vs.- | ) **SPECIAL VERDICT** |
| | ) |
| JOHNSON, RODENBURG & | ) |
| LAUINGER, | ) |
| | ) |
| Defendant. | |

---

We the jury in the above-entitled action, find unanimously as follows:

1. Did Johnson, Rodenburg & Lauinger violate the Montana Unfair

Trade Practices and Consumer Protection Act?

Yes_____    No_____

Proceed to question no. 2.

SPECIAL VERDICT                                                        Page 1

2. Did Johnson, Rodenburg & Lauinger maliciously prosecute the underlying case against Tim McCollough?

Yes_____    No_____

Proceed to question no. 3.

3. Did Johnson, Rodenburg & Lauinger abuse the legal process in the underlying case against Tim McCollough?

Yes_____    No_____

Proceed to question no. 4.

4. Did Johnson, Rodenburg & Lauinger's violation of the Fair Debt Collection Practices Act cause any actual damages to Tim McCollough?

Yes_____    No_____

If you answered "no" to questions 1, 2, 3 and 4, then your deliberations are complete. Please have the foreperson sign the verdict form and notify the bailiff that you have reached a verdict. If you answered "yes" to any of the above questions, then proceed to question 5.

5. What amount of actual damage did Tim McCollough sustain?

$_____

SPECIAL VERDICT                                                                                    Page 2

Proceed to question no. 6.

6. Do you find beyond a reasonable doubt that Johnson, Rodenburg & Lauinger acted with actual malice toward Tim McCollough?

Yes_____    No_____

Please have the foreperson sign the verdict form and notify the bailiff that you have reached a verdict.

DATED this _____ day of April, 2009.

_____
FOREPERSON