

RECEIVED
FEB 23 2009
0082
Bohyer, Simpson & Tranel, P.C.

John Heenan, Esq.
Phone (406) 839-9091
Fax    (406) 839-9092
John@HeenanLawFirm.com

# HEENAN LAW FIRM
## HELPING PEOPLE

Post Office Building
P.O. Box 2278
Billings, Mt 59103
www.HeenanLawFirm.com

February 19, 2009

Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
283 West Front St., Suite 201
Missoula, MT 59807

Re:    *McCollough vs. Johnson, Rodenburg & Lauinger*, Cause No. 07-166-BLG-CSO

Dear Fred:

This letter is in response to your letter dated February 17, 2009 wherein my client's request that his attorney's fees and costs to date was denied.

I have reviewed the *Dechert* case cited in your letter, and it is factually inapposite to the circumstances of this case, as in *Dechert* the issue concerned a discovery sanctions award, not the imposition of summary judgment on liability as we have here.

The FDCPA provides in pertinent part "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of … in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court." "The FDCPA requires the payment of costs and reasonable attorney's fees to a successful plaintiff." *Larsen v. JBC Legal Group, P.C.*, 588 F.Supp.2d 360, 362 (E.D.N.Y. 2008). "A prevailing plaintiff is entitled to recover the costs and attorney's fees of her action irrespective of whether or not she is awarded actual or statutory damages." *Id.* (citations omitted); *see also Tolentino v. Friedman*, 46 F.3d 645, 651 (7th Cir. 1995); *Diamond v. Corcoran, Clearinghouse No. 48,405* (W.D. Mich. 1992) (although no actual or statutory damages were awarded, the FDCPA requires an award of costs and attorneys fees to the successful consumer.)   Mr. McCollough has, indisputably, prevailed on his FDCPA claim as damages is not an element of proving an FDCPA claim.   (Does Minnesota Mutual assert that Mr. McCollough is *not* a prevailing party at this juncture?)

Your letter references Mr. McCollough's rejection of an offer of judgment made previously in this case.  I agree that the resolution of the damages award may have bearing on the subsequent fee award.  However, I note that Minnesota Mutual has not even offered to tender pre-Rule 68 fees and costs.

Your letter also indicates JRL will not waive its right to appeal the Court's Orders by tendering payment of attorney's fees and costs.  I agree, and would not argue that Minnesota Mutual's

Exh. B - 01

tender of attorney's fees and costs at this juncture constitutes any waiver of any of JRL's rights regarding appeal. If JRL successfully appealed the Court's rulings, then it would be entitled to a return of the sums paid to Mr. McCollough. However, as we both know, it could take years for the Ninth Circuit to render a decision. In the interim, Judge Ostby's rulings dictate that liability is now established and Minnesota Mutual has an obligation as a Montana insurer to pay those damages which are reasonably clear at present.

I agree and understand that fees and costs will be decided by the Court following trial. The point is Minnesota Mutual now knows that liability is reasonably clear and that it will have to pay some amount of fees and costs. Pursuant to Montana law, Minnesota Mutual is prohibited from "neglect[ing] to attempt in good faith to effectuate prompt, fair, and equitable settlements of claims in which liability has become reasonably clear," and from "fail[ing] to promptly settle claims, if liability has become reasonably clear, under one portion of the insurance policy in order to influence settlements under other portions of the insurance policy coverage." Mont. Code Ann. § 33-18-201(6) and (13); *see also Ridley v. Guar. Nat'l Ins. Co.*, 286 Mont. 325, 951 P.2d 987 (1997). Minnesota Mutual is acting contrary to Montana law by refusing to pay any amount of attorney's fees or costs at this juncture in spite of the fact that liability is reasonably clear.

As reflected in my February 6th letter, I will continue to send monthly bills in the hopes that Minnesota Mutual will change its decision in this regard, or, if not, then for posterity.

Very Truly Yours,

HEENAN LAW FIRM

John Heenan

Exh. B - 02