IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH,<br><br>         Plaintiff,<br><br>vs.<br><br>JOHNSON, RODENBERG &<br>LAUINGER,<br><br>         Defendant. | CV-07-166-BLG-CSO<br><br>ORDER ON PENDING<br>MOTIONS and SETTING<br>HEARING |

Pending before the court are the following motions.

(1) Motion in Limine to Exclude Expert Testimony, filed by Johnson, Rodenberg & Lauinger ("JRL");

(2) Motion in Limine to exclude other specified evidence, filed by JRL;

(3) Motion in Limine to exclude specified evidence, filed by McCollough;

(4) Motion for Reconsideration, filed by JRL.

I.  <u>JRL Motion in Limine to Exclude Expert Testimony</u>

JRL seeks by this motion to exclude entirely the testimony of McCollough's two expert witnesses.  JRL argues:  (1) that no expert testimony is needed; (2) that neither expert is qualified to express the opinions they provide; (3) that they state impermissible legal conclusions; and (4) that their opinions are irrelevant based on this Court's Order dated January 8, 2009.

The motion will be denied, with leave for JRL to renew any objections at trial.  Although JRL is correct that opinions regarding liability under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., may be irrelevant in light of the Court's prior rulings, the issue of damages remains, as do all issues under the state law claims in the Amended Complaint.  See Court Doc. 23 at 8-10. Some of the expert testimony could be relevant to factors McCollough must prove to prevail on these state law counts.  See generally <u>Seipel v. Olympic Coast Investments</u>, 344 Mont. 415, 418-21, 188 P.2d 1027, 1029-31 (2008) (identifying elements of causes of action for malicious prosecution and abuse of process).  Their testimony also may be

relevant to consideration of punitive damages.  See, e.g., <u>Philip Morris</u> <u>USA v. Williams</u>, 549 U.S. 346, 1063-64 (2007).  Other arguments made by JRL are more properly matters for cross-examination.

The Court notes that Mr. Eakin is primarily identified as a fact witness.  As such, he will be limited to those matters of which he has personal knowledge.  Where it is necessary for him to explain legal concepts so that his testimony can be understood by the jury, that will be allowed, provided proper disclosure was made.  No expert will be allowed to state impermissible legal conclusions.  Both experts will be limited to matters properly disclosed.  See Scheduling Order, Court Doc. 24 at 4.

## II.  <u>JRL Motion For Reconsideration</u>

JRL has filed a motion to reconsider the Court's prior order denying, with leave to renew, its motion to compel McCollough to produce a copy of McCollough's settlement agreement with CACV. Having reviewed the parties' briefs, the Court will order sealed production of the settlement agreement to the Court for in camera review.

Accordingly, IT IS HEREBY ORDERED as follows:

(1) JRL's motion in limine to exclude expert witnesses (Court Doc. 98) is DENIED, with leave to renew objections as trial.

(2) McCollough's counsel shall deliver to chambers on or before close of business on Friday, April 3, a copy of McCollough's settlement agreement with CACV for in camera review.  The Court will reserve ruling on the Motion for Reconsideration (Court Doc. 106) pending such review.

(3) The Court will conduct a hearing on the parties' motions in limine (Court Docs. 100, 102), and issue rulings thereon, in conjunction with the Final Pretrial Conference, on April 7, 2009, at 9 AM in the James F. Battin Federal Courthouse, Billings, Montana.

DATED this 1st day of April, 2009.

/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
U.S. Magistrate Judge

-4-