IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | CV-07-166-BLG-CSO |
| Plaintiff, | |
| vs. | ORDER ON MOTION FOR RECONSIDERATION OF MOTION TO COMPEL |
| JOHNSON, RODENBERG & LAUINGER, | |
| Defendant. | |

This Order addresses Defendant John, Rodenberg & Lauinger's (JRL's) Motion for Reconsideration of the Court's previous Order denying a motion to compel production of the settlement agreement between Plaintiff McCollough and JRL's former co-defendant, CACV of Colorado, LLC.   The previous Order determined that the motion was premature for reasons set forth therein.  See Court Doc. 94 at 8-9.

On April 1, 2009, the Court ordered that the settlement agreement be submitted to the Court for in camera review.  Having completed the review, the Court will order production of the settlement agreement for the following reasons.

-1-

In its initial motion to compel, JRL's sole basis for seeking the settlement agreement was to allow it to determine the amount of any offset against a potential judgment.  JRL now argues that the settlement agreement is discoverable because it is "relevant to prove bias or prejudice on the part of McCollough and potentially impeach his trial testimony regarding the damages he has allegedly suffered."  See JRL Brief in Support of Motion for Reconsideration, Court Doc. 107 at 4.

Under Fed.R.Civ.P. 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.[1]  The settlement agreement is arguably relevant here because a defendant ordered to pay damages has a right to offset the amount of any prior settlement by joint tortfeasors.  See Schuff v. A.T. Klemens & Sons, 303 Mont. 274, 307, 16 P.3d 1002, 1023 (2000).  The settlement agreement also may be relevant to McCollough's claim for damages under the Fair Debt Collection Practices Act.  See Forman v. Lauinger,

---

[1]Rule 408 does not create a settlement privilege for discovery purposes.  See Sippel Development Co., Inc. v. Western Sur. Co., 2007 WL 1115207 *2 (W.D.Pa.) (citing Morse/Diesel, Inc. V. Fidelity and Deposit Company of Md., 122F.R.D. 447, 449 (S.D.N.Y. 1988).

2007 WL 1580082 (D. Mont. 2007).

When the Court earlier denied the motion to compel on December 24. 2008, it had not yet ruled on JRL's bona fide error defense and granted McCollough's motion for partial summary judgment.  See Court Doc. 96.  The subsequent developments in the case give the Court reason to reconsider its earlier ruling.

The Court recognizes that McCollough takes the position that no setoff is allowed because the torts alleged are intentional torts.  He cites a Montana District Court decision, <u>Ammondson v. Northwestern Corp</u>., Cause No. DV-05-97 (Mt. Second Jud. Dist.)(April 9, 2007).  The issue in <u>Ammundson</u>, however, arose after the trial, not in the context of a discovery motion and thus is not instructive on the issue of discovery.  McCollough also argues that no offset for any FDCPA award would be allowed if CACV's settlement was expressly allocated to his state law tort claims.  Again, this does not limit discovery at this juncture.  Those are arguments that must be considered, if at all, after the jury renders its verdict.

McCollough argues that Fed. R. Evid. 408 precludes production of the agreement at this time.  The Court is not persuaded, however,

-3-

because Rule 408 does not preclude discoverability of settlement agreements where the information is necessary to consider offsets.  See generally Cadmus Communications Corp v. Goldman, 2006 WL 3359491 (W.D.N.C.) (granting motion to compel production of a settlement agreement in an earlier case involving one of the parties).

Having reviewed the settlement agreement in camera, however, the Court questions the validity of JRL's argument that it may use the agreement during trial to show settlement or bias of McCollough.  The Court therefore will rule in limine that JRL may not mention the settlement agreement at trial without first obtaining leave of court.

Finally, the Court deems it appropriate to enter a protective order requiring JRL and its attorneys to hold the terms of the settlement agreement confidential.  See Cadmus Communications Corp., supra at *4.

Accordingly, IT IS HEREBY ORDERED:

(1) JRL's Motion for Reconsideration is GRANTED.  McCollough shall produce to JRL the settlement agreement between him and CACV on or before Monday, April 6, 2009.

(2) The terms of the agreement shall be held confidential by JRL

and it attorneys and shall not be revealed to anyone not a party hereto or an attorney for one of the parties except as required by a court of competent jurisdiction.

(3) Neither JRL nor its attorneys shall refer in any way to the settlement agreement at trial without prior leave of the Court.

DATED this 2nd day of April, 2009.

/s/ *Carolyn S. Ostby*
Carolyn S. Ostby
U.S. Magistrate Judge