FILED
BILLINGS DIV.

2009 APR 8 PM 3 40

PATRICK E. DUFFY. CLERK

BY _____
DEPUTY CLERK

John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
Facsimile:  (406) 839-9092
Attorney for Plaintiff

John E. Bohyer
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
Post Office Box 7729
Missoula, MT 59807-7729
Telephone: (406) 532-7800
Facsimile:  (406) 549-2253
Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | Cause No. CV-07-166-BLG-CSO |
| Plaintiff, | Judge Carolyn S. Ostby |
| vs. | |
| JOHNSON, RODENBURG & LAUINGER. | **FINAL PRETRIAL ORDER** |
| Defendant. | |

Pursuant to F. R. Civ. P. 16 and L.R. 16.4, the parties submit this Final

Pretrial Order to govern the course of trial in this matter.

**I.    Nature of Action.**

This action arises out of debt collection activities directed at Mr. Tim

McCollough by the Johnson, Rodenburg & Lauinger law firm.  Mr. McCollough

brought this action alleging Johnson, Rodenburg & Lauinger violated the federal Fair Debt Collection Practices Act ("FDCPA") and Montana law in its debt collection activities against Mr. McCollough. The Court has ruled that Johnson Rodenburg & Lauinger violated the FDCPA. Johnson, Rodenburg & Lauinger denies it violated Montana law in its debt collection activities or in its conduct towards Mr. McCollough, and the Court has not ruled on these claims. They remain for trial.

## II.    Jurisdiction and Venue.

Jurisdiction over Plaintiff's FDCPA claim is proper in this Court pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. This Court has supplemental jurisdiction to hear and adjudicate Plaintiff's state law causes of action pursuant to 28 U.S.C. § 1367. Jurisdiction also exists under 28 U.S.C. §1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs. Venue is proper in the Billings Division because Plaintiff is a Yellowstone County, Montana resident and the pertinent facts occurred in Yellowstone County, Montana.

## III.    Jury.

The case is set for trial before a jury of 7 persons. The parties have agreed that the jury should not decide the issue of the amount of the statutory attorney's

fees and costs award, nor the amount of statutory damages under the Montana Unfair Trade Practices Act.

**IV.    Agreed Facts.**

The following facts are agreed upon and require no proof.

1.    Mr. McCollough was at all times relevant hereto a resident of Yellowstone County, Montana.

2.    Johnson, Rodenburg & Lauinger is a law firm based in North Dakota.

3.    No Johnson, Rodenburg & Lauinger attorney is physically located in the State of Montana, but several are licensed to practice law in the State of Montana.

4.    On April 17, 2007, JRL filed a lawsuit against Mr. McCollough on behalf of its client, CACV of Colorado ("CACV"), in Yellowstone County district court, entitled *CACV of Colorado, LLC v. M. Tim McCollough,* Cause No. DV 07-0523 ("the state court action.")   The complaint sought damages against Mr. McCollough in the amount of $3,816.80, plus interest in the amount of $5,536.81 and collection costs/attorney fees of $481.68.

5.    On June 13, 2007, Mr. McCollough filed his *pro se* Answer to the state court action, writing:

> Forgive my spelling.  I have a head injury and writing dose (sic) not come easy.

1.     The statute of limitacions (sic) is up, I have not had any dealing with any credit card in well over 8 ½ years.

2.     I am disabled.  I get $736 a month S.S.I.  My mortgage is $724 a month.  I am now diabetic.  I have no money or inchurance (sic) but medicare.

3.     When workers comp stopped paying I ran out of money.  Chase would not work with me, they passed it on to collectors- they lied to me, they insulted me, they used bad language, they called around the clock so I could not rest.  They got me so wound up and confused the healing of my head injury stopped.  They were hurting me so I had to stop dealing with them so I could recover, I'm still recovering.  The pain they cossed (sic) and new med bills are worth more than the money they want.

4.     This is the third time they have brought me to court on this account, the first two time with Judge Hernandez, when will it stop.  Do I have to sue them so I can live quietly in pain?

6.     In November of 2007, Mr. McCollough obtained legal counsel, who entered an appearance and served written discovery on CACV.

7.     In December of 2007, Johnson, Rodenburg & Lauinger, on behalf of CACV, dismissed the state court action against Mr. McCollough.

8.     At some point Plaintiff McCollough received a credit card, and made purchases with said card.

## V.     Elements of Liability.

Plaintiff has made claims for federal Fair Debt Collection Practices Act violations, Montana Unfair Trade Practices Act violations, Malicious Prosecution and Abuse of the Legal Process.

## A.     Fair Debt Collection Practices Act.

The Court has already ruled, as a matter of law, that Johnson, Rodenburg & Lauinger violated the federal Fair Debt Collection Practices Act in the following discrete ways: (1) by demanding attorney's fees not permitted under Montana law; (2) by filing a lawsuit barred by the statute of limitations in Montana; (3) by continuing to maintain a lawsuit barred by the statute of limitations in Montana; and (4) by serving on Mr. McCollough requests for admission which were an abusive, unfair and unconscionable means to attempt to collect a time-barred debt.

