John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
Facsimile:  (406) 839-9092
john@heenanlawfirm.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH,<br><br>               Plaintiff,<br><br>vs.<br><br>JOHNSON, RODENBURG &<br>LAUINGER.<br><br>               Defendant. | Cause No. CV-07-166-BLG-CSO<br><br>Judge Carolyn S. Ostby<br><br>**POINT BRIEF- PROPRIETY OF ATTORNEY ARGUMENT RE DAMAGE AWARD** |

Pursuant to the Court's Order at the Final Pretrial Conference, Plaintiff herein provides this point brief regarding the propriety of his counsel's potential argument to the jury regarding an appropriate damage award or range for emotional distress damages and punitive damages.

It is for the jury to determine what damages have been proven after hearing the evidence.  (9th Cir. Model Instr. 5.1).  Montana law does not provide a definite standard by which to calculate compensation for emotional distress damages or punitive damages.  (MPI2d 25.02 and 25.66).

The jury will be instructed that arguments of counsel are not evidence. (9th Cir. Model Instr. 1.7) ("Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.")

Under Montana law, there is no restriction precluding the plaintiff's counsel, in their argument to the jury, to suggest a mathematical basis for fixing damages for non-economic injuries. *See Wyant v. Dunn*, 140 Mont. 181, 188, 368 P.2d 917, 920 (1962) (no error in counsel's per diem argument regarding loss of love and companionship); *see also Church v. Arnett Holdings, Inc.*, 2008 WL 4899524 (E.D. Ark. Nov. 12, 2008) (denying a motion in limine to preclude a mathematical calculation of pain and suffering damages); *Champ v. Wal-Mart Stores, Inc.*, 2002 WL 440751 (Ohio Ct. App. 2002) (same); *Wilson v. Williams*, 933 P.2d 757 (Kan. 1997) (same); *Debus v. Grand Union Stores of Vt.*, 621 A.2d 1288 (Vt. 1993); *Paducah Area Pub. Library v. Terry*, 655 S.W.2d 19 (Ky. Ct. App. 1983) (same); *Cafferty v. Monson*, 360 N.W.2d 414 (Minn. Ct. App. 1985) (same); *Howle v. PYA/Monarch, Inc.*, 344 S.E.2d 157 (S.C. Ct. App. 1986).

Plaintiff was asked in discovery what categories and amounts of damages he was claiming. Plaintiff responded by giving dollar figures to economic damages he was able to quantify (e.g., $70 for filing an answer in the state court action),

identified emotional distress and punitive damages as categories of damages he was claiming, and asserted the amount of those damages was for the jury after hearing all of the evidence at trial.[1]  Plaintiff, in his deposition, gave a similar answer- it was for the jury to decide and he had no idea.  At trial, it is anticipated he would give a similar answer- it is for the jury to decide.  Consequently, Plaintiff has no objection to any order in limine precluding Plaintiff from testifying to a particular dollar value of his emotional distress or punitive damages.

Plaintiff strongly resists any effort to cut short Plaintiff's counsel's advocacy for his client.  What a lawyer suggests to a jury is absolutely privileged work product.  The undersigned does not know whether or how much he will suggest to the jury is an appropriate amount for emotional distress and/or punitive damages, and won't know until after the evidence has come in.  The jury will be instructed that the arguments of the lawyers are not evidence.

JRL's claim of surprise to know their potential exposure in this case is simply unfounded.  Attached hereto is a September 11, 2008 letter from the undersigned to JRL's counsel.  In the letter, the undersigned specifically advised JRL that it had exposure beyond its insurance policy limits, and that Plaintiff reserved the right to seek in excess of $1,000,000 at trial.  JRL was directed to the

---

[1] Interrogatories are answered by the party, not the attorney.  Rule 33(b)(2), F. R. Civ. P.; *see also* Baicker-McKee, FEDERAL CIVIL RULES HANDBOOK (West 2005) at pg. 674 ("[t]he party must answer the interrogatories, not the party's attorney (although it is common practice for the attorney to draft the answers."))

jury's emotional distress award in the *Seltzer* case ($1,000,000), the *Ammondson* case ($1,000,000 for each of 17 plaintiffs), as well as others.  JRL was directed to a Valuation Handbook setting out the range of "collection harassment" cases, including those with a punitive component.  In light of this letter, it can come as no surprise that this was an excess liability case as claimed.  Armed with this letter, JRL rejected Plaintiff's settlement offer and made a counteroffer which would have covered less than half of Mr. McCollough's attorneys fees at the time.  JRL has never made another settlement offer since that time.  So it is simply disingenuous for JRL to now claim surprise.

JRL can't have it both ways by trying to preclude Plaintiff's *counsel* from making arguments about appropriate damages under the evidence, and then claim Plaintiff's *counsel's* detailed letter making similar arguments did not put it on notice that such arguments might be coming.

Dated this 10th day of April, 2009.

HEENAN LAW FIRM


/s/ John Heenan
John Heenan
Attorney for Plaintiff