

John Heenan, Esq.
Phone (406) 839-9091
Fax    (406) 839-9092
John@HeenanLawFirm.com

**HEENAN LAW FIRM**
**HELPING PEOPLE**

Post Office Building
P.O. Box 2278
Billings. Mt 59103
www.HeenanLawFirm.com

September 11, 2008

*U.S. MAIL*
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
283 West Front, Suite 201
PO Box 7729
Missoula MT 59807-7729

Re:    *Timothy McCollough vs. Johnson, Rodenburg & Lauinger*

Dear Fred:

Enclosed please find Plaintiff's Expert Liability Disclosures pursuant to the Court's Scheduling Order. Andy Patten is a highly respected lawyer with over three decades of experience, including representing creditors. His report speaks for itself, and is a scathing indictment of your client's practices in the State of Montana. Likewise, Mike Eakin has been defending debtors as a Legal Services lawyer for over thirty years. He will be able to articulate the cumulative experiences of the dozens of poverty-level clients whom JRL has sued over the years. The testimony of Mr. Patten and Mr. Eakin, along with the other evidence in this case, presents dim prospects for JRL at trial.

As you know, under the FDCPA, this is a fee-shifting case. As disclosed in discovery, Mr. McCollough's fees and costs exceed $40,000, will probably exceed $50,000 by the time a settlement conference is convened, and will likely reach $100,000 through trial.

Furthermore, now that you have had the opportunity to meet Mr. McCollough, you know that he is a compelling plaintiff who will be able to articulate the frustration, anger and anxiety which he suffered at the hands of JRL. Dr. Veraldi will be able to articulate these financial stressors to the jury, and Dr. McElhinney will certainly not dispute that it is hardly therapeutic for a person in Mr. McCollough's condition to be sued and harassed by debt collectors.

Finally, as you know, Mr. McCollough has claimed punitive damages sufficient to punish JRL for its conduct against him and as a law firm which makes hundreds of thousands of dollars running, in the words of Mr. Patten, a "factory whose product is debt collection complaints." As JRL has no doubt been advised, there is a real risk that a jury will

1

impose a substantial penalty against it for its conduct in this regard. JRL. by the very nature of what it does. faces incredible punitive exposure.

With all of this as background. please consider this Mr. McCollough's offer to settle his claims against JRL for $900.000. This settlement offer is made in light of similar cases and circumstances of which we are aware. and which Judge Strong will no doubt raise at the settlement conference.

- The 1998 Valuation Handbook put out by Jury Verdict Research places under the specific category "collection harassment" the mean award for emotional damages - without physical injury- at $190.138. Of all collection harassment cases. 46% had punitive damage awards ranging from $350 to $3.2 million. 6% of which were over $1 million.

- *Seltzer v. Gibson. Dunn & Crutcher. L.L.P.* (Montana Eighth Judicial District Court). In *Seltzer*. the law firm sued Seltzer in an effort to get him to retract his opinion about who had painted a particular painting. The jury awarded $1.1 million in compensatory damages. primarily in the form of emotional distress damages. as well as $20 million in punitive damages. The district court lowered the punitive damages award to $9.9 million. The Montana Supreme Court upheld both the compensatory and altered punitive awards.

- *Ammondson et. al. v. NorthWestern Corp. and Paul. Hastings. Janofsky & Walker. L.L.P.* (Montana Second Judicial District Court). In *Ammondson*. a case I am personally familiar with. the law firm attempted to discharge the 15 plaintiffs' pensions through bankruptcy. 1 of the 15 plaintiffs sought medical treatment for his emotional distress. The jury awarded approximately $1 million in emotional distress damages to each of the 15 plaintiffs at trial. The jury awarded $4 million in punitive damages. A week before trial. the Paul Hastings law firm settled the case for a confidential amount. Judge Strong's former firm. Dorsey Whitney. represented the Paul Hastings firm in the matter. I defer to him to advise you and your client as to the resolution of the claim against the Paul Hastings law firm. but would advise that I believe it definitely supports the reasonableness of the settlement offer made herein.

- *Bennett v. Bay Area Credit* (U.S. District Court for the District of Montana) In *Bennett*. the plaintiff sued the creditor and the debt collector for harassment. Upon default of the creditor. Judge Cebull awarded compensatory damages. consisting primarily of emotional distress damages. in the amount of $103.139. and punitive damages in excess of $600.000. Upon appeal. the punitive damages award was reduced to $400.000. The debt collector settled with the plaintiff for an undisclosed sum which I understand to have been substantial.

- *Heib v. Paul Law Offices* (U.S. District Court for the Eastern District of Washington) Last week. Judge Van Sickle awarded $160.000 plus attorney's fees and costs to be determined. including $150.000 in emotional distress damages

against a law firm in an FDCPA case. The plaintiff's emotional distress claim was based upon the fact that he had stress and his blood pressure increased as a result. (*The fact that conservative judges like Judge Cebull and Judge Van Sickle have awarded such large emotional distress awards in similar contexts should cause JRL concern as to what a jury of Eastern Montanans will award.*)

In light of all of this, we consider this settlement offer of $900,000 to be reasonable and reflective of the risks both sides face in proceeding to trial. As you know, this offer is within your client's insurance policy limits. Be advised that this settlement offer is made pursuant to Rule 408 of the Federal Rules of Civil Procedure, and in no way should be seen as precluding Mr. McCollough from seeking damages in excess of $1,000,000 at trial.

Finally, it should be noted that up until now, JRL has secured the benefit of confidentiality through the Court's protective order. At trial, JRL's business practices and conduct in the State of Montana will become a matter of public record, with potential ramifications that go far beyond this lawsuit. For a whole host of reasons, JRL should want to secure a settlement within policy limits and under a release with a confidentiality provision rather than be forced to appear at trial in Montana and defend its conduct in this case.

Sincerely,

HEENAN LAW FIRM

John Heenan

3