John E. Bohyer
Fred Simpson
BOHYER, SIMPSON & TRANEL, P.C.
283 West Front, Suite 201
Post Office Box 7729
Missoula, Montana 59807-7729
Phone: (406) 532-7800
Facsimile: (406) 549-2253
Email: mail@bstlawfirm.com

*Attorneys for Defendant*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## BILLINGS DIVISION

-----------------------------------------------------------------------------------------------

| | |
|---|---|
| TIMOTHY McCOLLOUGH,<br><br>Plaintiff,<br><br>-vs.-<br><br>JOHNSON, RODENBURG &<br>LAUINGER,<br><br>Defendant. | ) Cause No. CV-07-166-BLG-CSO<br>) **THE HON. CAROLYN S. OSTBY**<br>)<br>) **DEFENDANT'S POINT BRIEF**<br>) **RE: PLAINTIFF'S FAILURE TO**<br>) **DISCLOSE AMOUNT OF**<br>) **GENERAL AND PUNITIVE**<br>) **DAMAGES**<br>)<br>) |

-----------------------------------------------------------------------------------------------

Pursuant to the discussion at the pretrial conference, Defendant Johnson,

Rodenburg & Lauinger offers this point brief regarding the Plaintiff's failure to

disclose the amount of general and punitive damages sought in this case.  Plaintiff

failed to disclose in response to a specific discovery request and in his preliminary pretrial statement the amount of general and punitive damages he is seeking in this action. This information was only disclosed at the time the pretrial order was prepared, at which time he disclosed he is seeking $1,000,000 for emotional distress damages and $1,000,000 in punitive damages. See, Final Pretrial Order, Relief Sought. Plaintiff's surprise tactics should not be condoned; he should be precluded from offering any evidence or argument as to the amount of money he is seeking for emotional distress and for punitive damages.

Plaintiff's preliminary pretrial statement, filed on or about March 17, 2008, stated under the heading "Compensatory Damages" that Plaintiff's primary type of damage alleged was for emotional distress. Pls.' Preliminary Pretrial State., 6 (Mar. 17, 2008). The relevant portion of the preliminary pretrial statement is attached as **Exhibit A**. Despite L.R. 16.2(b)(1)(E)'s requirement to state "a computation of damages," no specific amount was identified. Rather, the statement asserted "The determination of Plaintiffs' individual compensatory damages awards will be within the province of the jury after hearing all of the evidence." *Id*. Similarly, no amount was specified under the heading "Punitive Damages." Again, the Plaintiff's statement referred the question to "the sole discretion of the jury after hearing all relevant evidence." *Id*., 7-8.

On or about April 22, 2008, Plaintiff filed his "Amended Initial Disclosure Statement." A copy of the relevant portion is attached as **Exhibit B**. As with the preliminary pretrial statement, he identified emotional distress and punitive damages as categories of damages he seeks in this case, but again he failed to specify any sum in either category and left the matter to resolution by the jury.

Defendant served a set of discovery requests on the Plaintiff which included the following interrogatory:

> INTERROGATORY NO. 4: Please specify with particularity any and all damages Plaintiff is claiming in this lawsuit for Defendant's alleged violations of the Fair Debt Collections Practices Act and Defendant's alleged violation of Montana's Unfair Trade Practices and Consumer Protection Act for each alleged damage, state the following:
>
> (a)    the nature of the damages claimed and a full description of the basis for such claim;
>
> (b)    the dollar amount of damages claimed; and
>
> (c)    the method of computing or determining the amount of damages for each such claim.

Plaintiff responded on or about September 3, 2008. A copy of his answer to Interrogatory No. 4 is attached as **Exhibit C**. As with his preliminary pretrial statement and amended initial disclosure, he listed emotional distress and punitive damages as among the various categories he was seeking to recover. However, he

did not state as asked under subpart (b) the dollar amount of damages claimed for either emotional distress or punitive damages. Again, he left the matter of the amount "to be determined by the jury[.]"

