John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
Facsimile:   (406) 839-9092
John@HeenanLawFirm.com

Attorney for Plaintiffs

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| JUNE TIFT and TIMOTHY McCOLLOUGH, <br><br> Plaintiffs, <br><br> vs. <br><br> JOHNSON, RODENBURG & LAUINGER and CACV OF COLORADO, LLC, <br><br> Defendants. | Cause No.  CV-07-166-BLG-RFC-CSO <br><br> Judge Carolyn S. Ostby <br><br> **PLAINTIFFS' PRELIMINARY PRETRIAL STATEMENT** |

COMES NOW Plaintiffs, by and through their counsel of record, and pursuant to Rule 26(a)(1), F. R. Civ. P., and Local Rule 16.1(b), and make the following Preliminary Pretrial Statement:

1.    **BRIEF FACTUAL OUTLINE.**

Plaintiffs are each mentally disabled, with their only income being social security disability payments.  Defendant Johnson Rodenburg & Lauinger ("JRL") sued Plaintiff McCollough on time-barred debt after the case had already been

EX. A - 01

dismissed the lawsuits as soon as the Plaintiffs engaged legal counsel to defend them.

## 5.    COMPUTATION OF DAMAGES.

### Compensatory Damages

Plaintiffs are each entitled to compensatory damages under the FDCPA, Montana Consumer Protection Act, and Montana common law. Such damages consist primarily of emotional distress damages. As Plaintiffs have not asserted stand-alone "infliction of emotional distress" claims, the standard for recovery is contained in MPI 25.02:

> Mental and emotional suffering and distress passes under various names, such as mental anguish, nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for this kind of loss. The law does require, however, that when making an award for mental and emotional suffering and distress, you shall exercise calm and reasonable judgment. The compensation must be just and reasonable.

The determination of Plaintiffs' individual compensatory damages awards will be within the province of the jury after hearing all of the evidence.

Plaintiffs are also entitled to reasonable attorney's fees for defending the underlying claims pursuant to Montana common law.

### Statutory Damages

EX. A - 02

The FDCPA provides for statutory damages of $1,000 per violation to address the important consumer protection aspects of the Act as proscribed by Congress. The Montana Consumer Protection Act provides for an award of treble damages upon the finding that the Act has been violated. Both Acts provide for the recovery of reasonable attorney's fees and costs.

<u>Punitive Damages</u>

Plaintiffs have asserted the right to recover punitive damages under both the FDCPA and Montana law. As to the FDCPA, "Congress intended the FDCPA to eliminate abusive collection practices. Awards of punitive damages in egregious cases further this purpose by making an example of violators, thus deterring emulation of their practices by other collectors." National Consumer Law Center, Fair Debt Collection (5th ed. 2004) at § 6.5.4.

Under Montana law, punitive damages are available upon a showing of fraud or malice. Mont. Code Ann. § 27-1-221. Montana law "caps" punitive exposure at the lesser of $10,000,000 or 3% of the defendant's net worth. In this instance, JRL has refused to provide information as to its net worth, thus precluding it from relying upon the limitations set forth in Mont. Code Ann. § 27-1-221.

EX. A - 03

The determination of an amount which will be adequate to punish JRL in light of its conduct is in the sole discretion of the jury after hearing all relevant evidence.

**6.    EARLY NEUTRAL EVALUATION.**

Ms. Tift and Mr. McCollough are amenable to the prospect of early neutral evaluation, but believe that further discovery may need to occur before their claims can be appropriately evaluated.

**7.    RELATED LITIGATION.**

Plaintiffs are unaware of any related litigation.

**8.    PROPOSED STIPULATIONS OF FACT OR LAW.**

1.    Plaintiffs were at all times relevant hereto residents of Yellowstone County, Montana.

2.    JRL is a "debt collector" as defined under the FDCPA.

3.    No JRL attorney is physically located in the State of Montana, but several are licensed to practice law in the State of Montana.

4.    JRL regularly files lawsuits against Montana residents in Montana courts as part of its debt collection activities.

**9.    PROPOSED DEADLINES.**

The substance of the parties' agreement will be set forth in the Joint Discovery Plan filed contemporaneously with this Statement.