POSTED

*3806*

RECEIVED

FEB 01 2005

PHILLIPS & BOHYER

STEWART E. STADLER
District Court Judge, Department 3
Flathead County Justice Center
920 South Main
Kalispell, MT 59901
Telephone:   (406) 758-5906

IN THE DISTRICT COURT OF THE ELEVENTH JUDICIAL DISTRICT OF THE
STATE OF MONTANA, IN AND FOR THE COUNTY OF FLATHEAD

*    *    *    *    *    *    *    *    *    *

JAMES ANTHONY NEAL,                  )    Cause No. DV-04-157C
                                     )
              Plaintiff,             )
                                     )
     vs.                             )    ORDER AND RATIONALE
                                     )
JEREMY JAY NELSON,                   )
                                     )
              Defendant.             )
                                     )



     This matter is before the Court on the following motions: Plaintiff's Motion To Strike, filed September 20, 2004; Plaintiff's Motion For Rule 11 Sanctions, filed September 20, 2004; Defendant's Motion To Compel, filed October 15, 2004; Plaintiff's Motion to Compel, filed October 21, 2004; and, Defendant's Motion To Amend Scheduling Order, filed November 17, 2004. The Court having considered the memoranda submitted by the parties in support and opposition and being fully advised in the premises, now enters the following:

ORDER

     IT IS HEREBY ORDERED:

     1. Plaintiff's Motion To Strike is GRANTED.

     2. Plaintiff's Motion For Rule 11 Sanctions is DENIED.

     3. Defendant's Motion To Compel is GRANTED in part and DENIED in part, as follows.

     4. Plaintiff's Motion To Compel is GRANTED in part and DENIED in part, as follows.

     5. Defendant's unopposed Motion To Amend Scheduling Order is

ORDER AND RATIONALE                  1

GRANTED.

RATIONALE

### PLAINTIFF'S MOTION TO STRIKE

In answering the complaint and asserting affirmative defenses, Defendant concedes that the complaint states a claim, but contends that other facts, nonetheless, defeat recovery. Defendant's first affirmative defense is merely a recital of his motion to dismiss for failure to state a claim. Defendant failed to file a brief in support of his assertion, thus, conceding that it was without merit. This Court denied the same. Defendant has no possibility of prevailing on this affirmative defense. Therefore, no legal or factual basis exists for Defendant's first affirmative defense and it is properly stricken pursuant to Rule 12(f), M.R.Civ.P. and this Court's inherent power to control the pleadings.

Defendant's fourth affirmative defense is not an affirmative defense. Rather, it is a statement of Defendant's alleged reasons for pleading other affirmative defenses. The Montana Rules of Civil Procedure do not provide for statements of reasoning in an answer and this language should also be stricken from the Answer.

### PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS

Upon initial evaluation of Plaintiff's claim and prior to any discovery, Defendant determined that certain affirmative defenses were warranted by existing law. These defenses were raised in Defendant's answer filed May 3, 2004. The Court's initial scheduling order, the amended scheduling order and the proposed second amended scheduling order, all require that the parties file amended pleadings by May 21, 2004. Plaintiff's discovery requests asked Defendant to provide the factual basis for the affirmative defense that Plaintiff failed to mitigate damages. Defendant answered that discovery was ongoing and that Defendant would provide a supplemental response as facts became available.

It is well settled that a party who fails to raise an affirmative defense waives the right to assert that defense at the time of trial. Although Plaintiff claims that Defendant could wait until he conducted discovery, which now closes on March 17, 2005, and then amend his answer, such amendment could only be filed with leave of the court or by written consent of Plaintiff. The Court seriously doubts that Plaintiff would not have opposed any such request by Defendant. To insure that the affirmative defense of failure to mitigate damages was not waived, Defendant was required to raise this defense at the time of his answer. The defense was properly raised and complies with the Montana Rules of Civil

ORDER AND RATIONALE                    2

Procedure. Rule 11 sanctions would not be appropriate.

### DEFENDANT'S MOTION TO COMPEL

Defendant's motion concerns Plaintiff's answers to interrogatories No. 4, 13, 16, 17, 18, 24 and 27. With regards to interrogatories No. 13, 16, 17 and 18, Plaintiff, pursuant to Rule 33(c), M.R.Civ.P., has referred Defendant to at least 65 pages of medical records. Even if the Court was inclined to expand Rule 33(c) to include medical records as business records, which the Court is not, clearly, these are Plaintiff's records which are familiar to him and it would less burdensome for him to provide the requested information than it would be for Defendant to attempt to review voluminous medical records to obtain the same information. Defendant's motion to compel with regards to interrogatories No. 13, 16, 17 and 18 is granted with Plaintiff to provide appropriate answers within 30 days from the date of this order.

