IN THE UNITED STATES DISTRICT COURT

BILLINGS DIV.

FOR THE DISTRICT OF MONTANA 16  PM 5 04

BILLINGS DIVISION PATRICK E. DUFFY, CLERK

BY _____

DEPUTY CLERK

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | CV-07-166-BLG-CSO |
| Plaintiff, | |
| vs. | **FINAL JURY**<br>**INSTRUCTIONS** |
| JOHNSON, RODENBURG &<br>LAUINGER, | |
| Defendant. | |

Instruction No. 16

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

Instruction No. 17

In a civil case, such as this one, the party that makes a claim must prove that claim by the greater weight of the evidence, sometimes referred to as the preponderance of the evidence. This is called the burden of proof.

A party who has the burden of proof must persuade you by the evidence that his or her claim is more probably true than not true. In other words, the evidence supporting the propositions, which a party has the burden of proving, must outweigh the evidence opposed to it. In determining whether a party has met this burden, you will consider all the evidence, whether produced by the plaintiff or the defendant.

Instruction No. 18

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Instruction No. 19

All parties are equal before the law and a partnership is entitled to the same fair and conscientious consideration by you as any party.

Instruction No. 20

A partnership can only act through its employees, agents, or partners. Therefore, a partnership is responsible for the acts of its employees, agents, and partners performed within the scope of authority.

Instruction No. 21

A person is presumed to intend the ordinary consequences of his voluntary acts. This presumption is a disputable presumption that may be controverted by other evidence.

Instruction No. 22

Plaintiff has asserted a claim against Defendant under the Montana Unfair Trade Practices Act. In order to prove his claim, Plaintiff has the burden of proving:

(1)   That Defendant's conduct towards Plaintiff constituted unfair or deceptive acts or practices in the conduct of any trade or commerce;

(2)   That Defendant's conduct caused Plaintiff  damages; and

(3)   The amount of Plaintiff's damages.

Instruction No. 23

Plaintiff has asserted a claim for malicious prosecution against

Defendant.  To prove malicious prosecution, Plaintiff must show:

(1)   that a judicial proceeding was commenced and prosecuted

against him;

(2)   that Defendant was responsible for instigating, prosecuting

or continuing the proceeding;

(3)   that Defendant acted without probable cause;

(4)   that Defendant was actuated by malice;

(5)   that the judicial proceeding terminated favorably for

Plaintiff; and

(6)   that Defendant's actions caused Plaintiff damages.

Instruction No. 24

One who takes an active part in the initiation or
continuation of civil proceedings against another has probable cause for
doing so if he reasonably believes in the existence of the facts upon
which the claim is based and correctly or reasonably believes that under
those facts the claim may be valid under the applicable law.

Instruction No. 25

The fact that a lawsuit ends in favor of the Defendant does not prove that the Plaintiff lacked probable cause to bring the lawsuit.

Instruction No. 26

For purposes of a malicious prosecution claim, the terms "malice" and "malicious" mean:

(1)    a wish to vex, annoy or injure another person, or an attempt to do a wrongful act,  established by proof or presumption of law, or

(2)    the Defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to Plaintiff and deliberately proceeds to act with indifference to the high probability of injury to Plaintiff.

Instruction No. 27

In determining whether Defendant initiated the lawsuit without probable cause, you may consider whether the Defendant could or should have made further inquiry or investigation as an ordinarily prudent person would have made in the same circumstances before initiating such a lawsuit.

## Instruction No. 27a

In determining whether the Defendant initiated a lawsuit with malice for purposes of a malicious prosecution claim, you may infer that the Defendant acted with malice if you determine,  based on the evidence, that the Defendant initiated the lawsuit without probable cause.

Instruction No. 28

Plaintiff has asserted a claim for abuse of process against the Defendant.    In order for you to find that Defendant is liable for abuse of process, Plaintiff must prove that:

(1)    Defendant had the ulterior purpose of extracting money from Plaintiff that he did not owe;

(2)    Defendant willfully filed the debt collection action without a valid claim; and

(3)    Defendant's actions caused Plaintiff damages.

Instruction No. 29

The Montana Rules of Civil Procedure do not state that a party who serves requests for admission must tell the opposing party of the effect of a failure to respond to the requests in a timely manner.

