John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
Facsimile:  (406) 839-9092
john@heenanlawfirm.com

Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| | |
|---|---|
| TIMOTHY McCOLLOUGH, | Cause No. CV-07-166-BLG-CSO |
| Plaintiff, | Judge Carolyn S. Ostby |
| vs. | |
| JOHNSON, RODENBURG & LAUINGER. | **PLAINTIFF'S PROPOSED JUDGMENT** |
| Defendant. | |

This action came for trial before a jury, the Honorable Carolyn S. Ostby, United States Magistrate Judge, presiding.  The jury has rendered its verdict.  The parties stipulated that the resolution of Plaintiff's request for reasonable attorney's fees and costs as allowed under the Montana Consumer Unfair Trade Practices and Consumer Protection Act ("Montana UTPA") and Fair Debt Collection Practices Act ("FDCPA"), as well as Plaintiff's request for statutory treble damages under the Montana UTPA, would be determined by the Court following jury trial. Having considered the materials provided by the parties, as well as the verdict

rendered by the trial jury and the evidence presented at trial, the Court enters the following:

**<u>JUDGMENT</u>**

IT IS HEREBY ORDERED that Plaintiff Tim McCollough recover from Defendant Johnson, Rodenburg & Lauinger $811,000, together with post-judgment interest at the rate of 0.60% per annum as provided by law, reasonable attorney's fees and costs of this action in the amount of $115,314.11, and reasonable post-judgment attorney's fees and costs.

**<u>STATEMENT OF REASONS</u>**

**1.      Montana UTPA Statutory Treble Damages.**

The Montana UTPA  authorizes the Court, in its discretion, to award up to three times the actual damages sustained.  Mont. Code Ann. § 30-14-133(1).  The court's decision to increase an award of damages pursuant to Mont. Code Ann. § 30-14-133(1) is a discretionary ruling which is reviewed on appeal under an abuse of discretion standard.  *Plath v. Schonrock*, 2003 MT 21, ¶¶ 12-13, 314 Mont. 101, 64 P.3d 984. As set forth by the Montana Supreme Court:

> A district court decision whether or not to award treble damages under the Act should be guided by the overall purpose of the Act itself, which is to protect the public from unfair or deceptive practices engaged in by trade or commerce.  The specific purpose of the treble damage provision is to encourage consumers to bring these civil actions by making it more economically feasible.

*Vader v. Fleetwood Enterprises, Inc.*, 2009 MT 6, ¶ 46, 348 Mont. 344, 201 P.3d 139 *citing Plath, supra* at ¶ 28.   Thus, the treble damages component of the Montana UTPA is designed to encourage the private bar to take consumer cases and enforce the consumer protection statutes.   *Vader, supra; see also* Amicus Curiae Brief of State of Montana, *Vader v. Fleetwood Enterprises, Inc.*, 2008 WL 2045741 (State of Montana encouraging the Montana Supreme Court to allow trial courts to award treble damages without any additional findings or restrictions because of the important purpose treble damages serve to the overall purpose of the Act).[1]  The treble damage award is not punitive in nature and does not require any specific conduct on the part of the defendant.  *Vader, supra* at ¶ 47.   The purpose of the Montana UTPA, and its treble damages provision, is to "level the playing field" and deter inappropriate business conduct.  *Id.* at ¶ 48.

There is no merit to the notion that treble damages under the Act cannot be made unless the actual damages are "minimal" has been squarely rejected by the Montana Supreme Court.  *Vader, supra* at ¶ 47 (approving doubling of $84,000 award: "as the State correctly notes, nothing in the statute itself suggests any such requirement [of minimal damages].")[2]

---

[1] Attached hereto for the Court's convenience.

[2] This is in accord with a multitude of other jurisdictions dealing with similar consumer protection statutes in the context of larger verdicts.  *See Pope v. Rollins Protective Servs. Co.*, 703 F.2d 197 (5th Cir. 1983) ($150,000 pain and suffering award trebled); *Keller Indus., Inc. v. Reeves*, 656 S.W.2d 221 (Tex. App. 1983) ($212,900 actual damages trebled); *Metro Ford Truck*

The Court, in the exercise of its discretion, determines that a treble damages award is warranted in this action.  Plaintiff's prosecution of this case furthered the interests of Montana consumers.  A unanimous jury found Defendant violated the Act, and further found, unanimously, that Defendant's conduct was malicious.

Plaintiff had no assurance of what the jury's verdict would be at the time he filed this action, or even at the time the trial concluded.  Although the jury awarded $250,000 in actual damages, Defendant suggested to the jury that $0 was an appropriate award.  It would not serve the articulated purposes of the Act's treble damages provision to punish a consumer for recovering an arguably substantial award by not affording him/her the incentive embodied in the treble damages provision of the Act.  The purpose of the treble damages provision is to *encourage* the consumer (and the consumer's private counsel) to bring the action to enforce the consumer protection statutes.  Such purpose, in the Court's discretion, is furthered by trebling the jury's $250,000 actual damage award to $750,000.

## 2.    Punitive Damages.

The jury awarded punitive damages of $60,000.  The Court has reviewed the jury's verdict in this regard and finds no legal reason to disturb it.

---

*Sales, Inc. v. Davis*, 709 S.W.2d 785 (Tex. App. 1986) ($250,000 actual damages increased to $534,000); *McAllen State Bank v. Linbeck Constr. Corp.*, 695 S.W.2d 10 (Tex. App. 1985) ($960,000 damages trebled); *Computer Sys. Eng'g, Inc. v. Quantel Corp.*, 571 F. Supp. 1365 (D. Mass. 1983) ($2,336,742 damages award doubled under Massachusetts law).

**3.     FDCPA Statutory Damages.**

The jury awarded $1,000 in statutory damages pursuant to the FDCPA.  The Court has reviewed the jury's verdict in this regard and finds no legal reason to disturb it.

**4.     Attorney Fees/Costs.**

The FDCPA requires the payment of costs and reasonable attorney fees to a successful consumer.  15 U.S.C. § 1692k(a)(3).  Such an award is mandatory under the FDCPA.  *See, e.g., Mace v. Van Ru Credit Corp.*, 69 F.3d 338, 345 fn3 (7th Cir. 1997).  Likewise, the Montana UTPA provides for an award of attorney's fees and costs to a successful consumer.  Mont. Code Ann. § 30-14-133(3).

The most useful starting point for determining the amount of a reasonable fee is under the lodestar formula, whereby the number of hours reasonably expended are multiplied by a reasonable hourly rate.  *See, e.g., Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).  Plaintiff's counsel expended 461 hours of time in the prosecution of this matter.  (Heenan Declaration at ¶ 8.)  The reasonable hourly rate for Plaintiff's counsel's time and services is $200 per hour.  (Patten Declaration at ¶ 3; Heenan Declaration at ¶ 7.)  Pursuant to the lodestar formula, $92,200 is a reasonable attorney fee.

Plaintiff's counsel expended $23,114.11 in costs and expenses in the prosecution of this matter.  (Heenan Declaration at ¶ 10.)  The reasonable costs to be awarded are $23,114.11.

SO ORDERED this ____ day of May, 2009.

HON. CAROLYN S. OSTBY
U.S. MAGISTRATE JUDGE