2008 WL 2045741 (Mont.) (Appellate Brief)
For opinion see 201 P.3d 139

Briefs and Other Related Documents

Supreme Court of Montana.
David VADER and Donna Vader, Plaintiffs and Appellees,
v.
FLEETWOOD ENTERPRISES, INC., and Fleetwood Motor Homes of California, Inc.,
Defendants and Appellants.
No. DA 07-0616.
April 30, 2008.

On Appeal from the Montana First Judicial District Court, Lewis and Clark County, The Honorable Jeffrey M. Sherlock, Presiding

Brief of Amicus Curiae State of Montana

Appearances:

Mike McGrath, Montana Attorney General, Jesse A. Laslovich, Assistant Attorney General, 215 North Sanders, P.O. Box 201401, Helena, MT 59620-1401, Attorneys for Amicus State of Montana.

Jonathan McDonald, Hunt Law Firm, 310 Broadway, Helena, MT 59601, Attorney for Plaintiffs and Appellees.

William O. Bronson, Bronson, Luinstra, Rothwell & Young, 615 Second Avenue North, Suite 300, P.O. Box 3169, Great Falls, MT 59403-3169, Attorney for Defendants and Appellants.

*i **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ... ii

INTEREST OF AMICUS ... 1

ARGUMENT ... 1

I. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DOUBLED THE JURY DAMAGES ... 1

A. Applicable Law and Procedural History ... 1

B. The District Court's Doubling of the Jury Damages under Mont. Code Ann. § 30-14-133(1)

Was Not an Imposition of Punitive Damages ... 3

C. The Remedial Provisions of Mont. Code Ann. § 30-14-133 Are Not Limited Only to Those Whose Damages Are Minimal ... 6

D. The Appellants' Constitutional Arguments Should Be Rejected Because the Purposes of the Act are Compensatory and Remedial in Nature and Already Provide Appropriate Guidance to Lower Courts When Determining Whether to Double or Treble Actual Damages ... 9

CONCLUSION ... 12

CERTIFICATE OF SERVICE ... 13

CERTIFICATE OF COMPLIANCE ... 14

*ii **TABLE OF AUTHORITIES**

*CASES*

BMW of N. Am. v. Gore, 517 U.S. 559 (1996) ... 3, 10

District Cablevision Ltd. P'ship v. Bassin, 828 A.2d 714 (D.C. 2003) ... 11

Goodrow v. Lane Bryant, Inc., 732 N.E.2d 289 (Mass. 2000) ... 5

Globe Distributors v. Adolph Coors, 129 B.R. 304 (Bankr. D.N.H. 1991) ... 10

Keller Industries. v. Reeves, 656 S.W.2d 221 (Tex. App. 1983) ... 8

Metro Ford Truck Sales v. Davis, 709 S.W.2d 785 (Tex. App. 1986) ... 8

Mosley & Mosley Builders v. Landin, Ltd., 389 S.E.2d 576 (N.C. Ct. App. 1990) ... 7

Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N. A., 647 N.E.2d 741 (N.Y. 1995) ... 11

Plath v. Schonrock, 2003 MT 21, 314 Mont. 101, 64 P.3d 984 ... passim

Pope v. Rollins Protective Servs., 703 F.2d 197 (5th Cir. 1983) ... 8

Rice v. Multimedia, Inc., 456 S.E.2d 381 (S.C. 1995) ... 5

*iii Stark v. Patalano Ford Sales, 30 Mass. App. Ct. 194, 567 N.E.2d 1237 (1991) ... 11

State Farm Mut. Auto. Ins. v. Campbell, 538 U.S. 408 (2003) ... 3, 10

Swanson v. Image Bank, 77 P.3d 439 (Ariz. 2003) ... 6

T&W Chevrolet v. Darvial, 196 Mont. 287, 641 P.2d 1368 (1982) ... 10, 11

Williams v. First Gov't Mortg. & Investors Corp., 225 F.3d 738 (D.C. Cir. 2000) ... 11

