John Heenan
HEENAN LAW FIRM
P.O. Box 2278
Billings, MT 59103
Telephone: (406) 839-9091
Facsimile: (406) 839-9092
john@heenanlawfirm.com

Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION**

| TIMOTHY McCOLLOUGH, | Cause No. CV-07-166-BLG-CSO |
|---|---|
| Plaintiff, | Judge Carolyn S. Ostby |
| vs. | |
| JOHNSON, RODENBURG & LAUINGER. | **PLAINTIFF'S REPLY BRIEF RE PROPOSED JUDGMENT** |
| Defendant. | |

Plaintiff submits this Reply Brief pursuant to the Court's May 13, 2009 Order to address the objections raised by Defendant JRL to Plaintiff's Proposed Judgment.

**1.    Offset of CACV Settlement.**

Plaintiff takes the position that offset is not available to an intentional tortfeasor under Montana law. Plaintiff has previously cited this Court to Judge Newman's well-reasoned decision regarding the unavailability of offset to intentional tortfeasors who have committed a malicious prosecution and abuse of

the legal process.[1] Judge Newman's ruling is still pending before the Montana Supreme Court.

Plaintiff is duty-bound to point out, however, that the district court in *Vader v. Fleetwood Enterprises, Inc.*, after doubling the jury's $84,000 verdict to $168,000, then reduced the $168,000 judgment by $1,000 to offset the settlement paid by a defendant who settled prior to trial. *See* Amicus Curiae Brief of State of Montana, *Vader v. Fleetwood Enterprises, Inc.*, 2008 WL 2045741 at fn. 1. Thus, if the Court decides to offset the verdict by the amount of CACV's settlement in line with *Vader*, then it should do so only after applying the statutory treble damages under the Consumer Protection Act.[2]

**2.    Montana UTPA Statutory Treble Damages.**

This Court has discretion, under the Montana UTPA, to award up to three times the actual damages award. The Montana Supreme Court's recent decision in *Vader*, and the State of Montana's amicus brief in *Vader*, set forth a clear expression of the importance the statutory treble damage provision has to the overall purpose of the Act in protecting consumers and encouraging consumers to prosecute consumer protection claims under the Act. Following *Vader*, the Court should be guided by two prongs: (1) the fundamental purpose of the Act of

---

[1] Order Denying Defendant's Motion to Alter Judgment dated April 9, 2007, Ammondson et. al. v. NorthWestern Corp. et. al., Cause No. DV-05-97 (Montana Second Judicial District Court) (previously attached as Exhibit "A" to Plaintiff's Nov. 24, 2008 Brief).
[2] For instance, if the Court trebles the $250,000 actual damage award, then it should offset the CACV settlement from the $750,000 final judgment.

protecting Montana consumers from deception, and (2) the purpose of the trebling damage provision of encouraging consumers to bring private actions under the Act. Both of these prongs certainly give this Court abundant discretion to award treble damages under the facts and circumstances of this case.

JRL argues that because Plaintiff's compensatory damage award was not minimal, statutory treble damages are not appropriate. This argument was rejected in *Vader*. 2009 MT 6, ¶ 47, 348 Mont. 344, 201 P.3d 139 ("as the State correctly notes, nothing in the statute itself suggests any such requirement [of minimal damages].")

JRL argues that the Act does not apply to JRL. This Court has already rejected this argument.

JRL argues that multiplying the actual damage award is inappropriate because Plaintiff was successful on four causes of action. But, the jury awarded a <u>single</u> actual damage award for all four causes of action. Thus, there is no merit to the argument that McCollough would be recovering damages not authorized by statute. Further, in *Vader*, the defendant was found liable under multiple causes of action in addition to the UTPA claim, and the district court multiplied the entire actual damage award consistent with the Act.

JRL argues that it would be unconstitutional for the Court to impose a treble damage award under the Act as it would deprive the jury of the "sole right to

assess the amount of McCollough's compensatory damages …" First, the argument raised by JRL was rejected by the Montana Supreme Court in *Vader*. Second, JRL stipulated that the Court, not the jury, would decide the issue of statutory damages under the Montana UTPA. *See* Final Pretrial Order at pgs. 3-4.