## B.     Montana Unfair Trade Practices Act.

The Court has already ruled, as a matter of law, that the Montana Unfair Trade Practices Act can apply to the collection of debt.

Mr. McCollough has the burden of proving:

(1)     That Johnson, Rodenburg & Lauinger's conduct towards Mr. McCollough constituted "unfair or deceptive acts or practices in the conduct of any trade or commerce";

(2)     That Johnson, Rodenburg & Lauinger's conduct caused Mr. McCollough damages; and

(3)     The amount of Mr. McCollough's damages.

Mont. Code Ann. § 30-14-103.

## C.     Malicious Prosecution.

Mr. McCollough has the burden of proving:

(1)    A judicial proceeding was commenced and prosecuted against Mr. McCollough;

(2)    Johnson, Rodenburg & Lauinger was responsible for instigating, prosecuting or continuing such proceeding;

(3)    There was a lack of probable cause for Johnson, Rodenburg & Lauinger's acts;

(4)    Johnson, Rodenburg & Lauinger was actuated by malice;

(5)    The judicial proceeding terminated favorably for Mr. McCollough; and

(6)    Mr. McCollough suffered damage.

Hughes v. Lynch, 2007 MT 177, ¶ 12, 338 Mont. 214, 164 P.3d 913.

### D.    Abuse of Process.

Mr. McCollough has the burden of proving:

(1)    Johnson, Rodenburg & Lauinger had an ulterior purpose; and

(2)    Johnson, Rodenburg & Lauinger committed a willful act in the use of process not proper in the regular conduct of the proceeding.

Seipel v. Olympic Coast Investments, 2008 MT 237, ¶ 20, 344 Mont. 415, 188 P.3d 1027.

## VI.    Defense Elements.

**A. First Affirmative Defense** - Failure to state a claim upon which any relief may be granted. Defendant hereby withdraws this defense.

**B. Second Affirmative Defense** - Bona fide error defense under 15 U.S.C. § 1692k. This defense is no longer an issue for trial as the Court previously struck this defense in its order granting Plaintiff's motion for partial summary judgment.

**C. Third Affirmative Defense** - Plaintiff has not established actual damages. Defendant withdraws this defense as it not an issue on which Defendant bears the burden of proof and is therefore not an affirmative defense.

**D. Fourth Affirmative Defense** - Failure to mitigate damages.

(1)    Plaintiff McCollough had a duty to minimize his damages.

(2)    Plaintiff McCollough breached his duty to minimize his damages by failing to notify Johnson, Rodenburg & Lauinger that his last payment on his Chase credit card had been made in August 2000.

(3)    Plaintiff McCollough's breach of his duty to minimize his damages increased his damages, if any, by permitting the debt collection lawsuit to continue for many months after it would otherwise have been dismissed.

**E. Fifth Affirmative Defense** - FDCPA statute of limitations.

Defendant withdraws this defense as it had only been raised as to Plaintiff Tift's claim which has since been dismissed.

**F. Sixth Affirmative Defense** - Failure to plead FDCPA violation as compulsory counterclaim.

Defendant withdraws this defense.

**G. Seventh Affirmative Defense** - Offset.

Defendant withdraws this defense.

**H. Eighth Affirmative Defense** - Plaintiff's damages were caused by a person (CACV of Colorado, LLC) for whom Defendant has no responsibility.

(1)    CACV of Colorado, LLC had a duty to exercise ordinary care in providing JRL with accurate information as to the debt owed by Plaintiff McCollough.

(2)    CACV of Colorado, LLC breached its duty to exercise reasonable care in providing JRL with accurate information as to the debt owed by Plaintiff McCollough by providing incorrect information as to the last date of payment made by Plaintiff McCollough.

(3)    CACV of Colorado, LLC's breach of duty caused damage to Plaintiff McCollough because it resulted in the filing of a lawsuit by Defendant Johnson, Rodenburg & Lauinger against Plaintiff McCollough that was outside the statute of limitations.

**I. Ninth Affirmative Defense** - Plaintiff was not a consumer as defined by the Montana Unfair Trade Practices and Consumer Protection Act.

This defense is no longer at issue for trial in light of the Court's ruling denying Defendant's motion for summary judgment on this issue.

**J. Tenth Affirmative Defense** - Defendant is entitled to its attorney's fees under the Montana Unfair Trade Practices and Consumer Protection Act. Defendant acknowledges this is not truly an affirmative defense but is instead a matter to be raised by post-trial motion depending on the jury's verdict. Accordingly, Defendant withdraws this as an affirmative defense.

**K. Eleventh Affirmative Defense** - An award of punitive damages is unconstitutional.

(1)    Punitive and exemplary damages claimed are violative of the United States Constitution and the Constitution of the State of Montana as being violative of the due process clause, the equal protection clause, Article II, Section 25 of the Montana Constitution and the Fifth Amendment of the United States Constitution and Article II, Section 22 of the Montana Constitution and the Eighth Amendment to the United States Constitution prohibiting the imposition of excessive fines.

(2)    Under State Farm v. Campbell, Plaintiff's burden of proof must be beyond a reasonable doubt.