As the Court is aware, the Plaintiff has now claimed in the pretrial order that he is entitled to compensation in the amount of $1,000,000 for his emotional distress and $1,000,000 in punitive damages. This is the first time in the more than one year period that this case has been pending that the Plaintiff has finally identified the amount he thinks he is entitled to recover for these elements of damage. His eve of trial disclosure is nothing more than unfair surprise tactics. He should be restricted to requesting nothing more than he identified in his preliminary pretrial disclosure and discovery response.

The Montana Eleventh Judicial District Court considered a similar issue in a case involving damage the plaintiff claimed following an automobile accident. *Neal v. Nelson*, Montana Eleventh Jud. Dist. Cause No. DV-04-157C. In *Neal*, the defendant served upon the plaintiff a discovery request substantially the same as Interrogatory No. 4 which was served on the Plaintiff in this case. The plaintiff refused to specify any amounts for general damages, so the defendant served a motion to compel discovery. The district court denied the motion to compel, but held that if the plaintiff refused to specify the amounts he was seeking in general

damages, he would not be permitted to offer such proof at trial:

> Since Plaintiff is not required to present evidence as to the amount of general damages, he certainly cannot be compelled to do so in discovery. This determination is made by the jury after all of the evidence has been presented. Defendant's motion to compel with regards to interrogatory no. 4 is denied. This ruling is premised on the understanding that Plaintiff is not contemplating offering evidence as to a specific dollar value for his claimed general damages. There is a continuing obligation by both parties to supplement answers if and when information becomes available. If at any time in the future, Plaintiff decides that he will present evidence as to the dollar value of his claim for general damages, then such information should be provided in response to Defendant's interrogatory No. 4.

Or. & Rational, 3-4 (Jan. 27, 2005), attached as **Exhibit D**.

It is axiomatic that one of the fundamental purposes of discovery is to avoid surprise at trial. Defendant attempted in this case to obtain information as to the amount of Plaintiff's emotional distress and punitive damage claims, yet Plaintiff flatly refused to provide any information in this regard until after discovery was closed, thereby preventing the Defendant from inquiring as to the basis for Plaintiff's claims that he sustained $1,000,000 in compensatory damages, and that he should in addition recover $1,000,000 in punitive damages. As with the situation in *Neal*, *supra.*, Plaintiff had an obligation to supplement his discovery responses, while discovery was still open, if he intended on offering this

information at trial.  His failure to do so should preclude him from doing so now,

otherwise Defendant will be prejudiced as it will have had no opportunity to

discover the basis for these claimed amounts.

DATED this 13th day of April, 2009.


/s/ Fred Simpson

Fred Simpson
BOHYER SIMPSON & TRANEL, P.C.
Attorneys for Defendants

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(d)(2)(E)

### CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS

This brief complies with the type-volume limitation of Local Rule 7.1(d)(2)(E) [6500 words for briefs; 3250 words for reply briefs], and contains 1019 words, excluding the caption and certificates of service and compliance.

DATED this 13th day of April, 2009.

        /s/ Fred Simpson

Fred Simpson
BOHYER SIMPSON & TRANEL, P.C.
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, the undersigned, a representative of the law firm of Bohyer Simpson & Tranel, P.C., hereby certify that I served a true and complete copy of the foregoing ***Defendant's Point Brief Re: Plaintiff's Failure to Disclose Amount of General and Punitive Damages*** on the following persons by the following means:

| | |
|---|---|
| __1-2__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1.    Clerk, U.S. District Court

2.    John C. Heenan, Esq.
      HEENAN LAW FIRM
      2602 1st Ave N, Suite 305
      PO Box 2278
      Billings, MT 59103
      **Attorneys for Plaintiff**

DATED this 13th day of April, 2009.

          ____/s/ Fred Simpson_____
          Fred Simpson
          BOHYER SIMPSON & TRANEL, P.C.
          Attorneys for Defendants