With regards to interrogatories No. 24 and 27, in which Plaintiff was asked to describe limitations in both employment and prior activities which have been caused by the injuries sustained. Plaintiff's answer does specifically describe limitations and refers to a vocational evaluation by Ms. Rowe which also describes limitations, but both answers include the language "among other things". If there are other limitations known to Plaintiff he has an obligation to specifically disclose those limitations or if during the course of discovery other limitations become known to Plaintiff, then he has an obligation to supplement his discovery responses. Defendant's general referral to "other things" is not responsive to the question and will not be considered by the Court. Defendant's motion to compel with regards to interrogatories No. 24 and 27 is granted with Plaintiff to provided appropriate answers within 30 days from the date of this order.

With regards to interrogatory No. 4, in which Defendant requests that Plaintiff be compelled to place a dollar amount on his claim for general damages. Defendant does not dispute Plaintiff's position that he is not required to offer evidence or testimony as to the amount of general damages. Since Plaintiff is not required to present evidence as to the amount of general damages, he certainly cannot be compelled to do so in discovery. This determination is made by the jury after all of the evidence has been presented. Defendant's motion to compel with regards to interrogatory No. 4 is denied. This ruling is premised on the understanding that Plaintiff is not contemplating offering evidence as to a specific dollar value for his claimed general damages. There is a continuing obligation by both parties to supplement answers if and when information becomes available. If at any time in the future, Plaintiff decides that he will present evidence as to dollar value of his claim for general damages, then such information should be provided in response to Defendant's

ORDER AND RATIONALE                           3

interrogatory No. 4.

PLAINTIFF'S MOTION TO COMPEL

Plaintiff's motion concerns Defendant's answers to interrogatories No. 14, 15, 27, 28, 29 and request for production No. 9. With regards to interrogatories No. 14 and 15, Plaintiff's request does not now appear to be contested by Defendant. However, it is not clear to the Court whether this information has been provided. Accordingly, Plaintiff's motion to compel with regards to interrogatories No. 14 and 15 is granted and if answers have not been provided, appropriate answers are to be provided within 30 days from the date of this order.

With regards to interrogatories No. 27 and 28, in which Plaintiff requests that Defendant indicate a percentage of fault to be ascribed to either party. Similar to general damages, an apportionment of fault is the function of the jury after review of all of the evidence presented at trial. Defendant is not required to present specific numerical evidence as to this apportionment and cannot by compelled to do so in discovery. Plaintiff's motion to compel with regards to interrogatories No. 27 and 28 is denied. Again, as with a dollar value of general damages, if in the future Defendant decides to offer numerical evidence as to a percentage of fault, then such should be provided to Plaintiff in response to interrogatories No. 27 and 28.

With regards to interrogatory No. 29, in which Plaintiff has requested that Defendant indicate whether the costs of "any devices" furnished to Plaintiff by his healthcare providers are unreasonable. The Court agrees with Defendant that the description "any devices" is vague and ambiguous. This request is also more burdensome on Defendant than it would be for Plaintiff. Certainly, Plaintiff is in a better position to know if he has been furnished a "device", by which provider, when it was provided and the costs of the device. Since Plaintiff has failed to specifically describe the device for which he seeks discovery, his motion to compel is denied.

With regards to request for production No.9, in which Plaintiff requests that Defendant provide every document which he provided to or received from his insurance company. As it concerns statements taken by the insurance company or its agents and employees prior to Plaintiff's complaint being filed, Plaintiff's motion to compel is granted with documents, if not previously provided, to be produced within 30 days from the date of this order. All remaining requests for production contained in Plaintiff's request for production No. 9 are denied.

Finally, Plaintiff has requested that the Court, pursuant to Rule 36, M.R.Civ.P., determine the sufficiency of Defendant's

ORDER AND RATIONALE                    4

Case 1:07-cv-00166-CSO    Document 151-4    Filed 04/13/09    Page 5 of 5

answers to Plaintiff's requests for admissions. From its review of the requests and the answers as supplied by Defendant, the Court finds that Defendant's responses, when considered with the ongoing obligation to supplement answers if and when information becomes available, are adequate and comply with requirements of the Montana Rules of Civil Procedure.

DEFENDANT'S MOTION TO AMEND SCHEDULING ORDER

Defendant's motion to amend scheduling order which is not contested by Plaintiff is granted.

DATED this 27th day of January, 2005.

Stewart E. Stadler
District Judge

ORDER AND RATIONALE                    5

EX. D - 05