Instruction No. 29a

The Rules of Civil Procedure state that the signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact, and that it is not interposed for any improper purpose, such as to harass.

Instruction No. 30

The Court, prior to the start of this trial, made the following legal findings, which you must accept as true:

(1) Defendant violated the Fair Debt Collection Practices Act  by demanding  attorney's fees from Mr. McCollough which were not permitted under Montana law;

(2) Defendant violated the Fair Debt Collection Practices Act by filing a lawsuit against Mr. McCollough which was barred by the statute of limitations in Montana;

(3) Defendant violated the Fair Debt Collection Practices Act by continuing to maintain a lawsuit against Mr. McCollough which was barred by the statute of limitations in Montana;

(4) Defendant violated the Fair Debt Collection Practices Act by serving the requests for admission on Mr. McCollough in an abusive, unfair, and unconscionable attempt to collect a time-barred debt.

Instruction No. 31

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

The Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant. A damage award must be based upon evidence and not upon speculation, guesswork, or conjecture.

Instruction No. 32

Based upon the Court's determination that Defendant violated the Fair Debt Collection Practices Act, you must fix the amount of money that will reasonably and fairly compensate Plaintiff for damages that resulted from Defendant's violations of the Fair Debt Collection Practices Act. Your award should include any actual damages suffered by Plaintiff as a result of Defendant's failure to comply with the Fair Debt Collection Practices Act. Actual damages include damages for personal humiliation, embarrassment, mental anguish, and emotional distress. There is no fixed standard or measure in the case of intangible items such as humiliation, embarrassment, mental anguish and emotional distress.

Instruction No. 33

Mental and emotional suffering and distress pass under various names, such as mental anguish, nervous shock, or the like. It includes all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea.

The law does not set a definite standard by which to calculate compensation for mental and emotional suffering and distress. Neither is there any requirement that any witness express an opinion about the amount of compensation that is appropriate for this kind of loss. The law does require, however, that when making an award for mental and emotional suffering and distress, you shall exercise calm and reasonable judgment. The compensation must be just and reasonable.

Instruction No. 34

In addition to actual damages, and regardless of whether actual damages are awarded, you may award statutory damages in an amount not to exceed $1,000 for Defendant's violations of the Fair Debt Collection Practices Act.  In determining the amount of statutory damages to be awarded, you should consider, among other relevant factors, the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which noncompliance was intentional.

Instruction No. 35

If you find Defendant violated the Montana Unfair Trade Practices Act, maliciously prosecuted Plaintiff, or abused the legal process, then you must determine the amount of money which will reasonably and fairly compensate Plaintiff for all loss caused by the Defendant, regardless of whether such loss could have been anticipated. If you find for Plaintiff on the question of liability, you may award compensation for mental or emotional distress caused by Defendant's conduct.

Instruction No. 36

Any compensation to which a plaintiff is entitled should not be reduced simply because the plaintiff was more susceptible to injury than a normally healthy person.

Instruction No. 37

Plaintiff has asked for punitive damages which may be allowed by you provided you first find that the Plaintiff has suffered actual damages. One who has suffered injury through the malice of another may recover, in addition to his or her actual damages, punitive damages for the sake of example and by way of punishing the other party.

Instruction No. 38

Plaintiff must prove all the elements of his claim for punitive damages by clear and convincing evidence. "Clear and convincing" means evidence in which there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence. The elements may be proved by direct or circumstantial evidence.

Instruction No. 39

In punitive damage cases, a defendant is guilty of malice if it has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff and the defendant either:

(1)     deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff; or

(2)     deliberately proceeds to act with indifference to the high probability of injury to the plaintiff.

Instruction No. 40

If you determine that punitive damages should be awarded against the Defendant, you will be returned to Court following the deliberations. Additional evidence will be presented to you relating only to the issue of the amount of punitive damages awarded. That issue will be argued by counsel, and you will return to the jury room to determine the amount of punitive damages in this case.

Instruction No. 41

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Instruction No. 42

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.

Instruction No. 43

A verdict form has been prepared for you.  After you have reached

unanimous agreement on a verdict, your presiding juror will fill in the

form that has been given to you, sign and date it, and advise the court that

you are ready to return to the courtroom.

Instructions Nos. 16 through 43 were given.

DATED this ____ day of April, 2009.

Carolyn S. Ostby
United States Magistrate Judge