### OTHER AUTHORITIES

*Montana Code Annotated*

§ 1-2-101 ... 7

§27-1-220 ... 4, 9

§30-14-103 ... 1

§30-14-133 ... 6

§30-14-133(1) ... 1, 3

*Texas Business & Commerce Code Annotated*

§ 17.50 ... 11

### *1 *INTEREST OF AMICUS*

The Attorney General, as Chief Legal Officer for the State of Montana, has an interest in protecting Montana consumers and their rights under the Montana Unfair Trade Practices and Consumer Protection Act. This appeal raises various issues regarding the jury's verdict, but the Attorney General writes only to address the issue of whether the District Court's doubling of the jury's damage award is contrary to this Court's case law and United States Supreme Court precedent relative to punitive damages.

### *ARGUMENT*

### I. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION WHEN IT DOUBLED THE JURY DAMAGES.
**A.** *Applicable Law and Procedural History*

The Montana Unfair Trade Practices and Consumer Protection Act of 1973 ("Act") prohibits "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." Mont. Code Ann. §30-14-103. A Montana consumer who suffers any "ascertainable loss of money" due to conduct that violates the Act, can bring a private action to

recover actual damages or $500, whichever is greater. Mont. Code Ann. § 30-14-133(1). The District Court, moreover, " *may, in its discretion*, award up to three times the actual *2 damages sustained and may provide any other equitable relief that it considers necessary or proper." *Id.* (Emphasis added.)

Here, a unanimous jury found that the Appellants engaged in an unfair or deceptive act or practice and caused damages to the Appellees. Appellants' App. IV. As such, the jury awarded the Appellees $84,000 in damages. *Id.* The District Court, pursuant to the authority in the Act, doubled the damages after the Appellees filed a post-trial motion to treble the damages.[FN1] Appellants' App. V page 7. The district court, in explaining its decision to double the jury damages, noted that the Act's provisions "seek to shift the burden from the consumer, who can ill afford a lawsuit, to the person or entity ultimately responsible for the problem . . . [and to] encourage consumers to pursue their remedies." *Id.* The district court also noted that the Act's "remedies *should* deter inappropriate action by manufacturers in the future." *Id.* (Emphasis added.) Appellants repeatedly emphasize this language in support of their arguments.

FN1. The District Court offset the $168,000 damage award $1,000. The $1,000 represents the amount Ford Motor Company paid to Appellants prior to trial for purposes of settlement. The total amount of damages, therefore, is $167,000.

The Appellants argue that the district court intended to punish them when it doubled the jury damages because the district court's use of deterrence has a "striking resemblance" to a standard for punitive damages. Appellants' Br. at 28. *3 The doubling of the jury damages, Appellants argue, "was for all practice [sic] purposes a judicially-imposed punitive damage award." *Id.* The Appellants also argue that the doubling of the jury damages did not make the damages more "economically feasible," as discussed in *Plath v. Schonrock*, 2003 MT 21, ¶ 28, 314 Mont. 101, 64 P.3d 984. Appellants' Br. at 28-29. Finally, while the Appellants do not challenge the constitutionality of Mont. Code Ann. § 30-14-133(1), they argue that the doubling of the damages raises "serious constitutional concerns" under the Fourteenth Amendment of the United States Constitution. Appellants' Br. at 29. Specifically, the Appellants urge this Court to apply the guideposts articulated by the United States Supreme Court regarding punitive damages to Montana's Act. *See BMW of N. Am. v. Gore*, 517 U.S. 559 (1996); *State Farm Mut. Auto. Ins. v. Campbell*, 538 U.S. 408 (2003). Each of Appellants' arguments is addressed in turn.