The purpose of the treble damages provision of the Act is to encourage the consumer (and the consumer's private counsel) to bring the action to enforce the consumer protection statutes. The evidence at trial was that, in the overwhelming majority of the cases JRL files in Montana, the people JRL sues are unable to secure counsel to represent them, much less to pursue a claim under the Act on their behalf. Plaintiff and his counsel took a tremendous risk, both financially and otherwise, to pursue this action against JRL. JRL, as it is entitled to do, forced Plaintiff to prove his case at trial, creating even more risk for Plaintiff and his counsel. As in *Vader,* JRL here is "the author of its own misfortune." *Vader,* 2009 MT 6, ¶ 13, 348 Mont. 344, 201 P.3d 139. This is exactly the type of case where Plaintiff should be rewarded for pursuing an important consumer protection action through the award of statutory treble damages.

3. **Punitive Damages Award.**

Plaintiff agrees that the Court must review the jury's award of punitive damages, giving consideration to each of the matters listed in Mont. Code Ann. § 27-1-221(7)(b), and clearly state the reasons for increasing, decreasing, or not

increasing or decreasing the punitive damages award of the jury in findings of fact and conclusions of law, demonstrating consideration of each of the factors listed in subsection (7)(b). Plaintiff defers to the Court as to whether it would assist the Court for the parties to submit proposed findings of fact and conclusions of law.

**4.     Attorney's Fees.**

JRL does not object to the hourly rate or amount of time claimed by Plaintiff for reasonable attorney's fees. JRL argues that the total fee award should be cut in half because two of the four claims which Plaintiff successfully prosecuted do not provide for attorney's fees. This argument has been rejected in the context of FDCPA litigation. Specifically, the National Consumer Law Center's Fair Debt Collection Manual explains:

> The total number of hours spent on the case will be reduced where the consumer failed to prevail on non-FDCPA claims that were unrelated to the successful FDCPA claim, that is where these claims are based on different facts and legal theories so that work on one claim does not help the attorney prepare for the other. Conversely, where there is a common core of facts or where the legal theories are related, it is impractical to separate the attorney's time for each claim. Where attorneys have obtained excellent results, they should recover a fully compensable fee for work on all the claims, FDCPA and non-FDCPA, even though many of these claims were not successful or would not independently result in attorney fees for prevailing consumers. The result is what matters, and the consumer's attorney should not be penalized for raising alternative legal grounds that the court dismisses or does not reach.

National Consumer Law Center, Fair Debt Collection (5th ed. 2004) at § 6.8.6.2 (attached hereto) (citing multiple case law).

Plaintiff successfully prosecuted his FDCPA claim. The Court, consistent with the jurisprudence under the FDCPA as set forth above, should not reduce Plaintiff's fee award because he also successfully prosecuted state law claims.

Federal law applies to the determination of fees, at least with respect to the FDCPA claim. However, JRL's assertion that it would violate Montana law to not reduce the total fee award also appears to be incorrect. There is no indication from the record that the district court in *Vader* reduced the plaintiff's fee award even though he successfully prosecuted both a consumer claim and other, non-consumer claims.

The case cited by JRL- *Evans v. Teakettle Realty,* 226 Mont. 363, 736 P.2d 472 (1987), is inapposite to the facts of this case, and does not stand for the position JRL asserts. In *Evans,* the plaintiffs brought a negligence claim and consumer protection claim. The jury found that the plaintiffs were 50% negligent and the defendant was 50% negligent. There was no transcript of the proceedings submitted as part of the record on appeal. The Montana Supreme Court held:

> Under the verdict form used here, it is not possible to apportion the damages between the negligence count and the Consumer Protection Act count. The District Court reasoned that "[p]laintiffs were equally negligent in the events leading to their action, and it would be patently unfair to award them attorney fees in that situation." In the absence of a record on appeal, we cannot evaluate the District Court's basis for denying attorney fees. Under these circumstances, we will not interfere with the District Court's discretion in denying attorney fees to the Evans.

*Evans v. Teakettle Realty,* 226 Mont. at 367, 736 P.2d at 474. Thus, the *Evans* ruling is in line with the FDCPA jurisprudence set forth above, whereby the court may reduce a fee award to account for a lack of successful result. That is not the circumstance here. A unanimous jury found JRL liable under all four of Plaintiff's claims, an excellent result that warrants full compensation for his reasonable attorney's fees.