**L. Twelfth Affirmative Defense** - Improper joinder of Tift and McCollough claims.

Defendant withdraws this defense in light of the dismissal of Plaintiff Tift's complaint against Defendant.

## VII.   Relief Sought.

Mr. McCollough claims actual and statutory damages as follows:

(1)    Costs of defense of the underlying suit in the amount of $1,470.

(2)    Emotional distress damages in the amount of $1,000,000, or such lesser amount as Mr. McCollough's trial jury sees as fair and reasonable under the circumstances and facts of this case.

(3)    Statutory damages in the amount of $1,000 for Johnson, Rodenburg & Lauinger's violations of the Fair Debt Collection Practices Act.

(4)    (*To be determined by the Court following jury verdict*)   Statutory damages of up to three times the jury's actual damages award for Johnson, Rodenburg & Lauinger's violations of the Montana Unfair Trade Practices Act.

(5)    Punitive damages in the amount of $1,000,000, or such lesser amount as Mr. McCollough's trial jury sees as fair and reasonable under the circumstances and facts of this case.

(6)    (*To be determined by the Court following jury verdict*)   Attorney's fees and costs for Johnson, Rodenburg & Lauinger's violations of the Fair Debt Collection Practices Act.

Defendant Johnson, Rodenburg & Lauinger requests that the amended complaint be dismissed with prejudice, that it be awarded its attorney's fees as permitted by statute, and that it be awarded its costs incurred in defense of this case.

## VIII. Legal Issues.

(1)  Plaintiff should not be permitted to request from the jury any specific sum for those elements of damage for which he did not specify any particular sum in his discovery responses, including but not necessarily limited to, emotional distress and punitive damages.

(2)  Defendant's motion for reconsideration of order denying motion to compel.

(3)  Defendant is entitled to an offset for any amounts paid to Plaintiff in settlement by CACV of Colorado.

(4) Does the court or the jury decide the amount of any statutory damage award under the Fair Debt Collection Practices Act?

(5)  All other substantive motions have been ruled on by the Court.  The parties have filed several motions in limine which are pending.

## IX.   Dismissals.

For Plaintiff – None.

Defendant Johnson, Rodenburg & Lauinger proposes to dismiss the

following affirmative defenses:    First Affirmative Defense, Third Affirmative Defense, Fifth Affirmative Defense, Sixth Affirmative Defense, Seventh Affirmative Defense, Tenth Affirmative Defense, and Twelfth Affirmative Defense.

## X.    Witnesses.

Attached to this pretrial order are the following separate witness lists:

(a)    Plaintiff's will-call witnesses;

(b)    Plaintiff's may-call witnesses;

(c)    Defendant's will-call witnesses;

(d)    Defendant's may-call witnesses.

## XI.    Exhibits.

Attached to this pretrial order are the following separate exhibit lists:

(a)    Plaintiffs' will-offer exhibits;

(b)    Plaintiff's may-offer exhibits;

(c)    Defendants' will-offer exhibits;

(d)    Defendants' may-offer exhibits.

## XII.    Discovery Documents.

Plaintiff will offer the following discovery documents:

(a)    Defendant's answers to Interrogatories 4, 5, 8, 10, 12, 13, 15, 17, 21, 22, and 25.

(b)    Defendant's responses to Requests for Production 1, 3, 4, 5, 8, 26, 29, 31, 35 and 37.

(c)    Defendant's answers to Requests for Admission 1, 2, 3, 4 and 5.

Defendant will offer the following discovery documents:

Plaintiff's Answer to Interrogatory No. 4

Plaintiff's Answer to Interrogatory No. 14

Plaintiff's Answer to Interrogatory No. 16

Plaintiff's Response to Request for Admission No. 1

Plaintiff's Response to Request for Admission No. 2

Plaintiff's Response to Request for Admission No. 7

Plaintiff's Answer to Interrogatory No. 22

11-17-08 Supplemental Answer to Interrogatory No. 7

11-17-08 Supplemental Answer to Interrogatory No. 9

11-17-08 Supplemental Answer to Interrogatory No. 10

11-17-08 Supplemental Answer to Interrogatory No. 12

11-17-08 Supplemental Answer to Interrogatory No. 13

11-17-08 Supplemental Answer to Interrogatory No. 19

## XIII. Estimate of Time of Trial.

The parties estimate that the case will take 4 days to try.  Plaintiff estimates he will require 1 ½ days of trial to complete his case in chief.  Defendant estimates

it will require 1 ½ days of trial to complete its case in chief. Plaintiff anticipates calling 6 lay witnesses and 4 expert witnesses. Defendant anticipates calling 3 lay witnesses and 1 expert witness.

This Order supersedes the pleadings in this matter.

DATED this 8th day of April, 2009.

_____
Hon. Carolyn S. Ostby
U.S. Magistrate Judge

Approved as to form and content:

HEENAN LAW FIRM

/s/ John Heenan
John Heenan
Attorney for Plaintiff


BOHYER, SIMPSON & TRANEL, P.C.

/s/ Fred Simpson
Fred Simpson
Attorneys for Defendant