**B.** *The District Court's Doubling of the Jury Damages Under Mont. Code Ann. § 30-14-133(1) Was Not an Imposition of Punitive Damages.*

In *Plath*, *supra*, this Court held that the treble damage award under the Act is "intended to be compensatory and remedial rather than punitive." *Plath*, ¶ 27. The *4 Court stated that the purpose of the trebling provision is to "mak[e] it more economically feasible to pursue those claims where actual damages are minimal," although awards should be "determined on a case-by-case basis." *Plath*, ¶ 28. The Court noted that a district court's decision on whether to treble the damages "should be guided by the overall purpose of the Act itself, which is to protect the public from unfair or deceptive practices ...." *Id.*

Here, nothing in the district court's Order doubling the jury damages can be construed as being inconsistent with *Plath*. The Appellants argue that the district court sought to punish the Appellants, but the language of the Order is not punitive in nature and no punitive damage analysis was conducted. In fact, the district court did not state that the damages were being imposed "for the sake of example and for the purpose of punishing the defendant." Mont. Code Ann. § 27-1-220. Indeed, the district court merely summarized the important purposes behind the Act and concluded that the remedies authorized by the Act *should* deter future actions by manufacturers. In other words, the district court did not state that it was doubling the jury damages in order to deter inappropriate actions by manufacturers in the future or to make an example out of the Appellants. Rather, the jury damages were doubled pursuant to the purposes of the trebling damage provision and specifically because of the Appellants' conduct in this case.

*5 For example, the district court noted that the Appellees made a "number of attempts to have their problem solved, all to no avail." Appellants' App. V at 5. The Appellees, the district court also noted, "were turned away" by the Appellants on their second attempt and a unanimous jury found all of the problems were the Appellants' fault.[FN2] *Id.* The deterrence reference cited by the district court was a practical recognition of the fact that certain remedies authorized by the Act *should* deter future inappropriate actions by manufacturers, not that it absolutely will, and more importantly, not to make an example out of the Appellants.

FN2. The Appellants argue that nothing in the record supports the district court's statement that the Appellees were "turned away" by Appellants. Appellants' Br. at 26. For purposes of this analysis, Amicus will not address this question of fact.

The Appellants also cite cases from other jurisdictions in support of their argument that trebling damages should not be imposed when there is a "bona fide dispute." Appellants' Br. at 27. The cases cited, however, have no relevancy to Montana's Act or even to consumer protection statutes in general. *Rice v. Multimedia*, 456 S.E.2d 381 (S.C. 1995) (Wage Payment Act allows the employee to recover treble damages where there is a willful retention of wages by employer); *Goodrow v. Lane Bryant*, 732 N.E.2d 289 (Mass. 2000) (action brought under labor laws where employee can recover treble damages from employer if employer fails to pay overtime); *Swanson v. Image Bank*, 77 P.3d 439 (Ariz. 2003) *6 (treble damages can be awarded for bad-faith withholding of wages). Accordingly, the court should not find the Appellants' argument relative to other jurisdictional labor laws persuasive.

Additionally, and as this Court is aware, the trebling of damages under the Act is purely a discretionary function of a district court. *Plath*, ¶ 23. Moreover, there is no need to show intentional conduct to trigger the trebling of damages provision. *Plath*, ¶ 27. A district court must, however, be cognizant of the overall purpose of the Act in protecting Montana's consumers when trebling damages. *Plath*, ¶ 28. The Act in its essence, and specifically, the treble damages provision of the Act, encourages consumers to bring civil actions by making it more economically feasible. *Id.* This Court should not discourage Montana consumers from filing private actions under the Act by reversing the district court's doubling of the jury damages, particularly when the damages were doubled according to the very purposes outlined by the Act and this Court.

**C.** *The Remedial Provisions of Mont. Code Ann. § 30-14-133 Are Not Limited Only to Those Whose Damages Are Minimal.*

The Appellants argue that the Appellees did not have minimal damages, as discussed in *Plath*, and therefore, the doubling of the jury damages was erroneous. Appellants' Br. at 28-29. The statute and this Court, however, do not require that \*7 plaintiffs who bring private claims under the Act show that their damages are minimal before damages may be doubled or trebled.