**5.     Costs.**

JRL mistakenly analyzes Plaintiff's cost/expense request from the perspective of the taxable costs which are allowed, as a matter of course, to the prevailing party under Montana law and this Court's Local Rules. Plaintiff's cost/expense request is made in the context of the fact that he has successfully prosecuted claims under the FDCPA and Montana UTPA, both of which provide fee-shifting awards to the prevailing consumer. In this context, Plaintiff is entitled to recover as part of his reasonable fee award "those out-of-pocket expenses that would normally be charged to a fee-paying client." *Harris v. Marhoefer*, 24 F.3d 16, 19 (9th Cir. 1994) *citing Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1216 n. 7 (9th Cir.1986), *reh'g denied and opinion amended*, 808 F.2d 1373 (9th Cir. 1987); *Laffey v. Northwest Airlines, Inc.*, 746 F.2d 4, 30 (D.C.Cir.1984), *cert. denied*, 472 U.S. 1021 (1985), *overruled on other grounds*, Save Our Cumberland Mountains, Inc. v. Hodel, 857 F.2d 1516 (D.C.Cir.1988) (en banc); *see also United*

*Steelworkers of America v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990) (out-of-pocket litigation expenses are reimbursable as part of the attorneys' fee …"); *U.S. Football League v. National Football League*, 887 F.2d 408, 416 (2nd Cir. 1989) (billable expenses are a normal part of a fee application); *Ilick v. Miller*, 68 F. Supp. 2d 1169, 1181 (D. Nev. 1999) ("plaintiffs are also entitled to an award of costs representing out-of-pocket litigation expenses ... includ[ing] costs incurred in travel (airfare, car rental, hotels and food, gasoline and the like), telephone, postage and photocopying."))

Consequently, "reasonable expenses, though greater than taxable costs, may be proper." *Harris, supra* at 20. Thus, this Court should analyze whether the out-of-pocket expenses incurred are proper, not whether they are taxable costs under Montana law or Local Rule 54. In this regard, Plaintiff's counsel has sworn as to the costs and litigation expenses actually incurred by his law firm in the prosecution of this lawsuit, and further testified that all such expenses were necessary to the prosecution of this action. (Heenan Dec. at ¶¶ 10-11.) JRL does not contend otherwise.

As to some of the specific issues raised by JRL:

• JRL retained (and presumably paid) both a liability and a damages expert. So did Plaintiff. Thus, JRL cannot now contend the expense in this regard is unnecessary when it itself retained two expert witnesses of its own.

• Plaintiff's counsel's mileage (at government mileage rates), travel, parking and meal costs are all billable expenses properly included as part of Plaintiff's fee award. JRL requested and set depositions in Denver, Colorado and Butte. Plaintiff's counsel necessarily traveled to those locations. It was further necessary to depose JRL's employees in the prosecution of the case. This required travel to Bismarck, North Dakota.

• Plaintiff requested a mediation with a magistrate judge. When Judge Strong recused himself just prior to the mediation, JRL requested that the parties submit to a private mediator rather than a different magistrate judge. Plaintiff agreed with the request and incurred mediation costs as a result. He should be compensated for them.

• Rather than immediately file a motion to reconsider the Court's discovery ruling, JRL sought the same information through a magistrate judge in the District of Colorado, and retained Colorado counsel to assist it in this regard. Plaintiff thus, by necessity, needed Colorado counsel to represent his own interests in the District of Colorado action. It would have cost far more than the $160 application fee for Plaintiff to retain his own separate Colorado counsel to represent his interests in the District of Colorado.

• JRL objected to and refused to produce copies of its filings in other actions, contending to do so would be unduly burdensome. Consequently, Plaintiff

sought the information himself by requesting it directly from the Montana clerks of court.  The $552.50 would not have been incurred had JRL provided the information in discovery itself.

• JRL paid the costs and expenses associated with having a paralegal from its counsel's firm travel to Billings to conduct electronic courtroom presentation. Plaintiff's counsel likewise needed someone to run the electronic courtroom.  He therefore paid an independent contractor to sit in on the trial and conduct his electronic courtroom presentation.

• Plaintiff incurred compensable billable expenses in the amount of $23,114.11.  Although the expenses were incurred, in order to avoid dispute, Plaintiff wishes to remove from his application the following items: "Copies of DVD Maxed Out" ($116.00); "Bought Maxed Out from Amazon" ($19.97); "Barnes and Noble" ($74.09); "Hudson News" ($8.83); Service of process fees ($28.00).  Thus, Plaintiff seeks a revised cost/expense award of $22,867.22.

**6.     Additional Time Related to Researching and Responding to JRL's Objections.**

The undersigned spent 4.5 hours researching and responding to JRL's objections to Plaintiff's proposed judgment by this Brief.  (Heenan Declaration attached hereto.)  Plaintiff therefore respectfully requests that the Court award him an attorney fee award under the lodestar method of $93,100 (465.5 hours x $200/hour).

Dated this 14th day of May, 2009.

                                  HEENAN LAW FIRM

                                  */s/ John Heenan*
                                  John Heenan
                                  Attorney for Plaintiff