At its core, the Act is a means by which private consumers can pursue legal remedies when it is otherwise not economically feasible. This Court even recognizes that the Act's purpose is to "encourage" private individuals to bring claims under the Act when damages are minimal. *Plath*, ¶ 28. That does not mean, however, that the Act, and the trebling damages provision, are available only to those whose damages are minimal. There is simply no merit to the claim that treble damages should only be available when actual damages are minimal. *See Mosley & Mosley Builders v. Landin, Ltd.*, 389 S.E.2d 576, 580 (N.C. Ct. App. 1990) (the purpose of the trebling damages provision in making it "economically feasible" for consumers to bring an action when they have minimal damages does not mean that the trebling damage provision is restricted to claims where small monetary damages are involved). Like *Mosley*, *supra*, and to the extent that *Plath* dictates otherwise, this Court should make it clear that the Act's remedies, including the trebling damages provision, are available to all Montana consumers, regardless of whether their damages are large or small. The plain wording of the Act does not differentiate between the two and neither should this Court. *See* Mont. Code Ann. § 1-2-101.

\*8 Indeed, courts in other jurisdictions do not make a distinction and have trebled actual damages where the damages were quite large. *Pope v. Rollins Protective Servs.*, 703 F.2d 197 (5th Cir. 1983) (trebled a $150,000 award for pain and suffering); *Keller Indus., Inc. v. Reeves*, 656 S.W.2d 221 (Tex. App. 1983) (trebled $212,900 actual damages); *Metro Ford Truck Sales, v. Davis*, 709 S.W.2d 785 (Tex. App. 1986) (increased $250,000 actual damages for sale of a defective truck to $534,000). During the analysis of whether to treble damages, the extent of the actual damages is not as significant as the Act's fundamental purposes--providing an incentive for private individuals to ferret out deceptive and unfair acts or practices by bringing private legal actions and providing an economically feasible remedy for those who are injured. *Plath*, ¶ 28.

Here, the district court explicitly recognized these purposes and based its decision on them. Because the question of trebling, or doubling, actual damages must be determined on a case-by-case basis, Appellants' argument that the damages were not minimal does not support reversal of the district court's decision. Additionally, the plain wording of the Act does not support such a holding. Whether damages are large or small is in the eye of the beholder. Pursuant to the plain language of the Act and the holding in *Plath*, the Court should reject Appellants' argument that the trebling provision may only be triggered in cases involving minimal damages.

\*9 **D.** *The Appellants' Constitutional Arguments Should Be Rejected because the Purposes of the Act are Compensatory and Remedial in Nature and Already Provide Appropriate Guidance to Lower Courts When Determining Whether to Double or Treble Actual Damages.*

While the Appellants do not challenge the constitutionality of the Act, they argue that it raises "serious constitutional concerns" under the United States Constitution's Due Process Clause. Appellants' Br. at 29. The Appellants invite this Court to impose the same limitations or "guideposts" articulated by the Supreme Court regarding punitive damages to the remedies provided for in the Act. Appellants' Br. at 29-33. The Court should decline the invitation.

The fundamental premise of the Appellants' argument--that the district court's doubling of jury damages was punitive in nature--is flawed. As already discussed, the District Court's doubling of the jury damages was done in accordance with *Plath*, not pursuant to the law governing punitive damages. *See* Mont. Code Ann. § 27-1-220. The district court's damage award reflects the remedial and compensatory purposes found in the Act and affirmed by *Plath*. Therefore, no guidance from a punitive damage perspective is necessary.

The beauty of the Act and, more particularly, the trebling damages provision, is that the discretion purely lies with the lower court. The district court is unquestionably in the best position to decide whether the damages should be doubled or trebled, especially after seeing and hearing all of the evidence and *10 receiving the jury's verdict. Amicus submits that the Court should continue to review the lower court's decision to double or treble damages on a case-by-case basis.

If the Court believes that some guidance is necessary, the guidance should not come from *Gore* or *Campbell*. First, since the Act's remedial provisions are compensatory and remedial, it would not be logical to apply punitive damage case law analysis. Secondly, some of the considerations in *Gore* and *Campbell* are not applicable to the Act. For example, the Act does not differentiate between physical and economic harm nor does it compare penalties for similar conduct in other cases. Finally, and most importantly, this Court has already held that the remedial provisions of the Act do not require proof of malice, oppression, or fraud, which is a prerequisite under Montana law to the issuance of punitive damages. *Plath*, ¶ 26 ( *citing T&W Chevrolet v. Darvial, 196 Mont. 287, 293, 641 P.2d 1368, 1371 (1982)*).

Some jurisdictions simply look to the defendant's acts or practices and if the acts or practices are outrageous or egregious, then the trebling damage provision of the consumer protection statute is triggered. *Globe Distributors v. Adolph Coors, 129 B.R. 304 (Bankr. D.N.H. 1991)* (choice between doubling and trebling damages depends on defendant's egregious willfulness and knowledge). Most jurisdictions, however, are guided by their own state's statute, most of which *11 award treble damages where there is intent, willfulness, or bad faith shown. Tex. Bus. & Com. Code Ann. § 17.50 (can only treble consumer's economic damages if defendant acted knowingly); *Stark v. Patalano Ford Sales, Inc., 30 Mass. App. Ct. 194, 567 N.E.2d 1237 (1991)* (damages not trebled where defendant's consumer protection violation was not knowing and willful); *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N. A., 647 N.E.2d 741 (N.Y. 1995)* (proof of scienter necessary). This Court has already held that such pre-conditions are not required under Montana's Act. *T&W Chevrolet, 196 Mont. at 293*.

Ultimately, *Plath* and the purposes of the Act should continue to guide lower courts and no guideposts or further guidance from this Court is necessary. In fact, the District of Columbia allows the trebling of damages without any additional findings by the lower court. *Williams v.*

*First Gov't. Mortg. & Investors Corp.*, 225 F.3d 738, 745 (D.C. Cir. 2000); *District Cablevision Ltd. P'ship v. Bassin*, 828 A.2d 714, 728-29 (D.C. 2003). Notably, the District of Columbia's consumer protection statute is similar to Montana's in that the damages provisions are not meant to be punitive, but rather remedial and compensatory in order to encourage the private bar to take consumer cases and enforce the consumer protection statutes. *Bassin*, 828 A.2d at 726-29.

In the end, the Court should reaffirm its holdings in *Plath* and hold that the lower courts need only be guided by two prongs: (1) the fundamental purpose of \*12 the Act of protecting Montana consumers from deception and (2) the purpose of the trebling damage provision of encouraging consumers to bring private actions under the Act.

### *CONCLUSION*

The District Court's decision and its rationale to double the jury damages should be affirmed.

Respectfully submitted this 30th day of April, 2008.

David VADER and Donna Vader, Plaintiffs and Appellees, v. FLEETWOOD ENTERPRISES, INC., and Fleetwood Motor Homes of California, Inc., Defendants and Appellants.
2008 WL 2045741 (Mont.) (Appellate Brief)

Briefs and Other Related Documents (Back to top)

• 2008 WL 2491798 (Appellate Brief) Appellants' Combined Reply Brief In Support of Their Appeal, and Brief In Response to Appellees' Cross-appeal (May 29, 2008)
• 2008 WL 2045653 (Appellate Brief) Cross-Appellants' Brief (Apr. 30, 2008) Original Image of this Document (PDF)
• 2008 WL 1859793 (Appellate Brief) Appellants' Opening Brief (Mar. 31, 2008)
END OF DOCUMENT